UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

CASE NO.: 6:25-cv-00424

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,

_____________________________________ /

**MOTION TO SEAL**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), pursuant to Fed. R. Civ. P. 5.2(d) and Local Rule 1.11, hereby moves the Court for leave to file the seven exhibits attached hereto as **Exhibits 2 through 8**, which are referenced in the Complaint [ECF No. 1] as Exhibits A, B, C, F, H, I, and J, under seal and redact allegations in the Complaint that reference the sealed exhibits or otherwise contain confidential information. RiverRock additionally attaches hereto as **Exhibit 1** a fully unredacted version of the Complaint, which it also moves to file under seal. In support, RiverRock states:

## BACKGROUND

On September 5, 2023, RiverRock and Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus") entered into a Confidentiality Agreement (the "Agreement"). Abacus materially breached the Agreement by publicly posting RiverRock's highly sensitive, confidential and proprietary information that it was bound to protect into the public forum on its public website, www.abacuslife.com.

On March 11, 2025, RiverRock filed the Complaint, alleging one count for breach of the Agreement. The Complaint seeks to attach 10 exhibits, seven of which RiverRock requests be placed under seal: one such exhibit is the Agreement itself, which is attached hereto as **Exhibit 2** and is referenced in the Complaint as Exhibit A, and the remaining six exhibits, attached hereto as **Exhibits 3 through 8** and referenced in the Complaint as Exhibits B, C, F, H, I, and J, are email communications between the parties concerning the subject matter of the Agreement (the "Confidential Email Communications," and collectively with the Agreement, the "Confidential Exhibits"). All proposed sealed documents contain "Confidential Information" as that term is defined by the Agreement. Similarly, RiverRock has redacted several allegations in the Complaint which either (a) directly quote or refer to the content of the Confidential Exhibits, or (b) otherwise contain "Confidential Information," which the Agreement prevents the parties from disclosing. *See, e.g.*, Compl. ¶¶ 2, 5, 9, 11, 14-15, 17-21, 23-28, 30-33, 39, 44-46, 51, 59-60, 62, 70-73. Accordingly, the Court should enter an order permitting RiverRock to file the Confidential Exhibits under seal and redact Confidential Information from the Complaint.

MEMORANDUM OF LAW

## I. **Legal Standard**

Local Rule 1.11(b) permits parties to request leave from the Court to seal a docketed item. A motion to seal must:

> (2) describe the item; (3) establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) include a legal memorandum; (5) propose a duration for the seal; (6) state the name and contact information of the person authorized to retrieve a sealed, tangible item; (7) certify, the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and, (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b). "While the Eleventh Circuit recognizes a 'presumptive common law right to inspect and copy judicial records,' a party may overcome the public's right to access by demonstrating good cause." *Advanced Magnet Lab, Inc. v. Meinke*, 6:20-CV-712-ORL-37EJK, 2020 WL 13199850, at *1 (M.D. Fla. June 22, 2020) (quoting *United States v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985)). "If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential." *Id.* In making such determination, courts consider the following:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public

> officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

Courts routinely find that "a company's interest in . . . the terms of confidential agreements often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Spr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 10-cv-891, 2010 WL 6790538 at *2 (M.D. Fla. Oct. 28, 2010)); *see also MEDAI, Inc. v. Quantros, Inc.*, No. 12-cv-840, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (permitting parties to file product licensing agreement under seal when the terms of the agreement expressly provided that it was to remain confidential and the parties had complied with the local rules and established good cause for sealing the agreement); *Trailer Bridge, Inc. v. PCS Nitrogen*, No. 09-cv-675, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009) (allowing plaintiff to file under seal a contract that included a confidentiality clause, finding that the plaintiff had complied with local rules and that there was a compelling interest in protecting the information). This is particularly true where the agreement "does not relate to 'public officials or public concerns.'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (internal quotations and citations omitted).

## II. Compliance with Local Rule 1.11(b)

### a. The Agreement

The Agreement, referenced in the Complaint as Exhibit A and attached hereto as **Exhibit 2**, forms the entire basis of RiverRock's breach of contract claim against

Abacus. Thus, it is necessary for RiverRock to include the Agreement as an exhibit and quote and reference its contents in the Complaint. *See* Local Rule 1.11(b)(3)(A); *see, e.g.* Compl. ¶¶ 3, 18-21, 69-72 (alleging key provisions of the Agreement and that Abacus breached those provisions). Indeed, including these provisions in the Complaint is essential for RiverRock to state a cause of action for breach of contract.

Moreover, sealing the Agreement in its entirety is necessary and appropriate. *See* Local Rule 1.11(b)(3)(B). The Agreement requires that its terms and conditions be kept confidential. Thus, RiverRock could arguably be in breach of the Agreement if it filed the Agreement outside of the protections of a seal or disclose its contents without redaction.

