**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS, LLC**

**Plaintiff,**

**v.**

**ABACUS LIFE, INC., n/k/a ABACUS GLOBAL MANAGEMENT, INC.,**

**Defendant,**

**Case No.: 6:25-cv-00424-CEM-UAM**

# ORDER

This cause comes before the Court on Plaintiff's Motion to Seal (the "Motion"), filed on March 11, 2025. (Doc. 2). Plaintiff seeks to seal Exhibits A, B, C, F, H, I, and J of the Complaint (the "Exhibits"). (Doc. 2 at 1). Further, Plaintiff seeks to redact allegations in the Complaint that reference the sealed exhibits or otherwise contain confidential information. (Doc. 2 at 1). Finally, Plaintiff seeks to file under seal Exhibit 1 of this Motion, which is an unredacted version of the Complaint. (Doc. 2 at 1). Plaintiff has not conferred with Defendant because Defendant has not yet been served with process nor has any counsel appeared on Defendant's behalf in this action.[1] (Doc. 2 at 9). Upon consideration, the Motion is due to be granted.

[1] Plaintiff's counsel "intends to confer with Defendant's counsel regarding the relief set out in the instant motion once counsel makes its appearance." (Doc. 2 at

Plaintiff filed this Complaint on March 11, 2025, alleging one count for breach of a Confidentiality Agreement (the "Agreement"). (Doc. 1). Exhibit 1 of the instant Motion is the unredacted Complaint. (Doc. 2–1). The Complaint contains redactions that either directly quote or refer to the Exhibits or otherwise contain confidential information as defined by the Agreement ("Confidential Information"). The Agreement itself is listed as Exhibit A in the Complaint and attached to the instant Motion as Exhibit 2. (Doc. 2–2). Exhibits B, C, F, H, I, and J of the Complaint, which Plaintiff seeks to seal, are email communications between the parties concerning the subject matter of the Agreement. These exhibits are attached to the instant Motion as Exhibits 3 through 8.

Local Rule 1.11(a) recognizes a presumption of public access. Prevailing in a motion to seal requires "a reason sufficiently compelling to overcome the presumption of public access." Local Rule 1.11(a). Moreover, Local Rule 1.11(b) permits parties to request leave from the Court to seal a docketed item. A motion to seal must:

> (2) describe the item; (3) establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) include a legal memorandum; (5) propose a duration for the seal; (6) state the name and contact information of the person authorized to retrieve a sealed, tangible item; (7) certify, the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the

---

9).

> means by which, the movant served or otherwise delivered the motion to the non-party; and, (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

In addition to Local Rule 1.11(a), the Eleventh Circuit recognizes that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law right of access "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citation omitted). However, the common law right of public access to judicial records is not absolute. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id*. at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1309).

Courts often find that "a company's interest in . . . the terms of confidential agreements often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Spr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 10-cv-891, 2010 WL 6790538 at *2 (M.D. Fla. Oct. 28, 2010)). There is less of a concern for the public

right of access when the agreement "does not relate to 'public officials or public concerns.'" *See id.* at *2 (internal quotations and citations omitted).

Here, Plaintiff has complied with Local Rule 1.11(b). According to the Complaint, Plaintiff and Defendant entered into the Agreement, which included Plaintiff disclosing "highly sensitive, confidential, and proprietary business information." (Doc. 1 ¶ 2). The Complaint contains allegations that are redacted for directly quoting or referencing the Exhibits or otherwise containing Confidential Information as defined by the Agreement. (Doc. 2 at 2). The terms of the Agreement are themselves confidential. (Doc. 2–2). The emails listed as Exhibits B, C, F, H, I, and J of the Complaint are email exchanges between Plaintiff's CEO and Defendant's CEO regarding the Confidential Information and about the alleged material breach of the Agreement. (Doc. 2 at 5–6). Plaintiff included a legal memorandum with its Motion. Plaintiff proposes that the Exhibits be sealed and the Complaint remain redacted until the conclusion of the action, including any appeals. (Doc. 2 at 7). Plaintiff certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. (Doc. 2 at 7). Lastly, the name, mailing address, email address, and telephone number of Plaintiff's counsel has been provided as the proposed person authorized to retrieve the Exhibits.

Plaintiff has established good cause to overcome the public right of access. There is a strong likelihood of injury to the parties if the Exhibits or the Confidential Information as defined by the Agreement are placed into the public record. Further,

Defendant Abacus will have the opportunity to respond to the sealed and redacted information. Finally, the Agreement does not relate to "public officials or public concerns."

Because Defendant has established good cause and otherwise complied with Local Rule 1.11, the Court determines that the requested sealing of the listed exhibits and redacting of the Complaint is appropriate. *See, e.g.*, *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (permitting parties to file product licensing agreement under seal, the terms of the agreement expressly provided that it was to remain confidential and the parties had otherwise complied with the pertinent Local Rule and established good cause for sealing the agreement); *see also Trailer Bridge, Inc. v. PCS Nitrogen*, No. 3:09-cv-675-J-25MCR, 2009 WL 2231704 (M.D. Fla. July 24, 2009) (allowing the plaintiff to file under seal a transportation contract that included a confidentiality clause, finding that the plaintiff had complied with the pertinent Local Rule and that there was a compelling interest in protecting the information).

Accordingly, Plaintiff's Motion to Seal (Doc. 2) filed on March 11, 2025 is **GRANTED**. The Plaintiff shall file under seal the exhibits attached to this Motion as Exhibits 2 through 8 and referenced in the Complaint as Exhibits A, B, C, F, H, I, and J and redact allegations in the Complaint (Doc. 1) that reference the Exhibits under seal or otherwise contain Confidential Information as defined in the Agreement. Additionally, Plaintiff is to file under seal a fully unredacted version of

the Complaint. Unless otherwise ordered by the Court, the duration of the seal shall be ninety (90) days after the case is closed and all appeals are exhausted. *See* Local Rule 1.11(e).

This Order is subject to review and reconsideration should it appear that the grounds for asserting a need for confidentiality are not well-taken.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 28, 2025.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record