**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 6:25-cv-00424-CEM-UAM<br><br>**PUBLIC, REDACTED VERSION** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT;**
**<u>DEMAND FOR JURY TRIAL</u>**

Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant"), by and through its undersigned counsel, responds to the Complaint filed by Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC's ("RiverRock" or "Plaintiff") on March 11, 2025 in the above-captioned action as follows. Dkt. 1. Unless expressly admitted, Defendant denies all allegations in the Complaint, including any allegations in section headings and footnotes. Except when otherwise noted, capitalized terms shall have the meanings ascribed to them in the Complaint and those terms and the headers in the Complaint are repeated herein for ease of reference, and is not an acknowledgment or admission

of any characterization Plaintiff seek to associate with any such defined term. Defendant reserves the right to amend and/or supplement its answer:

## INTRODUCTION

1. Defendant denies the allegations in Paragraph 1, except that Defendant admits it executed a Confidentiality Agreement with RiverRock on September 5, 2023.

2. Defendant denies the allegations in the first and second sentences of Paragraph 2. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 2, and on that basis denies them.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4, and on that basis denies them.

5. Defendant denies the allegations in Paragraph 5.

## PARTIES, JURISDICTION, AND VENUE

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6, and on that basis denies them.

7. Defendant admits that Abacus is incorporated in Delaware, and that its principal place of business is 2101 Park Center Drive, Suite 200, Orlando, Florida 32835.

8. The allegations in the first sentence of Paragraph 8 constitute a legal conclusion to which no response is required. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 8, except that Defendant admits Abacus is a citizen of Florida and Delaware.

9. The allegations in Paragraph 9 constitute a legal conclusion to which no response is required. Paragraph 9 purports to describe the Confidentiality Agreement, and Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

10. The allegations in Paragraph 10 constitute a legal conclusion to which no response is required.

11. The allegations in Paragraph 11 constitute a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

### A. The Business Relationship of the Parties

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and on that basis denies them.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13, and on that basis denies them.

14. Defendant denies the allegations in the first sentence of Paragraph 14. Defendant admits that it is a publicly traded company on the Nasdaq Exchange.

15. Defendant admits that Plaintiff provided Defendant with certain business documents. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16, and on that basis denies them.

**B. The Confidentiality Agreement**

17. Defendant admits that the Parties executed a Confidentiality Agreement on September 5, 2023.

18. Paragraph 18 purports to describe the Confidentiality Agreement attached as Exhibit A to Plaintiff's Complaint. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

19. Paragraph 19 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its

complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

20. Paragraph 20 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

21. Paragraph 21 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

22. The allegations in Paragraph 22 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

### C. **The Data Room**

23. Defendant admits that Plaintiff established a data room for the purpose of sharing Confidential Information. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 23, and on that basis denies them.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits Jackson had access to the data room. Defendant denies the remaining allegations in Paragraph 25.

### D. **Letter of Intent and Abacus' Continued Interest in Acquiring RiverRock**

26. Paragraph 26 purports to describe October 14, 2023 correspondence between Jackson and Annino attached as Exhibit B to Plaintiff's Complaint. Defendant respectfully refers the Court to Exhibit B for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit B, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit B.

27. Paragraph 27 purports to describe November 5, 2023 correspondence between Jackson and Annino attached as Exhibit C to Plaintiff's Complaint. Defendant respectfully refers the Court to Exhibit C for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any

paraphrasing, summarizing, or characterization of Exhibit C, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit C.

28. Paragraph 28 purports to describe November 5, 2023 correspondence between Jackson and Annino attached as Exhibit C to Plaintiff's Complaint. Defendant respectfully refers the Court to Exhibit C for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit C, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit C.

29. Defendant admits the allegations in Paragraph 29.

30. Defendant admits that a board deck was prepared in advance of a board meeting on or around November 9, 2023. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33. To the extent Paragraph 33 purports to describe the Confidentiality Agreement, Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality

Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in the first sentence of Paragraph 35. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 35. Defendant denies the remaining allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37, except that Defendant admits that it filed a Form 8-K with the U.S. Securities and Exchange Commission on November 20, 2023 ("Form 8-K"). To the extent Paragraph 37 purports to describe the Form 8-K, Defendant respectfully refers the Court to the Form 8-K for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Form 8-K, and any factual inferences or legal conclusions made by Plaintiff based on the Form 8-K.

38. Defendant denies the allegation in Paragraph 38. To the extent the allegation in Paragraph 38 constitutes a legal conclusion, no response is required.

39. Defendant denies the allegations in the first sentence of Paragraph 39. [redacted]

[redacted] To the extent Paragraph 39 purports to describe November 24, 2023 correspondence attached as Exhibit F to Plaintiff's Complaint, Defendant respectfully refers the Court to Exhibit F for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit F, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit F.

40. Defendant denies the allegations in Paragraph 40. To the extent the allegations in Paragraph 40 constitute a legal conclusion, no response is required.

41. Defendant denies the allegations in Paragraph 41. To the extent the allegations in Paragraph 41 constitute a legal conclusion, no response is required.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43, and on that basis denies them.

44. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44, and on that basis denies them.

