**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

Case No. 6:25-cv-00424-CEM-UAM

**UNOPPOSED MOTION TO SEAL**

Pursuant to Fed. R. Civ. P. 5.2(d) and Local Rule 1.11, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus"), respectfully moves on an unopposed basis for leave to file under seal portions of Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint ("Answer"). Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff") previously sought and obtained approval from this Court to seal certain "Confidential Information," as defined in the Confidentiality Agreement, in their court submissions. *See* Dkt. 2 (Plaintiff's Motion to Seal) and Dkt. 10 (Order Granting Plaintiff's Motion to Seal). The information that Abacus moves to seal includes information that has already been sealed, pursuant to Plaintiff's Motion to

Seal. Defendant attaches hereto as **Exhibit 1** a fully unredacted version of the Answer. *See* Local Rule 1.11(b)(8).

In accordance with Local Rule 1.11(b), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal, and legal authority supporting sealing. *See* M.D. Fla. L.R. 1.11(b). Abacus has conferred with counsel for Plaintiffs, who have confirmed that they do not oppose the relief requested herein. For the reasons stated below, Abacus respectfully requests that its motion to seal be granted.

## MEMORANDUM OF LAW

Although the public has a common law right of access to inspect and copy judicial records, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1246 (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). Courts in the Eleventh Circuit often find that "a company's interest in . . . the terms of confidential agreements often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL

6827996, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010)). This is especially the case where the agreement "does not relate to 'public officials or public concerns.'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (internal citations omitted); *see also 3B Med., Inc. v. Resmed Corp.*, No. 8:15-cv-546-T-23TBM, 2016 WL 9527961, at *2 (M.D. Fla. Jan. 21, 2016) (holding that a private company's "interest in keeping private both the specific [contract] terms and the summary of the [contract] terms outweighs the public's interest in the business dealings of . . . a private company").

These principles require that the Court seal portions of Abacus's answer detailing the Confidentiality Agreement, and the information identified as confidential under the Confidentiality Agreement. As this Court has already acknowledged, sealing the Confidentiality Agreement is necessary, because it contains non-public and sensitive contract terms between Abacus and RiverRock. *See* Dkt. 10 (Order Granting Plaintiff's Motion to Seal). *See, e.g.*, *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (finding good cause to seal a contract, where the contract stated it was confidential because "[t]he likelihood of injury to the parties if the Agreement is placed into the public domain is great, and filing it under seal would protect their confidential information from unnecessary exposure to their competitors").

Abacus requests that the Answer remain redacted in perpetuity. *See* Local Rule 1.11(b)(5). Abacus certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). Abacus further certifies that it will serve on Plaintiff an unredacted version of the Answer. Lastly, the name, mailing address, email address, and telephone number of the person authorized to retrieve the Answer is undersigned counsel for Abacus. *See id.* at 1.11(b)(6).

For these reasons, Abacus respectfully requests that the Court enter an order: (a) permitting Defendants to file under seal the unredacted version of the Answer attached hereto as **Exhibit 1**; (b) permitting the unredacted version of the Answer to remain sealed in perpetuity; and (c) granting any other relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Prior to filing this motion, counsel for Defendants met and conferred with Plaintiff's counsel on the substance of this motion, and Plaintiff's counsel has indicated that Plaintiff does not oppose this motion.

Dated: April 8, 2025

Respectfully submitted,

*/s/ Lydia Franzek*
Lydia Franzek
FL Bar No. 1056084
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: lydia.franzek@lw.com

Kristin N. Murphy (*pro hac vice forthcoming*)
Natasha Pardawala *(pro hac vice forthcoming)*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com
Email: natasha.pardawala@lw.com

*Counsel for Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, I caused a true and correct copy of the forgoing Unopposed Motion to Seal and sealed Exhibit 1 thereto to be served by electronic mail on the following counsel of record:

Sheila Oretsky, Esq.
James J. Diamond, Esq.
Maria R. Santangelo, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
diamondj@gtlaw.com
maria.santangelo@gtlaw.com
flservice@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC*
*d/b/a RiverRock Funds LLC*

Dated: April 8, 2025

*/s/ Lydia Franzek*
Lydia Franzek