**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v. Case No. 6:25-cv-00424-CEM-UAM

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

---

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), by and through its undersigned counsel, and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby moves to strike Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.'s ("Abacus" or "Defendant") Affirmative Defenses and, in support thereof, states as follows:

**INTRODUCTION**

On March 11, 2025, RiverRock filed its Complaint asserting a breach of contract claim against Abacus for Abacus' breach of the Confidentiality Agreement between Abacus and RiverRock effective as of September 5, 2023 ("Confidentiality Agreement"). (D.E. 1). RiverRock agreed to disclose highly sensitive, confidential,

and proprietary business information based on Abacus' assurances under the Confidentiality Agreement. Despite these assurances, Abacus willfully breached the Confidentiality Agreement by publicly posting the same highly sensitive, confidential, and proprietary information that it was bound to protect into the public forum on its public website, www.abacuslife.com, in the form of a downloadable PDF.

In response, Abacus filed its Answer and Affirmative Defenses, which are legally insufficient, conclusory, and fail to provide the notice required by Fed. R. Civ. P. 8. (D.E. 13). Because Abacus' Affirmative Defenses are improper as a matter of law, they should be stricken.

## ARGUMENT

### A. Legal Standard

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Therefore, "[a]n affirmative defense 'admits the essential facts of a complaint and sets up other facts in justification or avoidance.'" *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D. Fla. 2013). Affirmative Defenses raise matters extraneous to the plaintiff's prima facie case that, if proven, defeat recovery. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (quotation omitted). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Id.*

Rule 12(f) of the Federal Rules of Civil Procedure allows district courts to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted). An affirmative defense should be stricken from a defendant's answer if it is insufficient as a matter of law. *Allstate Prop. & Cas. Ins. Co. v. Hanley*, No. 8:14-cv-2959, 2015 WL 1064789, at *1 (M.D. Fla. Mar. 11, 2015). An affirmative defense is insufficient as a matter of law if: (1) "on the face of the pleadings, [the defense] is patently frivolous"; or (2) the defense is "clearly invalid as a matter of law." *Microsoft Corp.*, 211 F.R.D. at 683.

Moreover, affirmative defenses must satisfy Rule 8's pleading requirements by giving fair notice of the defense and the grounds upon which it rests. *Maxum Indem. Co. v. Fla. Constr. Servs., Inc.,* No. 8:13-CV-2990-T-35AEP, 2014 WL 12618183, at *1 (M.D. Fla. Apr. 10, 2014) ("Affirmative defenses are also subject to the same general pleading requirements of Rule 8 and must include a 'short and plain statement' of the asserted defense that gives the opposing party fair notice of the 'grounds upon which it rests.'" (quoting Fed. R. Civ. P. 8(a)). A court may strike an affirmative defense if it "fails to satisfy the general pleading requirements of Federal Rule of Civil Procedure 8, which requires a party to 'state in short and plain terms its defense to each claim asserted against it.'" *Kassem v. Martin*, No. 5:15-cv-623-Oc-30, 2017 WL 176941, at *1 (M.D. Fla. Jan. 17, 2017) (citing Fed. R. Civ. P. 8(b)(1)); *see also* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"). Thus, courts review affirmative defenses to ensure they provide fair notice of the nature of the defense and the grounds upon which it rests. *See Navarro v. Santos Furniture Custom Design, Inc.*, 372 F. App'x 24, 27 (11th Cir. 2010);

*see also Bergquist v. Fidelity Info. Servs., Inc.*, 197 F. App'x 813, 815 (11th Cir. 2006) ("it is plain that the purpose of Rule 8(c) [is] 'simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial.'" (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

"If the affirmative defense comprises no more than bare bone conclusory allegations, it must be stricken." *Microsoft*, 211 F.R.D. at 684 (quotation omitted). Indeed, "[b]oilerplate pleading is not permitted, because it simply cannot provide notice sufficient to give the plaintiff a chance to rebut the defense, or to prepare the defendant to properly litigate it." *Daley v. Scott*, No. 2:15-cv-269, 2016 WL 3517697, at *2 (M.D. Fla. June 28, 2016) (quotation and citations omitted); *Kassem*, 2017 WL 176941, at *2 n.2 ("[A]ffirmative defenses must be pled in such a way to provide plaintiff fair notice of issues that may be raised at trial, so they must be more than boilerplate."). "[R]equiring defendants to plead some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint streamlines the pleading stage, helps the parties craft more targeted discovery requests and reduces litigation costs." *Daley*, 2016 WL 3517697, at *3.

