**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v.

Case No. 6:25-cv-00424-CEM-UAM

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant"), by and through its undersigned counsel, opposes the Motion to Strike ("Motion") filed by Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC's ("RiverRock" or "Plaintiff") on April 29, 2025 (ECF No. 22) in the above-captioned action and, in support thereof, states as follows:

**INTRODUCTION**

This case arises out of a Confidentiality Agreement between Abacus and RiverRock (together, the "Parties") executed on September 5, 2023 (the "Confidentiality Agreement"). After waiting over sixteen months from the alleged breach, Plaintiff filed a complaint against Abacus alleging breach of contract on

March 11, 2025 (the "Complaint"). Abacus filed an answer to the Complaint on April 9, 2025 (the "Answer") (ECF No. 20), including eight affirmative defenses. Those defenses were based on Abacus's knowledge and belief, and Abacus intends to further develop the defenses through discovery, which has yet to begin. There is nothing improper about putting Plaintiff on notice of Abacus's intended defenses. The standard to strike affirmative defenses is exceptionally high, and Plaintiff does not come close to meeting the standard for this drastic remedy.

## ARGUMENT

### A. Legal Standard

It is "well settled" within this district that a motion to strike is a "drastic remedy" that is generally disfavored and "will usually be denied." *Beyond Beauty Distribs., Inc. v. Best Beauty Brands, LLC*, 2013 WL 4780140, at *1 (S.D. Fla. Sept. 5, 2013); *600 Cleveland, LLC v. Bank of Am., N.A.*, 2025 WL 1222444, at *2 (M.D. Fla. Apr. 28, 2025); *Smith v. Osceola Cnty.*, 2025 WL 934371, at *1 (M.D. Fla. Mar. 27, 2025) (motions to strike are "drastic" and are generally "time wasters"). Courts "should not strike affirmative . . . defense[s]" unless they "are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Smith*, 2025 WL 934371, at *1 (alteration in original). The bar for pleading affirmative defenses is low, and courts routinely exercise their "broad discretion" to

dispose of motions to strike. *See, e.g.*, *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); Fed. R. Civ. P. 8(c). "[A] court ***will not*** exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (emphasis added) (affirmative defense should not be stricken if it "puts into issue relevant and substantial legal and factual questions"); *see also Bre/Cocoa Beach Owner, L.L.C. v. Rolyn Cos., Inc.*, 2012 WL 12905849, at *2 (M.D. Fla. Nov. 30, 2012).

To prevail, Plaintiff must demonstrate that the affirmative defenses are insufficient as a matter of law or pleading. *See Microsoft Corp.*, 211 F.R.D. at 683–84. Affirmative defenses are insufficient as a matter of law only if they are "patently frivolous" or "clearly invalid as a matter of law." *Id*. at 683; *see also* Fed. R. Civ. P. 12(f) (allowing courts to strike "redundant, immaterial, impertinent, or scandalous matter"). Rule 8 does "not obligate a defendant to set forth detailed factual allegations" in an affirmative defense; rather, defendants are only required to provide "fair notice" of the defense and its grounds upon which it rests to plaintiff. *Tsavaris v. Pfizer, Inc*., 310 F.R.D. 678, 682 (S.D. Fla. 2015); *Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats, LLC*, 530 F. Supp. 3d 1167, 1172 (M.D. Fla. 2021); *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (cautioning courts

to avoid requiring "hypertechnicality" in pleading affirmative defenses and focus on the purpose of Rule 8(c)). Abacus's affirmative defenses clearly surpass this low standard.

**B. <u>First Affirmative Defense</u>**

Abacus's First Affirmative Defense states that Plaintiff fails to state a claim upon which relief may be granted. Answer at 15. The Court should not strike Abacus's First Affirmative Defense because RiverRock has failed to show how the defense would "confuse the issues" presented or prejudice RiverRock, *Reyher*, 881 F. Supp. at 576, nor has RiverRock shown that the defense is "patently frivolous" or "clearly invalid as a matter of law," *Microsoft Corp.*, 211 F.R.D. at 683.

Even if the Court finds that failure to state a claim does not meet the "technical definition" of an affirmative defense, the "proper remedy 'is not to strike the defense, but instead to treat it as a denial.'" *PNC Bank, N.A. v. Craggs Constr. Co.*, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016); *600 Cleveland*, 2025 WL 1222444, at *7 (denying motion to strike failure to state a claim affirmative defense); *Crosby v. City of Titusville*, 2025 U.S. Dist. LEXIS 8933, at *4 (M.D. Fla. Jan. 16, 2025) (same); *Bluhm v. Wyndham Vacation Ownership, Inc.*, 2021 WL 9950209, at *2 (M.D. Fla. Aug. 3, 2021) (treating failure to state a claim as a denial); *William Stone Premier Props., LLC v. Oni Babatunde E.*, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017) (same).

