**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC,**

**Plaintiff,**

**v.** **Case No.: 6:25-cv-00424-CEM-UAM**

**ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC.,**

**Defendants.**

---

## ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (the "Motion"), filed on April 29, 2025. (Doc. 22). Defendant Abacus Life, Inc. filed a Memorandum in Opposition to Plaintiff's Motion to Strike Affirmative Defenses on May 13, 2025. (Doc. 23). The Motion is denied.

### I. BACKGROUND

On March 11, 2025, Plaintiff filed its Complaint against Defendant Abacus Life, Inc., alleging one count of breach of contract. (Doc. 1 at 18). Defendant filed its Answer and Affirmative Defenses on April 8, 2025. (Doc. 13).

On April 29, 2025, Plaintiff filed its Motion to Strike Affirmative Defenses. (Doc. 22). Plaintiff seeks to strike Defendant's affirmative defense nos. 1, 2, 3, 4, 5,

6, 7, and 8. Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Strike Affirmative Defenses on May 13, 2025. (Doc. 23).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel." *Erdogam v. Suntree Country Club, Inc.*, Case No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted).

A motion to strike is a drastic remedy that will ordinarily only be granted if the material sought to be stricken is insufficient as a matter of law. *Arthurs v. Glob. TPA LLC*, Case No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted). "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, Case No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008).

A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy

of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Erdogam*, 2015 WL 12838848, at *1. "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, Case No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (*quoting Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

## III. ANALYSIS

### a. First Affirmative Defense

Plaintiff requests the Court to strike Defendant's First Affirmative Defense: "The claims asserted against Defendant fail to allege facts sufficient to state a claim upon which relief may be granted." (Doc. 13 at 15).

Plaintiff is correct in arguing that courts have held that failure to state a claim is a specific denial rather than an affirmative defense. *Herman v. Seaworld Parks & Entm't, Inc.*, No. 8:14–CV–3028–T–35EAJ, 2015 WL 12859432, at *3 (M.D. Fla. June 16, 2015). However, when a party incorrectly labels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a denial. *Id.*; *see also Hansen v. ABC Liquors, Inc.*, No. 3:09–cv–966–J–34MCR, 2009 WL 3790447, at * 2 (M.D. Fla. Nov. 9, 2009).

The Court treats Defendant's First Affirmative Defense as a denial. The request to strike the First Affirmative Defense is therefore denied.

**b. Second and Third Affirmative Defenses**

Plaintiff argues that Defendant's Second and Third Affirmative Defenses "are not affirmative defenses. They instead merely allege a defect in RiverRock's *prima facie* case." Plaintiff is correct.

Defenses which merely allege a defect in a prima facie case are often labeled "negative defenses." However, if "a negative defense is 'improperly designated' as an affirmative defense, courts can treat it as a specific denial instead." *Burgos v. Ent. 2851, LLC*, No. 8:22-CV-1171-KKM-TGW, 2023 WL 2244867, at *2 (M.D. Fla. Feb. 27, 2023). The request to strike Defendant's Second and Third Affirmative Defenses is therefore denied.

**c. Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses**

Defendant's Fourth Affirmative Defense asserts intervening and superseding cause. Specifically, the "action is barred, in whole or in part, to the extent there are intervening and superseding events that caused some or all of the alleged damages." (Doc. 13 at 15). The Fifth Affirmative Defenses states that the "action is barred, in whole or in part, because any decrease in the value of Plaintiff was and is, wholly or partially, the result of underperforming in the market or other factors and not the result of any alleged wrongful conduct by Defendant." (Doc. 13 at 15). The Sixth

states that the "action is barred, in whole or in part, because Plaintiff's inability to retain or replace key employees was and is, wholly or partially, the result of Plaintiff's failure to mitigate damages or other factors and not the result of any alleged wrongful conduct by Defendant. In fact, Plaintiff's own 2024 financial model eliminated all payroll expenses (and therefore all employees) in 2024 and beyond." (Doc. 13 at 16). The Seventh: "This action is barred, in whole or in part, by the doctrine of laches, due to the Plaintiff's unreasonable delay in initiating this lawsuit over a year after preparing and sending a complaint to the Defendant." (Doc. 13 at 16). Finally, the Eighth states: "Plaintiff's breach of contract claims are barred because Plaintiff failed to perform under the Agreement, including insofar as Plaintiff's attempt to malign Abacus in the industry, in breach of the Agreement." (Doc. 13 at 16).

Plaintiff argues that the above affirmative defenses are impermissible "bare bones, conclusory" statements. (Doc. 22 at 6). On the contrary, these affirmative defenses are properly pled. This Court does not apply a heightened pleading standard to affirmative defenses. *Daniel v. Navient Sols., LLC*, No. 817CV02503SCBJSS, 2018 WL 4997078 (M.D. Fla. Oct. 4, 2018). "'[R]equiring affirmative defenses to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints.' Further, factual detail to support these affirmative

defenses can be sought through discovery and their allowance will not cause the Plaintiffs prejudice." *Id.* (quoting Smith v. Wal-Mart Stores, Inc., 2012 WL 2377840, at *2 (N.D. Fla. 2012)).

The Court declines to strike the above affirmative defenses.

**d. Request for Attorney's Fees**

Defendant "respectfully withdraws its request for attorneys' fees, and reserves all rights to reassert the request under Rule 11 if future circumstances warrant such a request." (Doc. 23 at 13). The Court denies Plaintiff's request to strike Defendant's request for attorneys' fees as moot.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Strike Affirmative Defenses, filed on April 29, 2025 (Doc. 22), is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 11, 2025.

David A. Baker

Copies furnished to:

Counsel of Record