**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

Case No. 6:25-cv-00424-CEM-NWH

**DEFENDANT'S FIRST SHORT FORM MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, 34, and 37, Defendant moves to compel Plaintiff to produce documents in response to Defendant's Requests for Production Nos. 3, 13, 14, 24, 33-35 ("RFPs") and further respond to Defendant's Interrogatory Nos. 9-10 (collectively, "Requests"). Pl.'s Am. RFP R&Os (Ex. A); Pl.'s Am. Interrogatory R&Os (Ex. B). These Requests relate to Abacus's liability for breach of a confidentiality agreement. Nevertheless, Plaintiff refuses to: (a) produce the contents of the data room to which Plaintiff claims to have uploaded the confidential information, (b) identify the

purportedly confidential information Plaintiff shared with Defendant, and (c) produce documents shared with third parties concerning the same.[1]

***First***, the discovery is plainly relevant. Plaintiff alleges a breach of a confidentiality agreement with an express definition of confidential information, thus the purported confidential information in question and the alleged confidential nature of that information are relevant to the claim of breach. *See* Dkt. 1 (Compl.) ¶¶ 1, 18; Dkt. 2-2; *see also Marlite v. Eckenrod*, 2010 WL 11506348, at *2 (S.D. Fla. June 9, 2010) (finding "the core issue" of breach of a confidentiality agreement is "whether there was confidential information exchanged"). The Requests seek discovery related to that confidential information. Whether that information or similar information was shared with third parties, and whether Plaintiff employed protective measures would tend to support a finding that the information is in fact confidential. *See, e.g.*, *US Thrillrides v. Intamin Amusement Rides Int.*, 767 F.Supp.3d 1331, 1361 (M.D. Fla. 2025) (finding no breach because plaintiff failed to meet definition of confidential information).

***Second***, Plaintiff's failure to meet its burden of showing a breach of the *confidentiality* agreement has rendered impossible Defendant's ability to

[1] The Parties exchanged six letters and emails, and conferred via Zoom three times without resolution. Exs. C and E-F (Oct. 2025 Corrs.), D and G-H (Feb. 2026 Corrs.). The Parties conferred on September 30, October 8, 2025, and February 19, 2026.

mount a proper defense. Plaintiff has refused to produce the relevant documents because it claims that they are in Defendant's possession. *See* Ex. A at 5-9; Ex. B at 9-10; Ex. E at 6, 8-10. Not so: Defendant does not have access to the data room, which Plaintiff's ex-CEO created and controlled. Ex. E at 6, 8-10. Worse, Plaintiff refuses to identify the specific confidential information subject to the alleged breach, even though it must. *See, e.g.*, *Health Mgmt. Assocs. v. Salyer*, 2015 WL 13776250, at *3 (S.D. Fla. Aug. 19, 2015) (compelling plaintiff to identify the confidential information that defendant disclosed). Defendant cannot mount a proper defense to a claimed breach of a confidentiality agreement on such an incomplete record.

Defendant respectfully requests that the Court compel production of documents and further responses to Defendant's Requests.

## **Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), I hereby certify that Defendant's counsel conferred with Plaintiff's counsel by letter, video conference, and email in advance of filing this motion. Plaintiff opposes the relief requested in this motion.

DATED: March 19, 2026

*/s/ Alex Zuckerman*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

*Attorneys for Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 19, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman