# EXHIBIT E

quinn emanuel trial lawyers | new york
295 5th Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7234**

WRITER'S EMAIL ADDRESS
**alexzuckerman@quinnemanuel.com**

October 3, 2025

**Via Email**

Jennifer Junger
jungerj@gtlaw.com
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131

Re: *Renegade Capital GP, LLC v. Abacus Life, Inc n/k/a Abacus Global Management, Inc.*, Case No. 6:25-cv-00424-CEM-NWH (M.D. Fla.)

Counsel:

We write regarding Plaintiff Renegade Capital GP, LLC d/b/a RiverRock's ("Plaintiff" or "RiverRock") Responses and Objections to Defendant Abacus Global Management, Inc.'s ("Defendant" or "Abacus") First Set of Interrogatories and Plaintiff's Responses and Objections to Defendant's First Set of Requests for Production, and to request that these deficiencies be promptly corrected. We also write to memorialize the parties' September 30, 2025 meet and confer (the "September 30 Meet and Confer"). Defendant reserves all rights regarding these matters, including identifying additional deficiencies in Plaintiff's Responses and Objections.

**Plaintiff's Interrogatory Responses**

The following partial responses and refusals to respond do not satisfy Plaintiff's discovery obligations. Please confirm that Plaintiff will provide complete and accurate responses to the following Interrogatories. In supplementing Plaintiff's Responses to Defendant's Interrogatories, please identify with specificity the investigation Plaintiff undertook to determine its Responses. *Equal Emp. Opportunity Comm'n v. M1 5100 Corp.*, 2020 WL 3581372, at *2 (S.D. Fla. July 2, 2020) (the attorney must "ma[ke] a reasonable effort to assure that the client has provided all the information . . . responsive to the discovery demand and has made reasonable inquiry into the factual basis of his response"); *Bartolo Med. Sales, Inc. v. 3B Med., Inc.*, 2024 WL 2270343, at *2

(M.D. Fla. May 20, 2024) ("Although attorneys may rely on representations of their clients, they cannot do so blindly.").

- **Interrogatory No. 2** asks Plaintiff to "[i]dentify all individuals responsible for or involved with preparing RiverRock's financial statements, including but not limited to cash flows, internal valuations, business plans, internal rates of return, projections, and financial models, and describe what information that individual possesses." As part of its response, Plaintiff states that "Bill McCauley" was "responsible for or involved in preparing [RiverRock's] financial information," as well as "anyone working on their teams." As we discussed in the September 30 Meet and Confer, it is unclear to Defendant why Mr. McCauley, ***Defendant's*** Chief Financial Officer, was involved in preparing ***Plaintiff's*** financial information. Plaintiff responded that it would ask RiverRock why it listed Mr. McCauley in the response to Defendant's Interrogatory No. 2.

  In addition, Plaintiff's response that "anyone working on [Mr. Anthony Annino's and Mr. McCauley's] teams" was "responsible for or involved in preparing [RiverRock's] financial information" is incomplete and deficient. Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your[1] response (1) Mr. McCauley's involvement in preparing RiverRock's financial information, including the information he provided or reviewed in RiverRock's financial information, and to which Documents he made contributions; (2) the names of RiverRock employees constituting "anyone working on [Mr. Annino's and Mr. McCauley's] teams"; and (3) who RiverRock spoke to in its investigation to supplement its response to this Interrogatory.

- **Interrogatory No. 3** asks Plaintiff to "[d]escribe the specific damages You contend were caused by Abacus, including a calculation of each category of damages and identifying any supporting [D]ocuments." However, Plaintiff's response is insufficient where Plaintiff fails to quantify damages, and merely provides a list of categories of damages that Plaintiff *may* seek, including "actual, compensatory, special damages, lost profits, punitive damages, and harm to goodwill and reputation." Rule 26 of the Federal Rules of Civil Procedure requires Plaintiff to disclose

  > a c***omputation*** of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

  Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).

