# EXHIBIT F

quinn emanuel trial lawyers | new york
295 5th Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7234**

WRITER'S EMAIL ADDRESS
**alexzuckerman@quinnemanuel.com**

October 15, 2025

**Via Email**

Jennifer Junger
jungerj@gtlaw.com
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131

Re: *Renegade Capital GP, LLC v. Abacus Life, Inc n/k/a Abacus Global Management, Inc.*, Case No. 6:25-cv-00424-CEM-NWH (M.D. Fla.)

Counsel:

We write to memorialize the meet and confer between Plaintiff Renegade Capital GP, LLC d/b/a RiverRock ("Plaintiff" or "RiverRock") and Defendant Abacus Global Management, Inc. ("Defendant" or "Abacus") on October 8, 2025 (the "October 8 Meet and Confer"). Defendant reserves all rights regarding these matters. This letter incorporates the Parties' discussions on the September 30 Meet and Confer, Defendant's October 3 Letter, and the October 8 Meet and Confer.

As Defendant has explained, the Interrogatories and Requests for Production at issue largely fall into two buckets: Plaintiff's argument that its information was confidential and Plaintiff's damages, or lack thereof. For ease of reference, we have broken this letter into those two buckets, but Defendant is by no means conceding or waiving that these Interrogatories and Requests may be relevant and necessary beyond breach and liability.

During the October 8 Meet and Confer, Plaintiff stated that it would take certain of Defendant's Interrogatories and Requests under advisement, and did not affirmatively represent that it would withhold Documents and Communications. **Please provide your final positions on Defendant's Interrogatories and Requests for Production by October 29, 2025, so that we can determine whether the Parties are at an impasse and require court intervention**.

## I. Defendant's Requests and Interrogatories Relating to Plaintiff's Alleged Damages

As discussed on the October 8 Meet and Confer, Defendant's Interrogatory Nos. 3 and 4 and Requests for Production Nos. 4, 5, 6, 7, 9, 11, 12, 13, 14, 24, 29, 33, 34, and 35 seek Plaintiff's Documents[1] and Communications relevant to its damages claims. Plaintiff generally contended that these Requests were not related to the breach. However, Defendant maintains that each of these Requests seeks information relevant to ***damages***, because, among other things, each of these requests seeks information relevant to valuing Plaintiff's business as a whole.

Plaintiff also responded to this group of Requests, arguing that the Board Deck itself or Documents in the data room themselves would be responsive, and questioned whether any Documents and Communications beyond the Board Deck or Documents in the data room were relevant. As Defendant explained, its Requests seek Documents and Communications ***related to*** RiverRock's valuation, including representations made to investors and potential acquirers, financials supporting or underlying the valuation (including general ledgers, profit and loss spreadsheets, financial statements, valuation of individual assets that underlie the funds being managed, etc.), Plaintiff's valuation that it sent to its CPA(s), and Documents and Communications beyond what the Board Deck showed, which are all responsive to Defendant's written discovery requests, and are probative of the amount of damages Plaintiff seeks from the breach and the impact of the breach.

### A. Requests and Interrogatories Plaintiff Agreed to Revise or Produce On Relating to Plaintiff's Alleged Damages.

As to Defendant's Interrogatory 3 ("[d]escribe the specific damages You contend were caused by Abacus"), Plaintiff's response is unclear as to the scope and types of damages Plaintiff seeks. Plaintiff's Complaint alleges that it "suffered damages" including "los[ing] nearly half of its employees, and its business is severely damaged," but does not explain the types or amounts of damages that Plaintiff seeks. Compl. ¶ 74. Likewise, Plaintiff's June 20, 2025 Initial Disclosures do not provide clarity, where Plaintiff generally alleges that it "may seek . . . actual, compensatory, punitive damages, and harm to goodwill and reputation." Pl.'s Initial Disclosures at 7. As Defendant explained at the October 8 Meet and Confer, Defendant is entitled to know at least the types of damages Plaintiff seeks (for example, whether Plaintiff seeks lost profits, loss to enterprise value, etc.), so that Defendant can determine what discovery it needs to test those damages claims. **Please state whether Plaintiff will revise its Interrogatory response, or whether Defendant must move the Court for a more definite statement to narrow the scope of discovery, by October 29, 2025.**

