# EXHIBIT G

quinn emanuel trial lawyers | new york
295 5th Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7234**

WRITER'S EMAIL ADDRESS
**alexzuckerman@quinnemanuel.com**

February 6, 2026

**Via Email**

Jennifer Junger
jungerj@gtlaw.com
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131

Re: *Renegade Capital GP, LLC v. Abacus Life, Inc n/k/a Abacus Global Management, Inc.*, Case No. 6:25-cv-00424-CEM-NWH (M.D. Fla.)

Counsel,

We are in receipt of RiverRock's Amended Responses and Objections to Abacus's First Set of Interrogatories and First Set of Requests for Production ("RiverRock's Amended Responses"). We have now sent multiple letters (*see, e.g.*, A. Zuckerman October 3, 2025 Letter; A. Zuckerman October 15, 2025 Letter) and conducted two meet and confers (the "September 30 Meet and Confer" and "October 8 Meet and Confer") in an effort to resolve the deficiencies in RiverRock's responses to Abacus's first set of discovery requests. Nevertheless, despite articulating our well-reasoned positions, it appears that RiverRock continues to stand on many of its previous (and new) objections to Abacus's discovery requests without providing sufficient rationale or case law in support of its positions. We are disappointed that after stalling for weeks leading up to and after our various meet and confers and letter-writing campaigns, RiverRock still refuses to produce discovery that is plainly relevant to the claims it has brought and the defenses Abacus has asserted. Your actions have materially impaired Abacus's ability to present a complete defense as it is entitled to do. Accordingly, we ask that you confirm your final positions and request dates next week to meet and confer on these issues to solidify where the parties are at an impasse.

RiverRock's Amended Responses fail to address the arguments we raised in the September 30 Meet and Confer, October 8 Meet and Confer, October 3 Letter, and October 15 Letter. Specifically, you have failed to address the following issues:

***Third parties.*** RiverRock's Amended Responses to Interrogatory Nos. 7, 8 and Request for Production Nos. 3, 13, 14, 24, 33, 34, 35—Abacus's discovery requests seeking information, Documents,[1] or Communications related to third parties, such as confidential information shared with third parties or communications with third parties regarding the inadvertent posting of the Board Deck, including between RiverRock and third parties such as Obra—fail to resolve the previously identified deficiencies. RiverRock's Amended Responses reflect an unwillingness to produce the relevant, requested Documents and Communications with third parties. Your position is obstructing Abacus from testing its theories regarding the confidentiality of the information in question, as well as the scope of RiverRock's damages, if any, flowing from the alleged breach. As we have explained in our letters and meet and confers (*see* October 3 Letter at 4-5, 12-14; October 15 Letter at 2, 4-6, 9), Documents related to third parties, and Communications with third parties are relevant to the confidentiality of the alleged Confidential Information, damages and Plaintiff's mitigation efforts. Please confirm that RiverRock will ***not*** be producing non-privileged, responsive Documents to Abacus's Requests for Production Nos. 3, 13, 14, 24, 33, 34, and 35, or otherwise providing additional information in response to Interrogatory Nos. 7 and 8.

***The data room*** **(Compl. ¶¶ 23-25).** RiverRock's Amended Responses to Interrogatory Nos. 9, 10 and Request for Production No. 3—Abacus's discovery requests seeking information, Documents, or Communications RiverRock provided to Abacus via the data room, and information about RiverRock's security measures protecting the data room—fail to resolve the previously identified deficiencies. During our meet and confers, you assured us that you would (1) amend your responses to identify the specific information within the Documents that Plaintiff considers to be its Confidential Information, and (2) investigate whether Plaintiff has access logs for the data room. RiverRock's Amended Responses continue to reflect an unwillingness to provide additional detail in response to Abacus's Interrogatories and produce relevant Documents and Communications. Abacus cannot mount a thorough defense to RiverRock's claims related to Abacus's alleged breach of the *Confidentiality* Agreement if RiverRock refuses to identify specific pieces of Confidential Information subject to the alleged breach (*see, e.g.*, October 3 Letter at 6-9; October 15 Letter at 6, 9). Please confirm that RiverRock will ***not*** be producing non-privileged, responsive Documents to Abacus's Request for Production No. 3, or otherwise providing additional information in response to Interrogatory Nos. 9 and 10.

***Data underlying or supporting RiverRock's valuation and business.*** RiverRock's Amended Responses to Request for Production Nos. 5, 6, 7, 16, 28, 29—Abacus's discovery requests seeking Documents or Communications relating to RiverRock's business and financial information underlying or supporting RiverRock's valuation—remain deficient. Despite stating that you would produce RiverRock's financial Documents to support RiverRock's damages, Plaintiff's Amended Responses merely state that you will "produce the business and financial information that was provided to Abacus in connection with the potential Business Transaction," ignoring our requests that go beyond what was provided to Abacus, which seek the ***underlying or supporting*** Documents

[1] Unless otherwise stated, capitalized terms shall have the same meaning as set forth in Defendant's First Set of Interrogatories, Defendant's First Set of Requests For Production to Plaintiff, and the Complaint (ECF No. 1).

and Communications. RiverRock's failure to produce underlying or supporting financial information prejudices Abacus from adequately assessing RiverRock's damages and confidentiality claims (*see, e.g.*, October 3 Letter at 9-10, 12; October 15 Letter at 3-7). Please confirm that RiverRock will ***not*** be producing non-privileged, responsive Documents to Abacus's Requests for Production Nos. 5, 6, 7, 16, 28, 29.

***RiverRock's mitigation efforts.*** RiverRock's Amended Responses to Interrogatory Nos. 4, 5, 8 and Request for Production Nos. 13, 14, 33, 34, 35—Abacus's discovery requests seeking information, Documents, or Communications relating to RiverRock's mitigation efforts—remain deficient. As we have explained in our letters and meet and confers (*see, e.g.*, October 3 Letter at 3-6; October 15 Letter at 2-6, 8-9), Documents related to third parties, and Communications with third parties are relevant to assess RiverRock's mitigation efforts. Despite repeated requests for Plaintiff to specify the concrete steps that it took to mitigate damages, such as whether RiverRock contacted The Deal to take down the article (Compl. ¶ 4) or communicated with investors and potential acquirers assuring them of the state of RiverRock's business and despite your assurances that you would take back the Requests to your client for consideration, Plaintiff's Amended Responses continue to reflect an unwillingness to produce relevant Documents and Communications related to RiverRock's specific and concrete mitigation efforts, as well as an unwillingness to amend your responses to specifically describe RiverRock's mitigation efforts. Please confirm that RiverRock will ***not*** be producing non-privileged, responsive Documents to Abacus's Request for Production Nos. 13, 14, 33, 34, 35, or otherwise providing additional information to Interrogatory Nos. 4, 5, and 8.

In addition, we understand that your revised search terms do not cover the following subject matter, and that you refuse to provide discovery on the following topics:

1. Valuations of RiverRock prepared or dated before 2023;
2. Abacus's Form 8-K (Compl. ¶ 37);
3. Documents related to RiverRock's payroll; and
4. Documents related to Obra.

Please confirm that it is your final position that RiverRock will ***not*** be producing Documents or Communications responsive to the above subject matter covered by the search terms proposed by Abacus on September 30, 2025.

**By Wednesday, February 11,** please respond with your final positions on the written discovery requests described in this letter, so that we can determine whether the parties are at an impasse and thus require Court intervention. Please also provide your availability for a meet and confer next week, to discuss Abacus's anticipated forthcoming motion to compel.

Best regards,

Alex Zuckerman