**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

Case No. 6:25-cv-00424-CEM-NWH

**DEFENDANT'S SECOND SHORT FORM MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34 and 37, Defendant moves to compel Plaintiff to produce documents in response to Defendant's Requests for Production Nos. 3-8, 13-14, 16, 24, 28-29, and 33-35 ("RFPs"). Dkt. 47-1 (Pl.'s Am. RFP R&Os). These RFPs seek discovery related to Plaintiff's (1) business damages, and (2) mitigation efforts. Plaintiff alleges that Defendant's breach of the parties' confidentiality agreement impaired the value of Plaintiff's business, causing key employees to resign and existing and potential investors to withdraw. Defendant seeks discovery relevant to those claims of damages and mitigation, including documents supporting the pre-breach valuation, and communications with third parties regarding the

post-breach valuation. Plaintiff has thwarted nearly all discovery on these topics.[1]

Plaintiff's objections fail. ***First***, Plaintiff has not shown ***lack*** of relevance. *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The [resisting] party … bears the burden of establishing lack of relevancy."). Plaintiff cites no authority barring discovery relevant to damages. Dkts. 47-3, 47-4.

***Second***, Plaintiff concedes that its damages are at issue. *See, e.g.*, Dkt. 47-1 at 19-20. Thus, Plaintiff put its valuation and third-party investors at issue by alleging that Abacus's alleged breach "severely damaged [Plaintiff's] business," prevented Plaintiff "from raising the capital necessary to continue … operati[ons]," caused Plaintiff to "lose out on millions of dollars it would have earned but for [Defendant's] breach," and caused "existing and potential investors to refrain from further investment." Dkt. 1 (Compl.) ¶¶ 5, 56-61, 74. Plaintiffs must produce financial information supporting claims of lost profits and loss of business value. *Rail Trusts Locomotive Leasing v. SunCoke Energy*, 2016 WL 8929072, at *4 (M.D. Fla. Oct. 25, 2016) (compelling the production of financial documents reflecting Plaintiffs' profit and loss, which are "related to Plaintiffs' … claim for lost profits"); *Sunoptic Techs. v. Ushio*

[1] *See* Dkt. 47 at 2 n.1 for the Parties' meet and confer history.

*Am.*, 2011 WL 13295438, at *3-5 (M.D. Fla. Dec. 9, 2011) (compelling production of past and projected business costs).

***Third***, the discovery is critical for Defendant's failure to mitigate defense (Dkt. 13 at 16), and is thus a valid subject for discovery. *Carter v. Cardinal Glass Indus.*, 2024 WL 1677352, at *3 (M.D. Fla. Apr. 18, 2024) ("Defendant is entitled to … support its affirmative defense relating to mitigation.").

***Fourth***, Plaintiff's objections based on its assertion that the confidential documents are "already [] in [Defendant's] possession" lack merit. *See* Dkt. 47-1 at 5-9. Courts are clear that whether documents exist in a party's possession or are equally accessible does not relieve a party from producing. *Prokopev v. Lunegov*, 2024 WL 1484576, at *1 (M.D. Fla. Apr. 5, 2024) (defendant's "[belief that] Plaintiff is already in possession of the requested documents ... does not absolve [defendant] from producing documents of which he is in possession."). Besides, Plaintiff knows that Defendant does not have access to the data room at issue. Dkt. 47-5 at 6, 8-10.

Defendant respectfully requests that the Court compel production of damages-related discovery.

**Local Rule 3.01(g) Certificate**

Pursuant to Local Rule 3.01(g), I hereby certify that Defendant's counsel conferred with Plaintiff's counsel by letter, video conference, and email in advance of filing this motion. Plaintiff opposes the relief requested in this motion.

DATED: March 19, 2026

*/s/ Alex Zuckerman*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

*Attorneys for Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 19, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman