**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v. Case No. 6:25-cv-00424-CEM-NWH

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S FIRST SHORT FORM MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO INTERROGATORIES[1]

The Confidentiality Agreement was entered in connection with a defined "Potential Transaction" and expressly provides that "Confidential Information" includes "the terms and contents of this Agreement." Therefore, the public revelation of a "Potential Acquisition" is enough to support a breach. Abacus admits that it publicly posted a board deck referencing an "Acquisition of RiverRock Funds" and including RiverRock's financial information:

[1] Plaintiff's Amended Responses to Defendant's Request for Production and Interrogatories are attached hereto as Exhibit A and B respectively.

## ABL Wealth Advisors – Acquisition of RiverRock Funds

**RiverRock Funds LLC**
*Valuation Model*
*9/30/2023*

| *Actual* | | | | | | | | *Estimated* | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1Q22 | 2Q22 | 3Q22 | 4Q22 | 2022 | 1Q23 | 2Q23 | *3Q23* | *4Q23* | *2023* |
| **Sources** | [redacted] | | | | | | | | | |
| Management Fees | | | | | | | | | | |
| Acquisition Fees | | | | | | | | | | |
| Carried Interest | | | | | | | | | | |
| **Total Sources** | | | | | | | | | | |
| **Uses** | | | | | | | | | | |
| Payroll | | | | | | | | | | |
| Rent | | | | | | | | | | |
| Commissions | | | | | | | | | | |
| Exp Reimb | | | | | | | | | | |
| P-Card | | | | | | | | | | |
| Accounting/Tax | | | | | | | | | | |
| Tech/Software/Service | | | | | | | | | | |
| Insurance | | | | | | | | | | |
| Misc Office | | | | | | | | | | |
| **Total Uses** | | | | | | | | | | |
| **Net Income (Loss)** | | | | | | | | | | |
| *SSW Contributions* | | | | | | | | | | |

| *Valuation (Sale of Management Contracts* | | | *Estimated* | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 2022 | 2023 | *2024* | *2025* | *2026* | *2027* | *2028* | *2029* | *2030* | *2031* |
| **Sources** | [redacted] | | | | | | | | | |
| Management Fees | | | | | | | | | | |
| Acquisition Fees | | | | | | | | | | |
| Carried Interest | | | | | | | | | | |
| **Total Sources** | | | | | | | | | | |
| **Uses** | | | | | | | | | | |
| Payroll | | | | | | | | | | |
| Rent | | | | | | | | | | |
| Commissions | | | | | | | | | | |
| Exp Reimb | | | | | | | | | | |
| P-Card | | | | | | | | | | |
| Accounting/Tax | | | | | | | | | | |
| Tech/Software/Service | | | | | | | | | | |
| Insurance | | | | | | | | | | |
| Misc Office | | | | | | | | | | |
| **Total Uses** | | | | | | | | | | |
| **Net Income (Loss)** | | | | | | | | | | |
| **Potential Synergies** | | | | | | | | | | |
| **Pro-Forma Cash Flow** | | | | | | | | | | |
| **Valuation @ 12.5%** | | | | | | | | | | |

ABACUS LIFE
OPTIONS FOR YOUR LIFE INSURANCE

The breach is as simple as that. Yet Abacus is engaging in a fishing expedition to overcomplicate this case and increase the burden of litigation. *Savoia-Mchugh v. Glass*, No. 3:19-CV-2018-MCR-HTC, 2020 WL 12309562, at *3 (N.D. Fla. Nov. 30, 2020) ("Discovery, however, is not a tool for party to go on a 'fishing expedition'").

Abacus offers no authority to support its position that, after disclosing confidential information, it may demand expansive discovery based on speculation that the same information might have been shared elsewhere. Discovery based on "uncorroborated speculation" should be sustained. *See JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 317 F.R.D. 587, 589 (M.D. Fla. 2016) (sustaining discovery "tantamount to a fishing expedition."). Abacus' reliance on *Thrillrides* is misplaced; unlike that case,

there is no allegation here that RiverRock placed the information into the public domain.

RiverRock agrees to produce "the business and financial information [] provided to Abacus in connection with the potential Business Transaction." RFP 5. **<u>This includes the documents in the Data Room</u>**. It objects to production only for requests that are overbroad and not proportional.

**RFP 3**: The web address, platform, and time records of when documents were added to the data room are irrelevant to whether Abacus breached the Confidentiality Agreement or to damages. Those technical details are not proportional.

**RFP 13**: RiverRock agrees to produce communications regarding the Board Deck to the extent they relate to damages and mitigation, which is the relevant inquiry.

**RFP 24**: Plaintiff agreed to produce communications with investors regarding "(i) the alleged breach of the Confidentiality Agreement" and "(iii) the potential investors' unwillingness to invest in or do business with RiverRock because of the alleged breach of the Confidential Agreement." It objects to subsection (ii), which broadly seeks all communications regarding investment opportunities and is untethered to the alleged breach.

**RFPs 33-35**: These requests seek the universe of documents "related to" other potential acquisitions, which are also confidential. Such omnibus language renders the requests vague and overbroad. *Kyles v. Health First, Inc.,* No. 609CV1248ORL28GJK, 2010 WL 11626712, at *6 (M.D. Fla. Sept. 27, 2010) ("Discovery requests which

contain omnibus terms such as "relating to" are overly broad and unduly burdensome."); *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3034547, at *5 (S.D. Fla. July 18, 2017). This action concerns whether Abacus breached its Confidentiality Agreement by disclosing information it received from RiverRock in connection with that transaction. Whether RiverRock engaged in other confidential transactions has no bearing on whether Abacus disclosed RiverRock's Confidential Information here. Requiring production of unrelated, third-party confidential deal materials imposes substantial burden and risk.

**Rogs 9-10**: These responses are complete.

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ Jennifer Junger*
A. SHEILA ORETSKY
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
JENNIFER JUNGER
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I electronically served the foregoing on all counsel of record identified on the below Service List by Registered E-mail.

Jason Sternberg, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
2601 S Bayshore Dr., Suite 1500
Miami, FL 33133
305-402-4880
jasonsternberg@quinnemanuel.com
alexzuckerman@quinnemanuel.com
kathleenmessinger@quinnemanuel.com
rebeccajin@quinnemanuel.com

*Attorneys for Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

By: */s/ Jennifer Junger*
JENNIFER JUNGER