# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:25-cv-00424

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,

_________________________________________ /

**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Renegade Capital GP, LLC, d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff") hereby serves its amended response to Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.'s ("Abacus" or "Defendant") First Set of Requests for Production (the "Requests").[1]

**GENERAL OBJECTIONS**

Although Plaintiff's objections to Abacus' specific requests are interposed in Section II below, Plaintiff objects generally to the Requests as follows:

1. Any responsive non-privileged documents in Plaintiff's possession, custody or control will be produced only after the parties have entered into a mutually agreeable

---

[1] The responses set forth herein are based on Plaintiff's current knowledge. Plaintiff expressly reserves the right to withdraw, amend or supplement its responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, to assert such additional or different responses as may be appropriate in light of further ongoing discovery and/or investigation.

confidentiality agreement. Such agreement must ensure any documents produced in this litigation are used exclusively for this litigation and cannot be used for any other purpose, including in other litigation.

2. To the extent the Requests seek electronically stored information ("ESI"), Plaintiff will produce non-privileged responsive documents that can be located after a reasonable search of its ESI, provided that the parties agree upon reasonable search terms and parameters to be applied to such ESI. Plaintiff reserves the right to supplement this response after such search terms and parameters are finalized.

3. Plaintiff objects generally to the Requests to the extent they seek to impose obligations not contemplated by the Federal Rules of Civil Procedure or to alter or expand Plaintiff's obligations under those rules.

4. Plaintiff objects to the Request's instructions, definitions, and requests to the extent that they seek documents and things or information protected by the attorney-client privilege, work product protection, or any other applicable privilege or protection.

5. Plaintiff objects to Instruction No. 8 in the Requests on the grounds that it attempts to impose obligations on Plaintiff beyond the Federal Rules of Civil Procedure's requirements. The Rules do not authorize a party to demand identification or detailed information about documents that are not within the responding party's possession, custody, or control.

6. Plaintiff objects to the timeframe and will only produce documents until litigation became reasonably foreseeable, which was February 29, 2024. Moreover, Plaintiff will only log privileged documents before this point.

7. Plaintiff will produce documents on a rolling basis.

**RESPONSES**

1. All Documents and Communications relating to the Business Transaction, including but not limited to RiverRock's internal communications, all communications between You and Abacus, and all communications between You and any third-party.

**RESPONSE:** Plaintiff objects that Request No. 1 is overbroad by the use of the word "all." Requesting "all" documents, especially those with "any third-party" would include requesting documents that may implicate the attorney-client privilege and work-product doctrine. Moreover, "all" documents would include documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This case involves the breach of a confidentiality agreement, and the damages related thereto. There is no dispute that the parties had entered into such agreement. Accordingly, "All Documents and Communications relating to the Business Transaction, including but not limited to RiverRock's internal communications" are not relevant unless they specifically relate to the breach of the Confidentiality Agreement or to RiverRock's damages. Further, "all" documents between RiverRock and Abacus includes documents that are in Abacus' possession as a party to the communications and as such Abacus has equal access to the documents. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

2. All Documents and Communications relating to the Confidentiality

Agreement, including, but not limited to, RiverRock's internal communications, all communications between You and Abacus, and all communications between You and any third party.

**RESPONSE:** Plaintiff objects that Request No. 2 is overbroad by the use of the word "all." Requesting "all" documents, especially those with "any third-party" would include requesting documents that may implicate the attorney-client privilege and work-product doctrine. Moreover, "all" documents would include documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. This case involves the breach of a confidentiality agreement, and the damages related thereto. There is no dispute that the parties had entered into such agreement. Accordingly, "All Documents and Communications relating to the Confidentiality Agreement, including, but not limited to, RiverRock's internal communications" are not relevant unless they specifically relate to the breach of the Confidentiality Agreement or to RiverRock's damages. Further, "all" documents between RiverRock and Abacus includes documents that are in Abacus' possession as a party to the communications and as such Abacus has equal access to the documents. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

3. All Documents and Communications related to the "data room" created by RiverRock alleged in paragraph 23 of the Complaint, including (i) the platform and web address

that was used for the data room, (ii) all Documents that were added to the data room and what date and time they were added, including but not limited to those identified in Paragraph 24 of the Complaint, (iii) the security measures that were in place to protect the data room; and (iv) any logs or evidence of who accessed each document in the data room, including the data and time of access and whether such document was viewed or downloaded.

