# EXHIBIT A

**From:** Alex Zuckerman
**Sent:** Sunday, April 12, 2026 7:24 PM
**To:** jungerj@gtlaw.com; Joshua Hall; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Cc:** Kathleen Messinger; Rebecca Jin
**Subject:** RE: RiverRock v. Abacus: April 1 and April 6 Meet and Confers

Jennifer,

We are available for a final meet and confer preceding the hearing at **9:30 am ET** tomorrow. I will send an invite.

We agree that the parties are at an impasse as to RFP Nos. 3, 6, and 7. We also agree to table RFP Nos. 4, 8, 13, 14, 24, 28, 29, and 35 during the argument on Wednesday, provided that your Friday April 10 email represents a commitment to produce additional documents satisfying those requests in a timely fashion.

As for RFP No. 5, you continue to misconstrue the language of that request to call for anything related to "any financial term." But RFP No. 5 calls for "All Documents and Communications relating to ***RiverRock's business and financial information*** that were provided to Abacus in connection with the potential Business Transaction." Given your agreement to produce in response to RFP Nos. 28 and 29, and the investigation you conducted regarding the information uploaded to the data room prior to the filing of the Complaint, you are in a far better position to know the kinds of documents Riverrock drew from before providing information to Abacus.

We are also at an impasse on RFP Nos. 33 and 34. In light of your most recent production, it is clear that Riverrock was considering several different deal structures during the relevant time period, each of which is relevant to valuing the company and/or its assets, but not all of which seem to have resulted in an exchange of financials or a proposed acquisition price. *See, e.g.*, RENEGADE_000883; RENEGADE_000930. Therefore, we do not accept your compromise proposal, as we are not confident it will provide us with all information potentially relevant to Riverrock's damages.

Lastly, please confirm that (i) your position on RFP No. 16 is that you have no responsive documents (other than the Board Deck) in support of your contention in Paragraph 58 of the Complaint that it was Abacus's decision to cut Riverrock's payroll; and (ii) you do not intend to further supplement your interrogatory responses.

We will draft a notice memorializing these positions to file with the Court tomorrow following our meet and confer.

Best regards,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Friday, April 10, 2026 4:25 PM

**To:** Joshua Hall <joshuahall@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Cc:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Subject:** RE: RiverRock v. Abacus: April 1 and April 6 Meet and Confers

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Counsel,

Thank you for your letter. Please see below for my response. For ease of reference, I highlighted in yellow the requests where I believe we have reached an impasse or where there is still discussion left to be had. For the non-highlighted RFPs, I think we have an agreement. Prior to our joint filing with the Court on Monday, let's speak if you have any questions.

RFP 3: I think there is an impasse here. We don't see the relevance of the technical details of the data room for the following reasons: (1) the fact that RiverRock was trying to sell to Abacus was in and of itself confidential and that information was not contained to the data room nor are the technical details of the data room relevant to that inquiry; (2) the confidentiality agreement isn't limited to information in the data room. For example, the valuation was sent by Tony Annino to Jay Jackson via email. The confidentiality agreement doesn't limit the confidentiality to what was in the data room; and (3) you undertook the responsibility to keep our confidential information [as defined in the agreement] confidential regardless of how the data room was set up. Contrary to your position in the letter, we have been abundantly clear that we will produce everything you received. As such, the argument that you don't know what we considered confidential is false. We have also explained that our financials and attempt to sell to Abacus were confidential.

RFP 5: In the spirit of cooperation, we will agree to produce here. However, I stand by our objection that "all documents and communications related to" essentially any financial term provided to Abacus is overbroad and difficult to ascertain. We are not trying to hide anything, but I need to understand exactly what you are looking for her so I can pull it. **Please provide a list of the type of documents and we will search for and produce them**.

RFP 6-7: I agree to produce everything that I am capable of producing that is within our client's reasonable possession, custody and control. As discussed at length, we are certainly producing all documents that reference or discuss the valuation model. However, the valuation model was prepared by Tony Annino, who as you know, no longer works for the company. Tony engaged in correspondence with Jay Jackson from his personal gmail. We have asked for the documents from him many times and have not received them. We also sent him a litigation hold. However, I have not seen any document which specifically explains what he considered in preparing the model. I don't believe it is our obligation to determine what he may have considered or what supports his analysis. If you need this information, you will have to get it from him. To be clear, we are not relying on his valuation for our damages. Our expert has its own supported valuation opinion. I asked for search terms because I am trying to provide you with what you need. However, your statement that we are in a better position than you to provide this information isn't true in the current circumstance. Since RiverRock is not relying on this figure for its damages, you don't need these documents to assess our damages.

RFP 24: To the extent that this request is tethered to the breach (which paragraph 58 is), we will agree to produce for (i), (ii), and (iii). I still find subpart (ii) to be vague, and otherwise subsumed by subpart (iii), but in the spirit of cooperation, we will agree to search for and produce all responsive documents here.

RFP 28-29: We will produce here.

RFP 33: Can we agree to narrow this in any way? There were multiple potential deals, all of which involve a great deal of documents and communications. Would you be agreeable to production of documents reflecting the acquisition price and financials circulated for each deal?

RFP 34: Same comment as above. Can you agree to production of the financials we provided Obra and documents reflecting acquisition price?

RFP 35: we will produce all documents related to the March 6, 2024 article.

Confirmed agreement on RFP 4, 8, 13, 14, 16 (see explanation for 6-7).

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
| www.gtlaw.com | View GT Biography

---

**From:** Joshua Hall <joshuahall@quinnemanuel.com>
**Sent:** Tuesday, April 7, 2026 11:25 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Cc:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Subject:** RiverRock v. Abacus: April 1 and April 6 Meet and Confers

***EXTERNAL TO GT***

Counsel:

Please find attached a letter from Alex Zuckerman memorializing the meet and confers that took place on April 1 and April 6.
Per the letter, please confirm Plaintiff's final positions by Friday, April 10.

Sincerely,

Joshua

**Joshua Hall**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 5th Avenue
New York, New York 10016
212-849-7559 Direct
508-313-6949 Mobile
212-849-7000 Main Office Number
joshuahall@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any

review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.