**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 6:25-cv-00424-CEM-NWH |

**JOINT MOTION TO EXTEND THE SCHEDULING ORDER DEADLINES**

Plaintiff, Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("Plaintiff"), and Defendant Abacus Life Inc n/k/a Abacus Global Management ("Defendant") (together, the "Parties"), by and through their undersigned counsel, hereby move to extend the Case Management and Scheduling Order, *see* ECF No. 33, and as grounds state the following:

## I. INTRODUCTION

The Parties seek an extension of the current deadlines, moving each deadline 60 days. The bases for the extension is that certain discovery that will likely be utilized by expert witnesses is still being produced by the Parties and non-parties,

witness availability, as well as the schedule of counsel. The requested extension is the first request to adjust any case management deadlines in this action.[1]

## II. BACKGROUND

1. On March 11, 2025, Plaintiff filed its redacted Complaint. ECF No. 1.

2. On April 8, 2025, Defendant filed its redacted Answer and Affirmative Defenses. ECF No. 13.

3. On May 19, 2025, the Parties submitted a Uniform Case Management Report. ECF No. 26.

4. On May 23, 2025, this Court entered the Case Management and Scheduling Order. ECF No. 33.

5. On March 19, 2026, Defendant filed two short form motions to compel further production of documents and further responses to interrogatories from Plaintiff. ECF Nos. 47,48.

6. On April 16, 2026, this Court granted in part and denied in part Defendant's motions to compel, ordering Plaintiff to produce additional documents. ECF No. 64.

7. Plaintiff is in the process of producing documents as ordered by this Court. *See* ECF No. 64. This will likely result in the production of documents that expert witnesses will rely on.

---

[1] The parties previously moved this Court to adjust the same deadlines, ECF No. 68, but that motion was denied for failure to state good cause, ECF No. 69.

8. Defendant has subpoenaed various non-Parties for documents, including Plaintiff's former employees. This will also likely result in the production of documents that expert witnesses will rely on.

9. One of these non-Parties is Plaintiff's former CEO, Anthony Annino. During the April 15, 2026 motion to compel hearing, Plaintiff explained that Defendant would need to subpoena Mr. Annino directly to obtain certain relevant documents. ECF No. 65 at 35:17-23. Defendant began preparing the production subpoena immediately after that hearing and served Mr. Annino on April 28, 2026. On May 8, 2026, counsel for Mr. Annino asked for additional time to comply with the subpoena.

10. The Parties have been diligently coordinating depositions of multiple Party and non-Party witnesses. Given counsel's prior engagements and witness availability, aligning the schedules of those witnesses and counsel will require setting several depositions later than the Parties initially projected.

## III. ARGUMENT

11. Per the Case Management and Scheduling Order, "[a]ll motions for extension of deadlines must be filed promptly and must state good cause for the extension." ECF No. 33 at 3.

12. Here, in order to ensure that all document productions are meaningfully completed before expert witness disclosures begin, an extension of deadlines is needed. And in order to avoid prejudicing any Party, a corresponding extension of the remaining case deadlines is appropriate.

13. Likewise, despite the Parties' diligent efforts, depositions will occur later than the Parties' originally anticipated. And in order to avoid prejudicing any Party, a corresponding extension of the remaining case deadlines is appropriate.

14. The Parties are diligently working to complete all discovery and believe this extension of the Case Management and Scheduling Order will provide the Parties with sufficient time to do so.

15. After conferring, the Parties agree that good cause exists to extend the deadlines in the Case Management and Scheduling Order, and respectfully request this Court extend the deadlines as follows:

| **Event** | **Original Deadline** | **Proposed New Deadline** |
|---|---|---|
| Plaintiff's expert report disclosure | June 2, 2026 | August 3, 2026 |
| Defendant's expert report disclosure | July 2, 2026 | August 31, 2026 |
| Rebuttal expert report disclosure | July 16, 2026 | September 14, 2026 |
| Completion of discovery and motion to compel discovery | July 31, 2026 | September 29, 2026 |
| Dispositive and *Daubert* motions | September 1, 2026 | November 2, 2026 |
| Mediation | August 14, 2026 | October 13, 2026 |
| Joint pretrial meeting | December 30, 2026 | March 1, 2027 |
| Filing of the joint final pretrial statement; any other motions, including motion in limine; jointly proposed jury instructions and jointly proposed verdict form | January 11, 2027 | March 12, 2027 |

| | | |
|---|---|---|
| Trial Status Conference | January 21, 2027 | March 22, 2027 |
| Trial term | February 2027 | April 2027 |

## IV. CONCLUSION

16. For these reasons, the Parties request the Court extend the deadlines in the Case Management and Scheduling Order as requested above.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned counsel hereby certifies that on May 4, 2026, prior to filing this motion, the Parties conferred in good faith and agree to the relief sought in this motion.

## LOCAL RULE 3.08(B) CERTIFICATION

The undersigned counsel for Plaintiff further certifies that Plaintiff, Renegade Capital GP, LLC d/b/a RiverRock Funds LLC, has been consulted and consents to the requested continuance of the trial term.

The undersigned counsel for Defendant further certifies that Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc., has been consulted and consents to the requested continuance of the trial term.

Respectfully submitted,

DATED: May 15, 2026

/s/ *Sheila Oretsky*
(Signed by Alex Zuckerman
with permission of Sheila Oretsky
/s/ Alex Zuckerman)

**GREENBERG TRAURIG, P.A.**

Sheila Oretsky (Fla. Bar No. 31365)
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

Jennifer Junger (Fla. Bar No. 12583)
jungerj@gtlaw.com
fernandezfe@gtlaw.com
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

Maria R. Satangelo
(Fla. Bar No. 1049930)
maria.santangelo@gtlaw.com
mialitdock@gtlaw.com
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

/s/ *Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

*Attorneys for Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

/s/ *Alex Zuckerman*
Alex Zuckerman