# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v.

CASE NO.: 6:25-cv-00424

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,

_____________________________________ /

**PROPOSED AMENDED COMPLAINT**

Plaintiff, Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC ("RiverRock" or "Plaintiff"), by and through its undersigned counsel, hereby files its Complaint against Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc., ("Abacus" or "Defendant") (collectively Plaintiff and Defendant are "Parties"). In support thereof, RiverRock states:

**INTRODUCTION**

1. This case centers on Abacus' material breach of the Confidentiality Agreement between Abacus and RiverRock effective as of September 5, 2023 ("Confidentiality Agreement"). A true and correct copy of the Confidentiality Agreement, designated herein as **Exhibit A**, is being filed as a proposed sealed exhibit to a forthcoming motion to seal.

2. The Confidentiality Agreement was executed in anticipation of a potential business acquisition wherein Abacus sought to acquire RiverRock. Abacus sought to review highly sensitive, confidential, and proprietary business information from RiverRock. RiverRock agreed to the disclosure and exchange of highly sensitive, confidential, and proprietary business information because the terms of the Confidentiality Agreement protected RiverRock from unauthorized disclosure.

3. Notwithstanding its obligations, Abacus willfully breached the Confidentiality Agreement by publicly posting the same highly sensitive, confidential, and proprietary information that it was bound to protect into the public forum on its investor website, in the form of a downloadable PDF. This document remained publicly accessible for approximately 36 hours and was viewed by industry professionals who then shared it with RiverRock employees shortly after its posting.

4. While publicly posted on www.abacuslife.com, a reporter obtained the Confidential Information[1] and published an article in the Deal, a widely read industry publication, further amplifying the unauthorized disclosure. RiverRock subscribes to the Deal and each of its employees therefore received the article.

5. As a result of Abacus' material breach, RiverRock suffered severe and irreparable harm. Its highly sensitive, confidential, and proprietary business information is now out in the open for anyone with internet access to review.

[1] Confidential Information has the same meaning as defined in the Confidentiality Agreement. All capitalized terms herein not defined have the same meaning as in the Confidentiality Agreement.

RiverRock's reputation was harmed, key employees have resigned, existing and potential investors refrained from further investment, its business was damaged, and even worse, after damaging RiverRock's business, Abacus refused to close on the deal. RiverRock continues to suffer the consequences of Abacus' egregious breach of the Confidentiality Agreement.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff, Renegade Capital GP, LLC d/b/a RiverRock Funds LLC, is a Delaware limited liability company, with its principal place of business at 500 W. 2nd Street, Suite 1575, Austin, Texas 78701. The only members of RiverRock are Jonathan Osbourne and Gabriel Siegel, both of whom are citizens of Texas.

7. Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc. is a Delaware corporation. Upon information and belief, its principal place of business is located at 2101 Park Center Drive, Suite 250, Orlando, FL 32835. At all times material hereto, Abacus conducted business in Orange County, Florida.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and there is complete diversity of citizenship amongst the parties. At the time of filing, the Plaintiff is a citizen of Texas and Abacus is a citizen of Florida and Delaware.

9. This Court has personal jurisdiction over Abacus pursuant to sections 48.193(1)(a)(1), (7), and (9) Florida Statutes, respectively, because Abacus operates and conducts business activities within the state of Florida, breached a contract in the

state of Florida by failing to perform acts required by the contract to be performed in the state of Florida, and entered into a contract that complies with Fla. Stat. 685.102 because the contract at issue [redacted]:

[redacted]

**Exhibit A,** attached to RiverRock's forthcoming motion to seal.

10. The Court also has personal jurisdiction over Abacus pursuant to Section 48.193(2), Florida Statutes because it engages in substantial and not isolated activity within this state.

11. Venue is proper in Orange County pursuant to 28 U.S.C. § 1391(b), because Abacus resides in Orange County, Florida, and the acts giving rise to the claims occurred or accrued in Orange County, Florida. Additionally, RiverRock and Abacus entered into a contract [redacted].

## GENERAL ALLEGATIONS

### A. The Business Relationship of the Parties

12. RiverRock is an alternative investment manager focused on providing non-correlated investment solutions to institutional and individual investors. It has over a decade of experience managing pooled investment funds investing in the secondary market for life insurance policies.

13. As one of the most experienced teams in the business, RiverRock has a wealth of relationships and historical knowledge of the industry. Further, through its extensive knowledge of life settlements, it has developed a proprietary analytical system that optimizes returns.

14. Due to RiverRock's success as a leader in the industry, Abacus expressed strong interest in acquiring RiverRock. Abacus is a publicly traded company on the Nasdaq Exchange (ABL).

15. In order to perform the diligence necessary prior to an acquisition, Abacus requested that RiverRock provide it with certain highly sensitive, confidential, and proprietary business documents.

16. RiverRock would not disseminate such sensitive materials until a Confidentiality Agreement was put in place.

### B. The Confidentiality Agreement

17. On September 5, 2023, the Parties entered into the Confidentiality Agreement, which was executed by Jay Jackson, the Chief Executive Officer of

Abacus ("Jackson") on behalf of Abacus and by Anthony J. Annino, the Chief Executive Officer of RiverRock ("Annino") on behalf of RiverRock.

18. The Confidentiality Agreement [redacted]

[redacted]

[redacted]

*See* **Exhibit A**, attached to RiverRock's forthcoming motion to seal.

