**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

CASE NO.: 6:25-cv-00424

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,

_______________________________________ /

**UNOPPOSED MOTION TO SEAL**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), pursuant to Fed. R. Civ. P. 5.2(d) and M. D. Fla. Local Rule 1.11, hereby moves on an unopposed basis for leave to file under seal portions of RiverRock's Proposed Amended Complaint, which is attached as Exhibit 1 to its Unopposed Motion for Leave to Amend Complaint.

RiverRock and Abacus have both previously sought and obtained approval from this Court to seal certain "Confidential Information," as defined in the Confidentiality Agreement, the terms of which are also confidential. *See* ECF Nos. 2 (RiverRock's Motion to Seal), 10 (Order Granting RiverRock's Motion to Seal), 14 (Abacus' Unopposed Motion to seal), and 19 (Order Granting Abacus' Motion to

Seal). The information RiverRock moves to seal includes information that has already been sealed pursuant to ECF Nos. 2, 10, 14, and 19. This Confidential Information includes certain portions of the Proposed Amended Complaint and the Confidentiality Agreement itself. RiverRock attaches hereto as **Exhibit 1** a fully unredacted version of the Proposed Amended Complaint. *See* Local Rule 1.11(b)(8). RiverRock also attaches as **Exhibit 2**, the Confidentiality Agreement, which is Exhibit A to the Proposed Amended Complaint.

In accordance with Local Rule 1.11(b), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal, and legal authority supporting sealing. *See* M.D. Fla. L.R. 1.11(b). For the reasons stated below, RiverRock respectfully requests that its motion to seal be granted. In support, RiverRock states:

## BACKGROUND

On September 5, 2023, RiverRock and Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus") entered into a Confidentiality Agreement (the "Confidentiality Agreement"). Abacus materially breached the Agreement by publicly posting RiverRock's highly sensitive, confidential and proprietary information that it was bound to protect into the public forum on its public investor website.

On March 11, 2025, RiverRock filed the Complaint, alleging one count for breach of the Confidentiality Agreement. The Complaint sought to attach 10 exhibits,

seven of which RiverRock requested be placed under seal: one such exhibit is the Confidentiality Agreement itself, which terms require that it be kept confidential.[1]

On June 8, 2026, RiverRock filed its Unopposed Motion for Leave to Amend Complaint. RiverRock attached its Proposed Amended Complaint and Exhibits as Exhibit 1 to that motion. Like the Complaint, the Proposed Amended Complaint contains "Confidential Information" as that term is defined by the Confidentiality Agreement, both in the allegations of the Proposed Amended Complaint and the Confidentiality Agreement itself.

RiverRock has redacted several allegations in the Proposed Amended Complaint which either (a) directly quote or refer to the content of the Confidentiality Agreement, or (b) otherwise contain "Confidential Information," which the Confidentiality Agreement prevents the parties from disclosing. *See, e.g.*, Proposed Am. Compl. ¶¶ 9, 11, 18-22, 34, 71-72, 74. Accordingly, the Court should enter an order permitting RiverRock to file the Confidentiality Agreement under seal and redact Confidential Information from the Proposed Amended Complaint.

---

[1] Upon further inspection, the remaining exhibits to the Complaint which were previously filed under seal are emails, which discuss the potential acquisition between Abacus and RiverRock. These emails were confidential at the time because the potential transaction was confidential. However, given the breach of the Confidentiality Agreement, the public posting on Abacus' website announcing the potential acquisition, and publication in the Deal regarding same, the fact that there was going to be a potential acquisition is in the public record and it is no longer confidential such that it needs to be filed under seal.

## MEMORANDUM OF LAW

### I. Legal Standard

Local Rule 1.11(b) permits parties to request leave from the Court to seal a docketed item. A motion to seal must:

> (2) describe the item; (3) establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) include a legal memorandum; (5) propose a duration for the seal; (6) state the name and contact information of the person authorized to retrieve a sealed, tangible item; (7) certify, the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and, (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

"While the Eleventh Circuit recognizes a 'presumptive common law right to inspect and copy judicial records,' a party may overcome the public's right to access by demonstrating good cause." *Advanced Magnet Lab, Inc. v. Meinke*, 6:20-CV-712-ORL-37EJK, 2020 WL 13199850, at *1 (M.D. Fla. June 22, 2020) (quoting *United States v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985)). "If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential." *Id.* In making such determination, courts consider the following:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to

> respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

Courts routinely find that "a company's interest in . . . the terms of confidential agreements often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Spr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 10-cv-891, 2010 WL 6790538 at *2 (M.D. Fla. Oct. 28, 2010)); *see also MEDAI, Inc. v. Quantros, Inc.*, No. 12-cv-840, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (permitting parties to file product licensing agreement under seal when the terms of the agreement expressly provided that it was to remain confidential and the parties had complied with the local rules and established good cause for sealing the agreement); *Trailer Bridge, Inc. v. PCS Nitrogen*, No. 09-cv-675, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009) (allowing plaintiff to file under seal a contract that included a confidentiality clause, finding that the plaintiff had complied with local rules and that there was a compelling interest in protecting the information). This is particularly true where the agreement "does not relate to 'public officials or public concerns.'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (internal quotations and citations omitted).

