# EXHIBIT A

| | |
|---|---|
| **From:** | jungerj@gtlaw.com |
| **Sent:** | Wednesday, May 13, 2026 4:04 PM |
| **To:** | Alex Zuckerman; Sheila.Oretsky@gtlaw.com |
| **Cc:** | Kathleen Messinger; Joshua Hall; Rebecca Jin; Raquel.Acuna@gtlaw.com |
| **Subject:** | RE: Renegade Capital GP LLC v. Abacus Life, Inc |
| **Attachments:** | Extended Search Report (original terms_custodians)(723978142.1).xlsx; Extended Search Report - new terms on potential acquisitions(723978928.1).xlsx |

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

Alex,

My response to your letter is below. Your allegations that we are not complying with discovery is unfounded. See attached for Extended Search Report (original terms/custodians). We have reviewed over 50k documents. You are continuing to demand more documents from more custodians and it is not proportional to the needs of the case and it is bordering on harassing.

The Court did not give an April 30 deadline and the volume of documents you seek is extensive. I am working on going through this within reason and in accordance with what is relevant and proportional.

RFP 3: To the extent it is within our reasonable possession, custody and control, it will be produced. Like I stated at the hearing, I do not believe that information was ever within our possession, custody or control.

RFP 5-6: This list is incredibly overbroad and far reaching. You have already received our financials. What is the basis for your expert needing each of these categories? Have you reviewed our production to even determine what is missing?  I never said that we "no longer possess" documents. I said that the valuation was created by Anthony Annino so only he knows what he relied on in preparing the valuation.

RFP 33: I responded to this under separate cover.  See attached for the hit report on the new terms you asked us to run for the potential acquisitions. In addition to the documents we have already produced, this is extensive and not proportional. Please revise the terms.

Custodians:

- We never had an agreement on which custodians to run. You never specified who you wanted run. We selected the custodians that we believed would have the most responsive and relevant documents. We searched RiverRock's internal shared drive and individually searched for Gabe Siegel, Amy Springs, Anthony Annino, Hugh Tawney and Jill Naponic. The suggestion that we haven't complied with our discovery obligations is completely false. The attached hit report shows how many documents we have searched for and reviewed. We have been compliant. I am unaware of any rule that requires we search every inbox of every employee. Lucas Siegel has never been employed by RiverRock nor has he ever possessed a riverrock email address.

- You served a subpoena upon Denny Mathew. As I stated in earlier correspondence, Mr. Mathew does not have documents in his personal possession, custody or control. **We will search his inbox if you provide reasonable search terms**. The terms you have generated an additional 10,091 documents. This is unreasonable and unfeasible with our time limitations.

- Your representations regarding Anthony Annino are misleading and incorrect. Everything that RiverRock could have preserved has been preserved. RiverRock does not have possession, custody or control over Mr. Annino's personal laptop and/or gmail. This is not a preservation issue.

- The documents you reference that belong to custodians without the custodian present are drafts.

Text Messages:

- Our production is not complete, we will be producing relevant text messages to the extent that they are within our reasonable possession, custody and control.

Native Documents:

- Everything has been produced in its native form as it was received and reviewed. I did not convert any documents. If you have an example, please send it. Otherwise, I dispute this allegation and cannot even identify what you are referring to.

Missing Documents:

- Does the email you reference here actually have an attachment? If so, I will look into why it wasn't produced. We are still completing our privilege review and we are redacting where documents are partially privileged. In these instances, you may have received the responsive portion of a family but another portion is still being reviewed for privilege. This is most likely why some emails appear to be missing parts of the family. Once the review is complete, please advise if this is still an issue.

Your production is also missing text messages, when do you intend to produce those? Further, our review of your production yields that we are still missing

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)

Your response that you simply disagree with our contention is not sufficient when we are plainly missing the documents. Please advise (a) if your production is complete and (b) for each request above, if any documents exist and what search terms you used to look for documents.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Saturday, April 25, 2026 1:17 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Subject:** Renegade Capital GP LLC v. Abacus Life, Inc

***EXTERNAL TO GT***

Jennifer,

Please see the attached correspondence concerning the April 15 hearing and Riverrock's productions to date. Regarding the mediation date, July 15 is acceptable. But we will only agree to attend provided that the discovery issues covered in the letter have been resolved, so that both sides have the benefit of a full record. We therefore await your prompt response.

Best,
Alex

**Alex Zuckerman**
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
202-270-3474 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
alexzuckerman@quinnemanuel.com
www.quinnemanuel.com
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.