# EXHIBIT C

in her email. And not only did it go to everyone at RiverRock, it went to anyone that receives *The Deal* out in the public forum, posted forever.

So this is now creating issues with our own employees who are looking for other jobs because they know that their -- the company is going to be sold. This is creating issues with our investors who have fear now that they don't know who the leadership will be. Caused mass, mass panic.

So the insinuation that Abacus doesn't know what confidential information was posted is completely false. It's all right here.

Now, where the data room issue gets -- gets brought up is that, yes, we had a data room. Information was in the data room. It was prepared by Anthony Annino, who no longer works at our company, on his Gmail. I can only insinuate that he did it on his Gmail because it was a secret, and if he was saving things to the company's server, people would find out. I don't know that information, but that's -- that's my best guess.

Anthony Annino has left, and the former GC, before she left, reached out to him on numerous occasions to send us everything that he discussed with Jay Jackson via Gmail. He sent us some things. We have some of the documents in the data room, but we don't know with full certainty that he sent us everything. We have sent him a litigation hold, and we have

told opposing counsel that if they'd like to get the information from Mr. Annino, they can, but he is not part of our company anymore.

So when they make the statement that RiverRock did not preserve, that's not true. RiverRock had no authority to preserve Anthony Annino's personal Gmail account. That's not under RiverRock's possession, custody, or control; and they're more than welcome to subpoena him and get it from him.

But what's in the data room is not -- or what's in the data room is confidential because it discusses our funds and our business. But this is what was posted, and we know that this was circulated -- "this," being the valuation chart, was circulated via email from Anthony Annino.

May I approach again?

**THE COURT**: You can hand it to Ms. Reyes here in the front.

**MS. JUNGER**: This was circulated via email from Anthony Annino to Jay Jackson. And you'll see the chart attached to it is the chart that was lifted and pulled into the board deck, which then made its way onto the website, which then made its way into *The Deal* article, which was then sent to anyone that reads *The Deal*.

So they're trying to take a simple liability case and, you know, make it hurt for us through discovery by forcing us to piece together a data room which was never under our

control and which is not relevant to proving the breach. We proved the breach by showing that they posted acquisition of RiverRock funds on their website. We proved the breach by showing this valuation chart, which includes highly sensitive confidential information about our projections, our management fees, our rent, our payroll, our accounting.

All of this is highly sensitive information, and this did not come from the data room. This came from that email. So there's no reason to have us figure out technically who accessed, who didn't. And that's not even something that I could do because, like defendant stated, it was on Anthony Annino's personal G drive.

So we don't think that that request is proportional or narrowly tailored to meet the needs of this case when we are specifically telling them, "This is what was confidential. This is what was posted. That is how you breached." Of course, you know, we'll have plenty of time to fight over damages, but the liability of posting this was admitted both in the sworn interrogatories and on the Form 8K that Abacus had to file as a publicly traded company admitting to the world that they should not have posted the board deck.

**THE COURT**: I'm just scrolling through the complaint here.

Okay. So then your position is that the entire breach that you're alleging -- it constitutes really just these