**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 6:25-cv-00424-CEM-NWH |

**UNOPPOSED MOTION TO SEAL**

Pursuant to FED. R. CIV. P. 5.2(d) and Local Rule 1.11, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant"), respectfully moves on an unopposed basis for leave to file under seal portions of Defendant's Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Amended Answer"). Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff") previously sought and obtained approval from this Court to seal certain "Confidential Information," as defined in the Confidentiality Agreement, in their court submissions. *See* ECF Nos. 2 & 75 (Plaintiff's Motions to Seal), ECF Nos. 10 & 77 (orders granting Plaintiff's Motions to Seal). The information that Abacus moves to seal includes information that has already been sealed, pursuant to Plaintiff's Motions to Seal. Defendant attaches

hereto as **Exhibit 1** a fully unredacted version of the Amended Answer. *See* M.D. Fla. L.R. 1.11(b)(8). In accordance with Local Rule 1.11(b), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal, and legal authority supporting sealing. *See* M.D. Fla. L.R. 1.11(b). Abacus has conferred with counsel for Plaintiff, who have confirmed that they do not oppose the relief requested herein. For the reasons stated below, Abacus respectfully requests that its motion to seal be granted.

## MEMORANDUM OF LAW

Although the public has a common law right of access to inspect and copy judicial records, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1246 (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). Courts in the Eleventh Circuit often find that "a company's interest in . . . the terms of confidential agreements . . . often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-

891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010)). This is especially the case where the confidentiality agreement "does not relate to 'public officials or public concerns . . . .'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (internal citations omitted); *see also 3B Med., Inc. v. Resmed Corp.*, 2016 WL 9527961, at *2 (M.D. Fla. Jan. 21, 2016) (holding that a private company's "interest in keeping private both the specific [contract] terms and the summary of the [contract] terms outweighs the public's interest in the business dealings of . . . a private company").

These principles require that the Court seal portions of Abacus's Amended Answer detailing the Confidentiality Agreement, and the information identified as confidential under the Confidentiality Agreement. As this Court has already acknowledged, sealing information related to the Confidentiality Agreement is necessary, because it contains non-public and sensitive contract terms between Abacus and RiverRock. *See* Dkt. 10 (Order Granting Plaintiff's Motion to Seal). *See, e.g.*, *MEDAI, Inc. v. Quantros, Inc.*, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (finding good cause to seal a contract, where the contract stated it was confidential because "[t]he likelihood of injury to the parties if the Agreement is placed into the public domain is great, and filing it under seal would protect their confidential information from unnecessary exposure to their competitors").

Abacus requests that the Amended Answer remain redacted in perpetuity. *See* Local Rule 1.11(b)(5). Abacus certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). Abacus further certifies that it will serve on Plaintiff an unredacted version of the

Amended Answer. Lastly, the name, mailing address, email address, and telephone number of the person authorized to retrieve the Amended Answer is undersigned counsel for Abacus. *See id.* at 1.11(b)(6).

For these reasons, Abacus respectfully requests that the Court enter an order: (a) permitting Defendants to file under seal the unredacted version of the Answer attached hereto as **Exhibit 1**; (b) permitting the unredacted version of the Answer to remain sealed in perpetuity; and (c) granting any other relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that Defendant's counsel's conferred with Plaintiff who advised that Plaintiff does not oppose Defendant's request for relief set forth herein.

DATED: July 9, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2026, a true and correct copy of the foregoing document, including Exhibit 1, was served via electronic mail on the following counsel of record:

Sheila Oretsky, Esq.
Jennifer Junger, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131
sheila.oretsky@gtlaw.com
jungerj@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC*

*/s/ Alex Zuckerman*
Alex Zuckerman