UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,

CASE NO.: 6:25-cv-00424

**JURY TRIAL DEMANDED**

**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant"), by and through its undersigned counsel, responds to the Amended Complaint filed by Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC's ("RiverRock" or "Plaintiff") on June 18, 2026, in the above-captioned action as follows. ECF No. 79. Unless expressly admitted, Defendant denies all allegations in the Amended Complaint, including any allegations in section headings. Except when otherwise noted, capitalized terms shall have the meanings ascribed to them in the Amended Complaint and those terms and the headers in the Amended Complaint are repeated herein for ease of reference, and is not an acknowledgment or admission of any characterization Plaintiff seeks to associate with any such defined term. Defendant reserves the right to amend and/or supplement its Amended Answer:

## INTRODUCTION

1. Defendant denies the allegations in Paragraph 1, except that Defendant admits it executed a Confidentiality Agreement with RiverRock on September 5, 2023.

2. Defendant denies the allegations in the first and second sentences of Paragraph 2. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 2, and on that basis denies them.

3. Defendant denies the allegations in Paragraph 3. To the extent the allegations in Paragraph 3 constitute a legal conclusion, no response is required.

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4, and on that basis denies them.

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5, and on that basis denies them. To the extent the allegations in Paragraph 5 constitute a legal conclusion, no response is required.

## PARTIES, JURISDICTION, AND VENUE

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6, and on that basis denies them.

7. Defendant admits that Abacus is incorporated in Delaware, and that its principal place of business is 333 S. Garland Ave, Suite 1500, Orlando, Florida 32801.

8. The allegations in the first sentence of Paragraph 8 constitute a legal conclusion to which no response is required. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 8, except that Defendant admits Abacus is a citizen of Florida and

Delaware.

9. The allegations in Paragraph 9 constitute a legal conclusion to which no response is required. Paragraph 9 purports to describe the Confidentiality Agreement, and Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

10. The allegations in Paragraph 10 constitute a legal conclusion to which no response is required.

11. The allegations in Paragraph 11 constitute a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

### A. The Business Relationship of the Parties

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and on that basis denies them.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13, and on that basis denies them.

14. Defendant denies the allegations in the first sentence of Paragraph 14. Defendant admits that it is a publicly traded company on the Nasdaq Exchange.

15. Defendant admits that Plaintiff provided Defendant with certain documents. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16, and on that basis denies them.

**B. <u>The Confidentiality Agreement</u>**

17. Defendant admits that the Parties executed a Confidentiality Agreement on September 5, 2023.

18. Paragraph 18 purports to describe the Confidentiality Agreement attached as Exhibit A to Plaintiff's Amended Complaint. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

19. Paragraph 19 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

20. Paragraph 20 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the

Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

21. Paragraph 21 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

22. Paragraph 22 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

23. The allegations in Paragraph 23 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

**C. <u>The Data Room</u>**

24. Defendant admits that Plaintiff established a data room. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 24, and on that basis denies them.

25. Defendant lacks knowledge or information sufficient to admit or deny

the remaining allegations in Paragraph 25, and on that basis denies them.

26. Defendant admits Jackson had access to the data room. Defendant denies the remaining allegations in Paragraph 26.

**D. <u>Letter of Intent and Abacus' Continued Interest in Acquiring RiverRock</u>**

27. Paragraph 27 purports to describe October 14, 2023, correspondence between Jackson and Annino attached as Exhibit B to Plaintiff's Amended Complaint. Defendant respectfully refers the Court to Exhibit B for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit B, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit B.

28. Paragraph 28 purports to describe November 5, 2023, correspondence between Jackson and Annino attached as Exhibit C to Plaintiff's Amended Complaint. Defendant respectfully refers the Court to Exhibit C for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit C, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit C.

29. Paragraph 29 purports to describe November 5, 2023, correspondence between Jackson and Annino attached as Exhibit C to Plaintiff's Amended Complaint. Defendant respectfully refers the Court to Exhibit C for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit C, and any factual

inferences or legal conclusions made by Plaintiff based on Exhibit C.

30. Defendant admits the allegations in Paragraph 30.

31. Defendant admits that a board deck was prepared in advance of a board meeting on or around November 9, 2023. Paragraph 31 purports to describe the "Board Deck." Defendant respectfully refers the Court to the Board Deck for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Board Deck, and any factual inferences or legal conclusions made by Plaintiff based on the Board Deck. Defendant denies the remaining allegations in Paragraph 31.

