# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiffs,

v. Case No. 6:25-cv-00424-CEM-UAM

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendants.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Defendant") produce the following within thirty (30) days of service and in the manner provided by the Federal Rules of Civil Procedure.

## DEFINITIONS[1]

A. "Abacus," "Defendant," "You," or "Your" refers to Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc., and any other individual or entity

[1] When the defined terms are used within requests, they have the meaning defined herein whether the term is capitalized or not.

affiliated with Defendant, employed by Defendant, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

B. "All" includes and encompasses "any" and "each."

C. "And" and "or" shall be read in the conjunctive or disjunctive in a manner to provide the broadest scope of an interrogatory.

D. "Anthony Annino" or "Annino" refers to the individual who was Chief Executive Officer of RiverRock.

E. "Business Records" refers to any and all of the documents that RiverRock shared with Abacus in contemplation of the potential RiverRock Acquisition.

F. "Communication" shall mean and include any written, oral, telephonic, electronic or other inquiry, representation, discussion, conversation, negotiation, agreement, understanding, meeting, letter, note, text message, whatsapp message, imessage, messaging through any app platform, telegraph, telex, fax, computer transmission, e-mail, blog post, tweet, instant message, voicemail, social media post, chat, video, advertisement or interview and any document relating to such communication.

G. "Complaint" refers to the operative Complaint in the Lawsuit.

H. "Confidentiality Agreement" refers to the Confidentiality Agreement entered between RiverRock and Abacus on September 5, 2023, which is attached to the Complaint as **Exhibit A**.[2]

I. "Document" and "Documents" shall be defined to the broadest extent permitted by Federal Rule of Civil Procedure 34(a)(1) and mean, without limitation, originals, drafts, or exact duplicates of any written, or graphic matter, however produced or reproduced, of any thought, expression, kind or description, and all tangible things from which information can be transcribed, including without limitation all written, graphic, or otherwise recorded material, however produced or stored, including, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, drafts, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or

[2] Any capitalized terms not defined here have the same meaning as defined within the Confidentiality Agreement.

otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The term specifically includes information stored in a computer database and capable of being generated in documentary form, such as report, spreadsheet, or electronic mail. The term encompasses the term Communication to the extent the transmission was recorded in any way. "Document" also includes all Electronically Stored Information ("ESI") as defined herein.

J. "Electronically Stored Information" or "ESI," as used herein, shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically Stored Information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically Stored Information includes any and all items stored on

computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically Stored Information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

K. "Include" and "Including" means including without limitation.

L. "Jay Jackson" or "Jackson" refers to the Chief Executive Officer of Abacus.

M. "Lawsuit" refers to the instant action.

N. "Plaintiff" or "RiverRock" refers to Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC and any other individual or entity affiliated with Plaintiff, employed by Plaintiff, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

O. "PowerPoint Presentation" or "Board Deck" refers to the presentation presented at the Abacus board of directors meeting occurring on or around November 9, 2023, which included information regarding the potential RiverRock Acquisition.

P. "Reflecting" means constituting or in any way concerning, representing or referring to.

Q. "Relating to" and "Relate to" mean reflecting, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

R. "RiverRock Acquisition" means the potential acquisition between RiverRock and Abacus.

S. "Supporting" means evidencing, exhibiting, proving, substantiating, showing, or demonstrating.

## INSTRUCTIONS

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing, and to the extent that the responses may be enlarged, diminished or otherwise modified by information required or discovered by you after service of your responses, you are requested to promptly serve supplemental responses immediately upon acquiring or discovering such information. Such supplemental responses shall include the dates and manner in which the additional information became known to you.

2. These Requests are directed to documents and things in your possession, custody or control as provided in Rule 34 of the Federal Rules of Civil Procedure. If any of the requested documents or things are not in your possession, custody or control, but you know or believe them to be in the possession, custody or control of another person, business organization or entity, identify that person, business organization or entity.

