# COMPOSITE EXHIBIT 2

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Monday, April 27, 2026 1:51 PM
**To:** Alex Zuckerman; Kathleen Messinger; Rebecca Jin; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Arrastia, Samantha (Assoc-MIA-LT)
**Subject:** Abacus production

Counsel,

Upon reviewing the documents that you have produced thus far, large chunks still appear to be missing. For example:

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)
- Request 26 – Insurance policies for litigation coverage (**No documents produced**)

Please advise as to the status of the above requests. Please also confirm when your production will be complete as we have depositions upcoming in two weeks. Please also advise who will be serving as Abacus' corporate representative.

Please let me know if you would like to discuss this on a call. If so, please let me know your availability for later in the week.

Thank you,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Wednesday, April 29, 2026 1:34 PM
**To:** Alex Zuckerman; Kathleen Messinger; Rebecca Jin; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Arrastia, Samantha (Assoc-MIA-LT)
**Subject:** RE: Abacus production

Counsel,

Following up on this email. Please advise if you intend to provide a written response or if you would like a call. I know I still owe you a response on your letter sent over the weekend. I will get that to you soon.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Monday, April 27, 2026 1:51 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Arrastia, Samantha (Assoc-MIA-LT) <Samantha.Arrastia@gtlaw.com>
**Subject:** Abacus production

Counsel,

Upon reviewing the documents that you have produced thus far, large chunks still appear to be missing. For example:

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)

- Request 26 – Insurance policies for litigation coverage (**No documents produced**)

Please advise as to the status of the above requests. Please also confirm when your production will be complete as we have depositions upcoming in two weeks. Please also advise who will be serving as Abacus' corporate representative.

Please let me know if you would like to discuss this on a call. If so, please let me know your availability for later in the week.

Thank you,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Rebecca Jin <rebeccajin@quinnemanuel.com>
**Sent:** Wednesday, April 29, 2026 7:44 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT); Alex Zuckerman; Kathleen Messinger; Joshua Hall
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Arrastia, Samantha (Assoc-MIA-LT)
**Subject:** RE: Abacus production

***EXTERNAL TO GT***

Counsel,

We disagree with the characterizations in your email. We have produced documents responsive to Requests 3, 14, 15, 16, 20, and 22. And as to Requests 25 and 26, our discovery to date demonstrates a good faith basis for the allegations described in those requests.

In addition, we do not agree to depositions on the noticed dates of deposition for Abacus's witnesses (May 12, May 14, May 19), especially in light of your unnecessary discovery delays. To provide sufficient time to remediate discovery deficiencies in compliance with the Court's order, we propose extending the case management schedule, as well as the deposition schedule. We are available on Friday, May 1 to discuss.

Regards,
Rebecca

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Wednesday, April 29, 2026 10:34 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Samantha.Arrastia@gtlaw.com
**Subject:** RE: Abacus production

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Counsel,

Following up on this email. Please advise if you intend to provide a written response or if you would like a call. I know I still owe you a response on your letter sent over the weekend. I will get that to you soon.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Monday, April 27, 2026 1:51 PM

**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Arrastia, Samantha (Assoc-MIA-LT) <Samantha.Arrastia@gtlaw.com>
**Subject:** Abacus production

Counsel,

Upon reviewing the documents that you have produced thus far, large chunks still appear to be missing. For example:

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)
- Request 26 – Insurance policies for litigation coverage (**No documents produced**)

Please advise as to the status of the above requests. Please also confirm when your production will be complete as we have depositions upcoming in two weeks. Please also advise who will be serving as Abacus' corporate representative.

Please let me know if you would like to discuss this on a call. If so, please let me know your availability for later in the week.

Thank you,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Wednesday, May 13, 2026 4:04 PM
**To:** Alex Zuckerman; Oretsky, Sheila (Shld-MIA-LT)
**Cc:** Kathleen Messinger; Joshua Hall; Rebecca Jin; Acuna, Raquel (LSS-MIA-LT)
**Subject:** RE: Renegade Capital GP LLC v. Abacus Life, Inc
**Attachments:** Extended Search Report (original terms_custodians)(723978142.1).xlsx; Extended Search Report - new terms on potential acquisitions(723978928.1).xlsx

Alex,

My response to your letter is below. Your allegations that we are not complying with discovery is unfounded. See attached for Extended Search Report (original terms/custodians). We have reviewed over 50k documents. You are continuing to demand more documents from more custodians and it is not proportional to the needs of the case and it is bordering on harassing.

