# EXHIBIT 3

**Acuna, Raquel (LSS-MIA-LT)**

**From:** Lauren Z. Alexander <lalexander@lashgoldberg.com>
**Sent:** Friday, August 1, 2025 10:00 AM
**To:** Junger, Jennifer L. (Shld-MIA-LT)
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Andrea Picco
**Subject:** RE: RiverRock Abacus Meet and Confer re Discovery

Hi Jennifer,

Abacus agreed to produce documents through February 29, 2024 (the date of the letter from Greenberg Traurig regarding the litigation). I am happy to confer next week if we need to discuss further.

Have a great weekend.

Best,
Lauren

**Lauren Z. Alexander**
Senior Counsel
T (305) 347-4040
M (754) 399-8667
E lalexander@lashgoldberg.com

LashGoldberg

Lash Goldberg Fineberg LLP
Weston Corporate Center I
2500 Weston Rd., Ste. 220
Fort Lauderdale, Florida 33331
www.lashgoldberg.com

CONFIDENTIALITY NOTICE: This transmission contains information which may be confidential and/or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, retention or other use of this information is prohibited. If you have received this transmission in error, please notify the sender and permanently delete. Thank you.

---

**From:** jungerj@gtlaw.com
**Sent:** Thursday, July 31, 2025 10:04 AM
**To:** Lauren Z. Alexander
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Andrea Picco
**Subject:** RE: RiverRock Abacus Meet and Confer re Discovery

**EXTERNAL:**
**Stop. Think. EXTERNAL MESSAGE.**

---

Lauren,

Thank you for clarifying your positions. I understand that aside from time frame, you are not withholding any other documents based on any other objection raised in your responses. I want to understand the time frame objection a bit more. Are you withholding all documents post February 29, 2024 or just the documents that are deemed privileged?

Thanks so much!

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

GT Greenberg Traurig

---

**From:** Lauren Z. Alexander <lalexander@lashgoldberg.com>
**Sent:** Wednesday, July 30, 2025 11:46 AM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Andrea Picco <apicco@lashgoldberg.com>
**Subject:** RE: RiverRock Abacus Meet and Confer re Discovery

***EXTERNAL TO GT***

Hi Jennifer,

Thanks for the call and putting together the summary. Please see my responses/clarifications in red below. Please advise if we need to discuss anything further.

1. Across the discovery responses (RFP, RFA, Rogs), Abacus objects that the requests assume facts not yet in the record or in evidence. You explained that this objection relates solely to the definition of RiverRock Acquisition, which we define as: “RiverRock Acquisition” means the potential acquisition between RiverRock and Abacus. While your client does not dispute that the parties were in discussion for a potential merger or acquisition, you believe that Abacus and RiverRock may dispute the stage of the potential dealings and/or how the dealings were classified. That is the only basis for your objection. **That being said, you represented that there are no documents being withheld on the basis of that objection.**

   We discussed Abacus’s objection to the definition of “RiverRock Acquisition” in that it assumes an “acquisition” was contemplated by the parties, which has not been established or proven. I advised that we do not dispute that the parties discussed a potential business transaction, but we do not agree with or adopt RiverRock’s definition of “RiverRock Acquisition.” We agree that Abacus is not withholding any documents based on its objection to the definition of “RiverRock Acquisition.”

2. Across the discovery responses (RFP, RFA, Rogs), Abacus objects that the requests are overly burdensome. This request is specifically tied to the fact that Abacus isn't sure exactly what was in the data room so they are trying to piece it together. **That being said, you represented that there are no documents being withheld on the basis of that objection**. ]

   Abacus does not assert a general objection to the requests based on burden. We discussed certain requests that seek documents from Abacus that are in the possession, custody, or control of RiverRock (e.g. documents that RiverRock provided to Abacus, documents in the RiverRock data room, etc.) (RFPs 3, 5, 6). We agree that Abacus is not withholding any documents based on this objection.

3. In Rog Number 8, you state: "Defendant is without further knowledge or information to enable it to identify the persons or entities who clicked on the link to the Board Deck. Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available." I asked you to explain that a bit and you advised that ICR is a vendor that handles the access to your investor website and that Abacus has no physical way of knowing who clicked the website on the day that the board deck was posted. Abacus is in the process of finding out from ICR whether they can see an IP address. **You will advise what you learn from ICR**.

   Yes, as stated in Interrogatory Response No. 6, the Board Deck was inadvertently sent to ICR, Inc., who then sent the Board Deck to Notified to be posted on Defendant's investor website. As stated in Interrogatory Response No. 8, Abacus is without knowledge or information as to the identity of the persons or entities who clicked on the link to the Board Deck, as that information was not tracked. The only information that we know was tracked is the number of "clicks" as stated in Interrogatory Response No. 8. That being said, we are continuing to investigate with third-party ICR, Inc. to determine if any additional tracking information, such as IP addresses, can be gathered. We will supplement the Interrogatory Responses if additional information becomes available.

