**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

Case No. 6:25-cv-00424-CEM-NWH

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO COMPEL**

Defendant Abacus Global Management, Inc. ("Abacus") submits this response in opposition to the Motion to Compel filed by Plaintiff RiverRock Funds LLC ("RiverRock").

RiverRock's Motion is premature and improper because RiverRock did not "confer . . . in a good faith effort to resolve the motion" before its filing. L.R. 3.01(g). During the parties' mediation, and well after the close of business, RiverRock sent a list of issues now included in the Motion (Ex. A at 2-3). The very next day counsel for the parties discussed a subset of these discovery issues via phone. Ex. B at 3. During that call, Abacus informed RiverRock

that it would respond shortly after consulting the broader team. ***Four hours later—while the parties were still in mediation,*** and before Abacus's counsel could discuss the issues with its client—RiverRock filed this Motion. Had RiverRock followed the rules, it would have received adequate responses on each of the issues in its Motion, as it has over the last several days, instead of burdening the Court with a moot Motion.

***Text Messages.*** Abacus already agreed to review and produce text messages. Ex. A at 1. In several months of meet and confers, RiverRock did not request a meet and confer over text messages until July 15, 2026—one day before it filed its Motion. *Id.* at 2-3. It is still not clear why RiverRock's counsel claims that Abacus previously agreed to produce these records. Nonetheless, RiverRock will receive text messages from the relevant Abacus custodians. There is nothing for the Court to rule on here.

***Internal Communications.*** RiverRock falsely claims that "Abacus has produced no internal communications responsive to virtually all requests." Mot. 2-3. In fact, Abacus's productions have consistently included internal communications. *See, e.g.*, ECF No. 87-2 at 14 (citing Abacus bates-stamped documents). Abacus is making another production of documents this week and anticipates a second production this week consisting of, among other things, the aforementioned text messages. This issue is also not ripe for Court intervention.

***Documents Abacus Claims It Does Not Possess.*** RiverRock demands that Abacus produce documents that "identify[] . . . who accessed or downloaded the Board Deck." Mot. at 3; ECF No. 87-1 at 13. Abacus has conducted a reasonable search and investigation for this data, and none exists.

***Documents Supporting Abacus's Defenses.*** RiverRock conceded that Abacus's Amended Answer does not include this defense. *See* ECF No. 85; Ex. B at 2. There is nothing to compel.

***Privilege Log.*** Abacus has agreed to produce a privilege log this week. Ex. B at 3. There is nothing to compel.

As demonstrated above, this all could have been avoided with a good faith meet and confer. RiverRock's Motion should be denied in its entirety, as the issues it raises are premature, moot, or raised improperly due to RiverRock's failure to confer in good faith pursuant to Local Rule 3.01(g).

DATED: July 21, 2026

*/s/ Alex Zuckerman*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
Rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

*Attorneys for Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 21, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman