# EXHIBIT A

**From:** Alex Zuckerman
**Sent:** Monday, July 20, 2026 11:33 AM
**To:** jungerj@gtlaw.com; Rebecca Jin; Kathleen Messinger
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Joshua.Stotzky@gtlaw.com
**Subject:** RE: Meet and Confer

Counsel,

As discussed after the mediation on Friday, July 17, we agree to move the depositions of Gabe and Lucas Siegel into August on the condition that you (1) will not object to our taking of their depositions in August, which is after the close of fact discovery, or to our use of their deposition transcripts; and (2) provide their availability in August to sit for a deposition. Subject to your agreement, please provide dates in August for their depositions between August 4 and August 19.

With respect to the collection and production of Abacus's custodians' text messages, we note that we received the population of documents from Abacus's prior counsel, Lash Goldberg, which we understood represented the universe of relevant documents agreed upon in negotiations between the parties' counsel. That population of documents did not include text messages. Given your failure to raise text messages during the eight months of meet and confers following QE joining the case, we assumed an agreement had been reached with Lash.

Jennifer's May 13 email was the first time that Riverrock raised the production of text messages, but we never met and conferred on the issue—nor did you even request a meet and confer—let alone agreed to produce text messages. See, e.g., A. Zuckerman May 28, 2026 Resp. to J. Unger May 13 Email. The next we heard from you about text messages was on July 15, and on July 16 I communicated to Sheila that I would get back to her. Despite the record—or lack thereof—you elected to file an improper and premature motion to compel.

Despite your lack of diligence, we are willing to review and produce text messages. We will endeavor in good faith to produce those text messages this week, but given the size and scope of review we do not anticipate being able to complete the review by Friday, let alone in time to give both sides a meaningful chance to prepare for Mr. Jackson's scheduled deposition. Since Mr. Jackson will only be deposed once in this case, we suggest that Abacus produce the text messages and the parties agree on alternative dates.

Please advise as soon as possible whether you intend to go forward with Mr. Jackson's deposition on Friday, July 24.

Best Regards,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Wednesday, July 15, 2026 8:22 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Joshua.Stotzky@gtlaw.com
**Subject:** Re: Meet and Confer

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Two more point to add to my email below:

1. we do not have a privilege log from you. When will that be produced?
2. When do will we have confirmation that your production is complete?

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Wednesday, 15 July 2026 19:48:40
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Stotzky, Joshua (Assoc-MIA-LT) <Joshua.Stotzky@gtlaw.com>
**Subject:** Meet and Confer

Counsel,

We have asked numerous times if your production is complete. To date, we are still missing substantial categories of documents. Following up on our May 13 and May 29 correspondence:

1. Your production is missing the production of text messages. We need those text messages. Please advise by tomorrow when you will be producing text messages, whatsapp messages, or messages from any other messaging service from Jay Jackson, the board members, and anyone else that discussed RiverRock or Project Water. We need this before the deposition of Jay Jackson.
2. Request 3 – Documents/communications regarding RiverRock's confidential information in the data room.
   - We have no documents discussing any of the information that RiverRock provided, no documents analyzing the potential deal, and no documents discussing the information provided by Annino. Your response that we need to identify the confidential information is wrong and does not absolve Abacus of its obligation to produce documents. To the extent that these documents exist, they need to be produced. If they don't exist, then you need to put that in writing.
3. Request 14 – Documents identifying who accessed/downloaded the Board Deck.
   - you say you do not believe Abacus has this information. Please confirm this to be the case.
4. Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website
   - You produced the email from Jeff Smith sending the board deck to Marissa Young but we have no email correspondence explaining why he took those actions. Do those exist? If not, please confirm there is nothing else to produce.
5. Request 16 – Internal communications/follow-up regarding posting on the website
   - same comment as above.
6. Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition
   - You produced one single self-serving document where Jackson tells Annino that there was not sufficient support to go forward. We have no internal communication whatsoever from

anyone at Abacus discussing this. We need emails and text messages with all of the "stakeholders" that made this decision.

7. Request 22 – Documents evidencing determination of purchase price for RiverRock
    - There are no internal communications regarding the purchase price. We need emails and text messages internal to Abacus that drove the negotiations.
8. Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement
    - We have nothing here. You say it is premature but we are on the eve of trial. We have a right to understand your defenses.

Please let us know if you wish to meet and confer about this further. If so, let me know some times that you are available to discuss this tomorrow.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.