# EXHIBIT B

**From:** Alex Zuckerman
**Sent:** Monday, July 20, 2026 2:12 PM
**To:** jungerj@gtlaw.com; Sheila.Oretsky@gtlaw.com
**Cc:** Jason Sternberg; Kathleen Messinger
**Subject:** RE: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

Jennifer,

My response to each of your substantive points is below:

- **Riverrock's Failure to Perform:** Given that our current Amended Answer is silent on this issue, we have no intention of raising it in our forthcoming amendment. That were attempting to rely on correspondence that occurred before we filed our Amended Answer only further shows that we did not sufficiently meet and confer for Rule 3.01(g) purposes and RiverRock's motion to compel was improper.

- **Internal Correspondence:** Your opinions that the potential acquisition of RiverRock was a "large" transaction, and that it would be "unrealistic" for Abacus to not have discussed the deal at length, are both pure conjecture. Abacus has produced documents pursuant to the parameters agreed upon earlier in the case, and it has also constrained its reciprocal requests in your direction accordingly. If you have legal authority that supports your position that we are required to give you an itemized list of all of Abacus's internal correspondence, we will consider it. Absent that legal authority, we expect you to do your own document review as we have done for your document productions.

- **Upcoming Production:** We are in the process of making a supplemental production of documents that we are aiming to get out today, but more likely tomorrow as we're at the mercy of our e-discovery vendor. Per my previous email from earlier today, we will make another supplemental production of responsive, non-privileged text messages. We have started reviewing those text messages and are endeavoring to produce them as soon as possible. Your attempt to create a misleading record by baselessly accusing us of "fail[ing] to comply" is not well-taken.

Best regards,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Saturday, July 18, 2026 9:03 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Subject:** RE: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

Alex,

There are many emails and phone calls where I have asked for text messages and internal correspondence. This is not new or a surprise. In addition to the calls and emails we have had, you also conferred with Sheila the day that we filed. I wrote to you on July 15 and again asked if you wanted to confer further on the phone but to date have not received a response on that. We had to file because we are running out of time. RiverRock absolutely attended the mediation in good faith—it was your side that abruptly ended it on both days. But alas, given our agreement to mediate again in early August, I think your claim is baseless and not worth a further response. I will respond to the rest of your points below:

RiverRock will agree to withdraw its argument regarding your failure to produce documents regarding RiverRock's alleged failure to perform, if Abacus agrees that its forthcoming amended answer (amended to remove the jury demand and attorney's fees per Kathleen's earlier email today) will also not have a failure to perform defense. The requests for production, responses thereto, and email correspondence conferring on same all occurred before Abacus' answer to the amended complaint was filed.

The fact that this was a large topic covered during Jeff Smith's deposition coupled with our many requests for responsive text messages put you on notice that we want text messages. The date of his deposition (which was less than one month ago) does not change that.

Please direct me to all the internal correspondence concerning the acquisition, the purchase price, and decision not to consummate the acquisition. There are a handful of documents, which is unrealistic for a proposed transaction of this size. I have not seen any internal discussion regarding the decision not to go forward with the transaction.

Does your upcoming production include text messages and additional internal communications? RiverRock produced thousands of documents because you insisted on having us run a large amount of additional search terms in May and June which took time to review. We have been nothing but accommodating and have given you absolutely everything that you need. You have had our requests for production for over a year and have still failed to comply.

Our privilege log should also be ready to go next week. It is our good faith belief that our production is complete pending any de-designations off the log. We have completed reviewing all the search terms.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 16, 2026 5:01 PM
**To:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Subject:** FW: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

***EXTERNAL TO GT***

Sheila,

Please withdraw this improper motion, which misrepresents that the parties met and conferred at all, let alone as to all of the issues raised in the motion, as required by Rule 3.01(g). As I told you on our call, I was at a client meeting this morning and promised to respond later today on the issues you raised on the call. Given that your improper, inaccurate, and defective motion was filed while the parties are currently in a mediation—which only further reflects that RiverRock did not engage in this mediation in good faith—Abacus reserves all rights to supplement this response.

First, with respect to Section IV, that Abacus "refused production" of documents "supporting Abacus' contention that RiverRock failed to perform" as "premature," when Abacus's Amended Answer (ECF No. 85) does not include a "failure to perform" defense.

