UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

CASE NO.: 6:25-cv-00424

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,

_______________________________________ /

**UNOPPOSED MOTION TO SEAL**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), pursuant to Fed. R. Civ. P. 5.2(d) and M. D. Fla. Local Rule 1.11, hereby moves on an unopposed basis for the Court to seal Exhibit 4 to Plaintiff's Motion to Compel filed on July 16, 2026 [ECF 87-4]. For the reasons stated below, RiverRock respectfully requests that its motion to seal be granted and that the Court seal Exhibit 4 to the Motion to Compel. In support, RiverRock states:

BACKGROUND

On September 5, 2023, RiverRock and Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus") entered into a Confidentiality

Agreement (the "Confidentiality Agreement"). Abacus materially breached the Agreement by publicly posting RiverRock's highly sensitive, confidential and proprietary financial information that it was bound to protect into the public forum on its public investor website, which was then re-shared by a reporter who published an article regarding same in The Deal. Such disclosure caused the RiverRock business to shut down as it lost half of its workforce, who learned from the publication of the article that RiverRock and Abacus were in negotiations for a potential sale and upon completion of the sale, RiverRock's workforce would be terminated. RiverRock filed suit alleging a one-count breach of contract.

On January 20, 2026, RiverRock and Abacus Life, Inc. ("Abacus") entered into a Stipulated Confidentiality Agreement ("Stipulated Agreement") to protect the disclosure of information that either side designated as Confidential during discovery. On June 24, 2026, RiverRook took the deposition of Abacus' Chief Marketing Officer, Jeff Smith. Pursuant to Abacus' Sworn Responses to RiverRock's Interrogatories, Jeff Smith was the individual responsible for sending RiverRock's confidential information to ICR, the company that handles Abacus' investor website with the message to upload the information to the investor website. Accordingly, his deposition focused on the factual events giving rise to the public posting of RiverRock's confidential information. In response to most questions, Mr. Smith responded that he didn't know, that a question was out of his purview, or that he was not the right person to ask.

At the end of the deposition, counsel for Abacus designated the transcript confidential. Surprised by the designation, RiverRock's counsel asked what about the

deposition would be considered confidential since Mr. Smith hardly answered any questions. Abacus did not provide an answer but claimed that they were entitled to designate it as confidential.

RiverRock's counsel stated: "I'm not conceding that we agree the entire deposition is confidential, but I think we can address that once – once the transcript comes out" and then asked Abacus' counsel: "once the transcript comes out. You'll – you'll send me an e-mail saying whether you, you know, believe the whole thing is [confidential] or only whether certain portions are and then we can discuss it." Abacus never followed up on this issue again and the transcript itself was not labeled "Confidential" when circulated to the parties.

On July 16, 2026, RiverRock moved to compel production of documents, specifically the production of text messages and internal correspondence. [ECF 87]. RiverRock referenced Mr. Smith's deposition transcript wherein Mr. Smith testified that he was never asked to search his phone for responsive text messages. RiverRock attached Mr. Smith's deposition transcript to the Motion to Compel [ECF 87-4].

On July 21, 2026, Abacus responded to RiverRock's motion to compel [ECF 88]. Abacus said nothing about the attached transcript in their response.

On July 22, 2026, six days after it received RiverRock's filing, Abacus wrote to RiverRock accusing RiverRock of breaching the parties' Stipulated Agreement and demanding that the exhibit be filed under seal.

During the meet and confer phone call with counsel for Abacus, counsel represented that even though deposition exhibits were not publicly filed, portions of

the exhibits—which were previously designated or re-designated as Confidential under the parties Stipulated Agreement—were read into the record and are reflected in the deposition transcript. Pursuant to the Stipulated Agreement, Abacus designated the transcript as "Confidential" pending review of the final transcript, and has 30 days from receipt of the final transcript to confirm its confidentiality designations. Abacus has confirmed it does not oppose the relief sought in this motion and requested that the entire transcript be sealed while it determines which portions are confidential. Pursuant to Abacus' request and the Stipulated Agreement, RiverRock moves to seal Exhibit 4 to the Motion to Compel. [ECF 87-4].

