**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 6:25-cv-00424-CEM-NWH |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 15(a)(2), files this Unopposed Motion For Leave ("Motion") to File Second Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("Second Amended Answer"). In support of its Motion, Defendant states as follows:

**FACTUAL BACKGROUND**

On March 11, 2025, Plaintiff filed a Complaint alleging that Abacus breached the Confidentiality Agreement that the parties entered into on September 5, 2023. ECF No. 1 ("Compl."). [redacted]

[redacted]

Compl. Ex. A.

On April 8, 2025, Defendant filed its Answer and Affirmative Defenses. ECF No. 13. On June 18, 2026, Plaintiff filed an Amended Complaint. ECF No. 79. On July 9, 2026, Defendant filed an Amended Answer and Affirmative Defenses. ECF No. 85. Defendant's Amended Answer and Affirmative Defenses do not include counterclaims. ECF No. 85. Defendant's Amended Answer and Affirmative Defenses inadvertently seeks a jury trial and inadvertently includes a request for fees.

Defendant seeks to correct its Amended Answer and Affirmative Defenses by withdrawing its jury trial demand, [redacted]. Defendant seeks to correct its Amended Answer and Affirmative Defenses by removing its request for fees, consistent with the lack of counterclaims brought in this case.

On July 30, 2026, Defendant conferred with Plaintiff, through counsel, regarding its intent to seek leave to amend its Amended Answer to withdraw its jury trial demand and remove its request for fees. Plaintiff's counsel indicated that they do not oppose this Motion and the relief sought.

Defendant did not unduly delay or act in bad faith with respect to the proposed amendment, the proposed amendment will not prejudice Plaintiff, and if the Court were to grant Defendant leave to file its Second Amended Answer and

Affirmative Defenses, the amendment would not be futile. Based on the foregoing reasons, and those discussed below, Defendant respectfully requests that the Court find good cause and grant leave to amend.

**MEMORANDUM OF LAW**

For the reasons outlined above, this Court should grant Defendant leave to file its Second Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint to: (1) withdraw its jury trial demand, and (2) remove its request for fees. Defendant's corrections constitute a narrow amendment that does not change the substance of Defendant's answers or defenses.

Before trial, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

District courts have "limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citation, internal quotation marks, and alterations omitted); *see also Mendez v.*

*NDR Pahokee, LLC*, No. 6:24-CV-1510-GAP-EJK, 2024 WL 6979556, at *1 (M.D. Fla. Oct. 16, 2024) ("unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

A district court may deny a motion to amend on the grounds of "undue delay, undue prejudice to the defendants, and futility of the amendment." *Id.* (citing *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011)). Those factors are not present here.

"A proper [jury trial] demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). "The trial on all issues so demanded must be by jury unless . . . the court, on motion . . . finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Federal Rule of Civil Procedure 38 "has been interpreted to mean that once a jury-trial designation has occurred, the consent of both parties is required to withdraw the designation as to claims for which there is a Seventh Amendment right to a jury trial." *Kremer v. Lysich*, No. 3:19-CV-887-BJD-JBT, 2021 WL 9918136, at *1 (M.D. Fla. June 3, 2021) (citing *Gulf Bay Capital, Inc. v. Textron Fin. Corp.*, No. 2:14-cv-209-FtM-29CM, 2016 WL 4009942, at *3 (M.D. Fla. July 27, 2016)).

Where, as here, a party seeks leave to amend after a scheduling order deadline has passed, Rule 16(b)'s good cause standard "is the proper guide for determining whether a party's delay may be excused." *Allan v. Falcon Transp. Co.*, No. 6:17-CV-1747-ORL-41GJK, 2018 WL 6626796, at *4 (M.D. Fla. Apr. 6, 2018) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n. 2 (11th Cir. 1998)). The

good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Rosas v. Geovera Specialty Ins. Co.*, No. 2:18-CV-586-FTM-UA-UAM, 2019 WL 5085038, at *1 (M.D. Fla. June 24, 2019) (citing *Sosa*, 133 F.3d at 1418).

Here, Defendant seeks a narrow amendment to correct its Amended Answer and withdraw the jury trial demand and remove the request for fees, there exists good cause for Defendant's amendment, and there is no substantial reason to deny leave.

Good cause exists to allow Defendant to amend its Amended Answer to withdraw the jury demand. Defendant mistakenly requested a jury trial in its Amended Answer. However, [redacted]. Further, there is no substantial reason to deny leave. Both parties consent to withdrawing the jury demand, and Plaintiff does not oppose Defendant's amendment. There has been no undue delay, Plaintiff will not be unduly prejudiced where it consents to withdrawing the jury demand, and the amendment would not be futile. Thus, this Court should grant Defendant leave to amend its Amended Answer to withdraw the jury demand.

Similarly, good cause exists to allow Defendant to amend its Amended Answer to remove the request for fees. Defendant mistakenly requested fees in its Amended Answer, even though [redacted], nor did Defendant bring counterclaims. Further, there is no substantial reason to deny leave. Plaintiff does not oppose

Defendant's amendment to remove the request for fees. There has been no undue delay, Plaintiff will not be unduly prejudiced where it does not oppose the amendment to remove the request for fees, and the amendment would not be futile. Thus, there is no substantial reason to deny Defendant's amendment to its Amended Answer to remove the request for fees.

For these reasons, Abacus respectfully requests that the Court enter an order granting Defendant leave to file its Second Amended Answer attached hereto as **Exhibit A**, which (1) withdraws the jury demand, and (2) removes the request for fees. Abacus also respectfully requests that the Court enter an order granting any other relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that Defendant's counsel conferred with Plaintiff's counsel who advised that Plaintiff does not oppose Defendant's request for relief set forth herein.

DATED: July 30, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2026, a true and correct copy of the foregoing document, including Exhibit A, was served via electronic mail on the following counsel of record:

Sheila Oretsky, Esq.
Jennifer Junger, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131
sheila.oretsky@gtlaw.com
jungerj@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC*

*/s/ Alex Zuckerman*
Alex Zuckerman