Finally, the only way to keep the Agreement confidential, while also allowing the Court to review it, is to file it under seal in its entirety, as the entire Agreement would need to be redacted. *See id.* at 1.11(b)(3)(C). The Agreement's broad definition of "Confidential Information" prohibits RiverRock from publicly disclosing *any* of the Agreement's terms or conditions, and there is no litigation exception in the Agreement.

b. <u>Confidential Email Communications</u>

The Confidential Email Communications are emails between RiverRock's former Chief Executive Officer Anthony Annino ("Annino") and Abacus' Chief Executive Officer Jay Jackson ("Jackson"), which are also referenced and redacted in the Complaint. *See, e.g.*, Compl. ¶¶ 26-28, 46, 51, 59, 60. The proposed sealed exhibits are as follows:

- Exhibits B, C, and F are email exchanges between Annino and Jackson concerning their exchange of "Confidential Information" as the term is defined in the Agreement. *See* **Exs. 3, 4,** and **5**.
- Exhibits H, I, and J are email exchanges between Annino and Jackson concerning Abacus' material breach of the Agreement through its public posting of RiverRock's highly sensitive, confidential and proprietary information on its public website www.abacuslife.com. *See* **Exs. 6, 7,** and **8**.

Much like the Agreement itself, filing these emails and quoting and referencing their content in the Complaint is necessary to sufficiently plead the elements of a breach of contract claim against Abacus, and the content of each is material to RiverRock's claim. *See* Local Rule 1.11(b)(3)(A). Moreover, filing these emails under seal and redacting quotes and references to their content in the Complaint is necessary and appropriate as they arguably contain "Confidential Information" as the term is defined in the Agreement. *See id.* at 1.11(b)(3)(B). Permitting the Confidential Email Communications to be filed under seal and filing the Complaint with redactions is thus necessary to avoid any potential breach of the Agreement associated with their public disclosure. Finally, sealing the emails is the only appropriate means of protecting their confidentiality and preventing any argument claiming further breaches of the Agreement, as the communications would need to be heavily redacted. *Id.* at 1.11(b)(3)(C).

c. Proposed Duration for Seal

RiverRock requests that the Confidential Exhibits be sealed and its Complaint remain redacted until the conclusion of this action, including any appeals. *See* Local Rule 1.11(b)(5).

d. Remaining Rule 1.11(b) Requirements

RiverRock certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). RiverRock further certifies that it will serve on Abacus an unredacted version of the Complaint and all the exhibits attached thereto without any sealing. Finally, the name, mailing address, email address, and telephone number of the person authorized to retrieve the Confidential Exhibits is undersigned counsel for RiverRock. *See id.* at 1.11(b)(6).

In light of the foregoing, RiverRock has met the requirements of Local Rule 1.11 such that sealing the exhibits attached hereto is justified.

## III. Good Cause and Balancing of Interests

The Agreement, which forms the entire basis of RiverRock's breach of contract claim against Abacus, requires that its terms and conditions be kept confidential. Certainly then, good cause exists to seal both the Agreement and communications that contain "Confidential Information" as defined by the Agreement, as well as redact from the Complaint references to each and other potentially "Confidential Information." *See, e.g.*, *MEDAI, Inc.*, 2012 WL 2512007 at *2 (concluding good cause existed to seal parties' contract where contract expressly stated that it was to remain confidential); *DeCurtis LLC*, 2020 WL 6827996 at *2 (same); *Trailer Bridge, Inc.*, 2009

WL 2231704, at *1 (same). Moreover, the relevant interests to be balanced all weigh in favor of sealing the Confidential Exhibits and redacting the Complaint. *See DeCurtis LLC*, 2020 WL 6827996, at *2. The likelihood of injury to the parties if the Confidential Exhibits are placed into the public domain is great. Filing them under seal and redacting quotes and references to them in the Complaint would both prevent the unnecessary exposure of Confidential Information and ensure that RiverRock continues to comply with its obligations under the Agreement. Moreover, Abacus will have the opportunity to respond to the sealed and redacted information. Finally, the Agreement does not relate to "public officials or public concerns," such that RiverRock's interest here outweighs the public interest in the underlying material. *See id.* For the foregoing reasons, the balance of the interests favors filing the Exhibits under seal and redacting relevant portions of the Complaint.

WHEREFORE, RiverRock respectfully requests that the Court enter an order (a) permitting RiverRock to file the Confidential Exhibits attached hereto as **Exhibits 2 through 8** and referenced in the Complaint as Exhibits A, B, C, F, H, I, and J under seal and redact allegations in the Complaint [ECF No. 1] that contain "Confidential Information" as defined by the Agreement, (b) permitting RiverRock to file under seal a fully unredacted version of the Complaint attached hereto as **Exhibit 1**, (c) permitting all exhibits attached hereto to remain sealed and the Complaint to remain redacted through conclusion of this action, including any appeals, and (d) granting any other relief the Court deems just and proper.

**Local Rule 3.01(g) Certification**

Immediately prior to filing this motion to seal, RiverRock filed the Complaint initiating this action. As a result, Defendant has not yet been served with process nor has any counsel appeared on Defendant's behalf in this action. Thus, undersigned counsel did not have the opportunity to confer with Defendant's counsel regarding the relief sought herein prior to filing this motion to seal. Undersigned counsel intends to confer with Defendant's counsel regarding the relief set forth in the instant motion once counsel makes its appearance.

Dated: March 11, 2025.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
Maria R. Santangelo
Florida Bar No. 1049930
maria.santangelo@gtlaw.com
flservice@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 11th day of March, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *_/s/ A. Sheila Oretsky_*
A. Sheila Oretsky, Esq.