45. Defendant admits that Jackson received correspondence from Annino on December 1, 2023. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant denies the allegations in the first sentence of Paragraph 46. To the extent Paragraph 46 purports to describe the December 1, 2023 correspondence from Jackson to Annino attached as Exhibit F to Plaintiff's

Complaint, Defendant respectfully refers the Court to Exhibit F for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit F, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit F.

47. Defendant admits that an article with the aforementioned title was published by The Deal on December 5, 2023. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 47, and on that basis denies them.

48. Defendant denies the allegations in the first sentence of Paragraph 48. The remaining allegations in Paragraph 48 purport to describe an article attached as Exhibit G to Plaintiff's Complaint. Defendant respectfully refers the Court to Exhibit G for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit G, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit G.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in the first sentence of Paragraph 51. The rest of Paragraph 51 purports to describe December 5, 2023 correspondence between Annino and Jackson attached as Exhibit H to Plaintiff's Complaint.

Defendant respectfully refers the Court to Exhibit H for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit H, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit H.

52. Defendant denies the allegation in Paragraph 52.

**E. <u>The Aftermath of the Breach</u>**

53. Defendant denies the allegation in Paragraph 53.

54. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54, and on that basis denies them.

55. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55, and on that basis denies them.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57, and on that basis denies them.

58. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58, and on that basis denies them. To the extent the allegations in Paragraph 58 constitute a legal conclusion, no response is required.

59. Paragraph 59 purports to describe December 13, 2023 correspondence between Annino and Jackson attached as Exhibit I to Plaintiff's Complaint. Defendant respectfully refers the Court to Exhibit I for its complete and accurate

contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit I, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit I.

60. Paragraph 60 purports to describe December 15, 2023 correspondence between Annino and Jackson attached as Exhibit J to Plaintiff's Complaint. Defendant respectfully refers the Court to Exhibit J for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit J, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit J.

61. Defendant denies the allegations in Paragraph 61. To the extent the allegations in Paragraph 61 constitute a legal conclusion, no response is required.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 63, and on that basis denies them.

64. The allegations in Paragraph 64 constitute a legal conclusion to which no response is required.

## COUNT I
## BREACH OF CONTRACT

65. To the extent a response is required to Paragraph 65, Defendant incorporates its responses to Paragraphs 1-64 as if fully set forth herein.

66. The allegations in Paragraph 66 constitute a legal conclusion to which no response is required.

67. Defendant admits it executed the Confidentiality Agreement with RiverRock on or about September 5, 2023. The remaining allegation in Paragraph 67 constitutes a legal conclusion to which no response is required.

68. The allegations in Paragraph 68 constitute a legal conclusion to which no response is required.

69. Defendant denies the allegations in Paragraph 69. To the extent the allegations in Paragraph 69 constitute a legal conclusion, no response is required.

70. Paragraph 70 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

71. Paragraph 71 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by

Plaintiff based on the Confidentiality Agreement. Defendant denies the remaining allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement. Defendant denies the remaining allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74. To the extent the allegations in Paragraph 74 constitute a legal conclusion, no response is required.

75. Defendant denies any and all allegations set forth in the WHEREFORE Paragraph on page 19 (following Paragraph 74) of the Complaint and specifically denies that Plaintiff is entitled to any relief whatsoever against Defendant.

## AFFIRMATIVE DEFENSES

As separate defenses to the Complaint, and without assuming the burden of proof on matters as to which it has no such burden, Defendant states as follows:

**<u>FIRST AFFIRMATIVE DEFENSE</u>**
**(Failure to State Claim)**

The claims asserted against Defendant fail to allege facts sufficient to state a claim upon which relief may be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**
**(Speculative Damages)**

This action is barred, in whole or in part, because Plaintiff's damages, if any, are speculative and thus not recoverable.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**
**(No Damages)**

This action is barred, in whole or in part, because Plaintiff has no compensable damages.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**
**(Superseding or Intervening Events)**

This action is barred, in whole or in part, to the extent there are intervening and superseding events that caused some or all of the alleged damages.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**
**(Market Factors)**

This action is barred, in whole or in part, [redacted].

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

This action is barred, in whole or in part, [redacted].

**SEVENTH AFFIRMATIVE DEFENSE**
**(Laches)**

This action is barred, in whole or in part, by the doctrine of laches, [redacted].

**EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Perform)**

Plaintiff's breach of contract claims are barred [redacted].

**RESERVATION OF RIGHTS**

Defendant is still investigating this matter and reserves the right to amend this Answer or to assert additional affirmative defenses and/or counterclaims as this action proceeds. Based upon all the foregoing, as well as other grounds, Defendant

denies any wrongdoing, denies that it is liable to Plaintiff and denies that Plaintiff are entitled to any relief.

**PRAYER**

WHEREFORE, Defendant respectfully requests that the Court:

A. Enter judgment in Defendant's favor.

B. Award Defendant its reasonable costs and disbursements, including attorneys' fees, related to this dispute.

C. Grant Defendant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all the issues that are so triable.

Dated: April 8, 2025

Respectfully submitted,

*/s/ Lydia Franzek*

Lydia Franzek
FL Bar No. 1056084
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: lydia.franzek@lw.com

Kristin N. Murphy (*pro hac vice forthcoming*)
Natasha Pardawala *(pro hac vice forthcoming)*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com
Email: natasha.pardawala@lw.com

*Counsel for Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*