**B. The Court Should Strike Abacus' First Affirmative Defense Because Failure to State a Cause of Action is Not a Valid Affirmative Defense**

Abacus's First Affirmative Defense that "the claims asserted against Defendant fail to allege facts sufficient to state a claim upon which relief may be granted" is not a proper affirmative defense (D.E. 13, p. 15). "[F]ailure to state a claim is not an affirmative defense" as a matter of law. *Kapral v. GEICO Indem. Co.*, No. 8:13-cv-2967,

2016 WL 7234147, at *5 (M.D. Fla. Jan. 5, 2016). Rather, "failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid *prima facie* case." *Id*. (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007). Because Defendant's First Affirmative Defense merely challenges the sufficiency of Plaintiff's allegations, and is not an independent defense barring recovery, Defendant's First Affirmative Defense must be stricken by the Court.

**C. The Court Should Strike Abacus' Second and Third Affirmative Defenses Because They are Mere Denials of RiverRock's Claim**

Abacus' Second and Third "affirmative defenses" are not affirmative defenses. They instead merely allege a defect in RiverRock's *prima facie* case. The Second Affirmative Defense alleges that "Plaintiff's damages, if any, are speculative and thus not recoverable" and the Third Affirmative Defense alleges that "Plaintiff has no compensable damages." (D.E. 13, p. 15). These "affirmative defenses" are deficient because they do not allege any facts that would defeat RiverRock's claim if its breach of contract claim was otherwise successful. On the contrary, they are both merely denials of RiverRock's claim because they suggest that RiverRock cannot establish damages, which is a fundamental element of its claim.

Courts in this jurisdiction consistently either strike affirmative defenses that merely allege a defect in a plaintiff's case or, alternatively, deem such allegations as specific denials. *See, e.g., Roth v. Nationstar Mortg., LLC*, No. 2:15-cv-783, 2016 WL 7094023, at *2 (M.D. Fla. Dec. 6, 2016) (striking failure to state a claim affirmative

defenses); *Pk Studios, Inc., v. R.L.R. Investments, LLC*, No. 2:15-cv-389, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016) (striking affirmative defenses that "either alleges that [p]laintiff has failed to state a claim or points out a defect in [p]laintiff's prima facie case"); *Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, No. 6:16-cv-2063, 2017 WL 3037637, at * 3 (M.D. Fla. June 27, 2017), *report and recommendation adopted*, No. 6-16-cv-2063, 2017 WL 3034077 (M.D. Fla. July 18, 2017) (recommending that the court treat affirmative defenses alleging defects in plaintiff's claims as specific denials); *Kapral*, 2016 WL 7234147, at *5 (treating failure to state a claim as a denial, not an affirmative defense). Thus, the Court should either strike the referenced Affirmative Defenses or, alternatively, order them treated instead as specific denials.

**D. The Court Should Strike Abacus' Fourth, Fifth, Sixth, Seventh and Eighth Affirmative Defenses Because They Contain No More Than Bare Bones Conclusory Allegations**

Affirmative Defenses Four, Five, Six, Seven and Eight are precisely the sort of "bare bones, conclusory" statements that are not permitted under the law. The conclusory defenses are: Fourth Affirmative Defense ("there are intervening and superseding events that caused some or all of the alleged damages"), Fifth Affirmative Defense ("any decrease in the value of Plaintiff was and is, wholly or partially, the result of underperforming in the market or other factors and not the result of any alleged wrongful conduct by Defendant"), Sixth Affirmative Defense ("Plaintiff's inability to retain or replace key employees was and is, wholly or partially, the result of Plaintiff's failure to mitigate damages or other factors and not the result of any alleged wrongful conduct by Defendant. In fact, Plaintiff's own 2024 financial model

eliminated all payroll expenses (and therefore all employees) in 2024 and beyond"), Seventh Affirmative Defense ("This action is barred, in whole or in part, by the doctrine of laches, due to the Plaintiff's unreasonable delay in initiating this lawsuit over a year after preparing and sending a complaint to the Defendant"), and Eighth Affirmative Defense ("Plaintiff's breach of contract claims are barred because Plaintiff failed to perform under the Agreement, including insofar as Plaintiff's attempt to malign Abacus in the industry, in breach of the Agreement."). (D.E. 13, pp. 15-16).