### C. <u>Second and Third Affirmative Defenses</u>

Abacus's Second and Third Affirmative Defenses allege that RiverRock has not suffered any compensable damages and RiverRock's claimed damages are speculative and not recoverable. Answer at 15. These defenses should not be stricken because they provide RiverRock with "fair notice" that Abacus seeks to challenge RiverRock's claimed damages, and similarly, are not "so unrelated to [RiverRock's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Smith*, 2025 WL 934371, at *1; *see also Gibson v. Resort at Paradise Lakes, LLC*, 2016 WL 7049265, at *2 (M.D. Fla. Dec. 5, 2016) (declining to strike affirmative defense that plaintiffs' damages are "excessive, unreasonable, and speculative").[1]

The cases Plaintiff cites are inapposite, the majority of which do not address a defense directed to alleged damages. *See Kapral v. GEICO Indem. Co.*, 2016 WL 7234147, at *5 (M.D. Fla. Jan. 5, 2016) (deeming affirmative defense of failure to state a claim a denial at summary judgment); *Hallmark Ins. Co. v. Maxum Cas. Ins.*

[1] Even if this Court finds that Abacus's Second and Third Affirmative Defenses are not "technically" affirmative defenses, the Court should construe them as denials. *See, e.g.*, *PNC Bank*, 2016 WL 6493908, at *2; *Ahamad v. Maxim Healthcare Servs., Inc.*, 2013 WL 5781245, at *1 (M.D. Fla. Oct. 25, 2013) (declining to strike speculative damages defense, and treating as a denial); *Cole-Parmer Instrument Co. v. Pro. Lab'ys Inc.*, 2022 WL 19330885, at *3 (S.D. Fla. Apr. 22, 2022) (same).

*Co.*, 2017 WL 3037637, at *3 (M.D. Fla. June 27, 2017) (declining to strike affirmative defense alleging lack of damages and treating it as a denial); *Pk Studios, Inc., v. R.L.R. Invs., LLC*, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016) (striking affirmative defense related to plaintiff seeking statutory limitation on damages for copyright infringement ); *Roth v. Nationstar Mortg., LLC*, 2016 WL 7094023, at *2 (M.D. Fla. Dec. 6, 2016) (stating that "failure to mitigate is indeed a proper affirmative defense" and striking with leave to amend).

**D. Fourth Affirmative Defense**

Next, Plaintiff summarily claims that Defendants' Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses should be stricken because they contain "bare bones conclusory allegations." Motion at 6. Not so. Each of these defenses is sufficient to provide Plaintiff with notice of the issues Abacus plans to explore through discovery, and nothing more is required. Abacus's Fourth Affirmative Defense states that Plaintiff's "action is barred, in whole or in part, to the extent there are intervening and superseding events that caused some or all of the alleged damages." Answer at 15.

Plaintiff concedes that each of the Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses inform RiverRock of the "legal theories that Abacus intends to rely on," but claims that they lack "factual allegations supporting the[] application." Motion at 7. But an affirmative defense is sufficient to survive a

motion to strike so long as it "puts into issue relevant and substantial legal and factual questions" and should not be stricken unless it has "no possible relationship to the controversy." *Reyher*, 881 F. Supp. at 576; *Nat'l Equestrian League, LLC v. White*, 2021 WL 5890391, at *2 (S.D. Fla. Oct. 26, 2021), *report and recommendation adopted*, 2021 WL 5883015 (S.D. Fla. Dec. 13, 2021). And as courts in this district have held, "factual detail to support this defense can be sought through discovery, and Plaintiff has not demonstrated that its allowance in this case will cause any prejudice." *See, e.g.*, *Daniel v. Navient Sols. LLC*, 2018 WL 4997078, at *2 (M.D. Fla. Oct. 4, 2018) (declining to strike intervening cause affirmative defense). In fact, Florida courts routinely decline to strike identical affirmative defenses alleging intervening events to be explored through discovery, without requiring the defense identify specifically what "intervening and superseding events it is referencing." Motion at 7; *see, e.g.*, *Stewart Title Guar. Co. v. Arlene Raijman, P.A.*, 2010 WL 11506389, at *9 (S.D. Fla. July 1, 2010) (declining to strike affirmative defense for intervening events); *Bluhm v. Wyndham Vacation Ownership, Inc.*, 2021 WL 9950209, at *7 (M.D. Fla. Aug. 3, 2021) (same); *Gathercrest, Ltd. State Bank of India v. First Am. Bank & Tr.*, 805 F.2d 995, 997 (11th Cir. 1986) (intervening acts of third party is an affirmative defense under Florida law).