  Plaintiff served its Initial Disclosures on June 20, 2025—more than three months ago—and since then has failed to produce any Documents to support any type of computation of damages—let alone provide any type of computation. "Plaintiffs have a ***basic,***

[1] Unless otherwise stated, capitalized terms shall have the same meaning as set forth in Defendant's First Set of Interrogatories and First Set of Requests For Production to Plaintiff.

***continuing*** obligation to provide a computation of damages sought to the best of their ability, which can be supplemented as needed as the case progresses." *Noel v. MHC Heritage Plantation, LLC*, 2022 WL 2841888, at *3 (S.D. Fla. July 15, 2022) (emphasis added), *report and recommendation adopted*, 2022 WL 2872999 (S.D. Fla. July 21, 2022).

In addition, Plaintiff's response explains that it may not disclose its damages calculation until "June 2, 2026," "through a damages expert." As we discussed in the September 30 Meet and Confer, without knowing the basis for Plaintiff's damages theories, or the specific categories of damages Plaintiff ***actually intends*** to seek, Defendant is unable to narrow its discovery requests and test Plaintiff's damages allegations during fact discovery. During the September 30 Meet and Confer, Plaintiff also explained that it will produce financial Documents to support its damages theories.

Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response (1) the categories of damages Plaintiff *will* seek, rather than *may* seek; and (2) provide a date certain by which Plaintiff will produce Documents to support its damages theories.

- **Interrogatory No. 4** asks Plaintiff to "[d]escribe all actions taken by You to mitigate any alleged damages suffered by RiverRock as a result of any alleged action by Abacus." Plaintiff's response alleges certain events that occurred after Defendant posted the Board Deck, including "the departure of key employees and the loss of investor relationships." Plaintiff's response also alleges certain actions that it purportedly took internally and externally, including "retaining a reduced staff, obtaining assistance from third party vendors, reallocating responsibilities among remaining employees, and attempting to preserve relationships with existing investors." As we discussed in the September 30 Meet and Confer, Plaintiff's response fails to identify with any degree of specificity the concrete steps that it took to mitigate damages. Defendant highlighted the incomplete nature of Plaintiff's response to this Interrogatory by way of example, that is, whether and what steps Plaintiff took with Donna Horowitz or other reporters to remove the article(s). Plaintiff disputed the relevance of such mitigation efforts, which only underscores the need for discovery on the question of mitigation.

  Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response the actions taken by Plaintiff to mitigate alleged damages suffered as a result of any alleged action by Abacus.

- **Interrogatory No. 5** asks Plaintiff to "[i]dentify each Individual that [Y]ou allege resigned from RiverRock due to Abacus's alleged actions, including the date of their resignation, their former position at RiverRock, and their stated reason for resigning." Plaintiff's response states, "[s]ince then, RiverRock has had at least an additional four employees resign." As we discussed in the September 30 Meet and Confer, Plaintiff's response is incomplete because it does not identify who the "four employees" are or explain when the "additional four employees" resigned, why they resigned, or their role at RiverRock, which are relevant to understanding the extent of causation and damages.

Further, Plaintiff explained on the September 30 Meet and Confer that the date of resignation is not relevant because even recent employee resignations would stem from the alleged breach, given that RiverRock continues to suffer damage. We disagree; the proximity of employee departures to the alleged breach is highly relevant to determining whether the alleged breach actually caused those departures.

Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response (1) the names, job titles, dates of departure, and reason for departure of the "additional four employees"; and (2) confirm Plaintiff's position that RiverRock has been in decline from the date of the alleged breach to present, and any employee that resigned between the date of the alleged breach to present did so due to the alleged breach.