As to Defendant's Interrogatory No. 4 ("all actions taken by You to mitigate any alleged damages suffered by RiverRock as a result of any alleged action by Abacus"), Defendant explained that Plaintiff's response was vague, and it was looking for particularity on actual steps that Plaintiff took to mitigate damages, to give Defendant enough information to request Documents. Defendant

[1] Unless otherwise stated, capitalized terms shall have the same meaning as set forth in Defendant's First Set of Interrogatories, Defendant's First Set of Requests for Production to Plaintiff, and Defendant's October 3 Letter.

also needs to understand Plaintiff's relationships with investors to determine whether it needs to issue third-party discovery. Plaintiff confirmed that it will amend its response to Interrogatory No. 4; **please provide the revised response by October 29, 2025.**

As to Defendant's Request for Production No. 24 ("communications with potential investors"), Plaintiff confirmed that it agrees on the scope of this Request, and will produce relevant Documents and Communications after the Parties enter into a confidentiality agreement.

**Please supplement Plaintiff's Answers to Defendant's Interrogatories by October 29, 2025. Please begin producing Documents and Communications responsive to Defendant's Requests for Production within 30 days after the Parties execute a confidentiality agreement**.

**B. Requests Plaintiff Agreed to Take Back and Consider Relating to Plaintiff's Alleged Damages.**

As to Defendant's Request for Production No. 4 ("[a]ll Documents and Communications relating to the draft letter of intent titled 'Project Water'"), the Parties disagreed on the relevance of this Request. Defendant explained that if the value of Plaintiff is related to the damages that Plaintiff seeks, then RiverRock's internal Documents and Communications about the value of RiverRock written in the letter of intent were relevant. Plaintiff committed to at least searching for Documents and Communications related to the value of RiverRock memorialized in the Project Water letter of intent. **Please state whether you intend to produce any other Documents and Communications relevant and responsive to this Request.**

As to Defendant's Request for Production No. 5 ("[a]ll Documents and Communications relating to RiverRock's business and financial information that were provided to Abacus in connection with the potential Business Transaction"), Plaintiff stated it was "inclined to produce the documents in the data room." Plaintiff also committed to producing "RiverRock's financial documents that support [its] damages," stating that "[t]hose will be produced." However, Plaintiff believed that discussions about what was provided to Defendant is not relevant. For example, Defendant explained that this Request covered Documents and Communications showing to whom Plaintiff sent the data room Documents, relevant to proving the confidentiality of the Documents. This Request also covers financial Documents underlying the data room Documents to assess what Plaintiff's business was worth, including Documents sent to Plaintiff's CPA. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request, other than those in the data room.**

As to Defendant's Request for Production No. 7 ("[a]ll Documents underlying or supporting the financial data and information in the RiverRock Funds LLC Valuation Model dated September 30, 2023 [(the 'Valuation Model')]"), Plaintiff asked Defendant to clarify what Documents "underlie" financial data. Defendant explained it was seeking Documents including, but not limited to, Plaintiff's general ledger, profit and loss spreadsheet, financial statements, and valuations of individual assets that underlie the funds being managed. While Plaintiff did not expressly take a position during the October 8 Meet and Confer, we consider Plaintiff to have taken Defendant's position under advisement. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request.**

As to Defendant's Request for Production No. 9 ("[a]ll Communications regarding Abacus's Form 8-K filed on November 20, 2023"), Plaintiff asked Defendant what it was looking for. Defendant clarified it was seeking Documents and Communications including, but not limited to, Plaintiff's statements made after Defendant filed the November 20, 2023 8-K, Communications with investors regarding the November 20, 2023 8-K, and Communications with potential acquirers about the status of Plaintiff's business. You said you needed to check with your client regarding this Request. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request.**

As to Defendant's Request for Production No. 11 ("[a]ll Documents and Communications between RiverRock and any of its employees, owners, and/or consultants regarding the inadvertent posting of the Board Deck by Abacus"), Plaintiff asked if this Request was related to breach or damages. Defendant explained that this Request seeks Documents and Communications related to damages and any mitigation of damages, including whether Plaintiff tried to keep its employees from resigning. Plaintiff took Defendant's position under advisement. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request.**