**RESPONSE:** Plaintiff objects to Request No. 3 as overly broad, irrelevant, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. The request seeks "all documents and communications related to the 'data room,'" which could encompass virtually every internal record regarding the data room regardless of whether it bears on the issues in dispute. Moreover, the web address, platform, and specific time records of when documents were added to the data room have nothing to do with the claims and defenses in this litigation, which concern the alleged breach of a confidentiality agreement and damages flowing therefrom. Further, the documents in the data room are all documents that are in Abacus' possession and as such Abacus has equal access to the documents. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C).

4. All Documents and Communications relating to the draft letter of intent titled "Project Water."

**RESPONSE:** Plaintiff objects to Request No. 4 as overbroad as to "all," as including documents that may implicate the attorney-client privilege and work-product doctrine. Plaintiff further objects that this request seeks documents not relevant and unlikely to lead to the discovery of admissible evidence. Further, "all" documents between RiverRock and Abacus relating to the draft letter of intent titled "Project Water" are already in Abacus'

possession as a party to the communications and as such Abacus has equal access to the documents. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C). Further, this is not relevant because there is no ambiguity in the draft letter of intent.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents related only to the valuation in the draft letter of intent in its possession, custody or control on a rolling basis.

5. All Documents and Communications relating to RiverRock's business and financial information that were provided to Abacus in connection with the potential Business Transaction.

**RESPONSE:** Plaintiff objects to Request No. 5 because it is vague and ambiguous as to the phrase "All Documents and Communications relating to RiverRock's business and financial information." As phrased, it is subject to multiple interpretations and Plaintiff is unsure what documents Plaintiff seeks or what documents are "relate[d] to business and financial information. Further, any documents related to RiverRock's business and financial information that were provided to Abacus would already be in Abacus' possession and as such Abacus has equal access to the documents. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C). The request also seeks documents that are not relevant to the claims and defenses in this action.

Subject to the foregoing objections and the entry of a mutually agreeable

confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce the business and financial information that was provided to Abacus in connection with the potential Business Transaction.

6. All Documents and Communications related to the RiverRock Funds LLC Valuation Model dated September 30, 2023 that was sent by You to Abacus.

**RESPONSE:** Plaintiff objects that this request is vague and ambiguous as it is unclear what documents may be related to another document. Plaintiff also objects to Request No. 6 on the grounds that it seeks documents that are irrelevant to the claims and defenses in this action. Further, any documents related to RiverRock's Valuation Model that were provided to Abacus would already be in Abacus' possession and as such Abacus has equal access to the documents. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C).

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

7. All Documents underlying or supporting the financial data and information in the RiverRock Funds LLC Valuation Model dated September 30, 2023 that was sent by You to Abacus.

**RESPONSE:** Plaintiff objects to Request No. 7 on the grounds that it seeks documents that are irrelevant to the claims and defenses in this action. Plaintiff also objects that this request is vague and ambiguous as to the phrase "underlying or supporting" as it is unclear what documents may be underlying or supporting another document. Further, any

documents related to RiverRock's business and financial information that were provided to Abacus would already be in Abacus' possession and as such Abacus has equal access to the documents. Requiring RiverRock to re-produce such materials is unreasonably cumulative and duplicative within the meaning of Fed. R. Civ. P. 26(b)(2)(C). Plaintiff also objects that this request is duplicative of Request No. 6.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce the business and financial information that was provided to Abacus in connection with the potential Business Transaction.