19. The Confidentiality Agreement states its purpose as being [redacted]

20. The Confidentiality Agreement [redacted]

*See id.*

21. The Confidentiality Agreement sets forth that [redacted]

[redacted]

*See id.*

22. The term of the Confidentiality Agreement [redacted]

23. RiverRock complied with all terms and conditions under the Confidentiality Agreement.

**C. <u>The Data Room</u>**

24. As customary with a potential acquisition, a data room to share Confidential Information was created shortly after the execution of the Confidentiality Agreement, on or about September 13, 2023.

25. To facilitate the anticipated transaction, RiverRock added Confidential Information to the data room for Abacus' review. Such Confidential Information may have included: spreadsheets reflecting RiverRock's actual internal rate of return ("IRR"); Registered Retirement Income Fund ("RRFI") draws, repayments and total balances, adjusted financials, consolidated financials, QuickBooks, consolidated statement of net assets, confidential company agreements, audits, and other critical financial documents intended to be kept outside of the public domain.

26. On or around October 2, 2023, Annino added Jackson to the data room so Abacus could begin diligence on the acquisition.

**D. Letter of Intent and Abacus' Continued Interest in Acquiring RiverRock**

27. After reviewing the documents provided by RiverRock to Abacus, on October 14, 2023, Jackson wrote to Annino confirming his interest in closing on the deal. He wrote: "Assuming all goes well, board approval etc. [sic] will be in a good position to close before year end." A true and correct copy of Jackson's October 14, 2023 email is designated herein as **Exhibit B**.

28. On November 5, 2023, Jackson reconfirmed Abacus' intention to acquire RiverRock.

29. He wrote: "We had a successful bond raise and we are ready to move forward with a term sheet. I am presenting to the Board on Thursday but I have already

spoken with the key members and we are moving forward with the acquisition. . . I am hoping to have a term sheet to you shortly after the board meeting on Thursday afternoon. We would still be a before year end target close." A true and correct copy of Jackson's November 5, 2023 email to Annino is designated herein as **Exhibit C.**

30. Upon information and belief, Abacus' board was set to meet on or around November 9, 2023.

31. A board deck was prepared in advance of the meeting. Among other action items to present to the board was the planned acquisition of RiverRock. Accordingly, Abacus included RiverRock's Confidential Information in the slides of the board deck ("Board Deck"). This included two-pages related to RiverRock, including a valuation of RiverRock with future projections, the fact that RiverRock and Abacus were in discussions for a Potential Transaction, the number of RiverRock investors, acquisition price, estimated net revenue, and the confidential post-transaction plans for RiverRock employees.

32. The valuation of RiverRock that Abacus presented to its board and contained within the Board Deck was $10,029,963.00.

33. After the board meeting, on or around November 11, 2023, Abacus sent RiverRock its first draft Letter of Intent to acquire RiverRock. On the same date, Jackson also invited Annino to join the third quarter earnings call.

**E. <u>Abacus Breaches the Confidentiality Agreement</u>**

34. Despite clear contractual obligations [redacted]

[redacted], Abacus breached the Confidentiality Agreement by placing RiverRock's Confidential Information into a public forum.

35. On or around November 14, 2023, Abacus uploaded the entirety of the Board Deck, which included RiverRock's Confidential Information, to its investor website. The Board Deck remained posted and publicly accessible on Abacus' investor website for approximately 36 hours.

36. The Board Deck included highly sensitive, confidential and propriety information including that RiverRock was going to be acquired by Abacus, which was not public knowledge. RiverRock's employees did not know RiverRock was going to be acquired. The two pages included the fact that once it acquired RiverRock, Abacus would terminate the majority of RiverRock's employees. The Board Deck reflects that RiverRock's payroll and rent budget would be reduced from $4.7 million in 2023 to $755,000 in 2024 and $105,000 in 2025. RiverRock's employees did not know that if RiverRock was acquired that they would be losing their jobs.

37. Additionally, the Board Deck listed the valuation of RiverRock, RiverRock's annual revenue, and its 2024 financial projections. Both the publication of the Potential Acquisition itself and the publication of RiverRock's financials are breaches of the Confidentiality Agreement.

38. Realizing its grave error and being bound by the filing requirements of the United States Securities and Exchange Commission, on or about November 20, 2023, Abacus filed a Form 8-K admitting that it posted an "investor deck" on its public facing website. The disclosure alerted investors that "nothing in this communication

should be regarded as a representation by any person that the forward-looking statements set forth herein will be achieved." A true and correct copy of the Form 8-K is attached hereto as **Exhibit D**.

39. RiverRock was not immediately notified of the breach.

40. Despite its clear blunder, Abacus continued to confirm its interest in proceeding with the transaction. On November 24, 2023, Abacus circulated an updated draft of its Letter of Intent to acquire RiverRock.

41. RiverRock did not know it yet, but the damage from Abacus' breach was already accumulating at this point.

42. As a publicly traded company, Abacus' website is highly trafficked by consumers and industry professionals alike. Accordingly, the breach left RiverRock highly exposed with its most valuable information at large.

43. The Confidential Information was published for long enough that Donna Horowitz ("Horowitz"), a reporter at The Deal, accessed the information.

44. The Deal, founded in 1999, is a major publication with a massive following for professionals in the legal, investment, private equity, insurance, hedge fund, academic, and consulting sectors. The Deal primarily reports on new deals, mergers and acquisitions, and other industry related information. It is regarded as a highly reliable source and one that industry professionals routinely review.