## II. <u>Compliance with Local Rule 1.11(b)</u>

a. The Confidentiality Agreement

The Confidentiality Agreement, referenced in the Proposed Amended Complaint as Exhibit A and attached hereto as **Exhibit 2**, forms the entire basis of RiverRock's breach of contract claim against Abacus. Thus, it is necessary for RiverRock to include the Confidentiality Agreement as an exhibit and quote its contents in the Proposed Amended Complaint. *See* Local Rule 1.11(b)(3)(A); *see, e.g.* Proposed Am. Compl. ¶¶ 9, 11, 18-22, 34, 71-72, 74 (alleging key provisions of the Agreement and that Abacus breached those provisions). Indeed, including these provisions in the Proposed Amended Complaint is essential for RiverRock to state a cause of action for breach of contract.

Moreover, sealing the Confidentiality Agreement in its entirety is necessary and appropriate. *See* Local Rule 1.11(b)(3)(B). The Confidentiality Agreement requires that its terms and conditions be kept confidential. Thus, RiverRock could arguably be in breach of the Confidentiality Agreement if it filed the Confidentiality Agreement outside of the protections of a seal or disclose its contents without redaction.

Finally, the only way to keep the Confidentiality Agreement confidential, while also allowing the Court to review it, is to file it under seal in its entirety, as the entire Confidentiality Agreement would need to be redacted. *See id.* at 1.11(b)(3)(C). The Confidentiality Agreement's broad definition of "Confidential Information" prohibits RiverRock from publicly disclosing *any* of the Confidentiality Agreement's terms or conditions.

b. Proposed Duration for Seal

RiverRock requests that the Confidentiality Agreement be sealed and the Proposed Amended Complaint remain redacted until the conclusion of this action, including any appeals. *See* Local Rule 1.11(b)(5).

c. Remaining Rule 1.11(b) Requirements

RiverRock certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). RiverRock further certifies that it will serve on Abacus an unredacted version of the Proposed Amended Complaint and all the exhibits attached thereto without any sealing. Finally, the name, mailing address, email address, and telephone number of the person authorized to retrieve the Confidential Exhibit is undersigned counsel for RiverRock. *See id.* at 1.11(b)(6).

Considering the foregoing, RiverRock has met the requirements of Local Rule 1.11 such that sealing the exhibits attached hereto is justified.

## III. Good Cause and Balancing of Interests

The Confidentiality Agreement, which forms the entire basis of RiverRock's breach of contract claim against Abacus, requires that its terms and conditions be kept confidential. Certainly then, good cause exists to seal both the Confidentiality Agreement and allegations that contain "Confidential Information". *See, e.g.*, *MEDAI, Inc.*, 2012 WL 2512007 at *2 (concluding good cause existed to seal parties' contract where contract expressly stated that it was to remain confidential); *DeCurtis LLC*, 2020 WL 6827996 at *2 (same); *Trailer Bridge, Inc.*, 2009 WL 2231704, at *1 (same).

Moreover, the relevant interests to be balanced all weigh in favor of sealing the Confidential Exhibits and redacting the Complaint. *See DeCurtis LLC*, 2020 WL 6827996, at *2.

The likelihood of injury to the parties if the Confidentiality Agreement is placed into the public domain is great. Filing it under seal and redacting quotes and references to it in the Proposed Amended Complaint would both prevent the unnecessary exposure of Confidential Information and ensure that RiverRock continues to comply with its obligations under the Confidentiality Agreement. The Confidentiality Agreement does not relate to "public officials or public concerns," such that RiverRock's interest here outweighs the public interest in the underlying material. *See id.* For the foregoing reasons, the balance of the interests favors filing the Confidentiality Agreement under seal and redacting relevant portions of the Proposed Amended Complaint.

WHEREFORE, RiverRock respectfully requests that the Court enter an order (a) permitting RiverRock to file the Confidentiality Agreement attached hereto as **Exhibit 2** (referenced in the Proposed Amended Complaint as Exhibit A) under seal, (b) permitting RiverRock to redact allegations in the Proposed Amended Complaint attached hereto as **Exhibit 1** (attached to the Unopposed Motion for Leave to File Amended Complaint as Exhibit 1) that contain "Confidential Information" as defined by the Confidentiality Agreement, (c) permitting the Proposed First Amended Complaint and Confidentiality Agreement attached thereto to remain sealed and/or redacted through conclusion of this action, including any appeals, (d) if the Court

grants RiverRock's Unopposed Motion for Leave to file Amended Complaint, allowing RiverRock to file the First Amended Complaint redacted as set forth herein with the Confidentiality Agreement under seal without the need to file an additional motion, and (e) granting any other relief the Court deems just and proper.

**Local Rule 3.01(g) Certification**

Prior to filing this motion, counsel for Plaintiff met and conferred with Defendant's counsel on the substance of this motion, and Defendant's counsel has indicated that it does not oppose this motion..

Dated: June 8, 2026.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ Jennifer Junger*
A. Sheila Oretsky, Esq.
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
MIAlitdock@gtlaw.com
JENNIFER JUNGER
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of June, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *<u>/s/ Jennifer Junger</u>*
Jennifer Junger, Esq.