32. Defendant admits that a board deck was prepared in advance of a board meeting on or around November 9, 2023. Paragraph 32 purports to describe the "Board Deck." Defendant respectfully refers the Court to the Board Deck for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Board Deck, and any factual inferences or legal conclusions made by Plaintiff based on the Board Deck. Defendant denies the remaining allegations in Paragraph 32.

33. Defendant admits that after a board meeting, [redacted]. Defendant admits that on November 11, 2023, Jay Jackson invited Anthony Annino to join the third quarter earnings call. Defendant denies the remaining allegations in Paragraph 33.

**E. <u>Abacus Breaches the Confidentiality Agreement</u>**

34. Defendant denies the allegations in Paragraph 34. To the extent

Paragraph 34 purports to describe the Confidentiality Agreement, Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in the first sentence of Paragraph 36. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 36. Defendant respectfully refers the Court to the Board Deck for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Board Deck, and any factual inferences or legal conclusions made by Plaintiff based on the Board Deck. Defendant denies the remaining allegations in Paragraph 36.

37. Defendant respectfully refers the Court to the Board Deck for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Board Deck, and any factual inferences or legal conclusions made by Plaintiff based on the Board Deck. To the extent the allegations in Paragraph 37 constitute a legal conclusion, no response is required. Defendant denies the remaining allegations in Paragraph 37.

38. Defendant admits that it filed a Form 8-K with the U.S. Securities and

Exchange Commission on November 20, 2023 ("Form 8-K"). To the extent Paragraph 38 purports to describe the Form 8-K, Defendant respectfully refers the Court to the Form 8-K for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Form 8-K, and any factual inferences or legal conclusions made by Plaintiff based on the Form 8-K. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant denies the allegation in Paragraph 39. To the extent the allegation in Paragraph 39 constitutes a legal conclusion, no response is required.

40. Defendant denies the allegations in the first sentence of Paragraph 40. [redacted]. To the extent Paragraph 40 purports to describe November 24, 2023, correspondence attached as Exhibit F to Plaintiff's Amended Complaint, Defendant respectfully refers the Court to Exhibit F for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit F, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit F.

41. Defendant denies the allegations in Paragraph 41. To the extent the allegations in Paragraph 41 constitute a legal conclusion, no response is required.

42. Defendant admits that it is a publicly traded company. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42, and on that basis denies them. To the extent the allegations in Paragraph 42 constitute

a legal conclusion, no response is required.

43. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43, and on that basis denies them.

44. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44, and on that basis denies them.

45. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45, and on that basis denies them.

46. Defendant admits that Jackson received correspondence from Annino on December 1, 2023. Defendant denies the remaining allegations in Paragraph 46. To the extent the allegations in Paragraph 46 constitute a legal conclusion, no response is required.

47. Defendant denies the allegations in the first sentence of Paragraph 47. To the extent Paragraph 47 purports to describe the December 1, 2023, correspondence from Jackson to Annino attached as Exhibit F to Plaintiff's Amended Complaint, Defendant respectfully refers the Court to Exhibit F for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit F, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit F. To the extent the allegations in Paragraph 47 constitute a legal conclusion, no response is required.

48. Defendant admits that an article with the aforementioned title was published by The Deal on December 5, 2023. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 48, and

on that basis denies them.

49. Defendant denies the allegations in the first sentence of Paragraph 49. The remaining allegations in Paragraph 49 purport to describe an article attached as Exhibit G to Plaintiff's Amended Complaint. Defendant respectfully refers the Court to Exhibit G for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit G, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit G.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51, and on that basis denies them.

52. Defendant denies the allegations in the first sentence of Paragraph 52. The rest of Paragraph 52 purports to describe December 5, 2023, correspondence between Annino and Jackson attached as Exhibit H to Plaintiff's Amended Complaint Defendant respectfully refers the Court to Exhibit H for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit H, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit H.

53. Defendant denies the allegation in Paragraph 53.

**F. <u>The Aftermath of the Breach</u>**

54. Defendant denies the allegation in Paragraph 54.

55. Defendant lacks knowledge or information sufficient to admit or deny

the allegations in Paragraph 55, and on that basis denies them.

56. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56, and on that basis denies them.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58, and on that basis denies them.

59. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59, and on that basis denies them. To the extent the allegations in Paragraph 59 constitute a legal conclusion, no response is required.

60. Paragraph 60 purports to describe December 13, 2023, correspondence between Annino and Jackson attached as Exhibit I to Plaintiff's Amended Complaint. Defendant respectfully refers the Court to Exhibit I for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit I, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit I.

61. Paragraph 61 purports to describe December 15, 2023, correspondence between Annino and Jackson attached as Exhibit J to Plaintiff's Amended Complaint. Defendant respectfully refers the Court to Exhibit J for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of Exhibit J, and any factual inferences or legal conclusions made by Plaintiff based on Exhibit J.

62. Defendant denies the allegations in Paragraph 62. To the extent the

allegations in Paragraph 62 constitute a legal conclusion, no response is required.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64, and on that basis denies them.

65. The allegations in Paragraph 65 constitute a legal conclusion to which no response is required.

**COUNT I**
**BREACH OF CONTRACT**

66. To the extent a response is required to Paragraph 66, Defendant incorporates its responses to Paragraphs 1-65 as if fully set forth herein.

67. The allegations in Paragraph 67 constitute a legal conclusion to which no response is required.

68. Defendant admits it executed the Confidentiality Agreement with RiverRock on or about September 5, 2023. The remaining allegation in Paragraph 68 constitutes a legal conclusion to which no response is required.

69. The allegations in Paragraph 69 constitute a legal conclusion to which no response is required.

70. Defendant denies the allegations in Paragraph 70. To the extent the allegations in Paragraph 70 constitute a legal conclusion, no response is required.

71. Paragraph 71 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith.

Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement.

72. Paragraph 72 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement. Defendant denies the remaining allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Paragraph 74 purports to describe the Confidentiality Agreement. Defendant respectfully refers the Court to the Confidentiality Agreement for its complete and accurate contents, and denies any allegations inconsistent therewith. Defendant denies any paraphrasing, summarizing, or characterization of the Confidentiality Agreement, and any factual inferences or legal conclusions made by Plaintiff based on the Confidentiality Agreement. Defendant denies the remaining allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75. To the extent the allegations in Paragraph 75 constitute a legal conclusion, no response is required.

Defendant denies any and all allegations set forth in the WHEREFORE

Paragraph on page 20 (following Paragraph 75) of the Amended Complaint and specifically denies that Plaintiff is entitled to any relief whatsoever against Defendant.

**AFFIRMATIVE DEFENSES**

As separate defenses to the Amended Complaint, and without assuming the burden of proof on matters as to which it has no such burden, Defendant states as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State Claim)**

The claims asserted against Defendant fail to allege facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Speculative Damages)**

This action is barred, in whole or in part, because Plaintiff's damages, if any, are speculative and thus not recoverable.

**THIRD AFFIRMATIVE DEFENSE**
**(No Damages)**

This action is barred, in whole or in part, because Plaintiff has no compensable damages.

**FOURTH AFFIRMATIVE DEFENSE**
**(Superseding or Intervening Events)**

This action is barred, in whole or in part, to the extent there are intervening and superseding events that caused some or all of the alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure To Mitigate)**

This action is barred, in whole or in part, [redacted]

[redacted].

**SIXTH AFFIRMATIVE DEFENSE**
**(Laches)**

This action is barred, in whole or in part, by the doctrine of laches, [redacted].

**RESERVATION OF RIGHTS**

Defendant is still investigating this matter and reserves the right to amend this Answer or to assert additional affirmative defenses and/or counterclaims as this action proceeds. Based upon all the foregoing, as well as other grounds, Defendant denies any wrongdoing, denies that it is liable to Plaintiff and denies that Plaintiff are entitled to any relief.

**PRAYER**

WHEREFORE, Defendant respectfully requests that the Court:

A. Enter judgment in Defendant's favor.

B. Award Defendant its reasonable costs and disbursements, including attorneys' fees, related to this dispute.

C. Grant Defendant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all the issues that are so triable.

DATED: July 9, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

*Attorneys for Defendant Abacus Global Management, Inc.*