3. All documents produced pursuant to these Requests are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the original item produced) to correspond with the categories of each numbered request to which they are responsive.

4. In answering these Requests, all language should be given its plain meaning and kept in context, and the singular shall be read as including the plural and the plural shall be read as including the singular where appropriate.

5. To the extent that you consider any of the following Requests objectionable, respond to so much of each, and each part thereof, which is not objectionable in your view, and separately state that part of each which is objectionable and the ground for each objection.

6. No part of a Request shall be left unanswered merely because an objection has been interposed to another part of the request.

7. Where objections are made to a Request or any part thereof, the objection shall state with specificity all grounds in sufficient detail to allow the Court to rule on the objection.

8. Any document(s) withheld as privileged must be identified on a privilege log compliant with Federal Rule of Civil Procedure 26 and the Local Rules of the Middle District of Florida. In order that the Court and the parties may determine the validity of the claim of privilege, you are to provide sufficient information to determine the identity of the document or oral communication so claimed to be privileged, and, as well, state the basis for any asserted claim of privilege.

9. Any reference in the singular shall include the plural and vice versa to bring within the scope of the request all document(s) which might otherwise be construed to be outside its scope.

10. If, for any reason, you are unable to produce in full any document requested:

(a) Produce each document to the fullest extent possible;

(b) Specify the reasons for your inability to produce the remainder; and

(c) State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

11. If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which that is the case:

(a) The type of document;

(b) The types of information contained therein;

(c) The date upon which it ceased to exist;

(d) The circumstances under which it ceased to exist;

(e) The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

(f) The identity of all persons having knowledge or who had knowledge of the contents thereof.

12. Words of gender shall be construed as including all genders, without limitation.

13. Words in the singular shall be construed to mean the plural and vice versa as appropriate.

14. As used herein, the present tense shall include the past tense and vice versa.

15. All of the requests in this Request for Production seek the production of electronic data ("Electronic Data"), sometimes referred to as "electronically stored information" or "ESI." Electronic Data as used herein shall mean the original or identical duplicate when the original is not available, and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic Data includes, by way of example only, electronic ledgers, electronic mail, e-mail, text messages, messages on social media platforms (such as Facebook, Instagram, and WhatsApp), computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data exists in an active file, deleted file, or file fragment. Electronic Data includes any and all items stored, in native and non-

native format, on computers, servers, cloud databases, or online (for example, QuickBooks); on computer memories; hard disks; floppy disks; CD-ROMs; removable media such as portable drives, Bernoulli Boxes, and their equivalent; magnetic tapes of all types; microfiche; punched cards; punched tape; computer chips including, but not limited to, EPROM, PROM, RAM and ROM; or on or in any other vehicle for digital data storage and/or transmittal. Electronic Data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

16. These Requests shall be deemed to seek responses from January 1, 2023 to the date hereof (unless otherwise noted), and to the full extent permitted under the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1. All documents and/or communications relating to Your potential business acquisition of RiverRock, including but not limited to all correspondence internal to Abacus, between Abacus and RiverRock, or between Abacus and any third-party regarding Abacus' intention to acquire RiverRock, its negotiations with RiverRock, its due diligence of the potential RiverRock Acquisition, and its decision not to acquire RiverRock.

2. All documents and/or communications relating to the entry of the Confidentiality Agreement, including but not limited to all correspondence internal to Abacus, between Abacus and RiverRock, or between Abacus and any third-party regarding the negotiation, terms, entry and breach of the Confidentiality Agreement.

3. All documents and/or communications relating to the Business Records and/or Confidential Information from RiverRock in the virtual data room in furtherance of the potential RiverRock Acquisition.

4. All documents and/or communications relating to the draft letter of intent titled "Project Water."

5. All documents You received from RiverRock relating to the RiverRock Acquisition, including all documents shared with You through any online data room, from January 1, 2023, through January 1, 2024.

6. All communications relating to the documents Abacus received from RiverRock through any online data room from January 1, 2023, through January 1, 2024.