The Court did not give an April 30 deadline and the volume of documents you seek is extensive. I am working on going through this within reason and in accordance with what is relevant and proportional.

RFP 3: To the extent it is within our reasonable possession, custody and control, it will be produced. Like I stated at the hearing, I do not believe that information was ever within our possession, custody or control.

RFP 5-6: This list is incredibly overbroad and far reaching. You have already received our financials. What is the basis for your expert needing each of these categories? Have you reviewed our production to even determine what is missing? I never said that we "no longer possess" documents. I said that the valuation was created by Anthony Annino so only he knows what he relied on in preparing the valuation.

RFP 33: I responded to this under separate cover. See attached for the hit report on the new terms you asked us to run for the potential acquisitions. In addition to the documents we have already produced, this is extensive and not proportional. Please revise the terms.

Custodians:

- We never had an agreement on which custodians to run. You never specified who you wanted run. We selected the custodians that we believed would have the most responsive and relevant documents. We searched RiverRock's internal shared drive and individually searched for Gabe Siegel, Amy Springs, Anthony Annino, Hugh Tawney and Jill Naponic. The suggestion that we haven't complied with our discovery obligations is completely false. The attached hit report shows how many documents we have searched for and reviewed. We have been compliant. I am unaware of any rule that requires we search every inbox of every employee. Lucas Siegel has never been employed by RiverRock nor has he ever possessed a riverrock email address.

- You served a subpoena upon Denny Mathew. As I stated in earlier correspondence, Mr. Mathew does not have documents in his personal possession, custody or control. **We will search his inbox if you provide reasonable search terms**. The terms you have generated an additional 10,091 documents. This is unreasonable and unfeasible with our time limitations.

- Your representations regarding Anthony Annino are misleading and incorrect. Everything that RiverRock could have preserved has been preserved. RiverRock does not have possession, custody or control over Mr. Annino's personal laptop and/or gmail. This is not a preservation issue.

- The documents you reference that belong to custodians without the custodian present are drafts.

Text Messages:

- Our production is not complete, we will be producing relevant text messages to the extent that they are within our reasonable possession, custody and control.

Native Documents:

- Everything has been produced in its native form as it was received and reviewed. I did not convert any documents. If you have an example, please send it. Otherwise, I dispute this allegation and cannot even identify what you are referring to.

Missing Documents:

- Does the email you reference here actually have an attachment? If so, I will look into why it wasn't produced. We are still completing our privilege review and we are redacting where documents are partially privileged. In these instances, you may have received the responsive portion of a family but another portion is still being reviewed for privilege. This is most likely why some emails appear to be missing parts of the family. Once the review is complete, please advise if this is still an issue.

Your production is also missing text messages, when do you intend to produce those? Further, our review of your production yields that we are still missing

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)

Your response that you simply disagree with our contention is not sufficient when we are plainly missing the documents. Please advise (a) if your production is complete and (b) for each request above, if any documents exist and what search terms you used to look for documents.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Saturday, April 25, 2026 1:17 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Subject:** Renegade Capital GP LLC v. Abacus Life, Inc

***EXTERNAL TO GT***

Jennifer,

Please see the attached correspondence concerning the April 15 hearing and Riverrock's productions to date. Regarding the mediation date, July 15 is acceptable. But we will only agree to attend provided that the discovery issues covered in the letter have been resolved, so that both sides have the benefit of a full record. We therefore await your prompt response.

Best,
Alex

**Alex Zuckerman**
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
202-270-3474 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
alexzuckerman@quinnemanuel.com
www.quinnemanuel.com
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, May 28, 2026 6:37 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT); Oretsky, Sheila (Shld-MIA-LT)
**Cc:** Kathleen Messinger; Joshua Hall; Rebecca Jin; Acuna, Raquel (LSS-MIA-LT)
**Subject:** RE: Renegade Capital GP LLC v. Abacus Life, Inc

Counsel,

We respond to your May 14, 2026 email in-line below.