4. Across the discovery responses (RFP, RFA, Rogs), Abacus objects that whether information is confidential is not yet proven. This again just relates to the fact that Abacus is not fully certain exactly what documents were in the dataroom so they do not want to admit upfront that everything in the data room was confidential in case there are things that wouldn't fit under that definition. **That being said, you represented that there are no documents being withheld on the basis of that objection.**

   Agreed. Abacus objected to RiverRock's characterization of certain categories of information and documents as "Confidential" in certain discovery requests. Abacus does not know what specific documents and information RiverRock is referring to, whether those specific documents fit the definition of "confidential," or whether RiverRock maintained confidentiality over all of the information it describes as "confidential." We agree that Abacus is not withholding any documents or information based on its objection.

5. We also discussed RFPs 3, 5, 6. You asked for clarity. I explained that RFP 3 seeks documents and communications about the documents received from RiverRock. For example but not at the exclusion of other examples: internal discussions about the documents. RFP 5 seeks any

documents that Abacus received from RiverRock about the potential acquisition. RFP 6 seeks documents that RiverRock put in the shared data room.

Agreed, and thank you for the clarification.

6. You confirmed you were aiming for a production by the end of the week followed by a second production shortly thereafter.

   Confirmed. We are aiming to get our first production out this week, with one or more rolling productions following shortly thereafter.

7. We did not specifically discuss this outside of what I referenced above, but I wanted to confirm, are you withholding any documents on the basis of any of your objections beyond privileged documents?

   Abacus objected to the date range of the RFPs. Let me know if we need to discuss. We are not withholding documents on the basis of any other objections.

Best,
Lauren

**Lauren Z. Alexander**
Senior Counsel
T (305) 347-4040
M (754) 399-8667
E lalexander@lashgoldberg.com

LashGoldberg

Lash Goldberg Fineberg LLP
Weston Corporate Center I
2500 Weston Rd., Ste. 220
Fort Lauderdale, Florida 33331
www.lashgoldberg.com

CONFIDENTIALITY NOTICE: This transmission contains information which may be confidential and/or privileged. If you are not the intended recipient, be advised that any disclosure, copying, distribution, retention or other use of this information is prohibited. If you have received this transmission in error, please notify the sender and permanently delete. Thank you.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, July 29, 2025 4:26 PM
**To:** Lauren Z. Alexander <lalexander@lashgoldberg.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RiverRock Abacus Meet and Confer re Discovery

**EXTERNAL:**
**Stop. Think. EXTERNAL MESSAGE.**

Lauren,

Thank you for the productive meet and confer today. To summarize, we discussed the following:

1. Across the discovery responses (RFP, RFA, Rogs), Abacus objects that the requests assume facts not yet in the record or in evidence. You explained that this objection relates solely to the definition of RiverRock Acquisition, which we define as: "RiverRock Acquisition" means the potential acquisition between RiverRock and Abacus. While your client does not dispute that the parties were in discussion for a potential merger or acquisition, you believe that Abacus and RiverRock may dispute the stage of the potential dealings and/or how the dealings were classified. That is the only basis for your objection. **That being said, you represented that there are no documents being withheld on the basis of that objection.**

2. Across the discovery responses (RFP, RFA, Rogs), Abacus objects that the requests are overly burdensome. This request is specifically tied to the fact that Abacus isn't sure exactly what was in the data room so they are trying to piece it together. **That being said, you represented that there are no documents being withheld on the basis of that objection**.

3. In Rog Number 8, you state: "Defendant is without further knowledge or information to enable it to identify the persons or entities who clicked on the link to the Board Deck. Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available." I asked you to explain that a bit and you advised that ICR is a vendor that handles the access to your investor website and that Abacus has no physical way of knowing who clicked the website on the day that the board deck was posted. Abacus is in the process of finding out from ICR whether they can see an IP address. **You will advise what you learn from ICR**.

4. Across the discovery responses (RFP, RFA, Rogs), Abacus objects that whether information is confidential is not yet proven. This again just relates to the fact that Abacus is not fully certain exactly what documents were in the dataroom so they do not want to admit upfront that everything in the data room was confidential in case there are things that wouldn't fit under that definition. **That being said, you represented that there are no documents being withheld on the basis of that objection.**

5. We also discussed RFPs 3, 5, 6. You asked for clarity. I explained that RFP 3 seeks documents and communications about the documents received from RiverRock. For example but not at the exclusion of other examples: internal discussions about the documents. RFP 5 seeks any documents that Abacus received from RiverRock about the potential acquisition. RFP 6 seeks documents that RiverRock put in the shared data room.

6. You confirmed you were aiming for a production by the end of the week followed by a second production shortly thereafter.

7. We did not specifically discuss this outside of what I referenced above, but I wanted to confirm, are you withholding any documents on the basis of any of your objections beyond privileged documents?

Please advise by the end of the day tomorrow if I misrepresented or misunderstood anything that we discussed.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.