Second, it's been three weeks since Jeff Smith's deposition and this is the first we're hearing about his text messages let alone from Mr. Jackson or other custodians. We can only assume that the failure to reference any email or correspondence only further confirms the fact that the parties have not met and conferred on this issue.

Third, Abacus has produced internal communications concerning the acquisition, the purchase price, and decision not to consummate the acquisition.

Fourth, we intend to make a small production next week which will consist of, among other things, documents that fell of our privilege log. The fact that RiverRock is feigning outrage that Abacus's production is not yet complete strain credulity in light of the fact that RiverRock has dumped thousands of documents on Abacus in the last several weeks—not to mention the fact that many of these documents were produced only recently even though RiverRock's expert began writing his expert report at the beginning of 2026.

As for the privilege log, you can expect our privilege log next week. When will you be in a position to produce one yourself? And when will your production be complete?

Regards,
Alex

---

**From:** cmecf_flmd_notification@flmd.uscourts.gov <cmecf_flmd_notification@flmd.uscourts.gov>
**Sent:** Thursday, July 16, 2026 3:47 PM
**To:** cmecf_flmd_notices@flmd.uscourts.gov
**Subject:** Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

**[EXTERNAL EMAIL from cmecf_flmd_notification@flmd.uscourts.gov]**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Middle District of Florida**

## Notice of Electronic Filing

The following transaction was entered by Oretsky, Araizu on 7/16/2026 at 3:47 PM EDT and filed on 7/16/2026

| | |
|---|---|
| **Case Name:** | Renegade Capital GP, LLC v. Abacus Life, Inc. |
| **Case Number:** | 6:25-cv-00424-CEM-NWH |
| **Filer:** | Renegade Capital GP LLC |
| **Document Number:** | 87 |

**Docket Text:**

**MOTION to Compel Defendant Abacus Life, Inc. to Produce Responsive Documents by Renegade Capital GP LLC. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3, # (4) Exhibit 4)(Oretsky, Araizu) Motions referred to Magistrate Judge Nathan W. Hill.**

**6:25-cv-00424-CEM-NWH Notice has been electronically mailed to:**

Alex Stone Zuckerman alexzuckerman@quinnemanuel.com, alex-zuckerman-6684@ecf.pacerpro.com, newyorkcalendar@quinnemanuel.com

Araizu Sheila Oretsky sheila.oretsky@gtlaw.com, raquel.acuna@gtlaw.com, sandra.loe@gtlaw.com, sheila--oretsky-0654@ecf.pacerpro.com, tee.white@gtlaw.com

Jason David Sternberg jasonsternberg@quinnemanuel.com, ivettegalante@quinnemanuel.com, jason-sternberg-0653@ecf.pacerpro.com, NewYorkCalendar@quinnemanuel.com

Jennifer Junger jungerj@gtlaw.com, fernandezfe@gtlaw.com, jennifer--junger-2536@ecf.pacerpro.com

Kathleen S. Messinger kathleenmessinger@quinnemanuel.com

Rebecca Jin rebeccajin@quinnemanuel.com

**6:25-cv-00424-CEM-NWH Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-0] [8302bf7d73a46bb0d79141e31e698ceb92b4b934ef5e557c63b182af9a4bc0e306 9e33aec10873af2adbf8284a0622c7e97ec534e662561604c694cfb4103f47]]
**Document description:**Exhibit 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-1] [308e6b9e362c486b86bf7d97164217d8f8a269e63a3221b6b540dc2cb87e66bd82 bc8b2fe262c9bfdd70e88a54e5e7f5a33fa747ed4a46d1eafe38b1a22be5c5]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-2] [2d0bae71bdb326908475bcefd1ce4f9f9c258054bba393670509ca6c62a50c85c3 72790e69d04c8ff247c34ebbec977da411e49362f4732107d73fdfd1669ef0]]
**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-3] [01074f63bf9e3e0bd412f56cfa0b3286e3f33550cfd9f5715112b991d0d8b428ab 7a7ebbcdd3791038c71b357d5d035d6a64e933a7bb01ca73a65232b15a316a]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-4] [83e4cee806cec7c478b9a3326af86888856312dcd155203987e88930743b2586e0 9e9ded918eaf69af8ed3eb2c7a7fb81db3ac52a70c617037172fac53baa4f1]]

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.