## MEMORANDUM OF LAW

Local Rule 1.11(b) permits parties to request leave from the Court to seal a docketed item. A motion to seal must:

> (2) describe the item; (3) establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) include a legal memorandum; (5) propose a duration for the seal; (6) state the name and contact information of the person authorized to retrieve a sealed, tangible item; (7) certify, the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and, (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

"While the Eleventh Circuit recognizes a 'presumptive common law right to inspect and copy judicial records,' a party may overcome the public's right to access

by demonstrating good cause." *Advanced Magnet Lab, Inc. v. Meinke*, 6:20-CV-712-ORL-37EJK, 2020 WL 13199850, at *1 (M.D. Fla. June 22, 2020) (quoting *United States v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985)). "If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential." *Id.* In making such determination, courts consider the following:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

Courts routinely find that "a company's interest in . . . the terms of confidential agreements often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Spr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 10-cv-891, 2010 WL 6790538 at *2 (M.D. Fla. Oct. 28, 2010)); *see also MEDAI, Inc. v. Quantros, Inc.*, No. 12-cv-840, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (permitting parties to file product licensing agreement under seal when the terms of the agreement expressly provided that it was to remain confidential and the parties had complied with the local rules and established good cause for sealing the agreement); *Trailer Bridge, Inc. v. PCS Nitrogen*, No. 09-cv-675, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009) (allowing plaintiff to file under seal a contract that included a confidentiality clause, finding that the plaintiff had

complied with local rules and that there was a compelling interest in protecting the information). This is particularly true where the agreement "does not relate to 'public officials or public concerns.'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (internal quotations and citations omitted).

The Deposition Transcript of Jeff Smith was necessary for the Court to understand that Abacus has not complied with their discovery obligations and that RiverRock is entitled to text messages in this action. However, pursuant to the Stipulated Agreement, Abacus has a right for the transcript to remain confidential unless an agreement is reached between the parties or whether RiverRock challenges the designation and the Court determines it is not confidential.

RiverRock requests that Exhibit 4 to the Motion to Compel [ECF 87-4] be sealed in perpetuity unless and until Abacus and RiverRock reach an agreement or if this Court determines that it is not confidential. *See* Local Rule 1.11(b)(5). RiverRock certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). RiverRock further certifies that it will serve on Abacus an unredacted version of the Jeff Smith Transcript attached to the Motion to Compel as Exhibit 4. Finally, the name, mailing address, email address, and telephone number of the person authorized to retrieve the Confidential Exhibit is undersigned counsel for RiverRock. *See id.* at 1.11(b)(6).

Considering the foregoing, RiverRock has met the requirements of Local Rule 1.11 such that sealing Exhibit 4 to the Motion to Compel [ECF 87-4] is justified. The Stipulated Agreement provides that the Transcript should be Confidential unless an

agreement is reached or a motion is brought and the Court determines that it is not confidential. Certainly then, good cause exists to seal Exhibit 4 to the Motion to Compel [ECF 87-4]. *See, e.g.*, *MEDAI, Inc.*, 2012 WL 2512007 at *2 (concluding good cause existed to seal parties' contract where contract expressly stated that it was to remain confidential); *DeCurtis LLC*, 2020 WL 6827996 at *2 (same); *Trailer Bridge, Inc.*, 2009 WL 2231704, at *1 (same).

For the foregoing reasons, the balance of the interests favors sealing Exhibit 4 to the Motion to Compel.

WHEREFORE, RiverRock respectfully requests that the Court enter an order directing the Clerk of Court to seal Exhibit 4 to the Confidentiality Agreement [ECF 87-4] and granting any other relief the Court deems just and proper.

**Local Rule 3.01(g) Certification**

Prior to filing this motion, counsel for Plaintiff met and conferred with Defendant's counsel via email on July 22 and July 23 and by phone on July 23 regarding the filing of this motion, and Defendant's counsel has indicated that it does not oppose the relight sought herein.

Dated: July 23, 2026.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ Jennifer Junger*
A. Sheila Oretsky, Esq.
*Lead Counsel*
Florida Bar No. 31365

sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
flservice@gtlaw.com
JENNIFER JUNGER
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 23rd day of July, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jennifer Junger*
Jennifer Junger, Esq.