These Affirmative Defenses all suffer from the same infirmity—they are simply labels and conclusions that do not give RiverRock fair notice of the basis of Abacus' defenses. They fail to contain sufficient factual allegations of the nature required by Rule 8. Abacus fails to put RiverRock on notice as to what intervening and superseding events it is referencing in Affirmative Defense Four, what "other factors" it is referring to in Affirmative Defenses Five and Six, what prejudice Abacus could have possibly faced during the time period before RiverRock filed the Complaint (especially considering it was on full notice of the claim) when such prejudice is necessary for its laches defense in Affirmative Defense Seven, and finally Affirmative Defense Eight is completely devoid of any facts to put RiverRock on notice of what it allegedly did to "malign Abacus".

All the above-listed Affirmative Defenses, at best, merely inform RiverRock of the legal *theories* that Abacus intends to rely on without any factual allegations supporting their application. Consequently, RiverRock does not have reasonable notice of what these defenses are and cannot engage in appropriate discovery on these

multiple issues. Courts in this jurisdiction have struck similar affirmative defenses which fail to provide a plaintiff with fair notice. *See, e.g., Harris v. Rambosk*, No. 2:18-cv-17, 2018 WL 3526671, at *2 (M.D. Fla. July 23, 2018) (striking "boilerplate assertion" of failure to mitigate damages with leave to amend); *Sprint Solutions, Inc. v. 4 U Cell, LLC*, No. 2:15-cv-605, 2016 WL 3543512, at *3 (M.D. Fla. June 29, 2016) (striking affirmative defenses that "failed to provide sufficient facts to adequately put Plaintiffs on notice"); *Gov't Emps. Ins. Co. v. KJ Chiropractic Center LLC*, Case No. 6:12-cv-1138, 2014 WL 12617568, at *3 (M.D. Fla. April 4, 2014) (striking defenses as insufficient under Rule 8); *Malibu Media, LLC v. Sterling*, No. 8:13–CV–00472, 2013 WL 12157142, at *1-2 (M.D. Fla. July 17, 2013) (striking affirmative defenses without prejudice to re-plead that were conclusory and failed to satisfy the pleading requirements); *Wiebe v. Zakheim*, No. 6:12-cv-1200, 2012 WL 5382181, at *3 (M.D. Fla. Nov. 1, 2012) (striking affirmative defenses for failure to satisfy the mandate of Rule 8 because the defenses were "simply labels and conclusions"). Therefore, the Court should strike the Fourth through Eighth Affirmative Defenses.

### E. The Court Should Strike Abacus' Improper Request for Attorney's Fees

The Court should strike Abacus' prayer for relief asking the Court to "award Defendant its reasonable. . . attorneys' fees, related to this dispute," (D.E. 13, p. 17), because it is not a valid defense and because Abacus has no basis to request such relief it is immaterial under Federal Rule of Civil Procedure 12(f). "A request for attorney's fees if defendant prevails does not respond to the allegations of the complaint and does not raise any facts to vitiate plaintiff's claims. Therefore, it is not a viable defense."

*Ayers v. Consol. Constr. Servs. of SW Fl., Inc.*, 2007 WL 4181910, at *2 (M.D. Fla. Nov. 26, 2007) (striking portion of affirmative defense requesting attorney's fees). Moreover, there is no statutory or contractual basis for the award of attorneys' fees. The Confidentiality Agreement, which is the contract at issue in this case, does not contain a prevailing party provision and therefore, Abacus cannot obtain attorneys' fees. Because Abacus cannot obtain attorney's fees, its reference in the Answer and Affirmative Defenses is immaterial and must be stricken.

## CONCLUSION

For the reasons set forth above, RiverRock respectfully requests that this Court enter an Order granting its Motion and striking Abacus' affirmative defenses and granting it any such additional relief that the Court deems just and proper under the circumstances.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), RiverRock's counsel certifies that they have conferred with Abacus' counsel, who does not consent to the relief requested. The parties conferred on April 29, 2025 over the phone. Counsel for Abacus advised that it did not have time to determine if it agreed or disagreed with the relief sought.

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
Jennifer Junger, Esq.
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
James J. Diamond, Esq.
Florida Bar No. 0117678
diamondj@gtlaw.com
Maria R. Santangelo, Esq.
Florida Bar No. 1049930
maria.santangelo@gtlaw.com
flservice@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of April, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.