**E. Fifth Affirmative Defense**

Abacus's Fifth Affirmative Defense states that the "action is barred, in whole or in part, because any decrease in the value of Plaintiff was and is, wholly or partially, the result of underperforming in the market or other factors and not the result of any alleged wrongful conduct by Defendant." Answer at 15. Under Rule 8(c), "clear" and "straightforward" allegations, even when stated in "generic terms," are legally sufficient to provide fair notice of a defendant's defense to the plaintiff. *See Rabuck v. Pollack & Rosen, P.A.*, 2025 WL 858447, at *3 (M.D. Fla. Mar. 19, 2025); *Crosby*, 2025 U.S. Dist. LEXIS 8933, at *8, *9–10. Abacus's allegations do exactly that: here, Abacus alleges Plaintiff's Complaint is barred because the damages Plaintiff alleges are at least in part the result of RiverRock's underperformance in the market, rather than a result of the purported breach. The Answer provides sufficient detail to provide RiverRock with notice of a factual and legal issue Abacus plans to raise and explore through discovery, and no more is needed. *See* Fed. R. Civ. P. 8(c); *cf. Microsoft Corp.*, 211 F.R.D. at 684 (explaining, by contrast, that the failure to allege "any facts whatsoever" is a conclusory allegation).

**F. Sixth Affirmative Defense**

Abacus's Sixth Affirmative Defense states that the "action is barred, in whole or in part, because Plaintiff's inability to retain or replace key employees was and is,

wholly or partially, the result of Plaintiff's failure to mitigate damages or other factors and not the result of any alleged wrongful conduct by Defendant. In fact, Plaintiff's own 2024 financial model eliminated all payroll expenses (and therefore all employees) in 2024 and beyond." Answer at 16. "Both federal and state law refer to the failure to mitigate damages as an affirmative defense." *Branch Banking & Tr. Co. v. S&S Dev., Inc.*, 2015 WL 12683834, at *9 (M.D. Fla. June 30, 2015) (citing *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) (holding "that failure to mitigate damages is an affirmative defense under Rule 8(c)")); *Maxfly Aviation, Inc. v. Gill*, 605 So. 2d 1297, 1300 (Fla. Dist. Ct. App. 1992) (failure to mitigate damages is an affirmative defense).

Abacus's Answer clearly provides the factual basis of the defense—namely, that RiverRock failed to mitigate its damages because it failed to retain and/or replace key employees, and that the loss of employees was not caused by Abacus's purported breach because RiverRock's own financial model removed all payroll expenses. Answer at 16. Thus, it is clear that RiverRock was already planning to eliminate its employees, and RiverRock has not shown that Abacus's alleged actions had any impact on that plan. Nothing more is required. *Sembler Fam. P'ship No. 41, Ltd. v. Brinker Fla., Inc.*, 2008 WL 5341175, at *4 (M.D. Fla. Dec. 19, 2008) (declining to strike affirmative defense stating that plaintiff "failed to undertake appropriate steps to mitigate its damages"); *FAST SRL v. Direct Connection Travel*

*LLC*, 330 F.R.D. 315, 320 (S.D. Fla. 2018) (declining to strike affirmative defense stating that plaintiff failed to mitigate "by failing to accept an available refund of amounts paid, when those amounts could have been received and Plaintiff's losses reduced"); *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011) (finding that affirmative defense provided plaintiff with sufficient notice where it stated plaintiff failed to mitigate by "failing to take reasonable steps to secure and retain other employment following his separation from employment with [defendant]").

Unlike the cases RiverRock cites, Abacus does not leave "Plaintiff (and the Court) to speculate as to which count or counts [the affirmative defense] is directed," and clearly included the factual basis of the Sixth Affirmative Defense. *Cf. Harris v. Rambosk*, 2018 WL 3526671, at *2 (M.D. Fla. July 23, 2018); *Wiebe v. Zakheim & Lavrar, P.A.*, 2012 WL 5382181, at *1 (M.D. Fla. Nov. 1, 2012) (striking affirmative defense for failure to mitigate where the defense stated only that the claims were "barred or diminished due to Plaintiff's failure to mitigate damages" with no further details). Similarly, RiverRock's reliance on *Malibu Media, LLC v. Sterling* is misplaced because the affirmative defense in *Malibu Media* did not include any factual detail and the court held that the defense was "inappropriate" given that the "party seeks only statutory, as opposed to actual, damages." 2013 WL 12157142, at *2 (M.D. Fla. July 17, 2013).