- **Interrogatory No. 6** asks Plaintiff to "[i]dentify each investor who [Y]ou allege was interested in investing in RiverRock, the time frame in which they were interested in investing in RiverRock, and the stated reason why each investor was unwilling to invest in or do business with RiverRock as alleged in Paragraph 24 of the Complaint." Plaintiff responded that "Paragraph 24 of the Complaint describes Confidential Information that RiverRock added to the data room for Abacus's review. The allegation itself does not make any allegations as to investors interested in RiverRock or any of the other information sought in Interrogatory No. 6." As we discussed in the September 30 Meet and Confer, the reference in Interrogatory No. 6 to Paragraph 24 was a typo. Nevertheless, Plaintiff makes numerous allegations throughout the Complaint about "existing and potential investors refrain[ing] from further investment" (Compl. ¶ 5), investors who "were no longer willing to invest in or otherwise do business with Riverrock" (*id.* ¶ 58), and "the breach seriously jeopardized future business opportunities" (*id.*).

  It cannot be disputed that these lost opportunities are relevant to damages, and Defendant is therefore entitled to the factual bases of Plaintiff's damages theories, including information regarding the identities of the lost investors, lost potential investors, lost funding opportunities, and how Plaintiff suffered damages with prospective investors.

  Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response the identities of the lost investors, lost potential investors, and lost funding opportunities. Please also provide a date certain by which Plaintiff will supplement its Initial Disclosures with a computation of each category of damages, consistent with FED. R. CIV. P. 26, including damages suffered due to the loss of potential investors, claimed by Plaintiff.

- **Interrogatory No. 7** asks Plaintiff to "[i]dentify all persons or entities who were interested or expressed interest in acquiring RiverRock between January 1, 2023 and January 1, 2025." Plaintiff refused to provide a substantive answer, instead responding:

  > Plaintiff objects to Interrogatory No. 7 to the extent it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure. RiverRock cannot possibly know all people or entities interested in

> acquiring RiverRock. Plaintiff further objects to Interrogatory No. 7 as seeking confidential information. This request is also objectionable because the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

It may be that You cannot read the minds of potential counterparties; but surely You are capable of disclosing the names of those known to You. The persons or entities who were interested or expressed interest in acquiring RiverRock are relevant to testing Plaintiff's theories regarding the confidentiality of the information in question, as well as the potential magnitude of RiverRock's damages flowing from the alleged breach. Specifically, Defendant is entitled to the information regarding the identities of those interested in acquiring Plaintiff to understand whether Plaintiff entered into confidentiality agreements with those third parties, whether they shared the alleged Confidential Information[2] with others (bearing on whether the information Plaintiff shared was confidential in the first place), and whether Plaintiff shared different valuations with third parties indicating the value of RiverRock, both before and after the alleged breach.

Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response the identities "persons or entities who were interested or expressed interest in acquiring RiverRock between January 1, 2023 and January 1, 2025." At a minimum, Your response should include any persons or entities RiverRock was in conversation with about a potential acquisition.

- **Interrogatory No. 8** asks Plaintiff to "[i]dentify all individuals with knowledge of a potential acquisition of RiverRock by Obra Capital in 2023-2024." Plaintiff refused to provide a substantive answer, instead responding:

> Plaintiff objects to Interrogatory No. 8 as completely irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. RiverRock's potential acquisition by Obra Capital is the subject of a separate and related litigation, and Abacus is simply attempting to fish for information relevant to those proceedings, which are irrelevant to Abacus's breach and resulting damages here.

Obra's potential acquisition of Plaintiff is relevant to establishing damages and any mitigation of damages. Defendant is entitled to the information Plaintiff provided to Obra, including on the valuation of Plaintiff, to test Plaintiff's theory of damages and accuracy of Plaintiff's valuation. And given that Obra's potential acquisition of Plaintiff occurred shortly after Defendant's alleged breach, the facts and circumstances of Obra's potential acquisition are relevant to assessing Plaintiff's steps taken to mitigate damages as well as whether Plaintiff was in fact damaged by the alleged breach.