As to Defendant's Request for Production No. 12 ("[a]ll Communications between You and Donna Horowitz, or any reporter or employee at The Deal or any other news outlet, regarding the Board Deck and/or the potential Business Transaction"), Plaintiff explained that Communications with Donna Horowitz are irrelevant on the grounds that she published her article which became available to every industry professional who receives The Deal. Defendant explained that Plaintiff disclosed Donna Horowitz as someone who has information about the Board Deck and Business Transaction (*see* Plaintiff's Response To Defendant's Interrogatory No. 1), and therefore Documents and Communications between Plaintiff and Donna Horowitz are relevant. In addition, Documents and Communications between Plaintiff and Donna Horowitz, and reporters and employees at other news outlets, are relevant to mitigation of damages, including Communications discussing the impact of the Board Deck or potential Business Transaction on Plaintiff's business, or requesting the news outlets to remove Plaintiff's alleged Confidential Information from the news outlets' websites. You agreed to go back and talk to the team about this Request. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request, or whether you maintain that Communications with Ms. Horowitz, identified as a person with knowledge of the facts underlying your claims, are irrelevant.**

As to Defendant's Request for Production No. 13 ("[a]ll Communications between You and any third party regarding the Board Deck, the inadvertent posting of the Board Deck by Abacus, or any information contained in the Board Deck"), Plaintiff argued that this Request was overbroad, asked for irrelevant Documents and Communications, and seemed duplicative of other Requests. However, Communications regarding the Board Deck, including the inadvertent posting of and information contained within, are relevant to mitigation of damages and value of Plaintiff's business. For example, Communications with third parties, including but not limited to investors and potential acquirers, assuring them of the state of RiverRock's business, or even providing a valuation of RiverRock's business, even in light of and after Abacus posting the Board Deck, are relevant to determining what steps Plaintiff took to mitigate damages and the value of the damages.

Nonetheless, Plaintiff agreed to look into this Request. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request.**

As to Defendant's Request for Production No. 14 ("[a]ll Documents and Communications regarding the December 5, 2023 article titled 'Abacus Accidentally Posts Document on Potential RiverRock Deal'"), Plaintiff argued that the Request was overbroad, and asked for irrelevant Documents and Communications. However, Documents and Communications, including Plaintiff's internal Communications regarding the article titled "Abacus Accidentally Posts Document on Potential RiverRock Deal" are relevant to mitigation of damages and value of Plaintiff's business. For example, Communications concerning the state or valuation of RiverRock's business, made to employees to keep them from resigning, are relevant to determining what steps Plaintiff took to mitigate damages and the value of the damages. Nonetheless, Plaintiff also agreed to look into this Request. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request.**

As to Defendant's Request for Production No. 29 ("[a]ll Documents relating to or supporting Your calculation of RiverRock's valuation and/or acquisition price for the past five years"), Defendant explained that Plaintiff's narrowed date range is improper. The health of the company in the past five years is relevant to why Plaintiff's employees resigned, *i.e.*, if RiverRock was already facing economic uncertainty. And the actual valuation of the business over the past five years is relevant to damages. While Plaintiff did not expressly take a position during the October 8 Meet and Confer, we consider Plaintiff to have taken Defendant's position under advisement. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request.**

As to Defendant's Request for Production No. 33 ("[a]ll Documents and Communications regarding any potential acquisition of RiverRock"), Plaintiff asked why potential acquisitions would be relevant. Defendant explained that the price discussed in the course of a potential acquisition was probative of the amount of damages Plaintiff seeks due to the breach, any mitigation of damages, and relevant to determining the impact of the breach. You believed RiverRock could "agree to something," and would need to talk to your team. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request, and, if so, what scope you will apply to your response.**

As to Defendant's Request for Production No. 34 ("[a]ll Documents and Communications related to RiverRock's potential acquisition by Obra Capital in 2023 and 2024"), Plaintiff explained that it understood Defendant's position that what Plaintiff was telling Obra about Plaintiff's worth is relevant. You said you were willing to see what RiverRock could produce, and were willing to take the Request back to your team. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request, and, if so, what scope you will apply to your response.**