8. All Documents and Communications relating to the Board Deck, including RiverRock's internal communications, all communications between You and Abacus, and all communications between You and any third party.

**RESPONSE:** Plaintiff objects to Request No. 8 as overly broad and disproportionate to the needs of the case, particularly in its demand for "all" documents and communications "relating to the Board Deck," which could encompass privileged communications and vast categories of irrelevant material, including internal discussions unrelated to the alleged disclosure at issue. Plaintiff further objects to the extent the Request seeks production of communications between Plaintiff and Abacus, which are already in Abacus's possession, custody, or control, and to the extent it seeks documents protected by the attorney–client privilege or work product doctrine.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents

in its possession, custody or control on a rolling basis.

9. All Communications regarding Abacus's Form 8-K filed on November 20, 2023.

**RESPONSE:** Plaintiff objects to Request No. 9 as overly broad and disproportionate to the needs of this case, particularly in its demand for "all" communications regarding Abacus's Form 8-K filed on November 20, 2023. The Request is not limited to communications relevant to the issues in this litigation and, as written, could encompass attorney–client communications and attorney work product. Plaintiff further objects to the extent the Request seeks communications between Plaintiff and Abacus, which are already in Abacus's possession, custody, or control.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents related to communications with investors regarding the Form 8-k, should any exist, in its possession, custody or control on a rolling basis.

10. All Documents and Communications regarding the alleged breach of the Confidentiality Agreement by Abacus as alleged in the Complaint, including when You learned of the purported breach, who discovered the purported breach, and all actions taken by You following the purported breach.

**RESPONSE:** Plaintiff objects to Request No. 10 as overly broad and disproportionate to the needs of the case, particularly in its demand for "all" documents and communications "regarding the alleged breach," which as written could encompass privileged attorney–client communications, attorney work product, and internal litigation strategy. Plaintiff further

objects to the phrasing "alleged breach" as misleading; Abacus has admitted in discovery that it posted the Board Deck on its investor website, and the issues in dispute relate to the scope of the Confidentiality Agreement and resulting damages. Plaintiff also objects to the extent the Request seeks identification of "all actions taken" following the breach, which is vague, overbroad, subject to privilege, ambiguous, and not reasonably limited in time or scope.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

11. All Documents and Communications between RiverRock and any of its employees, owners, and/or consultants regarding the inadvertent posting of the Board Deck by Abacus.

**RESPONSE:** Plaintiff objects to Request No. 11 as overbroad because the word "all," would include documents that may implicate the attorney-client privilege and work-product doctrine. Plaintiff further objects to use of the word "inadvertent" as vague, ambiguous and premised on a factual assumption not supported by the record. To wit, whether the breach was inadvertent or otherwise, it remains a breach. Abacus has admitted in discovery that it posted the Board Deck on its investor website, and the issues in dispute relate to the scope of the Confidentiality Agreement and resulting damages. Plaintiff further objects that any internal communication between RiverRock and its employees and/or any consultants is irrelevant to the claims and defenses in this lawsuit and is unlikely to lead to the discovery of admissible evidence and is simply aimed to harass RiverRock.

Subject to the foregoing objections and the entry of a mutually agreeable

confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents related to the damages stemming from the breach in its possession, custody or control on a rolling basis.

12. All Communications between You and Donna Horowitz, or any reporter or employee at The Deal or any other news outlet, regarding the Board Deck and/or the potential Business Transaction.

**RESPONSE:** Plaintiff objects that this request is irrelevant and to the claims and defenses in this lawsuit and it is unlikely to lead to the discovery of admissible evidence. Abacus has admitted in discovery that it posted the Board Deck on its investor website, and the issues in dispute relate to the scope of the Confidentiality Agreement and resulting damages.

To the extent any written communications exist, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control pursuant to search terms that are mutually agreed upon.

13. All Communications between You and any third party regarding the Board Deck, the inadvertent posting of the Board Deck by Abacus, or any information contained in the Board Deck.