45. On December 1, 2023, Valerie Coffey, RiverRock's Chief Operations Officer, received an unexpected voicemail from Horowitz, claiming to be writing an article about "Abacus buying RiverRock", despite the deal being Confidential

Information. A true and correct copy of the transcription of the voicemail is attached hereto as **Exhibit E**. Horowitz also called Annino and Gabe Siegel, RiverRock's Chairman.

46. Annino emailed Jackson regarding the call from Horowitz. Only then did Abacus notify RiverRock as to its breach of the Confidentiality Agreement.

47. Jackson admitted liability. He emailed Annino apologizing "sorry about the reporter." A true and correct copy of this email exchange is designated herein as **Exhibit F**.

48. On December 5, 2023, Horowitz published an article on The Deal titled "Abacus Accidentally Posts Document on Potential RiverRock Deal."

49. The article exponentially increased RiverRock's damages by the further dissemination of its Confidential Information. The article reported that: "Abacus Life Inc. (ABL) published a document on its website about the acquisition of RiverRock Funds LLC, pulled it down and filed a disclaimer with the Securities and Exchange Commission." The article re-published RiverRock's confidential business information, including its net losses, net income, total assets under management, estimated 2024 net revenue, and deal price. A true and correct copy of The Deal Article is attached hereto as **Exhibit G**.

50. The most detrimental piece of Confidential Information posted on the Abacus' website and recirculated in The Deal was regarding RiverRock's payroll. Abacus publicly shared that it would cut RiverRock's payroll from $4.7 million in 2023

to $755,000 for 2024 and $105,000 in 2025, thus revealing Abacus' plans to terminate many of RiverRock's employees should the Potential Acquisition go forward.

51. Accordingly, not only did the breach alert RiverRock's employees that a potential acquisition was on the table, but it alerted them to the highly sensitive fact that once acquired by Abacus, Abacus had plans to terminate their employment. This was obvious since the payroll budget was so dramatically slashed.

52. Following the publication of the article, Annino wrote to Jackson to set forth the extreme harm that their breach caused RiverRock. Annino wrote:

> As we have previously discussed, RiverRock learned that on or around November 14, 2023, Abacus posted a slide deck on its public-facing website which contained confidential information relating to RiverRock's assets, liabilities, and financial status. The slide deck also disclosed Abacus's potential acquisition of RiverRock and its plans post-acquisition. It goes without saying that the disclosed information is highly sensitive and confidential, and RiverRock kept it closely confidential. Obviously, this disclosure was a significant breach of the Confidentiality Agreement.
>
> We understand that the slide deck has now been removed from Abacus's website. However, during the time it was posted, we know that multiple people accessed the materials. We also understand that the materials were circulated to others, both while the deck was posted and after it was taken down. Those who saw these materials include RiverRock employees, who did not know about the potential sale, as well as least one reporter, whose receipt of the information has led to publication of *Abacus Accidently Posts Document on Potential RiverRock Deal* by The Deal (https://pipeline.thedeal.com/article/0000018c-3620-d9d8-a3ec-befdcc600000/deal-news/life-settlements/abacus-accidentally-posts-document-on-potential-riverrock-deal).
>
> We would ask that Abacus provide all information identifying the people (by IP address or other relevant identifiers) who accessed the slide deck while it was online. We also ask that Abacus preserve all documents and data relating to the slide deck, its publication, persons responsible, and

> any other disclosures of RiverRock's confidential information, using the broadest possible definitions of each of those terms.
>
> We know you and your team have been working as tirelessly as we have toward finalizing a deal, and we hope that we are still on track to reach a definitive agreement and put this unfortunate incident behind us. However, we do not yet know the full impact of Abacus's disclosure of RiverRock's confidential information, so at this stage, we must reserve all of our legal rights.
>
> Again, it is our sincerest hope that the parties can finalize a deal, and I look forward to continuing working with you to that end.

A true and correct copy of Annino's December 5, 2023 email to Jackson is designated herein as **Exhibit H**.

53. Abacus failed to respond.

**F. <u>The Aftermath of the Breach</u>**

54. The consequences of this breach were dire for RiverRock.

55. Since its founding in 2007, RiverRock has spent the last 17 years perfecting its craft and building a reputation as being a key player in the alternative investment space. It has spent years training highly skilled employees who add value to the business. It has protected its financial valuation models and financial information fiercely. Yet, due to Abacus' breach, RiverRock's proprietary business information was now available to anyone with access to the internet.

56. On December 6, 2023, one day following the publication of The Deal article, Denny Mathew, RiverRock's Chief Underwriting Officer resigned. This resignation would start a wave of resignations within the company. RiverRock is a small company that runs efficiently with 12 employees. Over the course of December

2023 to February 2024, it has had six key employees resign including its CEO Annino. RiverRock also lost its Chief Operating Officer and Controller.

57. The breach left RiverRock highly exposed because its employees became aware that their jobs were not secure and left before being terminated.

58. This mass exodus of almost 50% of the company, including four of its most senior positions, put RiverRock in an extremely vulnerable position. For a company built on the skill and expertise of its people, losing five out of twelve employees is incredibly damaging.