7. The PowerPoint Presentation shared with Your board of directors at a meeting on or around November 9, 2023, which included information regarding the potential RiverRock Acquisition.

8. All versions and drafts of the Board Deck or any investor presentation referencing or including RiverRock's Confidential Information, including the RiverRock Acquisition.

9. All documents and/or communications between Abacus and any of its board members regarding the potential RiverRock Acquisition.

10. All documents and/or communications relating to or referring to the potential RiverRock Acquisition being discussed at the meeting on or around November 9, 2023.

11. The Board Deck and/or information contained within the Board Deck that was uploaded to Your website at abacuslife.com on or around November 14, 2023.

12. All documents and communications concerning the posting of the Board Deck and/or information contained within the Board Deck to Abacus' website, including internal communications, decision-making processes, and metadata or logs reflecting when the document was uploaded and removed.

13. All documents and/or communications evidencing that the Board Deck and/or information contained within the Board Deck was uploaded to Your website, including but not limited to, documents reflecting how long it remained on Your website, when it was posted and removed, how it was determined that it had been posted, how many individuals viewed it, and who accessed it.

14. All documents identifying the individuals, IP addresses, or other tracking data for persons who accessed or downloaded the Board Deck from the Abacus website.

15. All documents and/or communications evidencing who uploaded the PowerPoint Presentation to Your website and how the PowerPoint Presentation was uploaded to Your website.

16. All documents and/or communications relating to Your posting of the PowerPoint Presentation to Your website.

17. All documents and/or communications regarding the Form 8-K filed by Abacus noting the disclosure of information regarding the RiverRock Acquisition.

18. All documents and/or communications with any reporter regarding the PowerPoint Presentation on Your website.

19. All communications referencing or relating to the article published by Donna Horowitz for The Deal titled "Abacus Accidentally Posts Document on Potential RiverRock Deal" from December 1, 2023.

20. All documents and/or communications relating to Your decision to not move forward with the RiverRock Acquisition, including board minutes, internal memoranda, and communications with advisors.

21. All documents and/or communications demonstrating, evidencing or reflecting Your calculation of RiverRock's value between January 1, 2023 and November 9, 2023.

22. All documents and/or communications demonstrating, evidencing or reflecting Your determination of a purchase price for the RiverRock Acquisition between January 1, 2023 and November 9, 2023.

23. All documents reflecting valuations of RiverRock conducted or considered by Abacus.

24. Any and all documents demonstrating that intervening and superseding events caused RiverRock's damages or that RiverRock's damages were not caused by Abacus.

25. Any and all documents supporting Your claim that RiverRock failed to perform under the Confidentiality Agreement.

26. All insurance policies that may provide coverage for claims arising from this litigation, including errors and omissions, directors and officers, and cyber liability coverage.

Dated: June 2, 2025.

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
**A. Sheila Oretsky, Esq.**
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
**Jennifer Junger, Esq.**
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
**James J. Diamond, Esq.**
Florida Bar No. 0117678
diamondj@gtlaw.com
**Maria R. Santangelo, Esq.**
Florida Bar No. 1049930
maria.santangelo@gtlaw.com
MiaLitDock@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, I electronically served the foregoing on all counsel of record identified on the below Service List by Registered E-mail.

*/s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.

Lauren Z. Alexander
Lash Goldberg Fineberg LLP
2500 Weston Rd, Suite 220
Weston, FL 33331
305-347-4040
Email: lalexander@lashgoldberg.com

Martin B. Goldberg
Lash & Goldberg, LLP
100 SE 2nd St Ste 1200
Miami, FL 33131-2158
305/347-4040
Fax: 305/347-4050
Email: mgoldberg@lashgoldberg.com

Andrea Picco
Lash Goldberg Fineberg LLP
2500 Weston Road, Suite 220
Fort Lauderdale, FL 33331
954-384-2500
Fax: 954-384-2510
Email: apicco@lashgoldberg.com