In addition, we write to respond to your May 28, 2026 email. As to the deponents, we intend to depose each witness to which we have issued a subpoena or deposition notice, including (1) Anthony Annino, (2) Lucas Siegel, (3) Gabe Siegel, (4) Denny Mathew, and (5) Amy Springs. These depositions will comply with the federal rules and be limited to 7 hours on the record. As a reciprocal courtesy, we are willing to allow you 7 hours total for each of our witnesses' depositions that you intend to take, whether or not that individual has also been designated as a 30(b)(6) witness. Consistent with FRCP 30(d)(10, each witness may only be deposed for 7 hours in 1 day, regardless of the number of topics on which they are designated. As to the mode of deposition, we intend to take and defend all depositions in person, and we will travel to a location most convenient for the witness to do so. **Please provide available dates for the witnesses you represent.**

We also propose that, no later than 7 days before any deposition, the defending party must provide its topic designations for that witness and produce all responsive, relevant, non-privileged custodial documents for that witness.

Lastly, note that Mr. Annino's counsel, Ned Sackman, has informed us Mr. Annino will be made available in Manchester, New Hampshire. We have not negotiated a date yet, nor have we received any documents from Mr. Annino.

Best,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Wednesday, May 13, 2026 4:04 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Raquel.Acuna@gtlaw.com
**Subject:** RE: Renegade Capital GP LLC v. Abacus Life, Inc

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

My response to your letter is below. Your allegations that we are not complying with discovery is unfounded. See attached for Extended Search Report (original terms/custodians). We have reviewed

over 50k documents. You are continuing to demand more documents from more custodians and it is not proportional to the needs of the case and it is bordering on harassing.

Our requests are squarely within the scope permitted by the applicable rules and are proportional to the needs of this litigation. The volume of documents reviewed is not, standing alone, evidence of compliance — rather, compliance is measured by whether responsive documents have actually been identified and produced. Our April 25 letter identified specific deficiencies in your production, by documents and their Bates numbers. Rather than cure them, RiverRock waited nearly a month to respond and still has not addressed the substance of those deficiencies. That is not compliance.

Further, you represented on April 25 that "[your] production is not yet complete and documents remain forthcoming," yet you have not made any production since your representation. Plaintiff's expert report is due next week and Abacus's rebuttal expert report is due in approximately seven weeks. RiverRock's continued failure to complete its production is actively prejudicing Abacus's ability to prepare for and respond to Plaintiff's expert report. Please provide a date certain by which Plaintiff will complete its document production.

The Court did not give an April 30 deadline and the volume of documents you seek is extensive. I am working on going through this within reason and in accordance with what is relevant and proportional.

We provided the April 30 date as a reasonable deadline by which RiverRock could have complied in part, responded to our outstanding concerns, or made a supplemental production. RiverRock did neither. Instead, your only communication was to acknowledge that you "still owe [us] a response." It has now been a month since our April 25 letter — ample time to have responded. We expect full compliance without further delay and reserve all rights to seek Court intervention.

RFP 3: To the extent it is within our reasonable possession, custody and control, it will be produced. Like I stated at the hearing, I do not believe that information was ever within our possession, custody or control.

We request a definitive answer to Defendant's RFP No. 3. If RiverRock's position is that it never had possession, custody, or control of (1) the platform and web address used for the data room, (2) documents added to the data room and when they were added, (3) the security measures protecting the data room, and (4) logs or evidence of who accessed documents in the data room — please state so unequivocally in a supplemental response. Otherwise, RiverRock is solely further delaying the resolution of this issue.

RFP 5-6: This list is incredibly overbroad and far reaching. You have already received our financials. What is the basis for your expert needing each of these categories? Have you reviewed our production to even determine what is missing? I never said that we "no longer possess" documents. I said that the valuation was created by Anthony Annino so only he knows what he relied on in preparing the valuation.