**G. <u>Seventh Affirmative Defense</u>**

Abacus's Seventh Affirmative Defense of laches is sufficiently pleaded. Answer at 16. As a threshold matter, RiverRock identifies no authority that "prejudice is necessary" to plead an affirmative defense of laches. *See* Motion at 7. In any event, the Seventh Affirmative Defense serves Rule 8(c)'s purpose to provide RiverRock with sufficient notice of Abacus's defenses. *See Chi. Title Ins. Co. v. Commonwealth Forest Invs., Inc.*, 2007 WL 201096, at *2 (M.D. Fla. Jan. 24, 2007) (declining to strike laches defense because it sufficiently appraised plaintiff of the nature of such defense). Under Rule 8(c), "clear" and "straightforward" allegations—even when stated in "generic terms"—are sufficient to provide fair notice of an affirmative defense. *See Rabuck*, 2025 WL 858447, at *3; *Crosby*, 2025 U.S. Dist. LEXIS 8933, at *8, *9–10. Here, Abacus's affirmative defense alleging that the Complaint is barred by laches because Plaintiff failed to bring this action within a year of the purported breach is "clear" and "straightforward." Answer at 16; *Rabuck*, 2025 WL 858447, at *3. No more is needed. *See* Fed. R. Civ. P. 8(c); *Chi. Title Ins. Co.*, 2007 WL 201096, at *2 (denying motion to strike laches defense because it raised relevant factual and legal issues which defendant was entitled to prove); *600 Cleveland*, 2025 WL 1222444, at *7 (denying motion to strike laches defense because plaintiff failed to demonstrate why defendant's laches defense was "patently frivolous or clearly invalid as a matter of law"); *Reyher*, 881 F. Supp. at

577 (declining to strike laches defense it had a "possible relationship to [the] controversy" which defendant was entitled to prove); *cf. Microsoft Corp.*, 211 F.R.D. at 684 (explaining, by contrast, that the failure to allege "any facts whatsoever" is a conclusory allegation).

### H. Eighth Affirmative Defense

Abacus's Eighth Affirmative Defense states that "Plaintiff's breach of contract claims are barred because Plaintiff failed to perform under the Agreement, including insofar as Plaintiff's attempt to malign Abacus in the industry, in breach of the Agreement." Answer at 16. Plaintiff claims the defense is "completely devoid of any facts to put RiverRock on notice of what it allegedly did." Motion at 7. Not so. This defense contains sufficient facts to provide Plaintiff with fair notice of Abacus's defense—namely, that Plaintiff's claim is barred because RiverRock breached the Confidentiality Agreement by maligning Abacus in the industry. That is sufficient to provide RiverRock with notice of Abacus's defense under Rule 8. "When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *In re Hallucination Media, LLC*, 2024 WL 3898536, at *4 (11th Cir. Aug. 22, 2024); *see also Playa Del Mar Ass'n, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 2012 WL 13005553, at *7 (S.D. Fla. Feb. 3, 2012) (declining to strike affirmative defense for failure to perform). The Eighth Affirmative Defense

contains sufficient detail to inform RiverRock that Abacus plans to explore this defense through discovery and raise the issue at trial. *See Daniel,* 2018 WL 4997078, at *2. Nothing more is required.

**I. Attorneys Fees' Request**

Finally, Plaintiff asks the Court to strike Abacus's request for attorneys' fees. Abacus respectfully withdraws its request for attorneys' fees, and reserves all rights to reassert the request under Rule 11 if future circumstances warrant such a request.

## CONCLUSION

For the reasons set forth above, the Court should exercise its broad discretion to deny RiverRock's Motion and not provide RiverRock their desired result that the Court has deemed future discovery efforts by Abacus on these various defenses to be irrelevant and improper. Alternatively, should the Court strike any of Abacus's affirmative defenses, leave should be freely granted to amend the affirmative defenses. Fed. R. Civ. P. 15(a)(2).

Dated: May 13, 2025

Respectfully submitted,

*/s/ Kristin N. Murphy*

Kristin N. Murphy (*admitted pro hac vice*)
Natasha Pardawala *(admitted pro hac vice)*
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com

Email: natasha.pardawala@lw.com

Lydia Franzek
FL Bar No. 1056084
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: lydia.franzek@lw.com

*Counsel for Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*