[2] "Confidential Information" shall have the same meaning as defined in the Complaint.

Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response the identities of all individuals with knowledge of a potential acquisition of RiverRock by Obra Capital in 2023-2024.

- **Interrogatory No. 9** asks Plaintiff to "Identify all 'Confidential Information' You allege Abacus accessed on RiverRock's 'data room' and what 'Confidential Information' Abacus allegedly included in the Board Deck." Plaintiff responded:

> [B]ased on information and belief Abacus accessed the entirety of information found in the 'data room,' including spreadsheets reflecting RiverRock's actual internal rate of return, Registered Retirement Income Fund draws, repayments and total balances, adjusted financials, consolidated financials, Quickbooks, consolidated statement of net assets, confidential company agreements, audits, and other financial information. The Board Deck included Confidential Information provided by RiverRock to Abacus through the 'data room,' including that RiverRock was going to be acquired by Abacus and RiverRock's plans post-acquisition. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, RiverRock also refers Abacus to documents to be produced in response to Request Number 3 of Abacus's July 28, 2025 First Set of Requests for Production which contain responsive information as well as the Board Deck that RiverRock and Abacus both have access to.

As we discussed in the September 30 Meet and Confer, the data room was set up by ***Plaintiff's*** former CEO, Mr. Annino, and therefore the data room is in ***Plaintiff's*** possession, custody, and control. Further, if Plaintiff set up and uploaded Documents into the data room, the Documents should have been saved on Plaintiff's systems before they could be uploaded into the data room. Defendant also reiterated that Mr. Annino shared the data room via a website link that is no longer accessible by Defendant (and apparently no longer accessible by Plaintiff). At the September 30 Meet and Confer, Plaintiff represented that "everything [Plaintiff] posted in the data room is confidential." Plaintiff also argued that Defendant must have used documents from the data room to prepare the Board Deck because "the only place [Plaintiff] gave financial information was in the data room," and therefore Plaintiff assumed that Defendant downloaded the documents in the data room to later use the financial information in the documents from the data room in the Board Deck.

The identification of all "Confidential Information" Plaintiff posted to the data room, including the documents embodying the Confidential Information, is relevant establishing whether the information in the data room was actually confidential, whether Defendant used or saw Plaintiff's "Confidential Information," and necessary to determine whether Defendant actually breached the Confidentiality Agreement.

Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response (1) all "Confidential Information" Plaintiff posted to the data room, including a citation to Bates Numbers of Documents posted to the data

room; (2) which information within the Documents in the data room Plaintiff contends contained "Confidential information"; (3) the specific information within the Documents in the data room that Plaintiff alleges is confidential; and (4) the "Confidential Information" implicated in Defendant's alleged breach.

- **Interrogatory No. 10** asks Plaintiff to "[i]dentify all 'Confidential Information' You allege Abacus posted on its website and include who prepared that information, who provided that information to Abacus, how it was provided to Abacus, and each Individual with knowledge of that information prior to the inadvertent posting of that information to Abacus' website." Plaintiff responded that "the Confidential Information posted on Abacus's website is found in the Slide Deck that Abacus has equal or greater access to than RiverRock. To the best of RiverRock's knowledge the Confidential Information was provided to Abacus by RiverRock employees, including Anthony J. Annino." Plaintiff's response fails to specify which information within Slide Deck constituted Plaintiff's "Confidential Information." Plaintiff's response also fails to identify the Individuals who prepared the "Confidential Information," and the Individuals with knowledge of the Confidential Information prior to the inadvertent posting of the Slide Deck to Abacus's website.

  As discussed in the September 30 Meet and Confer, Plaintiff expressed that most likely everything in the data room was confidential. And that while not every element of every Document was confidential, all of Plaintiff's financial data, the fact that employees would be terminated, and the facts of the potential acquisition were confidential. While we appreciate your candor during the September 30 Meet and Confer that you cannot specifically identify the Confidential Information at issue, that gets us no closer to understanding what Confidential Information you contend was the subject of the breach. Defendant therefore asked if Plaintiff would be willing to supplement its Interrogatory response with the specific pages of the Slide Deck that Plaintiff contends contain Plaintiff's Confidential Information.