As to Defendant's Request for Production No. 35 ("[a]ll Documents and Communications related to the March 6, 2024 article published in The Deal by Donna Horowitz titled 'Obra Plans to Buy RiverRock'"), Plaintiff asked what relevant Documents this Request sought. Defendant explained that Plaintiff potentially being acquired, possibly at or near the same price as

Defendant's potential acquisition of Plaintiff, undercuts Plaintiff's allegations of reputational harm and damages. You committed to take this Request back to your team for consideration. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request, and, if so, what scope you will apply to your response.**

## II. Defendant's Requests Relating to the Alleged Confidentiality of Plaintiff's Information.

As discussed on the October 8 Meet and Confer, Defendant's Requests for Production Nos. 3, 6, and 16 seek Plaintiff's Documents and Communications relevant to assessing the confidential nature of Plaintiff's alleged Confidential Information posted in the Board Deck. As Defendant explained, these Documents include those shared through the data room and Communications related to decisions on which Documents would be shared through the data room. Defendant also seeks Documents and Communications that would show whether Plaintiff shared the data room Documents with others and whether Plaintiff entered into confidentiality agreements with other entities. Plaintiff generally contended that these Requests are not related to the breach, but Defendant disagrees. Defendant's Requests go beyond simply seeking information related to "breach." Whether Plaintiff's information was confidential in the first place is squarely relevant to proving whether Defendant breached the ***Confidentiality*** Agreement.

As to Defendant's Request for Production No. 3 ("[a]ll Documents and Communications related to the 'data room' created by RiverRock . . ."), Plaintiff explained that it is looking into whether the data room has such relevant capabilities, including whether it has logs relating to the platform, what Documents were added, the security measures protecting the data room, and access logs. Plaintiff also explained it would "most likely revise this response." However, the Parties disagreed as to the relevant time frame. Plaintiff also stated that the only relevant time frame would be up until the breach, whereas Defendant explained that whether the data room was shared with other entities after the alleged breach, and whether Plaintiff entered into confidentiality agreements with other entities was relevant to whether Plaintiff's information was considered confidential. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request, and, if so, what scope you will apply to your response.**

As to Defendant's Request for Production No. 6 ("[a]ll Documents and Communications related to the RiverRock Funds LLC Valuation Model dated September 30, 2023"), Plaintiff asked what constituted "related" Documents, and Defendant provided examples including Documents showing who put the Valuation Model together, how they put the Valuation Model together, who else knew about the Valuation Model, who Anthony Annino sent the Valuation to, who Plaintiff shared the data room with, and the accuracy of the Valuation Model. Plaintiff committed to producing the Valuation Model and Documents and Communications showing who else received the Valuation Model. Plaintiff also expressed a willingness to consider Defendant's search terms to "figure out a reasonable document population." **Please confirm that RiverRock will produce non-privileged Documents and Communications responsive to this Request that hit on the Parties' agreed-upon search terms.**

As to Defendant's Request for Production No. 16 ("[a]ll Documents and Communications supporting Your allegation that 'Abacus, not RiverRock, determined that it would cut RiverRock's payroll from $4.7 million to $755,000'"), Plaintiff directed Defendant to the Board Deck to support its allegation that Abacus determined it would cut RiverRock's payroll, and took the position that "[a]s part of the transaction, when Abacus was going to acquire RiverRock, they would let go of our employees," and "[t]hat's confirmed in the Board Deck." However, Plaintiff did not know whether the Board Deck was the only Document supporting its allegation that Abacus would cut RiverRock's payroll. You also stated you would check with your team to see if there is additional information Plaintiff can provide and determine whether Plaintiff can revise its response. In addition, Plaintiff represented that "[a]ll of the information that RiverRock gave to Abacus was given by way of the data room," and that it "[did] not believe that they were just sending email or casually giving financial information." **Please confirm Plaintiff's final position regarding Defendant's Request for Production No. 16**.[2]

Please begin producing Documents and Communications responsive to Defendant's Requests for Production within 30 days after the Parties execute a confidentiality agreement.