**RESPONSE:** Plaintiff objects to Request No. 13 as overly broad and disproportionate to the needs of the case. As written, the request seeks "all" communications with "any third party" regarding the Board Deck, its posting, or the information contained in it, which could encompass wide-ranging communications far afield from the issues in this litigation that are not relevant to any claim or defense. It is also extremely overbroad as it would encompass

communication related to any singular figure reflected in the board deck, a lot of which does not even relate to RiverRock. The Request is also vague and ambiguous as to the scope of "any third party." Plaintiff further objects to the extent the Request seeks disclosure of information protected by the attorney–client privilege or work product doctrine. Plaintiff further objects to Request No. 13 as duplicative of Request Nos. 11 and 12 above. Thus, Plaintiff incorporates its objections and responses to Request Nos. 11 and 12 herein.

14. All Documents and Communications regarding the December 5, 2023 article titled "Abacus Accidentally Posts Document on Potential RiverRock Deal."

**RESPONSE:** Plaintiff objects to Request No. 14 as irrelevant, overly broad and disproportionate to the needs of the case to the extent it seeks "all" documents and communications "regarding" the December 5, 2023 *Deal* article, which could encompass materials far beyond the issues in dispute. Plaintiff further objects to the extent the Request seeks disclosure of attorney–client communications and/or attorney work product. Plaintiff objects to Request No. 14 as overbroad because the word "all," would include documents that may implicate the attorney-client privilege and work-product doctrine. Abacus has admitted in discovery that it posted the Board Deck on its investor website, and the issues in dispute relate to the scope of the Confidentiality Agreement and resulting damages. Accordingly, this request seeks documents that are irrelevant to the claims and defenses in this litigation and are unlikely to lead to the discovery of admissible evidence.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce internal documents and communications regarding the December 5, 2023 article titled "Abacus Accidentally Posts Document on

Potential RiverRock Deal" should any written documents exist.

15. All Documents and Communications relating to and/or supporting Your allegation that the article posted by The Deal on December 5, 2023 "exponentially increased RiverRock's damages" as alleged in Paragraph 48 of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 15 because it seeks Plaintiff's work product and attorney client privileged information. Moreover, Plaintiff's damages will be shared pursuant to the expert disclosure deadline so this response will be ongoing.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

16. All Documents and Communications supporting Your allegation that "Abacus, not RiverRock, determined that it would cut RiverRock's payroll from $4.7 million to $755,000" as alleged in Paragraph 49 of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 16 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving the foregoing objection, RiverRock directs Abacus to the Board Deck, which published the fact that if a transaction had occurred, RiverRock's payroll would have been cut from $4.7 milion to $755,00.

17. All Documents and Communications relating to the "six key employees" who resigned from RiverRock as alleged in Paragraph 55 of the Complaint, including but not limited to all Documents and Communications evidencing and/or supporting Your allegation that their resignations were caused by Abacus.

**RESPONSE:** Plaintiff objects to Request No. 17 as irrelevant, overly broad, vague, and ambiguous, particularly in its demand for "all" documents and communications "relating to the 'six key employees,'" which could encompass a wide range of irrelevant personnel records and/or private and confidential employment information that is not subject to discovery, and other materials having no bearing on the claims or defenses in this case. Plaintiff further objects to this Request as disproportionate to the needs of the case, and to the extent it seeks information protected by the attorney–client privilege, the attorney work product doctrine, or employee privacy rights. Plaintiff also objects to the extent the request calls for speculation as to the employees' reasons for resignation.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

18. All Documents and Communications relating to the resignation of RiverRock's Chief Underwriting Officer, Denny Mathew, as alleged in Paragraph 55 of the Complaint, including but not limited to his states reasons for leaving and his subsequent employment.

**RESPONSE:** Plaintiff objects to Request No. 18 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Moreover, the phrases "his states reasons" is vague, ambiguous and confusing. Further the request seeks information that is sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents

in its possession, custody or control on a rolling basis.