59. Simultaneously, potential investors were learning about the breach and became fearful of entering into a deal with RiverRock. RiverRock was deep in discussions regarding investment opportunities with several investors who, upon learning of the potential acquisition through the breach, were no longer willing to invest in or otherwise do business with RiverRock. Seventeen years of sales work and relationship building with investors was ruined instantly. The breach essentially froze all of RiverRock's fundraising opportunities because RiverRock could not fundraise during a time of such uncertainty with a skeleton work force and no indication of who would be running the funds. In sum, the breach seriously jeopardized future business opportunities.

60. On December 13, 2023, prior to his resignation, Annino wrote to Jackson:

> Since you breached our NDA and released our financials, RiverRock has experience [sic] material harm. Our Chief Underwriting Officer gave his

> notice and is leaving as of 12/31. In addition, we know that at least one other senior person at the firm has sent out their resume. In addition, our fundraising efforts have stalled given the disclosure and potential change in control / management of RiverRock.
>
> I've been trying to contact you for multiple days. The last contact I received from your attorney was that your board needed to review the revised LOI, and the earliest we would hear back would be late this week. It's now Wednesday, and we haven't heard anything despite multiple attempts. RiverRock continues to experience material harm with each day that passes and no formal agreement with you.
>
> Given the material harm to the business, we need a response to our latest LOI by the end of the today. I am available on my cell at any time.

A true and correct copy of Annino's December 13, 2023 email to Jackson is designated herein as **Exhibit I**.

61. On December 15, 2023, after Abacus' breach severely damaged RiverRock's business, Abacus notified RiverRock that "there is not sufficient support among the various stakeholders here at Abacus to move forward with a transaction. While we have a positive view of your business and your leadership, the main countervailing factors include price, other strategic alternatives and allocation of existing and future capital." A copy of Jackson's December 15, 2023 email to Annino is designated herein as **Exhibit J**.

62. Abacus' breach has prevented RiverRock from raising the capital necessary to continue successfully operating its business, which has caused RiverRock to lose out on millions of dollars it would have earned but for Abacus' breach.

63. Not only did Abacus cause substantial damage to RiverRock's business, but it did so and then refused to close on an acquisition, which it had assured RiverRock was a done deal.

64. RiverRock has retained the law firm of Greenberg Traurig, P.A. in this action and is obligated to pay the firm a reasonable fee for its services.

65. All conditions precedent to the maintenance of this action have been met, performed, waived, or otherwise satisfied.

**COUNT I**
**BREACH OF CONTRACT**

66. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 above as if fully set forth herein.

67. This is an action for breach of contract.

68. On or about September 5, 2023, RiverRock and Abacus executed the Confidentiality Agreement, which is a valid contract.

69. RiverRock fully performed its obligations under the Confidentiality Agreement.

70. Abacus, however, materially breached the Confidentiality Agreement by publicly disclosing RiverRock's Confidential Information on its investor website.

71. [redacted], the Confidentiality Agreement requires that [redacted]

[redacted]

72. [redacted]

73. The Confidential Information posted on Abacus' website should have never been publicly released. Sharing that information on the internet was not necessary to evaluate the Potential Transaction, it was not authorized to be disseminated by RiverRock, and it was spread far beyond only those who have a need to know.

74. [redacted]

75. As a direct and proximate result of Abacus' breach of the Confidentiality Agreement, RiverRock has suffered damages. Among other damages, RiverRock has

lost nearly half of its employees, its investment opportunities were stalled, and its business is severely damaged.

**WHEREFORE**, Plaintiff, Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC, respectfully requests that the Court enter judgment against Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc., for damages, court costs, and interest, together with such other and further relief the Court deems just and proper.

Dated: June 8, 2026.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
A. SHEILA ORETSKY
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
JENNIFER JUNGER
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

# EXHIBIT A

# Confidentiality Agreement Filed Under Seal

# EXHIBIT B

**From:** Jay Jackson <jay@abacuslife.com>
**Sent:** Saturday, October 14, 2023 8:33 AM
**To:** Anthony J Annino <anthony.annino@gmail.com>
**Subject:** RE: RiverRock / Abacus

Great – thank you. We received SEC S1 filing back with no comments so we are wall crossing now. We expect to have it completed by end of month. Assuming all goes well, board approval etc. will be in a good position to close before year end.

**From:** Anthony J Annino <anthony.annino@gmail.com>
**Sent:** Saturday, October 14, 2023 7:53 AM
**To:** Jay Jackson <jay@abacuslife.com>
**Subject:** RE: RiverRock / Abacus

I just uploaded the servicing agreements to the portal – you'll see that the termination provisions are simple with 60 days notice (so no issue).

I'm working on the DCF and should have that up by the end of the weekend.

Anthony J Annino
+1.617.990.6545

**From:** Jay Jackson <jay@abacuslife.com>
**Sent:** Friday, October 6, 2023 12:40 PM
**To:** Anthony Annino <anthony.annino@gmail.com>
**Subject:** RE: RiverRock / Abacus

How does 11am Est on Tuesday the 10th look for you?

**From:** Anthony Annino <anthony.annino@gmail.com>
**Sent:** Friday, October 6, 2023 11:44 AM
**To:** Jay Jackson <jay@abacuslife.com>
**Subject:** Re: RiverRock / Abacus

Jay

I'm flexible - let me know what work best on your end.

Thanks
Tony

On Mon, Oct 2, 2023 at 12:59 PM Jay Jackson <jay@abacuslife.com> wrote:

Great. Thank you. We can sort thru it. Want to jump on a call next week? How does your schedule look?