As to the documents relevant and responsive to RFP Nos. 5 and 6, as we have already explained, the Court overruled Plaintiff's objections "to the extent that Defendant seeks either categories of, or specific documents and communications related to, RiverRock's business and financial information that were provided to Abacus in connection with the potential Business Transaction and the RiverRock Funds LLC Valuation Model dated September 30, 2023 that Plaintiff sent to Abacus, as well as categories of or specific documents underlying or supporting the financial data and information in the RiverRock Funds LLC Valuation Model dated September 30, 2023 that Plaintiff sent to Abacus." ECF No. 64 at 2; *see also* April 15, 2026 Hr'g Tr. at 38:4-47:13 ("[Abacus] has the right to investigate what might have supported [the numbers in RiverRock's valuation], to see if the financials at the time would have supported these numbers," and asking Abacus to ask our expert what is needed and "figure out what the data is"). The categories of documents requested in RFPs 5 and 6 are standard document requests related to valuations and directly relevant to the damages at issue, sought by our expert.

That Mr. Annino prepared the valuation does not relieve RiverRock of its obligation to produce the inputs, data, communications, and supporting materials provided to or received from Mr. Annino that are in RiverRock's possession, custody, or control. Please produce all responsive documents and identify any categories you contend are not in your possession. Further delay on this front prejudices Abacus's ability to prepare its expert reports.

RFP 33: I responded to this under separate cover. See attached for the hit report on the new terms you asked us to run for the potential acquisitions. In addition to the documents we have already produced, this is extensive and not proportional. Please revise the terms.

The hit report you provided does not identify which search terms are associated with the number of hits, making it impossible to evaluate your proportionality objection or determine which terms to refine. Please provide a revised, complete hit report showing the number of hits per individual search term. We cannot revise terms we cannot evaluate, and providing an incomplete report only delays the process further.

Custodians:

- We never had an agreement on which custodians to run. You never specified who you wanted run. We selected the custodians that we believed would have the most responsive and relevant documents. We searched RiverRock's internal shared drive and individually searched for Gabe Siegel, Amy Springs, Anthony Annino, Hugh Tawney and Jill Naponic. The suggestion that we haven't complied with our discovery obligations is completely false. The attached hit report shows how many documents we have searched for and reviewed. We have been compliant. I am unaware of any rule that requires we search every inbox of every employee. Lucas Siegel has never been employed by RiverRock nor has he ever possessed a riverrock email address.

  The absence of a prior agreement on custodians does not excuse RiverRock from conducting a search reasonably calculated to identify all responsive documents. Please confirm that you collected all of Gabe Siegel's, Amy Springs', Anthony Annino's, Hugh Tawney's, and Jill Naponic's emails—and not merely selected emails—and ran search terms across those accounts to identify and produce responsive documents. As to Lucas Siegel, RiverRock's own documents reflect his involvement in communications and decisions relevant to this matter. Whether or not he held a RiverRock email address is beside the point. We are asking RiverRock to search its own systems for communications involving him — not to search personal accounts outside RiverRock's possession, custody, or control. RiverRock's refusal only further delays discovery.

- You served a subpoena upon Denny Mathew. As I stated in earlier correspondence, Mr. Mathew does not have documents in his personal possession, custody or control. **<u>We will search his inbox if you provide reasonable search terms</u>**. The terms you have generated an additional 10,091 documents. This is unreasonable and unfeasible with our time limitations.

  Please provide a complete search term hit report showing the number of hits per individual search term so that we can evaluate and, if appropriate, revise the terms. We cannot narrow what we cannot assess.

  Separately, given Mr. Annino's liberal use of personal email, **please confirm in writing that you have asked Mr. Mathew whether he ever sent or received emails related to Riverrock, Abacus, or any other issue relevant to this case from his gmail.** If you or Mr. Mathew are unable to answer that question, you must state in writing what is stopping you from doing so. If Mr. Mathew answers the question in the affirmative, Abacus reserves all rights with respect to your previous misrepresentation regarding your reasonable search.

- Your representations regarding Anthony Annino are misleading and incorrect. Everything that RiverRock could have preserved has been preserved. RiverRock does not have possession,

custody or control over Mr. Annino's personal laptop and/or gmail. This is not a preservation issue.