  Please confirm that Plaintiff will supplement its response to this Interrogatory by **October 15, 2025,** and specify in Your response (1) the Bates Number of the pages in the slide deck that Plaintiff alleges contains its Confidential Information; (2) the identification of all Plaintiff's employees who provided Confidential Information to Defendant; and (3) the identification of all Plaintiff's employees who prepared the Confidential Information Plaintiff alleges Defendant posted on its website. Please also confirm Plaintiff's position that Plaintiff only shared Confidential Information through the data room.

**<u>Plaintiff's Responses to Defendant's Requests For Production</u>**

As an initial matter, thank you for confirming on the September 30 Meet and Confer that for Requests that seek Documents and Communications for which Plaintiff has agreed to produce responsive Documents, that also includes Documents and Communications. *See* Request Nos. 1, 2, 8, 15, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, and 29. Thank you for also confirming that where Plaintiff did not expressly state that it would produce Documents and Communications,

Plaintiff does not intend to presently produce responsive, non-privileged Documents and Communications and would be willing to meet and confer on the scope of the Requests.

However, the following partial responses and refusals to produce relevant, non-privileged Documents do not satisfy Plaintiff's discovery obligations. Please confirm that Plaintiff will provide complete and accurate responses and produce non-privileged Documents and Communications in response to the following Requests For Production.

- **Request for Production No. 3** asks Plaintiff to produce:

> All Documents and Communications related to the 'data room' created by RiverRock alleged in paragraph 23 of the Complaint, including (i) the platform and web address that was used for the data room, (ii) all Documents that were added to the data room and what date and time they were added, including but not limited to those identified in Paragraph 24 of the Complaint, (iii) the security measures that were in place to protect the data room; and (iv) any logs or evidence of who accessed each [D]ocument in the data room, including the data and time of access and whether such [D]ocument was viewed or downloaded.

Plaintiff objected because "the [D]ocuments in the data room are all [D]ocuments that are in Abacus' possession and as such Abacus has equal access to the [D]ocuments. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C)." Plaintiff took the position that Defendant has access to the documents in the data room, and questioned why access logs were relevant. As we discussed in the September 30 Meet and Confer, the data room was set up by Plaintiff's former CEO, Mr. Annino, and therefore the data room is in Plaintiff's possession, custody, and control. Defendant also reiterated that Mr. Annino shared the data room via a website link that is no longer accessible by Defendant.

Plaintiff also objected because "web address, platform, and specific time records of when documents were added to the data room have nothing to do with the claims and defenses in this litigation." Plaintiff re-raised its objection on the Meet and Confer. On the Meet and Confer, we also articulated that Defendant is entitled to Documents responsive to this Request for three reasons. First, logs or evidence of who accessed the Documents are relevant for determining whether Plaintiff treated the Documents in the data room as confidential or even constitute Documents containing "Confidential Information." If the data room was shared with third parties, for example, then that may negate the confidentiality of the information. Second, the date and time that Documents were added to the data room are relevant to determining whether the Documents containing Plaintiff's alleged Confidential Information were even uploaded to the data room. Third, the security measures put in place to protect the data room are relevant to determining the measures Plaintiff put in place to protect its Confidential Information. In response, Plaintiff also expressed that it would investigate whether Plaintiff keeps reports showing who accessed the data room.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce an access log for the data room.