## III. Other Requests

As to Defendant's Request for Production No. 10 ("[a]ll Documents and Communications regarding the alleged breach of the Confidentiality Agreement by Abacus"), Plaintiff asked why it matters who discovered the breach or how Plaintiff learned of the breach. Defendant explained that Plaintiff's mental impressions were relevant as to whether the breach was material. Plaintiff took Defendant's position under advisement. **Please state whether you intend to produce any Documents and Communications relevant and responsive to this Request, and, if so, what scope you will apply to your response.**

As to Defendant's Request for Production No. 32 ("[a]ll Communications, including text messages sent or received on personal devices, between Anthony Annino, Gabriel Siegel, Jonathan Osbourne, and Lucas Siegel"), the Parties disagreed as to the date range of relevant Communications. Defendant explained that Communications dated after the demand letter was sent fall within the scope of discovery, especially to the extent that Plaintiff alleges that it suffered

---

[2] It is not clear from our conversations to date whether you have properly preserved the Documents and Communications belonging to all relevant custodians, including but not limited to the contents of the data room. For example, during the October 8 Meet and Confer, you noted that Plaintiff is under a litigation hold. At the same time, you named Anthony Annino as a relevant custodian. Mr. Annino's last day at RiverRock was December 31, 2023, and you have previously stated that you did not contact Mr. Annino in relation to putting together Plaintiff's responses to Defendant's Interrogatories. Given your statements, we are concerned that RiverRock has not properly preserved all of the Documents and Communications necessary to testing its claims of confidentiality and damages, among other issues. In your response to this letter, please describe in detail RiverRock's preservation process, particularly with respect to the Documents and Communications of former RiverRock employees.

damages from employees resigning after the date the demand letter was sent. **Please confirm Plaintiff's final position on the appropriate date range for this Request**.

## IV. Interrogatories Raised on the September 30 Meet and Confer and Memorialized in Plaintiff's October 3 Letter

Per your October 14 email, you requested an extension through the week of October 20 to consider revising Plaintiff's responses to Defendant's First Set of Interrogatories and Requests for Production. As a reminder, Plaintiff's responses to the following Interrogatories are deficient:

- **Interrogatory No. 2** asks Plaintiff to "[i]dentify all individuals responsible for or involved with preparing RiverRock's financial statements." Plaintiff responded that "Bill McCauley" was "responsible for or involved in preparing [RiverRock's] financial information," but it is unclear to Defendant why Mr. McCauley, ***Defendant's*** Chief Financial Officer, was involved in preparing ***Plaintiff's*** financial information. In addition, Plaintiff's response that "anyone working on [Mr. Anthony Annino's and Mr. McCauley's] teams" was "responsible for or involved in preparing [RiverRock's] financial information" is incomplete and deficient. Please confirm that Plaintiff will supplement its response to this Interrogatory, and specify in Your response (1) Mr. McCauley's involvement in preparing RiverRock's financial information, including the information he provided or reviewed in RiverRock's financial information, and to which Documents he made contributions; (2) the names of RiverRock employees constituting "anyone working on [Mr. Annino's and Mr. McCauley's] teams"; and (3) who RiverRock spoke to in its investigation to supplement its response to this Interrogatory.

- **Interrogatory No. 5** asks Plaintiff to "[i]dentify each Individual that [Y]ou allege resigned from RiverRock due to Abacus's alleged actions." Plaintiff's response is incomplete because it does not identify who are the "four employees" or explain when the "additional four employees" resigned, why they resigned, or their role at RiverRock, which are relevant to understanding the extent of causation and damages. Please specify in Your response (1) the names, job titles, dates of departure, and reason for departure of the "additional four employees"; and (2) confirm Plaintiff's position that RiverRock has been in decline from the date of the alleged breach to present, and any employee that resigned between the date of the alleged breach to present did so due to the alleged breach.