19. All Documents and Communications relating to the resignation of RiverRock's Chief Operating Officer, Valerie Coffey, as alleged in Paragraph 55 of the Complaint, including but not limited to her stated reasons for leaving and her subsequent employment.

**RESPONSE:** Plaintiff objects to Request No. 19 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Further the request seeks information that is sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

20. All Documents and Communications relating to the resignation of RiverRock's Controller as alleged in Paragraph 55 of the Complaint, including but not limited to his/her stated reasons for leaving and his/her subsequent employment.

**RESPONSE:** Plaintiff objects to Request No. 20 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Further the request seeks information that is sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

21. All Documents and Communications relating to the resignation of RiverRock's director of medical underwriting, Brian Rosenswike, including but not limited to his state

reasons for leaving and his subsequent employment.

**RESPONSE:** Plaintiff objects to Request No. 21 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Moreover, the phrase "his state reasons" is vague, ambiguous and confusing. Further the request seeks information that is sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

22. All Documents and Communications regarding the resignation of RiverRock's CEO, Anthony Annino, including but not limited to his stated reasons for resigning from RiverRock and his subsequent employment at Obra Capital.

**RESPONSE:** Plaintiff objects to Request No. 22 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Further the request seeks information that is sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

23. All Documents and Communications related to Your mitigation of damages following the alleged breach of the Confidentiality Agreement by Abacus, including but not limited to all efforts to hire employees to replace the "six key employees" who resigned from RiverRock.

**RESPONSE:** Plaintiff objects to Request No. 23 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. This request is also vague and ambiguous as to the phrase "related to Your Mitigation of damages" because it is subject to multiple interpretations and calls for a legal conclusion.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

24. All Documents and Communications relating to or supporting Your allegations in Paragraph 58 of the Complaint, including but not limited to all communications with potential investors regarding (i) the alleged breach of the Confidentiality Agreement, (ii) the RiverRock investment opportunities; and (iii) the potential investors' unwillingness to invest in or do business with RiverRock because of the alleged breach of the Confidential Agreement.

**RESPONSE:** Plaintiff objects to Request No. 24 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Plaintiff further objects to the phrasing "the RiverRock investment opportunities" as overbroad, vague and ambiguous, and seeks documents that are not relevant to any claim or defense in this litigation. Plaintiff also objects that communications with its investors are sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents

regarding subpoints (i) and (iii) in its possession, custody or control on a rolling basis.

25. All Documents and Communications relating to or supporting Your allegation in Paragraph 58 of the Complaint that the alleged breach of the Confidentiality Agreement "essentially froze all of RiverRock's fundraising opportunities."

**RESPONSE:** Plaintiff objects to Request No. 25 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Plaintiff also objects that communications with its investors are sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

26. All Documents and Communications relating to the "fundraising opportunities" referenced in Paragraph 58 of the Complaint. This includes, but is not limited to, the efforts undertaken by RiverRock in connection with those fundraising opportunities, the specific opportunities being pursued, the timeline of when such opportunities ceased to be viable, the reasons why they were no longer viable, and the individuals involved in pursuing them.

**RESPONSE:** Plaintiff objects to Request No. 26 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Plaintiff also objects that communications with its investors are sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents

in its possession, custody or control on a rolling basis.

27. All Documents and Communications relating to or supporting Your allegation in Paragraph 61 of the Complaint that Abacus's "breach has prevented RiverRock from raising capital necessary to continue successfully operating its business, which has caused RiverRock to lose out on millions of dollars it would have earned but for Abacus's breach."

**RESPONSE:** Plaintiff objects to Request No. 27 to the extent it seeks information protected by the work product doctrine and the attorney-client privilege. Plaintiff also objects that communications with its investors are sensitive and confidential.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

28. All Documents related to RiverRock's financial performance, including internal forecasts, business plans, balance sheets, cash flow statements, adjusted financial statements, consolidated financial statements, statement of net assets, income statements, and internal or external valuations of RiverRock for the past five years.