**From:** Anthony J Annino <anthony.annino@gmail.com>
**Sent:** Monday, October 2, 2023 12:56 PM
**To:** Jay Jackson <jay@abacuslife.com>
**Subject:** RE: RiverRock / Abacus

Jay

I just sent you access to the data room – please confirm you received it.

There's a ton of stuff out there (and clearly I need a lesson on navigating our network), but this should be a good start.

Please let me know when you've reviewed and would like to discuss.

Tony

Anthony J Annino

+1.617.990.6545

**From:** Jay Jackson <jay@abacuslife.com>
**Sent:** Wednesday, September 13, 2023 5:32 PM
**To:** Anthony Annino <anthony.annino@gmail.com>
**Subject:** RE: RiverRock / Abacus

Sounds good. Thank you!

**From:** Anthony Annino <anthony.annino@gmail.com>
**Sent:** Wednesday, September 13, 2023 1:54 PM
**To:** Jay Jackson <jay@abacuslife.com>
**Subject:** RiverRock / Abacus

Jay

Good connecting last week.

I'm in the process of putting the data room together and should have you something by early next week.

Tony

Anthony J Annino

+1.617.990.6545

# EXHIBIT C

**From:** Jay Jackson <jay@abacuslife.com>
**Sent:** Sunday, November 5, 2023 2:06 PM
**To:** Anthony J Annino <anthony.annino@gmail.com>
**Subject:** Next Steps

Hi Tony,

We had a successful bond raise and we are ready to move forward with a term sheet. I am presenting to the Board on Thursday but I have already spoken with the key members and we are moving forward with the acquisition. I think I am going to use Latham as our attorney on this one. They were fast and efficient on our last deal. That may change to Locke Lord if Latham is swamped. I am hoping to have a term sheet to you shortly after the board meeting on Thursday afternoon. We would still be a before year end target close.

All the best,

Jay

Jay Jackson
**President & CEO**

800.561.4148 | jay@abacuslife.com | abacuslife.com | 2101 Park Center Drive, Orlando, FL 32835

ABACUS LIFE
KNOW THE VALUE OF YOUR LIFE
NASDAQ | ABL

The information contained in this electronic mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be a client communication and/or work product which may contain proprietary information and as such is privileged and confidential. If the reader of this message is not the intended recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this message and any attachments hereto in error and that any review, dissemination, distribution, or copying of this message whole or in part is strictly prohibited and may subject you to civil and/or criminal penalties under state or federal law. If you have received this message in error, please notify the sender immediately by email, and delete the original message.

# EXHIBIT D

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

# FORM 8-K

## CURRENT REPORT
**Pursuant to Section 13 or Section 15(d)**
**of the Securities Exchange Act of 1934**

**Date of Report (Date of earliest event reported): November 20, 2023**

# Abacus Life, Inc.
(Exact name of registrant as specified in its charter)

| **Delaware** | **001-39403** | **85-1210472** |
|---|---|---|
| (State or other jurisdiction of incorporation or organization) | (Commission File Number) | (I.R.S. Employer Identification Number) |

**2101 Park Center Drive, Suite 170**
**Orlando, Florida 32835**
**(800) 561-4148**
(Address, including zip code, and telephone number, including area code, of registrant's principal executive offices)

(Former name or former address, if changed since last report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation to the registrant under any of the following provisions:

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)
☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)
☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))
☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbols | Name of each exchange on which registered |
|---|---|---|
| Common stock, par value $0.0001 per share | ABL | The NASDAQ Stock Market LLC |
| Warrants, each whole warrant exercisable for one share of common stock at an exercise price of $11.50 per share | ABLLW | The NASDAQ Stock Market LLC |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 or Rule 12b-2 of the Securities Exchange Act of 1934.
Emerging growth company ☒
If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☒

**Item 7.01. Regulation FD Disclosure.**

On November 20, 2023, Abacus Life, Inc. (the "Company") posted an updated investor deck on its website at www.abacuslife.com. A copy of the investor deck slides is furnished herewith as Exhibit 99.1.

The information contained in this Item 7.01 and in the accompanying Exhibit 99.1 shall not be deemed "filed" for purposes of Section 18 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), or otherwise subject to the liabilities of that section, nor shall it be deemed incorporated by reference in any filing under the Securities Act of 1933, as amended, or the Exchange Act, unless expressly incorporated by specific reference in such filing