We are not asking RiverRock to produce documents from Mr. Annino's personal devices for which RiverRock does not have possession, custody, or control. We are asking RiverRock to confirm that it has preserved and searched all communications between RiverRock and Mr. Annino that exist on RiverRock's own systems — including emails, files, and any documents Mr. Annino transmitted to RiverRock. Those documents are within RiverRock's possession, custody, and control. Please confirm that all such documents have been searched and that responsive materials will be produced.

- The documents you reference that belong to custodians without the custodian present are drafts.

Draft status does not exempt documents from production. Please confirm that RiverRock has produced, or will produce, the final versions of those documents.

Text Messages:

- Our production is not complete, we will be producing relevant text messages to the extent that they are within our reasonable possession, custody and control.

Abacus's response: Please identify the custodians from whom you will produce text messages and provide a date certain for that production. Open-ended commitments without deadlines are not consistent with RiverRock's discovery obligations, particularly given the delays to date.

Native Documents:

- Everything has been produced in its native form as it was received and reviewed. I did not convert any documents. If you have an example, please send it. Otherwise, I dispute this allegation and cannot even identify what you are referring to.

As we explained in our April 25 letter, RENEGADE_000021 appears to be a .docx file, but was only produced as an image, without its native .docx file. RENEGADE_000121 appears to be a .pptx file, but was only produced as an image, without its native .pptx file. Please produce the native documents for all Word documents and PowerPoint presentations.

Missing Documents:

- Does the email you reference here actually have an attachment? If so, I will look into why it wasn't produced. We are still completing our privilege review and we are redacting where documents are partially privileged. In these instances, you may have received the responsive portion of a family but another portion is still being reviewed for privilege. This is most likely why some emails appear to be missing parts of the family. Once the review is complete, please advise if this is still an issue.

As we have already explained in our April 25 letter, RENEGADE_000565 and RENEGADE_000585 are emails that, on their face, reflect attachments — yet those attachments were not produced. Please confirm that Plaintiff will review its production for missing attachments, produce all missing attachments, and provide a log identifying any attachments that were withheld on the basis of privilege.

Your production is also missing text messages, when do you intend to produce those? Further, our review of your production yields that we are still missing

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)

We are unable to respond to this request because RiverRock has not identified the relevant confidential information at issue. *See* May 18, 2026 A. Zuckerman Rule 11 Letter.

- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)

We do not believe Abacus has information or documents responsive to this Request.

- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0001108, ABACUS_0000100.

- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0000077, ABACUS_0000085, ABACUS_0000119.

- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0002278.

- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0000066, ABACUS_0000794.

▪

- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)

This contention interrogatory is improper and premature.

Your response that you simply disagree with our contention is not sufficient when we are plainly missing the documents. Please advise (a) if your production is complete and (b) for each request above, if any documents exist and what search terms you used to look for documents.

We understand that you negotiated the scope of discovery with Abacus's prior counsel, Lash. Per our email on October 18, 2025, the search terms listed below were applied to our ongoing, rolling productions of responsive, non-privileged documents. In the seven months since, RiverRock raised no objection to these terms and made no request to modify them. RiverRock's belated assertion that our production is deficient — without ever having raised concerns about the agreed-upon search methodology — does not withstand scrutiny.

- RiverRock

- "River Rock"
- "RR"
- RiverRockFunds
- "Renegade Capital"
- Renegade
- Annino
- "Project Water"
- "8-K" or "8k" (Date Range: 11/14/23 – 11/30/23)
- Donna w/2 Horowitz
- Valerie w/2 Coffey
- Siegel
- Obra
- Denny w/2 Mathew
- "ICR" and (deck or presentation)
- (Date Range: 11/9/2023 – present)

.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Saturday, April 25, 2026 1:17 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Subject:** Renegade Capital GP LLC v. Abacus Life, Inc

***EXTERNAL TO GT***

Jennifer,

Please see the attached correspondence concerning the April 15 hearing and Riverrock's productions to date. Regarding the mediation date, July 15 is acceptable. But we will only agree to attend provided that the discovery issues covered in the letter have been resolved, so that both sides have the benefit of a full record. We therefore await your prompt response.

Best,
Alex

**Alex Zuckerman**
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
202-270-3474 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
alexzuckerman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.