- **Request for Production No. 4** asks Plaintiff to produce "[a]ll Documents and Communications relating to the draft letter of intent titled 'Project Water.'" Plaintiff objected that "documents between RiverRock and Abacus relating to the draft letter of intent titled 'Project Water' are already in Abacus' possession as a party to the [C]ommunications and as such Abacus has equal access to the [D]ocuments." Plaintiff's response further purports to improperly limit its production to Documents, but not Communications. Documents and Communications relating to the draft letter of intent titled "Project Water" are relevant to determining damages, and whether or not Plaintiff suffered damages as a result of Project Water not closing. Further, this Request not only seeks Documents and Communications between Plaintiff and Defendant, but also Plaintiff's internal Documents and Communications, and Documents and Communications with third parties, which are not in Defendant's possession, custody, and control.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 5** asks Plaintiff to produce "[a]ll Documents and Communications relating to RiverRock's business and financial information that were provided to Abacus in connection with the potential Business Transaction." Plaintiff objected that "any documents related to RiverRock's business and financial information that were provided to Abacus would already be in Abacus' possession and as such Abacus has equal access to the [D]ocuments." This Request encompasses any Documents uploaded to the data room as well as any other Documents or information shared with Defendant. Defendant is entitled to these Documents and Communications because, as Defendant has reiterated, the data room was set up by Plaintiff's former CEO, Mr. Annino, and therefore the data room is in Plaintiff's possession, custody, and control. Defendant also reiterated that Mr. Annino shared the data room via a website link that is no longer accessible by Defendant. Further, Defendant is entitled to understand if any information or Communications were provided by Plaintiff outside of the data room, including nonconfidential Documents and Communications.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 6** asks Plaintiff to produce "[a]ll Documents and Communications related to the RiverRock Funds LLC Valuation Model dated September 30, 2023 that was sent by You to Abacus." Plaintiff objects "on the grounds that it seeks [D]ocuments that are irrelevant to the claims and defenses in this action." This Requests seeks Documents and Communications related to the Valuation Model, which Plaintiff alleges constitutes Confidential Information that Defendant posted publicly in the Board

Deck, breaching the parties' Confidentiality Information. Thus, Documents and Communications related to the Valuation Model are relevant to proving breach. Plaintiff also objected that "any [D]ocuments related to RiverRock's Valuation Model that were provided to Abacus would already be in Abacus' possession and as such Abacus has equal access to the [D]ocuments." As Defendant has reiterated, the data room was set up by Plaintiff's former CEO, Mr. Annino, and therefore the data room is in Plaintiff's possession, custody, and control. Defendant also reiterated that Mr. Annino shared the data room via a website link that is no longer accessible by Defendant. In addition, Defendant's Request seeks Documents and Communications "related" to the Valuation Model. Plaintiff's response fails to account for RiverRock Documents and Communications related to the Valuation Model, but not necessarily sent to Defendant. These may include financial documents and business planning documents that support the data found in the Valuation Model.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 7** asks Plaintiff to produce "[a]ll Documents underlying or supporting the financial data and information in the RiverRock Funds LLC Valuation Model dated September 30, 2023 that was sent by You to Abacus." Plaintiff objects that "any [D]ocuments related to RiverRock's business and financial information that were provided to Abacus would already be in Abacus' possession and as such Abacus has equal access to the [D]ocuments." As Defendant has reiterated, the data room was set up by Plaintiff's former CEO, Mr. Annino, and therefore the data room is in Plaintiff's possession, custody, and control. Defendant also reiterated that Mr. Annino shared the data room via a website link that is no longer accessible by Defendant. In addition, Defendant's Request seeks Documents and Communications "underlying or supporting" the Valuation Model. Plaintiff's response fails to account for RiverRock Documents and Communications underlying or supporting the Valuation Model, but not necessarily sent to Defendant. These may include financial Documents and business planning Documents that support the data found in the Valuation Model.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 9** asks Plaintiff to produce "[a]ll Communications regarding Abacus's Form 8-K filed on November 20, 2023." This Request is relevant to understanding the actions Plaintiff took to mitigate damages after learning of Abacus's Form 8-K related to the alleged breach, including whether Plaintiff made statements or representations about the status of its business in response to Defendant's Board Deck.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 10** asks Plaintiff to produce "[a]ll Documents and Communications regarding the alleged breach of the Confidentiality Agreement by Abacus as alleged in the Complaint, including when You learned of the purported breach, who discovered the purported breach, and all actions taken by You following the purported breach." Documents regarding the purported breach, when Plaintiff learned of the purported breach, and actions taken by Plaintiff following the purported breach are relevant to damages, including mitigation of damages, and whether certain actions taken after the alleged breach flowed as a result of the alleged breach.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 12** asks Plaintiff to produce "[a]ll Communications between You and Donna Horowitz, or any reporter or employee at The Deal or any other news outlet, regarding the Board Deck and/or the potential Business Transaction." By identifying Donna Horowitz as a person "likely to possess information" about "the Business Transaction, including the Slide Deck and disclosure of RiverRock's confidential information," Plaintiff concedes that Communications with Ms. Horowitz "regarding the Board Deck and/or Business Transaction" are relevant. *See* Pl. Resp. to Interog. No. 2; *see also* Pl.'s Initial Disclosures at 5. This Request is also relevant to Plaintiff's claimed damages and mitigation of said damages and to assess the actions that Plaintiff took after learning of the purported breach.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including Communications with third parties, responsive to this Request.