- **Interrogatory No. 6** asks Plaintiff to "[i]dentify each investor who [Y]ou allege was interested in investing in RiverRock." As discussed in the September 30 Meet and Confer, the reference in Interrogatory No. 6 to Paragraph 24 was a typo. Plaintiff makes numerous allegations throughout the Complaint about "existing and potential investors refrain[ing] from further investment" (Compl. ¶ 5), investors who "were no longer willing to invest in or otherwise do business with Riverrock" (*id.* ¶ 58), and "the breach seriously jeopardized future business opportunities" (*id.*). Please confirm that Plaintiff will supplement its response to this Interrogatory, and specify in Your response the identities of the lost investors, lost potential investors, and lost funding opportunities. Please also provide a date certain by which Plaintiff will supplement its Initial Disclosures with a computation

of each category of damages, consistent with FED. R. CIV. P. 26, including damages suffered due to the loss of potential investors, claimed by Plaintiff.

- **Interrogatory No. 7** asks Plaintiff to "[i]dentify all persons or entities who were interested or expressed interest in acquiring RiverRock between January 1, 2023 and January 1, 2025." As stated on the September 30 Meet and Confer, the persons or entities who were interested or expressed interest in acquiring RiverRock are relevant to testing Plaintiff's theories regarding the confidentiality of the information in question, as well as the potential magnitude of RiverRock's damages flowing from the alleged breach. Please confirm that Plaintiff will supplement its response to this Interrogatory, and specify in Your response the identities of "persons or entities who were interested or expressed interest in acquiring RiverRock between January 1, 2023 and January 1, 2025." At a minimum, Your response should include any persons or entities RiverRock was in conversation with about a potential acquisition.

- **Interrogatory No. 8** asks Plaintiff to "[i]dentify all individuals with knowledge of a potential acquisition of RiverRock by Obra Capital in 2023-2024." Obra's potential acquisition of Plaintiff is relevant to establishing damages and any mitigation of damages. Please confirm that Plaintiff will supplement its response to this Interrogatory, and specify in Your response the identities of all individuals with knowledge of a potential acquisition of RiverRock by Obra Capital in 2023-2024.

- **Interrogatory No. 9** asks Plaintiff to "Identify all 'Confidential Information' You allege Abacus accessed on RiverRock's 'data room' and what 'Confidential Information' Abacus allegedly included in the Board Deck." The identification of all "Confidential Information" Plaintiff posted to the data room, including the documents embodying the Confidential Information, is relevant to establishing whether the information in the data room was actually confidential, whether Defendant used or saw Plaintiff's "Confidential Information," and necessary to determine whether Defendant actually breached the Confidentiality Agreement. Please confirm that Plaintiff will supplement its response to this Interrogatory, and specify in Your response (1) all "Confidential Information" Plaintiff posted to the data room, including a citation to Bates Numbers of Documents posted to the data room; (2) which information within the Documents in the data room Plaintiff contends contained "Confidential information"; (3) the specific information within the Documents in the data room that Plaintiff alleges is confidential; and (4) the "Confidential Information" implicated in Defendant's alleged breach.

- **Interrogatory No. 10** asks Plaintiff to "[i]dentify all 'Confidential Information' You allege Abacus posted on its website and include who prepared that information, who provided that information to Abacus, how it was provided to Abacus, and each Individual with knowledge of that information prior to the inadvertent posting of that information to Abacus' website." Plaintiff's response fails to specify which information within the Board Deck constituted Plaintiff's "Confidential Information." Plaintiff's response also fails to identify the Individuals who prepared the "Confidential Information," and the Individuals with knowledge of the Confidential Information prior to the inadvertent posting of the Slide Deck to Abacus's website. Please confirm that Plaintiff will supplement its response

to this Interrogatory, and specify in Your response (1) the Bates Number of the pages in the Board Deck that Plaintiff alleges contains its Confidential Information; (2) the identification of all Plaintiff's employees who provided Confidential Information to Defendant; and (3) the identification of all Plaintiff's employees who prepared the Confidential Information Plaintiff alleges Defendant posted on its website. Please also confirm Plaintiff's position that Plaintiff only shared Confidential Information through the data room.

Please confirm Plaintiff's final position by October 29, 2025, and begin producing Documents and Communications responsive to Defendant's Requests for Production within 30 days after the Parties execute a confidentiality agreement.

Best regards,

Alex Zuckerman