**RESPONSE:** Plaintiff objects to Request No. 28 as overly broad, unduly burdensome, and disproportionate to the needs of the case. As written, the Request seeks "all" documents relating to RiverRock's financial performance for a five-year period, including expansive categories of internal forecasts, business plans, and financial statements, much of which has no bearing on the claims or defenses in this litigation. The issues in this case are whether Abacus breached the Confidentiality Agreement and the damages, if any, caused by that breach—not RiverRock's full financial history or every internal financial projection ever

created. Plaintiff further objects to this Request to the extent it seeks disclosure of confidential and sensitive business information, attorney–client communications, or attorney work product.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce the business and financial information that was provided to Abacus in connection with the potential Business Transaction and all financial documents that support RiverRock's damages

29. All Documents relating to or supporting Your calculation of RiverRock's valuation and/or acquisition price for the past five years.

**RESPONSE:** Plaintiff objects to Request No. 29 as overly broad, unduly burdensome, and disproportionate to the needs of this case. As written, the Request seeks "all" documents relating to RiverRock's valuation or acquisition price for the past five years, which would encompass a vast amount of irrelevant financial data and internal analyses unrelated to the claims or defenses in this action. The relevant issues in this case are whether Abacus breached the Confidentiality Agreement and the damages, if any, caused by that breach—not RiverRock's historical valuations or acquisition discussions over a five-year period. Plaintiff further objects to this Request to the extent it seeks disclosure of confidential and sensitive business information, attorney–client communications, or attorney work product. Further, this request assumes that RiverRock has annual valuations and determinations of acquisition prices.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are

mutually agreed upon, Plaintiff will produce the business and financial information that was provided to Abacus in connection with the potential Business Transaction and all financial documents that support RiverRock's damages

30. All Documents and Communications that You intend to rely on to support Your claim of Damages in this Action.

**RESPONSE:** Plaintiff objects to Request No. 30 as premature to the extent it seeks "all" documents and communications that Plaintiff "intends to rely on" to support its claim for damages. Discovery is ongoing, expert analysis has not yet been completed, and Plaintiff has not yet made final determinations regarding the specific documents and communications it will introduce at trial. Plaintiff further objects to the extent the Request seeks attorney–client communications, attorney work product, or internal analyses prepared in anticipation of litigation.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents in its possession, custody or control on a rolling basis.

31. All Documents and Communications evidencing Your mitigation of damages alleged to have occurred as a result of the Abacus's alleged breach of the Confidentiality Agreement.

**RESPONSE:** Plaintiff objects to Request No. 31 as duplicative of Request No. 23 above. Thus, Plaintiff incorporates its objections and responses to Request No. 23 herein

32. All Communications, including text messages sent or received on personal devices, between Anthony Annino, Gabriel Siegel, Jonathan Osbourne, and Lucas Siegel,

individually or collectively, that relate to the allegations in the Complaint. This includes, but is not limited to, Communications relating to the Business Transaction, Abacus's alleged breach of the Confidentiality Agreement, Your alleged damages from Abacus's alleged breach of the Confidentiality Agreement, and any actions taken by You, Anthony Annino, Gabriel Siegel, Jonathan Osbourne, or Lucas Siegal to mitigate damages.

**RESPONSE:** Plaintiff objects to Request No. 32 as overly broad to the extent it seeks irrelevant information that is not likely to lead to the discovery of admissible evidence. Abacus has admitted in discovery that it posted the Board Deck on its investor website, and the issues in dispute relate to the scope of the Confidentiality Agreement and resulting damages. Text messages beyond that would be irrelevant. This request also seeks information protected by the work product doctrine and the attorney-client privilege. Plaintiff further objects to Request No. 32 because to the extent it seeks information from Anthony Annino, such information is not within RiverRock's possession, custody, control, or personal knowledge.