**Cautionary Note Regarding Forward Looking Statements**

This Current Report (this "Report") on Form 8-K may contain certain "forward-looking statements" within the meaning of the Private Securities Litigation Reform Act of 1995, Section 27A of the Securities Act of 1933, as amended, and Section 21E of the Securities and Exchange Act of 1934, as amended, including statements regarding the Company's management team's expectations, hopes, beliefs, intentions or strategies regarding the future. The words "believe," "may," "will," "estimate," "continue," "anticipate," "intend," "expect," "should," "would," "could," "plan," "project," "forecast," "predict," "possible," "potential," "opportunity," "seem," "seek," "future," "outlook," "target," "will likely result," "will continue," "valuation," and other similar expressions that predict or indicate future events or trends that are not statements of historical matters may identify forward-looking statements, but the absence of these words does not mean that a statement is not forward-looking. These forward-looking statements are based on the Company's current expectations and beliefs concerning future developments and involve a number of risks, uncertainties (some of which are beyond the Company's control) or other assumptions. Many factors could cause actual future events to differ materially from any forward-looking statements in this report, including but not limited to: (i) the risk that demand for the Company's life settlement and related offerings does not grow as expected, (ii) the ability of the Company to retain existing customers and attract new customers, (iii) the potential inability of the Company to manage growth effectively, (iv) the potential inability of the Company to grow its market share of the life settlement industry or to achieve efficiencies regarding its operating model or other costs, (v) negative trends in the life settlement industry impacting the value of life settlements, including increases to the premium costs of life insurance policies, increased longevity of insureds, and errors in the methodology and assumptions of life expectancy reports, (vi) legal challenges by insurers relating to the validity of the origination or assignment of certain life settlements, (vii) the enforceability of the Company's intellectual property rights, including its trademarks and trade secrets, and the potential infringement on the intellectual property rights of others, (viii) the Company's dependence on senior management and other key employees, and (ix) the risk of downturns and a changing regulatory landscape in the industry in which the Company operates. The foregoing list of factors is not exhaustive.

Nothing in this communication should be regarded as a representation by any person that the forward-looking statements set forth herein will be achieved or that any of the contemplated results of such forward-looking statements will be achieved. You should carefully consider the foregoing factors and the other risks and uncertainties which will be more fully described in documents filed by the Company from time to time with the United States Securities and Exchange Commission. There may be additional risks that the Company does not presently know or that the Company currently believes are immaterial that could also cause actual results to differ from those contained in any forward-looking statements. In addition, forward-looking statements may reflect the Company's expectations, plans or forecasts of future events and views only as of the date of this Report. The Company anticipates that subsequent events and developments may cause its assessments to change. However, while the Company may elect to update these forward-looking statements at some point in the future, the Company specifically disclaims any obligation to do so. Forward-looking statements should not be relied upon as representing the Company's assessments as of any date subsequent to the date of this press release. Accordingly, undue reliance should not be placed upon any forward-looking statements.

**Item 9.01. Financial Statement and Exhibits.**

(a) Exhibits.

99.1 Investor deck slides posted to the Company's website on November 20, 2023.

104 Cover page Interactive Date file (embedded within Inline XBRL document)

**SIGNATURES**

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this Report to be signed on its behalf by the undersigned hereunto duly authorized.

**Abacus Life, Inc.**

Date: November 20, 2023

| | |
|---|---|
| By: | /s/ Jay Jackson |
| Name: | Jay Jackson |
| Title: | Chief Executive Officer |

# EXHIBIT E

**From:** Zoom
**To:** Valerie Coffey
**Subject:** [EXTERNAL] - New Voicemail from DONNA HOROWITZ (415) 456-2758 to Main Auto Receptionist (Ext. 801) on Fri Dec 1, 2023 12:12
**Date:** Thursday, January 18, 2024 3:31:40 PM
**Attachments:** msg_64ea35ec-2add-4184-bf0e-a98fe7b5f1fb.mp3

Zoom Logo

Sign In

# You have a new voicemail

| | |
|---|---|
| Time | Fri Dec 1, 2023 12:12 |
| From | DONNA HOROWITZ (415) 456-2758 |
| To | Main Auto Receptionist (Ext. 801) (Auto Receptionist) |
| Forward To | Valerie Coffey (Ext. 1305) |
| Duration | 00:15 |

**Voicemail Transcription**

"Hey, Valerie? This is Donna Horowitz, life settlement support. Haven't talked in a long time. Okay, so I'm doing this story on Abacus Buying River rock. Can you give me a call? 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. It's 1012, California time. Thank you. Bye. "

**To listen to this message, you can open the attachment or use any Zoom Applications to have instant access to all your messages.**

+1.888.799.9666

©2023 Zoom - All Rights Reserved

Visit zoom.us
55 Almaden Blvd
San Jose, CA 95113

# EXHIBIT F

**From:** Jay Jackson
**To:** Anthony J Annino; Chris Romaine
**Cc:** Bill McCauley; jshaw@bernsteinshur.com
**Subject:** RE: Updated LOI for RR
**Date:** Friday, December 1, 2023 3:49:24 PM
**Attachments:** image001.png

Agreed – sorry about the reporter Tony.

---

**From:** Anthony J Annino <anthony.annino@gmail.com>
**Sent:** Friday, December 1, 2023 3:28 PM
**To:** Chris Romaine <chris@lmagrp.com>; Jay Jackson <jay@abacuslife.com>
**Cc:** Bill McCauley <bill@abacuslife.com>; jshaw@bernsteinshur.com
**Subject:** RE: Updated LOI for RR

Jay / Chris

Thanks very much for the clarification (I missed it being total 3-year cumulative revenue).

I'll review the rest of it by the end of the weekend. Just FYI – I got a note from a reporter today who is putting a story together on the transaction, so hopefully we can move quickly from this point forward.

Thanks
Tony

Anthony J Annino
+1.617.990.6545

---

**From:** Chris Romaine <chris@lmagrp.com>
**Sent:** Thursday, November 30, 2023 12:11 PM
**To:** Anthony J Annino <anthony.annino@gmail.com>; Jay Jackson <jay@abacuslife.com>
**Cc:** Bill McCauley <bill@abacuslife.com>; jshaw@bernsteinshur.com
**Subject:** RE: Updated LOI for RR

Tony,

Jay is tied up and asked me to follow up with you.