- **Request for Production No. 13** asks Plaintiff to produce "[a]ll Communications between You and any third party regarding the Board Deck, the inadvertent posting of the Board Deck by Abacus, or any information contained in the Board Deck." This Request is relevant to determining the impact of the purported breach on Plaintiff's damages, and assessing Plaintiff's actions taken to mitigate damages.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including Communications with third parties, responsive to this Request.

- **Request for Production No. 14** asks Plaintiff to produce "[a]ll Documents and Communications regarding the December 5, 2023 article titled 'Abacus Accidentally Posts Document on Potential RiverRock Deal.'" This Request is relevant to determining the impact of the purported breach on Plaintiff's damages, and assessing Plaintiff's actions taken to mitigate damages.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 16** asks Plaintiff to produce "[a]ll Documents and Communications supporting Your allegation that 'Abacus, not RiverRock, determined that it would cut RiverRock's payroll from $4.7 million to $755,000' as alleged in Paragraph 49 of the Complaint." Plaintiff responds by directing Defendant to the "Board Deck." However, in the Board Deck, ***Plaintiff's*** Valuation Model shows that RiverRock Total Uses in 2023 totaled $4.7 million, and Total Uses in 2024 was estimated to be $755,000, and Defendant is entitled to know the underlying facts and Documents supporting the reduction from $4.7 million to $755,000 found in Plaintiff's Valuation Model, which is relevant to determining whether Plaintiff or Defendant made the decision to cut Plaintiff's payroll.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 24** asks Plaintiff to produce "[a]ll Documents and Communications relating to or supporting Your allegations in Paragraph 58 of the Complaint, including but not limited to all [C]ommunications with potential investors regarding (i) the alleged breach of the Confidentiality Agreement, (ii) the RiverRock investment opportunities; and (iii) the potential investors' unwillingness to invest in or do business with RiverRock because of the alleged breach of the Confidential[ity] Agreement." Defendant is entitled to Documents and Communications with investors, which is is relevant to determining causation, and determining whether the investor withdrew its investment as a direct result of the alleged breach. Similarly, the actions that Plaintiff took with the investors after the alleged breach is relevant to determining the extent that Plaintiff mitigated its damages. Any sensitivity or confidentiality concerns can be mitigated with a protective order or confidentiality agreement between the parties.

  Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm whether Plaintiff will produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 30** asks Plaintiff to produce "[a]ll Documents and Communications that You intend to rely on to support Your claim of Damages in this Action." Plaintiff responds that this Request is premature and Plaintiff has not made final determinations regarding the specific Documents and Communications it will introduce at trial. However, "Plaintiffs have a ***basic, continuing*** obligation to provide a computation of damages sought to the best of their ability, which can be supplemented as needed as the case progresses." *Noel*, 2022 WL 2841888, at *3 (emphasis added), *report and recommendation adopted*, 2022 WL 2872999. And Plaintiff's obligations to supplement under FED. R. CIV. P. 26 include "mak[ing] available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from

disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." However, Plaintiff served its Initial Disclosures more than three months ago, and have failed to make any document production—let alone one with documents supporting Plaintiff's damages computations. We appreciate that the parties are currently in fact discovery, and request Plaintiff to provide a date certain by which it will supplement its Initial Disclosures and make a document production.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm when Plaintiff will begin to produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 32** asks Plaintiff to produce:

> All Communications, including text messages sent or received on personal devices, between Anthony Annino, Gabriel Siegel, Jonathan Osbourne, and Lucas Siegel, individually or collectively, that relate to the allegations in the Complaint. This includes, but is not limited to, Communications relating to the Business Transaction, Abacus's alleged breach of the Confidentiality Agreement, Your alleged damages from Abacus's alleged breach of the Confidentiality Agreement, and any actions taken by You, Anthony Annino, Gabriel Siegel, Jonathan Osbourne, or Lucas Siegal to mitigate damages.

Communications with Anthony Annino, Gabriel Siegel, Jonathan Osbourne, and Lucas Siegel are clearly relevant and within the scope of this case. Indeed, in its answer to Defendant's Interrogatory No. 1, Plaintiff identified Anthony Annino, Lucas Siegel, and Gabriel Siegel as individuals having knowledge of all or practically all of the issues in this case.

Defendant is entitled to these Communications because they are relevant to proving the claims and defenses in this case, including breach and damages. In addition, to the extent Plaintiff contends that Mr. Annino's information is not within RiverRock's possession, custody, or control, please confirm that Plaintiff has no Communications sent by or received from Mr. Annino within Plaintiff's possession, custody, or control.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm when Plaintiff will begin to produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 33** asks Plaintiff to produce "[a]ll Documents and Communications regarding any potential acquisition of RiverRock by any party or entity between January 1, 2023 and January 1, 2025, including investor presentations, financial models, internal valuations, external valuations, letters of intent, term sheets, and all [C]ommunications between Abacus and any potential investor or acquirer." Potential acquisitions of RiverRock are relevant to establishing the damage caused to the enterprise by Abacus's alleged breach.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm when Plaintiff will begin to produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 34** asks Plaintiff to produce:

> All Documents and Communications related to RiverRock's potential acquisition by Obra Capital in 2023 and 2024, including but not limited to (i) all financial models, internal valuations, cash flows, and other financial information provided to Obra; (ii) letters of intent or term sheets related to a potential acquisition of RiverRock by Obra; and (iii) [C]ommunications between You and Obra regarding a potential acquisition.

Documents and Communications related to RiverRock's potential acquisition by Obra are relevant to establishing the damages that Plaintiff alleges it is entitled to, and to establish the validity of Plaintiff's valuation, on which Plaintiff bases its damages.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm when Plaintiff will begin to produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

- **Request for Production No. 35** asks Plaintiff to produce "[a]ll Documents and Communications related to the March 6, 2024 article published in The Deal by Donna Horowitz titled 'Obra Plans to Buy RiverRock.'" Documents and Communications related to the potential acquisition by Obra are relevant to establishing the damages that Plaintiff alleges it is entitled to, and to establish the validity of Plaintiff's valuation, on which Plaintiff bases its damages.

Please confirm Plaintiff will produce responsive, non-privileged Documents, and confirm when Plaintiff will begin to produce Communications, including internal RiverRock Communications and Communications with third parties, responsive to this Request.

Best regards,

Alex Zuckerman