Subject to the foregoing objections and the entry of a mutually agreeable confidentiality agreement, after a reasonable search pursuant to search terms that are mutually agreed upon, Plaintiff will produce relevant, responsive, non-privileged documents that relate to the damages of the breach that are in its possession, custody or control on a rolling basis.

33. All Documents and Communications regarding any potential acquisition of RiverRock by any party or entity between January 1, 2023 and January 1, 2025, including investor presentations, financial models, internal valuations, external valuations, letters of intent, term sheets, and all communications between Abacus and any potential investor or acquirer.

**RESPONSE:** Plaintiff objects to Request No. 33 as overly broad, unduly burdensome, and disproportionate to the needs of the case. As written, the Request seeks "all" documents and communications concerning any potential acquisition of RiverRock by any party over a two-year period, which would encompass highly confidential internal financial materials, valuations, and communications with numerous third parties that have no bearing on the claims or defenses in this case. The issues in this litigation are whether Abacus breached the Confidentiality Agreement and whether that breach caused RiverRock to suffer damages—not RiverRock's entire acquisition history with unrelated third parties. Plaintiff also objects to the extent this Request seeks disclosure of information protected by the attorney–client privilege or work product doctrine, or confidential third-party business information. Any potential acquisition would be subject to its own confidentiality and Abacus is simply attempting to fish for information that is irrelevant to Abacus's breach and resulting damages here.

Plaintiff further objects to the extent the Request seeks attorney–client communications, attorney work product, or other confidential business information.

34. All Documents and Communications related to RiverRock's potential acquisition by Obra Capital in 2023 and 2024, including but not limited to (i) all financial models, internal valuations, cash flows, and other financial information provided to Obra; (ii) letters of intent or term sheets related to a potential acquisition of RiverRock by Obra; and (iii) communications between You and Obra regarding a potential acquisition.

**RESPONSE:** Plaintiff objects to Request No. 34 on the grounds of relevance. The claims and defenses in this action concern whether Abacus breached the Confidentiality Agreement in November 2023 and the damages, if any, flowing from that breach—not

separate acquisition discussions with Obra Capital. Plaintiff further objects that the Request is overly broad and disproportionate to the needs of this case, particularly in its demand for "all" financial models, internal valuations, and cash flows, which would encompass highly confidential internal financial information and business strategy unrelated to Abacus. Plaintiff also objects to the extent this Request seeks disclosure of information protected by the attorney–client privilege or work product doctrine, or confidential third-party business information. RiverRock's potential acquisition by Obra Capital is the subject of a separate and related litigation and Abacus is simply attempting to fish for information relevant to those proceedings, which are irrelevant to Abacus's breach and resulting damages here.

35. All Documents and Communications related to the March 6, 2024 article published in The Deal by Donna Horowitz titled "Obra Plans to Buy RiverRock."

**RESPONSE:** Plaintiff objects to Request No. 35 as overly broad and irrelevant. As written, the Request seeks "all" documents and communications relating to a March 6, 2024 *Deal* article, which could encompass materials far beyond the issues in dispute. The March 6, 2024 *Deal* article concerning a potential acquisition of RiverRock by Obra does not relate to the claims or defenses in this action, which concern whether Abacus breached the Confidentiality Agreement in November 2023 and the damages, if any, that flowed from that breach. Plaintiff further objects that the Request is overly broad, disproportionate, and vague as to "all documents and communications," and to the extent it seeks confidential business strategy, attorney–client communications, or attorney work product. RiverRock's potential acquisition by Obra Capital is the subject of a separate and related litigation and Abacus is simply attempting to fish for information relevant to those proceedings, which are irrelevant to Abacus's breach and resulting damages here.

Dated: October 29, 2025.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
Jennifer Junger, Esq.
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
flservice@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this October 29, 2025, served the foregoing upon counsel listed in the below Service List via registered email:

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jason Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Kathleen S. Messinger (*pro hac vice*)

kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.