The general idea is that we are looking for revenue growth of ***5% per year*** measured at the end of three years. And because we understand that the revenue may be lumpy, we are agnostic as to which year the revenue is earned.

AS you point out, when compounded over 3 years, the target year 3 revenue is approximately 15% higher than the base year.

I've attached a spreadsheet with examples of 5% and 10% growth.

I'm happy to discuss, if helpful.

Best,

Chris Romaine (mobile: 904-742-8703)
General Counsel
321.635.2930 | chris@abacuslife.com | abacuslife.com | 2101 Park Center Drive, Orlando, FL 32835

---

**From:** Anthony J Annino <anthony.annino@gmail.com>
**Sent:** Friday, November 24, 2023 1:13 PM
**To:** Jay Jackson <jay@abacuslife.com>
**Cc:** Chris Romaine <chris@lmagrp.com>; Bill McCauley bill@abacuslife.com; jshaw@bernsteinshur.com
**Subject:** RE: Updated LOI for RR

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe, any questions please forward to IT. Thank You!

Jay

Thanks for this.

Can you just explain how the math in the example works? Growth rate comes out to significantly more than an annualized 15%.

Let me know if I'm missing something.

Tony

Anthony J Annino
+1.617.990.6545

---

**From:** Jay Jackson <jay@abacuslife.com>
**Sent:** Friday, November 24, 2023 9:47 AM
**To:** Anthony J Annino <anthony.annino@gmail.com>
**Cc:** Chris Romaine <chris@lmagrp.com>; Bill McCauley <bill@abacuslife.com>; jshaw@bernsteinshur.com

**Subject:** Updated LOI for RR

Hi Tony,

Attached is the updated LOI based on our last conversation. Please let me know if you have any feedback or if you want me to send an executable version.

All the best,

Jay

Jay Jackson
**President & CEO**

800.561.4148 | jay@abacuslife.com | abacuslife.com | 2101 Park Center Drive, Orlando, FL 32835

The information contained in this electronic mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be a client communication and/or work product which may contain proprietary information and as such is privileged and confidential. If the reader of this message is not the intended recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this message and any attachments hereto in error and that any review, dissemination, distribution, or copying of this message whole or in part is strictly prohibited and may subject you to civil and/or criminal penalties under state or federal law. If you have received this message in error, please notify the sender immediately by email, and delete the original message.

# EXHIBIT G

# Abacus Accidentally Posts Document on Potential RiverRock Deal




**The firm removes a document that detailed a potential acquisition and subsequently files a disclaimer and CEO Jay Jackson says it only was a financial model.**



**By Donna Horowitz**

December 05, 2023 09:05 AM

Abacus Life Inc. (ABL) published a document on its website about the acquisition of RiverRock Funds LLC, pulled it down and filed a disclaimer with the Securities and Exchange Commission.

The Orlando, Fla.-based life settlement provider posted a third-quarter board presentation dated Nov. 9 giving details about the acquisition of a competitor.

"It just was a financial model and not actual data," Abacus CEO Jay Jackson said, referring to the two pages of information in the middle of the document under the heading: "ABL Wealth Advisors — Acquisition of RiverRock Funds".

Jackson forwarded a link to a Form 8-K filed with the SEC on Nov. 20 that said the company had posted an updated investor deck on its website.

The "important notice to investors" by the company said the "disclaimed document" contained certain information that might be "inaccurate and preliminary."

Abacus didn't say in the filing that it was referring to the RiverRock information, which was obtained by The Life Settlements Report.

Abacus said in its updated filing that the "disclaimed document" entered the public domain about Nov. 14.

It didn't say when it removed the document or discovered its mistake. One industry source said it was up for about a day and a half before being removed.

The investors' note on the updated filing said it advises investors not to rely upon the disclaimed document or any information contained in it when making investment decisions to transact Abacus securities.

"The company notes that the disclaimed document and certain of the information contained therein, may be inaccurate and preliminary, was not intended to be publicly disclosed, and was not reviewed by the Company's auditors," Abacus said. "The company is providing this note to investors and third quarter 2023 investor presentation, which the company believes includes any material information from the disclaimed document, in order to better inform investors about the company."

The proposal about the RiverRock acquisition listed five bullet points describing advantages of such a purchase: $160 million in assets under management via two funds — seven-year closed-end fund structure; $5 million-plus acquisition price — $1.8 million 2023 gross revenue — $4.6 million 2023 gross costs; reduce gross costs to $755,000 in 2024 due to labor and infrastructure redundancies; 2024 estimated net revenue of $1.5 million (including transfer of servicing to Abacus) $1 million without transfer; and access to 100-plus new investors for Abacus funds.

Other costs in the "uses" category that includes payroll and rent totaled $4.7 million this year and dropped to $755,000 next year.

Under the valuation scenario, the net loss was about $2.9 million this year, which became net income of $967,177 in 2024 and ranged from $1 million to $1.8 million in succeeding years through 2031.

It isn't known if Abacus ever made an offer to purchase RiverRock, as Jackson declined comment. Jackson worked as a director of RiverRock from April 2009 to August 2015, according to his LinkedIn profile.

RiverRock chairman and owner Gabe Siegel, CEO Anthony Annino and COO Valerie Coffey didn't respond to calls and emails.

In addition to Siegel and the top two executives, RiverRock has 12 staff members, according to its web page.

RiverRock, which was founded in 2007, focuses on small-face policies ranging from $100,000 to $1 million in face value. The firm said it managed more than $220 million in assets four years ago when it put out a statement about its hiring of Annino. An October 2020 Form D notice for RRIF VII LP, the firm's seventh fund, said it had raised $44.7 million from 33 investors.

TAGS LIFE SETTLEMENTS INSURANCE FLORIDA TEXAS TRANSACTION EXCLUSIVE

COMPANIES MENTIONED

Abacus Life Inc.

PEOPLE MENTIONED

Jay Jackson

# EXHIBIT H

**From:** Anthony J. Annino <aannino@riverrockfunds.com>
**Sent:** Tuesday, December 5, 2023 1:52 PM
**To:** Jay Jackson <jay@abacuslife.com>
**Cc:** Gabriel Siegel <gsiegel@servicesteel.org>
**Subject:** Disclosure of RiverRock Confidential Information

Jay

As we have previously discussed, RiverRock learned that on or around November 14, 2023, Abacus posted a slide deck on its public-facing website which contained confidential information relating to RiverRock's assets, liabilities, and financial status. The slide deck also disclosed Abacus's potential acquisition of RiverRock and its plans post-acquisition. It goes without saying that the disclosed information is highly sensitive and confidential, and RiverRock kept it closely confidential. Obviously, this disclosure was a significant breach of the Confidentiality Agreement.

We understand that the slide deck has now been removed from Abacus's website. However, during the time it was posted, we know that multiple people accessed the materials. We also understand that the materials were circulated to others, both while the deck was posted and after it was taken down. Those who saw these materials include RiverRock employees, who did not know about the potential sale, as well as least one reporter, whose receipt of the information has led to publication of *Abacus Accidently Posts Document on Potential RiverRock Deal* by The Deal (https://pipeline.thedeal.com/article/0000018c-3620-d9d8-a3ec-befdcc600000/deal-news/life-settlements/abacus-accidentally-posts-document-on-potential-riverrock-deal).
We would ask that Abacus provide all information identifying the people (by IP address or other relevant identifiers) who accessed the slide deck while it was online. We also ask that Abacus preserve all documents and data relating to the slide deck, its publication, persons responsible, and any other disclosures of RiverRock's confidential information, using the broadest possible definitions of each of those terms.

We know you and your team have been working as tirelessly as we have toward finalizing a deal, and we hope that we are still on track to reach a definitive agreement and put this unfortunate incident behind us. However, we do not yet know the full impact of Abacus's disclosure of RiverRock's confidential information, so at this stage, we must reserve all of our legal rights.

Again, it is our sincerest hope that the parties can finalize a deal, and I look forward to continuing working with you to that end.

Tony

RIVERROCK

**Anthony J. Annino, CFA**
**Chief Executive Officer**

500 W. 2nd Street, Suite 1575
Austin, TX 78701
Email: aannino@riverockfunds.com
Phone: (713) 375-1304

# EXHIBIT I

**From:** Anthony Annino
**To:** Jay Jackson
**Cc:** Gabe Siegel
**Subject:** LOI
**Date:** Wednesday, December 13, 2023 1:48:06 PM

Jay

Since you breached our NDA and released our financials, RiverRock has experience material harm. Our Chief Underwriting Officer gave his notice and is leaving as of 12/31. In addition, we know that at least one other senior person at the firm has sent out their resume. In addition, our fundraising efforts have stalled given the disclosure and potential change in control / management of RiverRock.

I've been trying to contact you for multiple days. The last contact I received from your attorney was that your board needed to review the revised LOI, and the earliest we would hear back would be late this week. It's now Wednesday, and we haven't heard anything despite multiple attempts. RiverRock continues to experience material harm with each day that passes and no formal agreement with you.

Given the material harm to the business, we need a response to our latest LOI by the end of the today. I am available on my cell at any time.

Regards
Tony

Anthony J Annino
+1.617.990.6545

# EXHIBIT J

**From:** Jay Jackson <jay@abacuslife.com>
**Sent:** Friday, December 15, 2023 3:54 PM
**To:** Anthony J. Annino <aannino@riverrockfunds.com>
**Cc:** Chris Romaine <chris@lmagrp.com>
**Subject:** [EXTERNAL] - Response to LOI request

Tony,

As promised, I am now in a position to respond to your latest proposal with respect to the proposed sale of your Company. Unfortunately, there is not sufficient support among the various stakeholders here at Abacus to move forward with a transaction. While we have a positive view of your business and your leadership, the main countervailing factors include price, other strategic alternatives and allocation of existing and future capital.

To the extent that you think it would be beneficial to your business to communicate the above to your stakeholders, including investors, please feel free to do so.

Best regards,

Jay

Jay Jackson
CEO

800.561.4148 | jay@abacuslife.com | abacuslife.com | 2101 Park Center Drive, Orlando, FL 32835

ABACUS LIFE
KNOW THE VALUE OF YOUR LIFE
NASDAQ | ABL

The information contained in this electronic mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be a client communication and/or work product which may contain proprietary information and as such is privileged and confidential. If the reader of this message is not the intended recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this message and any attachments hereto in error and that any review, dissemination, distribution, or copying of this message whole or in part is strictly prohibited and may subject you to civil and/or criminal penalties under state or federal law. If you have received this message in error, please notify the sender immediately by email, and delete the original message.