# COMPOSITE EXHIBIT 2

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Monday, April 27, 2026 1:51 PM
**To:** Alex Zuckerman; Kathleen Messinger; Rebecca Jin; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Arrastia, Samantha (Assoc-MIA-LT)
**Subject:** Abacus production

Counsel,

Upon reviewing the documents that you have produced thus far, large chunks still appear to be missing. For example:

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)
- Request 26 – Insurance policies for litigation coverage (**No documents produced**)

Please advise as to the status of the above requests. Please also confirm when your production will be complete as we have depositions upcoming in two weeks. Please also advise who will be serving as Abacus' corporate representative.

Please let me know if you would like to discuss this on a call. If so, please let me know your availability for later in the week.

Thank you,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Wednesday, April 29, 2026 1:34 PM
**To:** Alex Zuckerman; Kathleen Messinger; Rebecca Jin; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Arrastia, Samantha (Assoc-MIA-LT)
**Subject:** RE: Abacus production

Counsel,

Following up on this email. Please advise if you intend to provide a written response or if you would like a call. I know I still owe you a response on your letter sent over the weekend. I will get that to you soon.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Monday, April 27, 2026 1:51 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Arrastia, Samantha (Assoc-MIA-LT) <Samantha.Arrastia@gtlaw.com>
**Subject:** Abacus production

Counsel,

Upon reviewing the documents that you have produced thus far, large chunks still appear to be missing. For example:

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)

- Request 26 – Insurance policies for litigation coverage (**No documents produced**)

Please advise as to the status of the above requests. Please also confirm when your production will be complete as we have depositions upcoming in two weeks. Please also advise who will be serving as Abacus' corporate representative.

Please let me know if you would like to discuss this on a call. If so, please let me know your availability for later in the week.

Thank you,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Rebecca Jin <rebeccajin@quinnemanuel.com>
**Sent:** Wednesday, April 29, 2026 7:44 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT); Alex Zuckerman; Kathleen Messinger; Joshua Hall
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Arrastia, Samantha (Assoc-MIA-LT)
**Subject:** RE: Abacus production

***EXTERNAL TO GT***

Counsel,

We disagree with the characterizations in your email. We have produced documents responsive to Requests 3, 14, 15, 16, 20, and 22. And as to Requests 25 and 26, our discovery to date demonstrates a good faith basis for the allegations described in those requests.

In addition, we do not agree to depositions on the noticed dates of deposition for Abacus's witnesses (May 12, May 14, May 19), especially in light of your unnecessary discovery delays. To provide sufficient time to remediate discovery deficiencies in compliance with the Court's order, we propose extending the case management schedule, as well as the deposition schedule. We are available on Friday, May 1 to discuss.

Regards,
Rebecca

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Wednesday, April 29, 2026 10:34 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Samantha.Arrastia@gtlaw.com
**Subject:** RE: Abacus production

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Counsel,

Following up on this email. Please advise if you intend to provide a written response or if you would like a call. I know I still owe you a response on your letter sent over the weekend. I will get that to you soon.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Monday, April 27, 2026 1:51 PM

**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; joshuahall@quinnemanuel.com
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Arrastia, Samantha (Assoc-MIA-LT) <Samantha.Arrastia@gtlaw.com>
**Subject:** Abacus production

Counsel,

Upon reviewing the documents that you have produced thus far, large chunks still appear to be missing. For example:

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)
- Request 26 – Insurance policies for litigation coverage (**No documents produced**)

Please advise as to the status of the above requests. Please also confirm when your production will be complete as we have depositions upcoming in two weeks. Please also advise who will be serving as Abacus' corporate representative.

Please let me know if you would like to discuss this on a call. If so, please let me know your availability for later in the week.

Thank you,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Wednesday, May 13, 2026 4:04 PM
**To:** Alex Zuckerman; Oretsky, Sheila (Shld-MIA-LT)
**Cc:** Kathleen Messinger; Joshua Hall; Rebecca Jin; Acuna, Raquel (LSS-MIA-LT)
**Subject:** RE: Renegade Capital GP LLC v. Abacus Life, Inc
**Attachments:** Extended Search Report (original terms_custodians)(723978142.1).xlsx; Extended Search Report - new terms on potential acquisitions(723978928.1).xlsx

Alex,

My response to your letter is below. Your allegations that we are not complying with discovery is unfounded. See attached for Extended Search Report (original terms/custodians). We have reviewed over 50k documents. You are continuing to demand more documents from more custodians and it is not proportional to the needs of the case and it is bordering on harassing.

The Court did not give an April 30 deadline and the volume of documents you seek is extensive. I am working on going through this within reason and in accordance with what is relevant and proportional.

RFP 3: To the extent it is within our reasonable possession, custody and control, it will be produced. Like I stated at the hearing, I do not believe that information was ever within our possession, custody or control.

RFP 5-6: This list is incredibly overbroad and far reaching. You have already received our financials. What is the basis for your expert needing each of these categories? Have you reviewed our production to even determine what is missing? I never said that we "no longer possess" documents. I said that the valuation was created by Anthony Annino so only he knows what he relied on in preparing the valuation.

RFP 33: I responded to this under separate cover. See attached for the hit report on the new terms you asked us to run for the potential acquisitions. In addition to the documents we have already produced, this is extensive and not proportional. Please revise the terms.

Custodians:

- We never had an agreement on which custodians to run. You never specified who you wanted run. We selected the custodians that we believed would have the most responsive and relevant documents. We searched RiverRock's internal shared drive and individually searched for Gabe Siegel, Amy Springs, Anthony Annino, Hugh Tawney and Jill Naponic. The suggestion that we haven't complied with our discovery obligations is completely false. The attached hit report shows how many documents we have searched for and reviewed. We have been compliant. I am unaware of any rule that requires we search every inbox of every employee. Lucas Siegel has never been employed by RiverRock nor has he ever possessed a riverrock email address.

- You served a subpoena upon Denny Mathew. As I stated in earlier correspondence, Mr. Mathew does not have documents in his personal possession, custody or control. **We will search his inbox if you provide reasonable search terms**. The terms you have generated an additional 10,091 documents. This is unreasonable and unfeasible with our time limitations.

- Your representations regarding Anthony Annino are misleading and incorrect. Everything that RiverRock could have preserved has been preserved. RiverRock does not have possession, custody or control over Mr. Annino's personal laptop and/or gmail. This is not a preservation issue.

- The documents you reference that belong to custodians without the custodian present are drafts.

Text Messages:
- Our production is not complete, we will be producing relevant text messages to the extent that they are within our reasonable possession, custody and control.

Native Documents:
- Everything has been produced in its native form as it was received and reviewed. I did not convert any documents. If you have an example, please send it. Otherwise, I dispute this allegation and cannot even identify what you are referring to.

Missing Documents:
- Does the email you reference here actually have an attachment? If so, I will look into why it wasn't produced. We are still completing our privilege review and we are redacting where documents are partially privileged. In these instances, you may have received the responsive portion of a family but another portion is still being reviewed for privilege. This is most likely why some emails appear to be missing parts of the family. Once the review is complete, please advise if this is still an issue.

Your production is also missing text messages, when do you intend to produce those? Further, our review of your production yields that we are still missing

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)
- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)
- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)
- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)
- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)
- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)
- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)

Your response that you simply disagree with our contention is not sufficient when we are plainly missing the documents. Please advise (a) if your production is complete and (b) for each request above, if any documents exist and what search terms you used to look for documents.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Saturday, April 25, 2026 1:17 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Subject:** Renegade Capital GP LLC v. Abacus Life, Inc

***EXTERNAL TO GT***

Jennifer,

Please see the attached correspondence concerning the April 15 hearing and Riverrock's productions to date. Regarding the mediation date, July 15 is acceptable. But we will only agree to attend provided that the discovery issues covered in the letter have been resolved, so that both sides have the benefit of a full record. We therefore await your prompt response.

Best,
Alex

**Alex Zuckerman**
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
202-270-3474 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
alexzuckerman@quinnemanuel.com
www.quinnemanuel.com
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, May 28, 2026 6:37 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT); Oretsky, Sheila (Shld-MIA-LT)
**Cc:** Kathleen Messinger; Joshua Hall; Rebecca Jin; Acuna, Raquel (LSS-MIA-LT)
**Subject:** RE: Renegade Capital GP LLC v. Abacus Life, Inc

Counsel,

We respond to your May 14, 2026 email in-line below.

In addition, we write to respond to your May 28, 2026 email. As to the deponents, we intend to depose each witness to which we have issued a subpoena or deposition notice, including (1) Anthony Annino, (2) Lucas Siegel, (3) Gabe Siegel, (4) Denny Mathew, and (5) Amy Springs. These depositions will comply with the federal rules and be limited to 7 hours on the record. As a reciprocal courtesy, we are willing to allow you 7 hours total for each of our witnesses' depositions that you intend to take, whether or not that individual has also been designated as a 30(b)(6) witness. Consistent with FRCP 30(d)(10, each witness may only be deposed for 7 hours in 1 day, regardless of the number of topics on which they are designated. As to the mode of deposition, we intend to take and defend all depositions in person, and we will travel to a location most convenient for the witness to do so. **Please provide available dates for the witnesses you represent.**

We also propose that, no later than 7 days before any deposition, the defending party must provide its topic designations for that witness and produce all responsive, relevant, non-privileged custodial documents for that witness.

Lastly, note that Mr. Annino's counsel, Ned Sackman, has informed us Mr. Annino will be made available in Manchester, New Hampshire. We have not negotiated a date yet, nor have we received any documents from Mr. Annino.

Best,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Wednesday, May 13, 2026 4:04 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Raquel.Acuna@gtlaw.com
**Subject:** RE: Renegade Capital GP LLC v. Abacus Life, Inc

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

My response to your letter is below. Your allegations that we are not complying with discovery is unfounded. See attached for Extended Search Report (original terms/custodians). We have reviewed

over 50k documents. You are continuing to demand more documents from more custodians and it is not proportional to the needs of the case and it is bordering on harassing.

> Our requests are squarely within the scope permitted by the applicable rules and are proportional to the needs of this litigation. The volume of documents reviewed is not, standing alone, evidence of compliance — rather, compliance is measured by whether responsive documents have actually been identified and produced. Our April 25 letter identified specific deficiencies in your production, by documents and their Bates numbers. Rather than cure them, RiverRock waited nearly a month to respond and still has not addressed the substance of those deficiencies. That is not compliance.
>
> Further, you represented on April 25 that "[your] production is not yet complete and documents remain forthcoming," yet you have not made any production since your representation. Plaintiff's expert report is due next week and Abacus's rebuttal expert report is due in approximately seven weeks. RiverRock's continued failure to complete its production is actively prejudicing Abacus's ability to prepare for and respond to Plaintiff's expert report. Please provide a date certain by which Plaintiff will complete its document production.

The Court did not give an April 30 deadline and the volume of documents you seek is extensive. I am working on going through this within reason and in accordance with what is relevant and proportional.

> We provided the April 30 date as a reasonable deadline by which RiverRock could have complied in part, responded to our outstanding concerns, or made a supplemental production. RiverRock did neither. Instead, your only communication was to acknowledge that you "still owe [us] a response." It has now been a month since our April 25 letter — ample time to have responded. We expect full compliance without further delay and reserve all rights to seek Court intervention.

RFP 3: To the extent it is within our reasonable possession, custody and control, it will be produced. Like I stated at the hearing, I do not believe that information was ever within our possession, custody or control.

> We request a definitive answer to Defendant's RFP No. 3. If RiverRock's position is that it never had possession, custody, or control of (1) the platform and web address used for the data room, (2) documents added to the data room and when they were added, (3) the security measures protecting the data room, and (4) logs or evidence of who accessed documents in the data room — please state so unequivocally in a supplemental response. Otherwise, RiverRock is solely further delaying the resolution of this issue.

RFP 5-6: This list is incredibly overbroad and far reaching. You have already received our financials. What is the basis for your expert needing each of these categories? Have you reviewed our production to even determine what is missing? I never said that we "no longer possess" documents. I said that the valuation was created by Anthony Annino so only he knows what he relied on in preparing the valuation.

> As to the documents relevant and responsive to RFP Nos. 5 and 6, as we have already explained, the Court overruled Plaintiff's objections "to the extent that Defendant seeks either categories of, or specific documents and communications related to, RiverRock's business and financial information that were provided to Abacus in connection with the potential Business Transaction and the RiverRock Funds LLC Valuation Model dated September 30, 2023 that Plaintiff sent to Abacus, as well as categories of or specific documents underlying or supporting the financial data and information in the RiverRock Funds LLC Valuation Model dated September 30, 2023 that Plaintiff sent to Abacus." ECF No. 64 at 2; *see also* April 15, 2026 Hr'g Tr. at 38:4-47:13 ("[Abacus] has the right to investigate what might have supported [the numbers in RiverRock's valuation], to see if the financials at the time would have supported these numbers," and asking Abacus to ask our expert what is needed and "figure out what the data is"). The categories of documents requested in RFPs 5 and 6 are standard document requests related to valuations and directly relevant to the damages at issue, sought by our expert.

That Mr. Annino prepared the valuation does not relieve RiverRock of its obligation to produce the inputs, data, communications, and supporting materials provided to or received from Mr. Annino that are in RiverRock's possession, custody, or control. Please produce all responsive documents and identify any categories you contend are not in your possession. Further delay on this front prejudices Abacus's ability to prepare its expert reports.

RFP 33: I responded to this under separate cover. See attached for the hit report on the new terms you asked us to run for the potential acquisitions. In addition to the documents we have already produced, this is extensive and not proportional. Please revise the terms.

The hit report you provided does not identify which search terms are associated with the number of hits, making it impossible to evaluate your proportionality objection or determine which terms to refine. Please provide a revised, complete hit report showing the number of hits per individual search term. We cannot revise terms we cannot evaluate, and providing an incomplete report only delays the process further.

Custodians:

- We never had an agreement on which custodians to run. You never specified who you wanted run. We selected the custodians that we believed would have the most responsive and relevant documents. We searched RiverRock's internal shared drive and individually searched for Gabe Siegel, Amy Springs, Anthony Annino, Hugh Tawney and Jill Naponic. The suggestion that we haven't complied with our discovery obligations is completely false. The attached hit report shows how many documents we have searched for and reviewed. We have been compliant. I am unaware of any rule that requires we search every inbox of every employee. Lucas Siegel has never been employed by RiverRock nor has he ever possessed a riverrock email address.

  The absence of a prior agreement on custodians does not excuse RiverRock from conducting a search reasonably calculated to identify all responsive documents. Please confirm that you collected all of Gabe Siegel's, Amy Springs', Anthony Annino's, Hugh Tawney's, and Jill Naponic's emails—and not merely selected emails—and ran search terms across those accounts to identify and produce responsive documents. As to Lucas Siegel, RiverRock's own documents reflect his involvement in communications and decisions relevant to this matter. Whether or not he held a RiverRock email address is beside the point. We are asking RiverRock to search its own systems for communications involving him — not to search personal accounts outside RiverRock's possession, custody, or control. RiverRock's refusal only further delays discovery.

- You served a subpoena upon Denny Mathew. As I stated in earlier correspondence, Mr. Mathew does not have documents in his personal possession, custody or control. **<u>We will search his inbox if you provide reasonable search terms</u>**. The terms you have generated an additional 10,091 documents. This is unreasonable and unfeasible with our time limitations.

  Please provide a complete search term hit report showing the number of hits per individual search term so that we can evaluate and, if appropriate, revise the terms. We cannot narrow what we cannot assess.

  Separately, given Mr. Annino's liberal use of personal email, **please confirm in writing that you have asked Mr. Mathew whether he ever sent or received emails related to Riverrock, Abacus, or any other issue relevant to this case from his gmail.** If you or Mr. Mathew are unable to answer that question, you must state in writing what is stopping you from doing so. If Mr. Mathew answers the question in the affirmative, Abacus reserves all rights with respect to your previous misrepresentation regarding your reasonable search.

- Your representations regarding Anthony Annino are misleading and incorrect. Everything that RiverRock could have preserved has been preserved. RiverRock does not have possession,

custody or control over Mr. Annino's personal laptop and/or gmail. This is not a preservation issue.

We are not asking RiverRock to produce documents from Mr. Annino's personal devices for which RiverRock does not have possession, custody, or control. We are asking RiverRock to confirm that it has preserved and searched all communications between RiverRock and Mr. Annino that exist on RiverRock's own systems — including emails, files, and any documents Mr. Annino transmitted to RiverRock. Those documents are within RiverRock's possession, custody, and control. Please confirm that all such documents have been searched and that responsive materials will be produced.

- The documents you reference that belong to custodians without the custodian present are drafts.

Draft status does not exempt documents from production. Please confirm that RiverRock has produced, or will produce, the final versions of those documents.

Text Messages:

- Our production is not complete, we will be producing relevant text messages to the extent that they are within our reasonable possession, custody and control.

Abacus's response: Please identify the custodians from whom you will produce text messages and provide a date certain for that production. Open-ended commitments without deadlines are not consistent with RiverRock's discovery obligations, particularly given the delays to date.

Native Documents:

- Everything has been produced in its native form as it was received and reviewed. I did not convert any documents. If you have an example, please send it. Otherwise, I dispute this allegation and cannot even identify what you are referring to.

As we explained in our April 25 letter, RENEGADE_000021 appears to be a .docx file, but was only produced as an image, without its native .docx file. RENEGADE_000121 appears to be a .pptx file, but was only produced as an image, without its native .pptx file. Please produce the native documents for all Word documents and PowerPoint presentations.

Missing Documents:

- Does the email you reference here actually have an attachment? If so, I will look into why it wasn't produced. We are still completing our privilege review and we are redacting where documents are partially privileged. In these instances, you may have received the responsive portion of a family but another portion is still being reviewed for privilege. This is most likely why some emails appear to be missing parts of the family. Once the review is complete, please advise if this is still an issue.

As we have already explained in our April 25 letter, RENEGADE_000565 and RENEGADE_000585 are emails that, on their face, reflect attachments — yet those attachments were not produced. Please confirm that Plaintiff will review its production for missing attachments, produce all missing attachments, and provide a log identifying any attachments that were withheld on the basis of privilege.

Your production is also missing text messages, when do you intend to produce those? Further, our review of your production yields that we are still missing

- Request 3 – Documents/communications regarding RiverRock's confidential information in the data room (**No documents produced**)

We are unable to respond to this request because RiverRock has not identified the relevant confidential information at issue. *See* May 18, 2026 A. Zuckerman Rule 11 Letter.

- Request 14 – Documents identifying who accessed/downloaded the Board Deck (**No documents produced identifying access/downloads**)

We do not believe Abacus has information or documents responsive to this Request.

- Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website (**No documents produced**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0001108, ABACUS_0000100.

- Request 16 – Internal communications/follow-up regarding posting on the website (**Missing internal communications**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0000077, ABACUS_0000085, ABACUS_0000119.

- Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition (**No documents produced**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0002278.

- Request 22 – Documents evidencing determination of purchase price for RiverRock (**No documents produced**)

We have already produced documents responsive to this Request. *See, e.g.*, ABACUS_0000066, ABACUS_0000794.

- Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement (**No documents produced**)

This contention interrogatory is improper and premature.

Your response that you simply disagree with our contention is not sufficient when we are plainly missing the documents. Please advise (a) if your production is complete and (b) for each request above, if any documents exist and what search terms you used to look for documents.

We understand that you negotiated the scope of discovery with Abacus's prior counsel, Lash. Per our email on October 18, 2025, the search terms listed below were applied to our ongoing, rolling productions of responsive, non-privileged documents. In the seven months since, RiverRock raised no objection to these terms and made no request to modify them. RiverRock's belated assertion that our production is deficient — without ever having raised concerns about the agreed-upon search methodology — does not withstand scrutiny.

- RiverRock

- “River Rock”
- “RR”
- RiverRockFunds
- “Renegade Capital”
- Renegade
- Annino
- "Project Water"
- “8-K” or “8k” (Date Range: 11/14/23 – 11/30/23)
- Donna w/2 Horowitz
- Valerie w/2 Coffey
- Siegel
- Obra
- Denny w/2 Mathew
- “ICR” and (deck or presentation)
- (Date Range: 11/9/2023 – present)

.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Saturday, April 25, 2026 1:17 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Subject:** Renegade Capital GP LLC v. Abacus Life, Inc

***EXTERNAL TO GT***

Jennifer,

Please see the attached correspondence concerning the April 15 hearing and Riverrock’s productions to date. Regarding the mediation date, July 15 is acceptable. But we will only agree to attend provided that the discovery issues covered in the letter have been resolved, so that both sides have the benefit of a full record. We therefore await your prompt response.

Best,
Alex

**Alex Zuckerman**
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
202-270-3474 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
alexzuckerman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** Alex Zuckerman; Rebecca Jin; Kathleen Messinger
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Stotzky, Joshua (Assoc-MIA-LT)
**Subject:** Meet and Confer
**Date:** Wednesday, July 15, 2026 7:48:00 PM
**Importance:** High

---

Counsel,

We have asked numerous times if your production is complete. To date, we are still missing substantial categories of documents. Following up on our May 13 and May 29 correspondence:

1. Your production is missing the production of text messages. We need those text messages. Please advise by tomorrow when you will be producing text messages, whatsapp messages, or messages from any other messaging service from Jay Jackson, the board members, and anyone else that discussed RiverRock or Project Water. We need this before the deposition of Jay Jackson.
2. Request 3 – Documents/communications regarding RiverRock's confidential information in the data room.
    - We have no documents discussing any of the information that RiverRock provided, no documents analyzing the potential deal, and no documents discussing the information provided by Annino. Your response that we need to identify the confidential information is wrong and does not absolve Abacus of its obligation to produce documents. To the extent that these documents exist, they need to be produced. If they don't exist, then you need to put that in writing.
3. Request 14 – Documents identifying who accessed/downloaded the Board Deck.
    - you say you do not believe Abacus has this information. Please confirm this to be the case.
4. Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website
    - You produced the email from Jeff Smith sending the board deck to Marissa Young but we have no email correspondence explaining why he took those actions. Do those exist? If not, please confirm there is nothing else to produce.
5. Request 16 – Internal communications/follow-up regarding posting on the website
    - same comment as above.
6. Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition
    - You produced one single self-serving document where Jackson tells Annino that there was not sufficient support to go forward. We have no internal communication whatsoever from anyone at Abacus discussing this. We need emails and text messages with all of the "stakeholders" that made this decision.
7. Request 22 – Documents evidencing determination of purchase price for RiverRock

There are no internal communications regarding the purchase price. We need emails and text messages internal to Abacus that drove the negotiations.

8. Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement
    - We have nothing here. You say it is premature but we are on the eve of trial. We have a right to understand your defenses.

Please let us know if you wish to meet and confer about this further. If so, let me know some times that you are available to discuss this tomorrow.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"; Oretsky, Sheila (Shld-MIA-LT)
**Cc:** Jason Sternberg; Kathleen Messinger
**Subject:** RE: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel
**Date:** Saturday, July 18, 2026 9:02:00 PM

---

Alex,

There are many emails and phone calls where I have asked for text messages and internal correspondence. This is not new or a surprise. In addition to the calls and emails we have had, you also conferred with Sheila the day that we filed. I wrote to you on July 15 and again asked if you wanted to confer further on the phone but to date have not received a response on that. We had to file because we are running out of time. RiverRock absolutely attended the mediation in good faith—it was your side that abruptly ended it on both days. But alas, given our agreement to mediate again in early August, I think your claim is baseless and not worth a further response. I will respond to the rest of your points below:

RiverRock will agree to withdraw its argument regarding your failure to produce documents regarding RiverRock's alleged failure to perform, if Abacus agrees that its forthcoming amended answer (amended to remove the jury demand and attorney's fees per Kathleen's earlier email today) will also not have a failure to perform defense. The requests for production, responses thereto, and email correspondence conferring on same all occurred before Abacus' answer to the amended complaint was filed.

The fact that this was a large topic covered during Jeff Smith's deposition coupled with our many requests for responsive text messages put you on notice that we want text messages. The date of his deposition (which was less than one month ago) does not change that.

Please direct me to all the internal correspondence concerning the acquisition, the purchase price, and decision not to consummate the acquisition. There are a handful of documents, which is unrealistic for a proposed transaction of this size. I have not seen any internal discussion regarding the decision not to go forward with the transaction.

Does your upcoming production include text messages and additional internal communications? RiverRock produced thousands of documents because you insisted on having us run a large amount of additional search terms in May and June which took time to review. We have been nothing but accommodating and have given you absolutely everything that you need. You have had our requests for production for over a year and have still failed to comply.

Our privilege log should also be ready to go next week. It is our good faith belief that our production is complete pending any de-designations off the log. We have completed reviewing

all the search terms.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 16, 2026 5:01 PM
**To:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Subject:** FW: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

***EXTERNAL TO GT***

Sheila,

Please withdraw this improper motion, which misrepresents that the parties met and conferred at all, let alone as to all of the issues raised in the motion, as required by Rule 3.01(g). As I told you on our call, I was at a client meeting this morning and promised to respond later today on the issues you raised on the call. Given that your improper, inaccurate, and defective motion was filed while the parties are currently in a mediation—which only further reflects that RiverRock did not engage in this mediation in good faith—Abacus reserves all rights to supplement this response.

First, with respect to Section IV, that Abacus "refused production" of documents "supporting Abacus' contention that RiverRock failed to perform" as "premature," when Abacus's Amended Answer (ECF No. 85) does not include a "failure to perform" defense.

Second, it's been three weeks since Jeff Smith's deposition and this is the first we're hearing about his text messages let alone from Mr. Jackson or other custodians. We can only assume that the failure to reference any email or correspondence only further confirms the fact that the parties have not met and conferred on this issue.

Third, Abacus has produced internal communications concerning the acquisition, the purchase price, and decision not to consummate the acquisition.

Fourth, we intend to make a small production next week which will consist of, among other things, documents that fell of our privilege log. The fact that RiverRock is feigning outrage that Abacus's production is not yet complete strain credulity in light of the fact that RiverRock has dumped thousands of documents on Abacus in the last several weeks—not to mention the fact that many of these documents were produced only recently even though RiverRock's expert began writing his expert report at the beginning of 2026.

As for the privilege log, you can expect our privilege log next week. When will you be in a position to produce one yourself? And when will your production be complete?

Regards,
Alex

**From:** cmecf_flmd_notification@flmd.uscourts.gov <cmecf_flmd_notification@flmd.uscourts.gov>
**Sent:** Thursday, July 16, 2026 3:47 PM
**To:** cmecf_flmd_notices@flmd.uscourts.gov
**Subject:** Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

**[EXTERNAL EMAIL from cmecf_flmd_notification@flmd.uscourts.gov]**

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Middle District of Florida**

## Notice of Electronic Filing

The following transaction was entered by Oretsky, Araizu on 7/16/2026 at 3:47 PM EDT and filed on 7/16/2026

| | |
|---|---|
| **Case Name:** | Renegade Capital GP, LLC v. Abacus Life, Inc. |
| **Case Number:** | 6:25-cv-00424-CEM-NWH |
| **Filer:** | Renegade Capital GP LLC |
| **Document Number:** | 87 |

**Docket Text:**
**MOTION to Compel Defendant Abacus Life, Inc. to Produce Responsive Documents by Renegade Capital GP LLC. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3, # (4) Exhibit 4)(Oretsky, Araizu) Motions referred to Magistrate Judge Nathan W. Hill.**

**6:25-cv-00424-CEM-NWH Notice has been electronically mailed to:**

Alex Stone Zuckerman alexzuckerman@quinnemanuel.com, alex-zuckerman-6684@ecf.pacerpro.com, newyorkcalendar@quinnemanuel.com

Araizu Sheila Oretsky sheila.oretsky@gtlaw.com, raquel.acuna@gtlaw.com, sandra.loe@gtlaw.com, sheila--oretsky-0654@ecf.pacerpro.com, tee.white@gtlaw.com

Jason David Sternberg jasonsternberg@quinnemanuel.com, ivettegalante@quinnemanuel.com, jason-sternberg-0653@ecf.pacerpro.com, NewYorkCalendar@quinnemanuel.com

Jennifer Junger jungerj@gtlaw.com, fernandezfe@gtlaw.com, jennifer--junger-2536@ecf.pacerpro.com

Kathleen S. Messinger kathleenmessinger@quinnemanuel.com

Rebecca Jin rebeccajin@quinnemanuel.com

**6:25-cv-00424-CEM-NWH Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-

0] [8302bf7d73a46bb0d79141e31e698ceb92b4b934ef5e557c63b182af9a4bc0e306
9e33aec10873af2adbf8284a0622c7e97ec534e662561604c694cfb4103f47]]

**Document description:**Exhibit 1

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-
1] [308e6b9e362c486b86bf7d97164217d8f8a269e63a3221b6b540dc2cb87e66bd82
bc8b2fe262c9bfdd70e88a54e5e7f5a33fa747ed4a46d1eafe38b1a22be5c5]]

**Document description:**Exhibit 2

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-
2] [2d0bae71bdb326908475bcefd1ce4f9f9c258054bba393670509ca6c62a50c85c3
72790e69d04c8ff247c34ebbec977da411e49362f4732107d73fdfd1669ef0]]

**Document description:**Exhibit 3

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-
3] [01074f63bf9e3e0bd412f56cfa0b3286e3f33550cfd9f5715112b991d0d8b428ab
7a7ebbcdd3791038c71b357d5d035d6a64e933a7bb01ca73a65232b15a316a]]

**Document description:**Exhibit 4

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-
4] [83e4cee806cec7c478b9a3326af86888856312dcd155203987e88930743b2586e0
9e9ded918eaf69af8ed3eb2c7a7fb81db3ac52a70c617037172fac53baa4f1]]

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"; Rebecca Jin; Kathleen Messinger
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Stotzky, Joshua (Assoc-MIA-LT)
**Subject:** RE: Meet and Confer
**Date:** Tuesday, July 21, 2026 12:33:00 PM

Alex,

We also request that Chris Romaine and Sean McNealy be searched as well as all texts between any of the named custodians and any board member. We further revise the search terms as follows:

- RiverRock
- "RR"
- Annino
- Tony OR Anthony
- Gabe
- Lucas OR Luke
- Siegel
- Water OR "Project Water"
- "Deck"
- "Board Deck"
- "Public Deck"
- "ICR" OR "Notified"
- Valuation or value or "purchase price"
- Confidentiality agreement
- Confidential information
- Breach!
- "Letter agreement"
- Acquisition or acquire
- Deal
- Donna or Horowitz
- Negotiat!
- Post!
- 8-k
- Remov! Or "take down" or replac!

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Tuesday, July 21, 2026 10:06 AM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Stotzky, Joshua (Assoc-MIA-LT) <Joshua.Stotzky@gtlaw.com>
**Subject:** RE: Meet and Confer

Jennifer,

We are not aware of any text messages that have been deleted or lost, nor do we have any reason to think that any have been deleted or lost. The collection of text messages was performed in 2025 at the outset of the litigation. We are reviewing and producing text messages from Jay Jackson, Bill McCauley, and Jeff Smith, using the following search terms:

- RiverRock
- “RR”
- Annino
- Tony OR Anthony
- Gabe
- Lucas OR Luke
- Siegel
- Water OR “Project Water”
- “Deck”
- “Board Deck”
- “Public Deck”
- “ICR” OR “Notified”

We anticipate completing this review and production this week, along with the production of Abacus’s privilege log.

Jay Jackson is the Chairman and CEO of a publicly traded company. He will be sitting for a deposition exactly once in this case. We assume that you would like that deposition to occur once you have the text messages, which you have recently requested, at your disposal. We are accommodating your demands, and responding to your mid-mediation motion to compel, in the most practical possible way.

Please let me know if you would like to meet and confer on this further, or if you will agree that

we can re-schedule Mr. Jackson's deposition.

Best,
Alex

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, July 21, 2026 7:05 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Joshua.Stotzky@gtlaw.com
**Subject:** Re: Meet and Confer

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

Alex,

We did reach an agreement that was confirmed by both sides at mediation that the depositions of Lucas and Gabe Siegel would be pushed pending a third mediation the first week in August. We will get you dates shortly. Please also advise when we can expect to receive the ICR subpoena documents as we were advised that they were delivered to you. Presuming you will not object to our taking and using that deposition as well. Regarding the remainder of your email:

Your email mischaracterizes both the record and Abacus's discovery obligations.

RiverRock has been seeking Abacus's internal communications for months. Our requests sought communications concerning, among other things, RiverRock's confidential information, the due diligence process, the Board Deck, the decision not to proceed with the acquisition, and the purchase price. Those requests necessarily encompass responsive text messages, WhatsApp messages, and other electronic communications. The definition in our requests also specifically includes these messages as did our litigation hold letter. Abacus's obligation to collect and produce responsive communications did not depend on RiverRock specifically identifying every possible communication platform—even though RiverRock did explicitly did do so.

Moreover, the record does not support your assertion that RiverRock failed to raise this issue. On May 13, we specifically requested the production of text messages. When that issue remained unresolved, we again requested text messages, WhatsApp messages, and other messaging-platform communications in our July 15 email, expressly advising that those materials were needed before Mr. Jackson's deposition and inviting a further meet and confer. To date, you have not attempted to have a further meet and confer despite the open invitation for a call.

We also repeatedly asked whether Abacus's production was complete (see emails dated 9/8/2025, 10/21/2025, 10/28/2025, 3/30/2026, 4/25/2026, 4/27/2026, 5/13/2026, 5/14/2026,

7/15/2026, 7/18/2026). Abacus never confirmed that it had completed its collection, never stated that text messages had been collected and reviewed, and never represented that no responsive text messages existed.

Your suggestion that RiverRock somehow agreed with prior counsel that text messages would not be collected or produced is unsupported. Rather, Lash Goldberg explicitly stated that nothing was being withheld but for documents outside of the date range. If Abacus intended to exclude an entire category of responsive ESI from its collection, it was incumbent upon Abacus to disclose that position. It did not. Your assumption that Lash Goldberg had collected everything shows your lack of compliance with discovery obligations as you clearly never asked nor did your own diligence to ensure the requests were complied with.

Most importantly, your email confirms that Abacus has not yet completed its review of responsive text messages. That is not the result of any lack of diligence by RiverRock. It is the result of Abacus's failure to complete a reasonable search for responsive documents before producing documents and before the deposition of its CEO. RiverRock noticed Mr. Jackson's deposition months ago and has prepared to proceed on the Court-ordered schedule. We do not agree that Abacus's failure to timely collect and review responsive ESI should require RiverRock to postpone the deposition. If Abacus produces additional responsive text messages after Mr. Jackson's deposition, RiverRock expressly reserves all rights to seek appropriate relief, including reopening the deposition at Abacus's expense and seeking any other relief warranted by Abacus's untimely production.
Please also confirm immediately:

1. When Abacus first began collecting text messages from Mr. Jackson and the other custodians;
2. Which custodians' text messages are being collected and reviewed;
3. Which messaging platforms are being searched (including SMS, iMessage, WhatsApp, Signal, and any other messaging applications used for business communications);
4. The date by which Abacus will complete its production; and
5. Whether any responsive text messages have been deleted, lost, or are otherwise unavailable.

We intend to proceed with Mr. Jackson's deposition as noticed.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, 20 July 2026 14:32:30
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Stotzky, Joshua (Assoc-MIA-LT) <Joshua.Stotzky@gtlaw.com>

**Subject:** RE: Meet and Confer

***EXTERNAL TO GT***

Counsel,

As discussed after the mediation on Friday, July 17, we agree to move the depositions of Gabe and Lucas Siegel into August on the condition that you (1) will not object to our taking of their depositions in August, which is after the close of fact discovery, or to our use of their deposition transcripts; and (2) provide their availability in August to sit for a deposition. Subject to your agreement, please provide dates in August for their depositions between August 4 and August 19.

With respect to the collection and production of Abacus's custodians' text messages, we note that we received the population of documents from Abacus's prior counsel, Lash Goldberg, which we understood represented the universe of relevant documents agreed upon in negotiations between the parties' counsel. That population of documents did not include text messages. Given your failure to raise text messages during the eight months of meet and confers following QE joining the case, we assumed an agreement had been reached with Lash.

Jennifer's May 13 email was the first time that Riverrock raised the production of text messages, but we never met and conferred on the issue—nor did you even request a meet and confer—let alone agreed to produce text messages. See, e.g., A. Zuckerman May 28, 2026 Resp. to J. Unger May 13 Email. The next we heard from you about text messages was on July 15, and on July 16 I communicated to Sheila that I would get back to her. Despite the record—or lack thereof—you elected to file an improper and premature motion to compel.

Despite your lack of diligence, we are willing to review and produce text messages. We will endeavor in good faith to produce those text messages this week, but given the size and scope of review we do not anticipate being able to complete the review by Friday, let alone in time to give both sides a meaningful chance to prepare for Mr. Jackson's scheduled deposition. Since Mr. Jackson will only be deposed once in this case, we suggest that Abacus produce the text messages and the parties agree on alternative dates.

Please advise as soon as possible whether you intend to go forward with Mr. Jackson's deposition on Friday, July 24.

Best Regards,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Wednesday, July 15, 2026 8:22 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>

**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Joshua.Stotzky@gtlaw.com
**Subject:** Re: Meet and Confer

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Two more point to add to my email below:

1. we do not have a privilege log from you. When will that be produced?
2. When do will we have confirmation that your production is complete?

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Wednesday, 15 July 2026 19:48:40
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Stotzky, Joshua (Assoc-MIA-LT) <Joshua.Stotzky@gtlaw.com>
**Subject:** Meet and Confer

Counsel,

We have asked numerous times if your production is complete. To date, we are still missing substantial categories of documents. Following up on our May 13 and May 29 correspondence:

1. Your production is missing the production of text messages. We need those text messages. Please advise by tomorrow when you will be producing text messages, whatsapp messages, or messages from any other messaging service from Jay Jackson, the board members, and anyone else that discussed RiverRock or Project Water. We need this before the deposition of Jay Jackson.
2. Request 3 – Documents/communications regarding RiverRock's confidential information in the data room.
    - We have no documents discussing any of the information that RiverRock provided, no documents analyzing the potential deal, and no documents discussing the information provided by Annino. Your response that we need to identify the confidential information is wrong and does not absolve Abacus of its obligation to produce documents. To the extent that these documents exist, they need to be produced. If they don't exist, then you need to put that in writing.
3. Request 14 – Documents identifying who accessed/downloaded the Board Deck.
    - you say you do not believe Abacus has this information. Please confirm this to be the case.
4. Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the

website

- You produced the email from Jeff Smith sending the board deck to Marissa Young but we have no email correspondence explaining why he took those actions. Do those exist? If not, please confirm there is nothing else to produce.

5. Request 16 – Internal communications/follow-up regarding posting on the website
   - same comment as above.
6. Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition
   - You produced one single self-serving document where Jackson tells Annino that there was not sufficient support to go forward. We have no internal communication whatsoever from anyone at Abacus discussing this. We need emails and text messages with all of the "stakeholders" that made this decision.
7. Request 22 – Documents evidencing determination of purchase price for RiverRock
   - There are no internal communications regarding the purchase price. We need emails and text messages internal to Abacus that drove the negotiations.
8. Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement
   - We have nothing here. You say it is premature but we are on the eve of trial. We have a right to understand your defenses.

Please let us know if you wish to meet and confer about this further. If so, let me know some times that you are available to discuss this tomorrow.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"; Oretsky, Sheila (Shld-MIA-LT)
**Cc:** Jason Sternberg; Kathleen Messinger
**Subject:** RE: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel
**Date:** Tuesday, July 21, 2026 12:39:00 PM

---

Alex,

Our motion to compel was not improper. You spoke with Sheila on the phone the day we filed and I emailed you at least 10 times (see emails dated 9/8/2025, 10/21/2025, 10/28/2025, 3/30/2026, 4/25/2026, 4/27/2026, 5/13/2026, 5/14/2026, 7/15/2026, 7/18/2026) about your production. I also am happy to continue conferring, an offer you have not taken me up on. Regarding your three points below:

1. We have an agreement on this issue presuming the defense is not raised again. When can we expect the amended answer?

2. We have a handful of documents discussing the purchase price and data room. We have no documentation whatsoever regarding the decision to terminate the deal, the reasons for doing so, the board's opinion on the deal, any discussion regarding the drafting of the term sheet, etc...If it is truly your position that no responsive documents exist, then put that in writing. If you are hiding behind terms ran by your predecessor counsel without having done your own diligence in looking for responsive documents—that is a different story. I continue to believe that there are more documents discussing this transaction and you have yet to confirm that your production is completed.

3. We responded to this separately last night.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, July 20, 2026 5:12 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Subject:** RE: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

Jennifer,

My response to each of your substantive points is below:

- **Riverrock's Failure to Perform:** Given that our current Amended Answer is silent on this issue, we have no intention of raising it in our forthcoming amendment. That were attempting to rely on correspondence that occurred before we filed our Amended Answer only further shows that we did not sufficiently meet and confer for Rule 3.01(g) purposes and RiverRock's motion to compel was improper.

- **Internal Correspondence:** Your opinions that the potential acquisition of RiverRock was a "large" transaction, and that it would be "unrealistic" for Abacus to not have discussed the deal at length, are both pure conjecture. Abacus has produced documents pursuant to the parameters agreed upon earlier in the case, and it has also constrained its reciprocal requests in your direction accordingly. If you have legal authority that supports your position that we are required to give you an itemized list of all of Abacus's internal correspondence, we will consider it. Absent that legal authority, we expect you to do your own document review as we have done for your document productions.

- **Upcoming Production:** We are in the process of making a supplemental production of documents that we are aiming to get out today, but more likely tomorrow as we're at the mercy of our e-discovery vendor. Per my previous email from earlier today, we will make another supplemental production of responsive, non-privileged text messages. We have started reviewing those text messages and are endeavoring to produce them as soon as possible. Your attempt to create a misleading record by baselessly accusing us of "fail[ing] to comply" is not well-taken.

Best regards,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Saturday, July 18, 2026 9:03 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Subject:** RE: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

There are many emails and phone calls where I have asked for text messages and internal correspondence. This is not new or a surprise. In addition to the calls and emails we have had, you also conferred with Sheila the day that we filed. I wrote to you on July 15 and again asked if you wanted to confer further on the phone but to date have not received a response on that. We had to file because we are running out of time. RiverRock absolutely attended the mediation in good faith—it was your side that abruptly ended it on both days. But alas, given our agreement to mediate again in early August, I think your claim is baseless and not worth a further response. I will respond to the rest of your points below:

RiverRock will agree to withdraw its argument regarding your failure to produce documents regarding RiverRock's alleged failure to perform, if Abacus agrees that its forthcoming amended answer (amended to remove the jury demand and attorney's fees per Kathleen's earlier email today) will also not have a failure to perform defense. The requests for production, responses thereto, and email correspondence conferring on same all occurred before Abacus' answer to the amended complaint was filed.

The fact that this was a large topic covered during Jeff Smith's deposition coupled with our many requests for responsive text messages put you on notice that we want text messages. The date of his deposition (which was less than one month ago) does not change that.

Please direct me to all the internal correspondence concerning the acquisition, the purchase price, and decision not to consummate the acquisition. There are a handful of documents, which is unrealistic for a proposed transaction of this size. I have not seen any internal discussion regarding the decision not to go forward with the transaction.

Does your upcoming production include text messages and additional internal communications? RiverRock produced thousands of documents because you insisted on having us run a large amount of additional search terms in May and June which took time to review. We have been nothing but accommodating and have given you absolutely everything that you need. You have had our requests for production for over a year and have still failed to comply.

Our privilege log should also be ready to go next week. It is our good faith belief that our production is complete pending any de-designations off the log. We have completed reviewing all the search terms.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 16, 2026 5:01 PM
**To:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Subject:** FW: Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

***EXTERNAL TO GT***

Sheila,

Please withdraw this improper motion, which misrepresents that the parties met and conferred at all, let alone as to all of the issues raised in the motion, as required by Rule 3.01(g). As I told you on our call, I was at a client meeting this morning and promised to respond later today on the issues you raised on the call. Given that your improper, inaccurate, and defective motion was filed while the parties are currently in a mediation—which only further reflects that RiverRock did not engage in this mediation in good faith—Abacus reserves all rights to supplement this response.

First, with respect to Section IV, that Abacus "refused production" of documents "supporting Abacus' contention that RiverRock failed to perform" as "premature," when Abacus's Amended Answer (ECF No. 85) does not include a "failure to perform" defense.

Second, it's been three weeks since Jeff Smith's deposition and this is the first we're hearing about his text messages let alone from Mr. Jackson or other custodians. We can only assume that the failure to reference any email or correspondence only further confirms the fact that the parties have not met and conferred on this issue.

Third, Abacus has produced internal communications concerning the acquisition, the purchase price, and decision not to consummate the acquisition.

Fourth, we intend to make a small production next week which will consist of, among other things, documents that fell of our privilege log. The fact that RiverRock is feigning outrage that Abacus's production is not yet complete strain credulity in light of the fact that RiverRock has dumped thousands of documents on Abacus in the last several weeks—not to mention the fact that many of these documents were produced only recently even though RiverRock's expert began writing his expert report at the beginning of 2026.

As for the privilege log, you can expect our privilege log next week. When will you be in a position to produce one yourself? And when will your production be complete?

Regards,
Alex

---

**From:** cmecf_flmd_notification@flmd.uscourts.gov <cmecf_flmd_notification@flmd.uscourts.gov>
**Sent:** Thursday, July 16, 2026 3:47 PM
**To:** cmecf_flmd_notices@flmd.uscourts.gov
**Subject:** Activity in Case 6:25-cv-00424-CEM-NWH Renegade Capital GP, LLC v. Abacus Life, Inc. Motion to Compel

**[EXTERNAL EMAIL from cmecf_flmd_notification@flmd.uscourts.gov]**

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Middle District of Florida**

## Notice of Electronic Filing

The following transaction was entered by Oretsky, Araizu on 7/16/2026 at 3:47 PM EDT and

filed on 7/16/2026

**Case Name:** Renegade Capital GP, LLC v. Abacus Life, Inc.

**Case Number:** 6:25-cv-00424-CEM-NWH

**Filer:** Renegade Capital GP LLC

**Document Number:** 87

**Docket Text:**

**MOTION to Compel Defendant Abacus Life, Inc. to Produce Responsive Documents by Renegade Capital GP LLC. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2, # (3) Exhibit 3, # (4) Exhibit 4)(Oretsky, Araizu) Motions referred to Magistrate Judge Nathan W. Hill.**

**6:25-cv-00424-CEM-NWH Notice has been electronically mailed to:**

Alex Stone Zuckerman alexzuckerman@quinnemanuel.com, alex-zuckerman-6684@ecf.pacerpro.com, newyorkcalendar@quinnemanuel.com

Araizu Sheila Oretsky sheila.oretsky@gtlaw.com, raquel.acuna@gtlaw.com, sandra.loe@gtlaw.com, sheila--oretsky-0654@ecf.pacerpro.com, tee.white@gtlaw.com

Jason David Sternberg jasonsternberg@quinnemanuel.com, ivettegalante@quinnemanuel.com, jason-sternberg-0653@ecf.pacerpro.com, NewYorkCalendar@quinnemanuel.com

Jennifer Junger jungerj@gtlaw.com, fernandezfe@gtlaw.com, jennifer--junger-2536@ecf.pacerpro.com

Kathleen S. Messinger kathleenmessinger@quinnemanuel.com

Rebecca Jin rebeccajin@quinnemanuel.com

**6:25-cv-00424-CEM-NWH Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-0] [8302bf7d73a46bb0d79141e31e698ceb92b4b934ef5e557c63b182af9a4bc0e306

9e33aec10873af2adbf8284a0622c7e97ec534e662561604c694cfb4103f47]]
**Document description:**Exhibit 1
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-1] [308e6b9e362c486b86bf7d97164217d8f8a269e63a3221b6b540dc2cb87e66bd82bc8b2fe262c9bfdd70e88a54e5e7f5a33fa747ed4a46d1eafe38b1a22be5c5]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-2] [2d0bae71bdb326908475bcefd1ce4f9f9c258054bba393670509ca6c62a50c85c372790e69d04c8ff247c34ebbec977da411e49362f4732107d73fdfd1669ef0]]
**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-3] [01074f63bf9e3e0bd412f56cfa0b3286e3f33550cfd9f5715112b991d0d8b428ab7a7ebbcdd3791038c71b357d5d035d6a64e933a7bb01ca73a65232b15a316a]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=7/16/2026] [FileNumber=27495016-4] [83e4cee806cec7c478b9a3326af86888856312dcd155203987e88930743b2586e09e9ded918eaf69af8ed3eb2c7a7fb81db3ac52a70c617037172fac53baa4f1]]

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** Alex Zuckerman; Joshua Hall
**Cc:** Rebecca Jin; Kathleen Messinger; Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT)
**Subject:** Meet and Confer Summary
**Date:** Thursday, July 23, 2026 11:49:00 AM

---

Alex,

Thanks for the meet and confer this morning. Here is a summary of our call, please advise if your recollection is different than mine by the end of the day. Otherwise, I will prep the Joint Notice and circulate for your review.

**<u>Text Messages/imessages:</u>**

- You have searched for and will produce text messages and imessages from the following individuals by today: Jeff Smith, Bill McCauley and Jeff Smith using the following search terms:
    - RiverRock
    - "RR"
    - Annino
    - Tony OR Anthony
    - Gabe
    - Lucas OR Luke
    - Siegel
    - Water OR "Project Water"
    - "Deck"
    - "Board Deck"
    - "Public Deck"
    - "ICR" OR "Notified"
- RiverRock has asked that you also search for Chris Romaine and Sean McNealy and that you apply these additional search terms to all five custodians. Just for these terms, the date range is reduced to September 1, 2023 through January 31, 2024.
    - "Valuation model" "purchase price"
    - Confidentiality agreement
    - Confidential information
    - Breach!
    - "Letter agreement"
    - Acquisition or acquire
    - Deal
    - Donna or Horowitz
    - Negotiat!
    - Post!

  - 8-k
  - Remov! Or "take down" or replac!
- You advised that none of these people communicate with whatsapp and that the searches would include all of their correspondence with board members
- You advised that you would run searches on the additional custodians and search terms and get back to me next week. You advised you believe you could make a production next week.
- I will re-iterate our previous emails that we will seek court intervention to re-open Jay Jackson's deposition based on anything belatedly produced today or after the deposition should that be necessary.

**Internal Correspondence to Request Nos. 1-4, 6, 9-10, 12, 16-17, 18-23:**

- You represented that you aren't withholding any non privileged internal correspondence and that there just simply wasn't a lot of correspondence on this as McCauley and Jackson sit next to each other and largely talk in person.
- You advised that we should ask Jackson about this during his depo.
- I asked if you would run the same additional search terms and custodians listed above. You said you would run the search and see the hits.
- We disagree that nothing further exists here.

**Request 14:**

- You confirmed that Abacus has nothing responsive here and neither does ICR. Only notified would have that information. Do you know the complete name and contact information for Notified?

**Request 25:**

- We agree here that as long as this defense is not raised again, we have an agreement.

**Amended Answer:**

- You will send us your amended answer and affirmative defenses so we can determine whether we object to the leave. We need this promptly as our deadline to strike the defenses is next week.

**RFAs:**

- You agree to an enlargement on our responses to RFAs through 7/31

**Farber**:

- You agree to accept the subpoena via email sent yesterday on his behalf

**<u>Gabe/Luke</u>**:

- Luke is available on 8/25. Gabe is available on 8/31
- Please promptly advise if those dates work so we can block our calendars.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"; "Joshua Hall"
**Cc:** "Rebecca Jin"; "Kathleen Messinger"; Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT)
**Subject:** RE: Meet and Confer Summary
**Date:** Friday, July 24, 2026 6:51:00 PM

---

Alex,

We also need you to search Sean Kirby's phone. Please also confirm whether you are using real time for Annino's deposition.

Thanks,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Thursday, July 23, 2026 11:50 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** Meet and Confer Summary

Alex,

Thanks for the meet and confer this morning. Here is a summary of our call, please advise if your recollection is different than mine by the end of the day. Otherwise, I will prep the Joint Notice and circulate for your review.

**<u>Text Messages/imessages:</u>**

- You have searched for and will produce text messages and imessages from the following individuals by today: Jeff Smith, Bill McCauley and Jeff Smith using the following search terms:
  - RiverRock
  - "RR"
  - Annino

  - Tony OR Anthony
  - Gabe
  - Lucas OR Luke
  - Siegel
  - Water OR "Project Water"
  - "Deck"
  - "Board Deck"
  - "Public Deck"
  - "ICR" OR "Notified"
- RiverRock has asked that you also search for Chris Romaine and Sean McNealy and that you apply these additional search terms to all five custodians. Just for these terms, the date range is reduced to September 1, 2023 through January 31, 2024.
  - "Valuation model" "purchase price"
  - Confidentiality agreement
  - Confidential information
  - Breach!
  - "Letter agreement"
  - Acquisition or acquire
  - Deal
  - Donna or Horowitz
  - Negotiat!
  - Post!
  - 8-k
  - Remov! Or "take down" or replac!
- You advised that none of these people communicate with whatsapp and that the searches would include all of their correspondence with board members
- You advised that you would run searches on the additional custodians and search terms and get back to me next week. You advised you believe you could make a production next week.
- I will re-iterate our previous emails that we will seek court intervention to re-open Jay Jackson's deposition based on anything belatedly produced today or after the deposition should that be necessary.

**<u>Internal Correspondence to Request Nos. 1-4, 6, 9-10, 12, 16-17, 18-23:</u>**

- You represented that you aren't withholding any non privileged internal correspondence and that there just simply wasn't a lot of correspondence on this as McCauley and Jackson sit next to each other and largely talk in person.
- You advised that we should ask Jackson about this during his depo.
- I asked if you would run the same additional search terms and custodians listed above.

You said you would run the search and see the hits.

- We disagree that nothing further exists here.

**Request 14:**

- You confirmed that Abacus has nothing responsive here and neither does ICR. Only notified would have that information. Do you know the complete name and contact information for Notified?

**Request 25:**

- We agree here that as long as this defense is not raised again, we have an agreement.

**Amended Answer:**

- You will send us your amended answer and affirmative defenses so we can determine whether we object to the leave. We need this promptly as our deadline to strike the defenses is next week.

**RFAs:**

- You agree to an enlargement on our responses to RFAs through 7/31

**Farber**:

- You agree to accept the subpoena via email sent yesterday on his behalf

**Gabe/Luke**:

- Luke is available on 8/25. Gabe is available on 8/31
- Please promptly advise if those dates work so we can block our calendars.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"
**Cc:** Joshua Hall; Rebecca Jin; Kathleen Messinger; Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Cooney, Mallory (Assoc-MIA-LT).
**Subject:** RE: Meet and Confer Summary
**Date:** Monday, July 27, 2026 5:54:00 PM

Alex,

**Regarding the ICR emails**. They claim you already have it in your possession. What do you mean you are "seeking" the docs? I need a firm answer on when we will receive those documents by tomorrow or we will need to compel. The subpoena had a production date of July 14. It is July 27. We see no reason why you need to review the documents prior to our receiving them. The only reason we needed to subpoena ICR Is because your own witness knew very little about the topic. Please advise by tomorrow if you need a further conferral on this.

**Regarding the text messages**: It is your obligation to produce responsive documents. You failed to produce text messages until now. This is not my delay. It is yours. Your team ignored each time I asked if production was completed. I asked approximately 10 times. Given the production was rolling, I anticipated text messages would be forthcoming particularly since I also asked about text messages multiple times in emails. I need to know by tomorrow when we will receive the remainder of the text messages and whether you have committed to reviewing and producing the additional terms and custodians that I asked for. During our meet and confer you said it was dependent on how many hits were received. Please respond to this email and advise if we need to meet and confer further on this.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, July 27, 2026 2:19 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

Do not misrepresent the witness's testimony when we don't even have a transcript of his deposition

from Friday.

First, Mr. Jackson testified about a Zoom chat function—which, as I'm sure you're familiar with, generally exists only while a Zoom call is occurring. Mr. Jackson also testified that he didn't use the Zoom chat function.

Second, Mr. Jackson did not *refuse* to answer the question of when his phone was searched. Mr. Jackson testified that he could not recall when his phone was searched and that we (his lawyers) would know. His phone was searched; we reviewed text messages that hit on relevant search terms and are running additional search terms based on your severely delayed requests. We will produce text messages that are non-privileged and responsive—as we have already done. Indeed, as reflected in our recent production, we have already produced responsive text messages both before and after the Board Deck was posted and before and after Abacus walked away from the LOI discussions.

We are currently adding additional text message terms per our meet and confer Thursday. We are also seeking the ICR documents.

To the extent that you still wish to meet and confer, we are available tonight after 8pm or before 11 am tomorrow.

Best,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Saturday, July 25, 2026 7:42 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Re: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex: apologies, that was clearly a typo, and I appreciate you bringing it to my attention. It was intended to say 8/31 not 7/31. A full reading of the chain would make that typo clear. My very first email on the topic said:

Luke is available on 8/25. Gabe is available on 8/31.

You said you were not available on 8/25 but that you would take Luke on 8/31.

My response to that was we would clear 7/31 (which was clearly intended to say 8/31 in direct response to your email) but that we had cleared that date with Gabe (not Luke) as per my original email.

You sent the email reserving 7/31 the night before Mr. Jackson's deposition. I responded within a reasonable 24 hour time frame.

Gabe is not available on 7/31.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Friday, 24 July 2026 23:55:11
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** Re: Meet and Confer Summary

Jennifer,

In your email below yesterday, you represented that you reserved 7/31 and "cleared that date for Gabe." Alex confirmed with you—on the same day—that we would be proceeding with Gabe's deposition on 7/31. Now, less than an hour after the conclusion of Abacus's CEO's deposition, Gabe is suddenly unavailable on a date you confirmed yesterday was open and reserved for Gabe.

We sincerely hope RiverRock isn't unilaterally rendering unavailable the co-owner and chairperson of the plaintiff in this case simply because you did not like the testimony you heard today.

Please provide your availability to meet and confer on Monday. We will be moving to compel the deposition of Gabe Siegel to be taken on July 31, as proposed by you yesterday and confirmed by me on the same day.

Best,
Alex

On Jul 24, 2026, at 6:53 PM, jungerj@gtlaw.com wrote:

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

Gabe is unavailable on 7/31. We will reserve Luke for 8/31.

Thanks,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 8:39 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

We will take Gabe's deposition on 7/31 and Lucas on 8/31.

Thanks,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:16 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

We did discuss that but unfortunately, we are not available that week due to travel and other cases depositions. We have a fair amount of availability the weeks of the 17th and

24th and I will reserve 7/31. I had cleared that date for Gabe though.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:12 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

We had discussed doing one deposition per week. Do you not have availability the week of the 10th?

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:10 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Apologies, I don't recall you saying that you were unavailable on 8/25. What other days are you available that week?

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:05 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

***EXTERNAL TO GT***

Jennifer,

Thanks. We can take Luke on 8/31. As discussed this morning, we are not available 8/25. Do

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 11:50 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

Alex,

Thanks for the meet and confer this morning. Here is a summary of our call, please advise if your recollection is different than mine by the end of the day. Otherwise, I will prep the Joint Notice and circulate for your review.

**Text Messages/imessages:**

- You have searched for and will produce text messages and imessages from the following individuals by today: Jeff Smith, Bill McCauley and Jeff Smith using the following search terms:
  - RiverRock
  - "RR"
  - Annino
  - Tony OR Anthony

Gabe
- Lucas OR Luke
- Siegel
- Water OR "Project Water"
- "Deck"
- "Board Deck"
- "Public Deck"
- "ICR" OR "Notified"

- RiverRock has asked that you also search for Chris Romaine and Sean McNealy and that you apply these additional search terms to all five custodians. Just for these terms, the date range is reduced to September 1, 2023 through January 31, 2024.
    - "Valuation model" "purchase price"
    - Confidentiality agreement
    - Confidential information
    - Breach!
    - "Letter agreement"
    - Acquisition or acquire
    - Deal
    - Donna or Horowitz
    - Negotiat!
    - Post!
    - 8-k
    - Remov! Or "take down" or replac!
- You advised that none of these people communicate with whatsapp and that the searches would include all of their correspondence with board members
- You advised that you would run searches on the additional custodians and search terms and get back to me next week. You advised you believe you could make a production next week.
- I will re-iterate our previous emails that we will seek court intervention to re-open Jay Jackson's deposition based on anything belatedly produced today or after the deposition should that be necessary.

**<u>Internal Correspondence to Request Nos. 1-4, 6, 9-10, 12, 16-17, 18-23:</u>**

- You represented that you aren't withholding any non privileged internal correspondence and that there just simply wasn't a lot of correspondence on this as McCauley and Jackson sit next to each other and largely talk in person.

- You advised that we should ask Jackson about this during his depo.
- I asked if you would run the same additional search terms and custodians listed above. You said you would run the search and see the hits.
- We disagree that nothing further exists here.

**Request 14:**

- You confirmed that Abacus has nothing responsive here and neither does ICR. Only notified would have that information. Do you know the complete name and contact information for Notified?

**Request 25:**

- We agree here that as long as this defense is not raised again, we have an agreement.

**Amended Answer:**

- You will send us your amended answer and affirmative defenses so we can determine whether we object to the leave. We need this promptly as our deadline to strike the defenses is next week.

**RFAs:**

- You agree to an enlargement on our responses to RFAs through 7/31

**Farber**:

- You agree to accept the subpoena via email sent yesterday on his behalf

**Gabe/Luke**:

- Luke is available on 8/25. Gabe is available on 8/31
- Please promptly advise if those dates work so we can block our calendars.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** Alex Zuckerman
**Cc:** Joshua Hall; Rebecca Jin; Kathleen Messinger; Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Cooney, Mallory (Assoc-MIA-LT)
**Subject:** Re: Meet and Confer Summary
**Date:** Monday, July 27, 2026 7:46:24 PM

What about the additional custodians that we asked for? Can you also run the term indemnif! that is relevant after the deposition last week.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, 27 July 2026 19:44:53
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Cooney, Mallory (Assoc-MIA-LT) <Mallory.Cooney@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

We will make a production of ICR documents later this week. We ran your additional terms over the text messages in our database and they hit on zero unique documents not captured by the other terms.

Alex.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Monday, July 27, 2026 5:55 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Mallory.Cooney@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

**Regarding the ICR emails**. They claim you already have it in your possession. What do you mean you are "seeking" the docs? I need a firm answer on when we will receive those documents by tomorrow or we will need to compel. The subpoena had a production date of July 14. It is July 27. We see no reason why you need to review the documents prior to our receiving them. The only reason we

needed to subpoena ICR Is because your own witness knew very little about the topic. Please advise by tomorrow if you need a further conferral on this.

**Regarding the text messages**: It is your obligation to produce responsive documents. You failed to produce text messages until now. This is not my delay. It is yours. Your team ignored each time I asked if production was completed. I asked approximately 10 times. Given the production was rolling, I anticipated text messages would be forthcoming particularly since I also asked about text messages multiple times in emails. I need to know by tomorrow when we will receive the remainder of the text messages and whether you have committed to reviewing and producing the additional terms and custodians that I asked for. During our meet and confer you said it was dependent on how many hits were received. Please respond to this email and advise if we need to meet and confer further on this.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, July 27, 2026 2:19 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

Do not misrepresent the witness's testimony when we don't even have a transcript of his deposition from Friday.

First, Mr. Jackson testified about a Zoom chat function—which, as I'm sure you're familiar with, generally exists only while a Zoom call is occurring. Mr. Jackson also testified that he didn't use the Zoom chat function.

Second, Mr. Jackson did not *refuse* to answer the question of when his phone was searched. Mr. Jackson testified that he could not recall when his phone was searched and that we (his lawyers) would know. His phone was searched; we reviewed text messages that hit on relevant search terms and are running additional search terms based on your severely delayed requests. We will produce text messages that are non-privileged and responsive—as we have already done. Indeed, as

reflected in our recent production, we have already produced responsive text messages both before and after the Board Deck was posted and before and after Abacus walked away from the LOI discussions.

We are currently adding additional text message terms per our meet and confer Thursday. We are also seeking the ICR documents.

To the extent that you still wish to meet and confer, we are available tonight after 8pm or before 11 am tomorrow.

Best,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Saturday, July 25, 2026 7:42 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Re: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex: apologies, that was clearly a typo, and I appreciate you bringing it to my attention. It was intended to say 8/31 not 7/31. A full reading of the chain would make that typo clear. My very first email on the topic said:

Luke is available on 8/25. Gabe is available on 8/31.

You said you were not available on 8/25 but that you would take Luke on 8/31.

My response to that was we would clear 7/31 (which was clearly intended to say 8/31 in direct response to your email) but that we had cleared that date with Gabe (not Luke) as per my original email.

You sent the email reserving 7/31 the night before Mr. Jackson's deposition. I responded within a reasonable 24 hour time frame.

Gabe is not available on 7/31.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Friday, 24 July 2026 23:55:11
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** Re: Meet and Confer Summary

Jennifer,

In your email below yesterday, you represented that you reserved 7/31 and "cleared that date for Gabe." Alex confirmed with you—on the same day—that we would be proceeding with Gabe's deposition on 7/31. Now, less than an hour after the conclusion of Abacus's CEO's deposition, Gabe is suddenly unavailable on a date you confirmed yesterday was open and reserved for Gabe.

We sincerely hope RiverRock isn't unilaterally rendering unavailable the co-owner and chairperson of the plaintiff in this case simply because you did not like the testimony you heard today.

Please provide your availability to meet and confer on Monday. We will be moving to compel the deposition of Gabe Siegel to be taken on July 31, as proposed by you yesterday and confirmed by me on the same day.

Best,
Alex

> On Jul 24, 2026, at 6:53 PM, jungerj@gtlaw.com wrote:
>
> **[EXTERNAL EMAIL from jungerj@gtlaw.com]**
>
> ---
>
> Alex,
>
> Gabe is unavailable on 7/31. We will reserve Luke for 8/31.
>
> Thanks,
>
> **Jennifer L. Junger**
> Shareholder
>
> Greenberg Traurig, P.A.
> 333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
> T 305.579.0560 | F 305.961.5698 | C 516 448 4667

jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 8:39 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

We will take Gabe's deposition on 7/31 and Lucas on 8/31.

Thanks,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:16 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

We did discuss that but unfortunately, we are not available that week due to travel and other cases depositions. We have a fair amount of availability the weeks of the 17th and 24th and I will reserve 7/31. I had cleared that date for Gabe though.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:12 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

We had discussed doing one deposition per week. Do you not have availability the week of the 10th?

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:10 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

Apologies, I don't recall you saying that you were unavailable on 8/25. What other days are you available that week?

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:05 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

***EXTERNAL TO GT***

Jennifer,

Thanks. We can take Luke on 8/31. As discussed this morning, we are not available 8/25. Do

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 11:50 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

Thanks for the meet and confer this morning. Here is a summary of our call, please advise if your recollection is different than mine by the end of the day. Otherwise, I will prep the Joint Notice and circulate for your review.

**Text Messages/imessages:**

- You have searched for and will produce text messages and imessages from the following individuals by today: Jeff Smith, Bill McCauley and Jeff Smith using the following search terms:
  - RiverRock
  - “RR”
  - Annino
  - Tony OR Anthony
  - Gabe
  - Lucas OR Luke
  - Siegel
  - Water OR “Project Water”
  - “Deck”
  - “Board Deck”
  - “Public Deck”

    - "ICR" OR "Notified"
- RiverRock has asked that you also search for Chris Romaine and Sean McNealy and that you apply these additional search terms to all five custodians. Just for these terms, the date range is reduced to September 1, 2023 through January 31, 2024.
    - "Valuation model" "purchase price"
    - Confidentiality agreement
    - Confidential information
    - Breach!
    - "Letter agreement"
    - Acquisition or acquire
    - Deal
    - Donna or Horowitz
    - Negotiat!
    - Post!
    - 8-k
    - Remov! Or "take down" or replac!
- You advised that none of these people communicate with whatsapp and that the searches would include all of their correspondence with board members
- You advised that you would run searches on the additional custodians and search terms and get back to me next week. You advised you believe you could make a production next week.
- I will re-iterate our previous emails that we will seek court intervention to re-open Jay Jackson's deposition based on anything belatedly produced today or after the deposition should that be necessary.

**<u>Internal Correspondence to Request Nos. 1-4, 6, 9-10, 12, 16-17, 18-23:</u>**

- You represented that you aren't withholding any non privileged internal correspondence and that there just simply wasn't a lot of correspondence on this as McCauley and Jackson sit next to each other and largely talk in person.
- You advised that we should ask Jackson about this during his depo.
- I asked if you would run the same additional search terms and custodians listed above. You said you would run the search and see the hits.
- We disagree that nothing further exists here.

**<u>Request 14:</u>**

- You confirmed that Abacus has nothing responsive here and neither does

ICR. Only notified would have that information. Do you know the complete name and contact information for Notified?

**Request 25:**

- We agree here that as long as this defense is not raised again, we have an agreement.

**Amended Answer:**

- You will send us your amended answer and affirmative defenses so we can determine whether we object to the leave. We need this promptly as our deadline to strike the defenses is next week.

**RFAs:**

- You agree to an enlargement on our responses to RFAs through 7/31

**Farber**:

- You agree to accept the subpoena via email sent yesterday on his behalf

**Gabe/Luke**:

- Luke is available on 8/25. Gabe is available on 8/31
- Please promptly advise if those dates work so we can block our calendars.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"; Kathleen Messinger; Rebecca Jin
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Jason Sternberg
**Subject:** RE: Joint Notice to the Court(726681161.1).docx
**Date:** Tuesday, July 28, 2026 12:35:00 PM

---

Have you circulated the hit report? Have you agreed to run the additional custodians that we asked for both on texts and emails? Have you searched any internal chat platform beyond email? have you confirmed whether your production is complete? You are intentionally ignoring my questions knowing that you have produced almost nothing of substance. Further, you admitted that you are still reviewing documents—which means at an absolute minimum we are at an impasse because until that production is completed and reviewed we don't know what remains missing.

I drafted this very simply to say we are at an impasse on subjects (1) and (2) and that we agreed on the rest to avoid this level of back and forth. You redlined it to include self-serving statements about what you have done (while ignoring what you haven't done). As such, I revised to set the record for what we disagree on. I added in one sentence saying we are at an impasse to a document to which you otherwise agreed to sign off on. Please advise if you agree with this language and if not, why you do not agree. We have a court order to submit a status report and there is no reason that we can't represent that we have conferred, agree on some issues and disagree on others.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Tuesday, July 28, 2026 12:28 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

Jennifer, can you please articulate what you have asked for that we have failed to search? We recently ran a dozen new text message search terms and found nothing new and responsive. You are moving to compel nothing.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, July 28, 2026 12:25 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger

<kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Jason Sternberg
<jasonsternberg@quinnemanuel.com>
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex: that language must have gotten removed in the redline unintentionally. We do remain at an impasse regarding the texts and internal communications. We have an incomplete production and you haven't agreed one way or the other as to the additional custodians. This draft is identical but for the representation that: As it stands with production being incomplete, the Parties remain at an impasse on the text messages and internal communications.

Please confirm whether this can be filed and whether we can add your e-signature.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Tuesday, July 28, 2026 12:14 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Kathleen Messinger
<kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT)
<Raquel.Acuna@gtlaw.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

Jennifer, we object to your characterizations in the joint notice, but appreciate that you have removed language indicating the parties are at an impasse. We agree that the parties are not at an impasse on any of the issues. You may file your notice.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, July 28, 2026 11:49 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger
<kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Jason Sternberg
<jasonsternberg@quinnemanuel.com>
**Subject:** Re: Joint Notice to the Court(726681161.1).docx

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex: I didn't mention raising it with Mr. Jackson nor would that be a basis for our motion. I asked you to circulate it.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Tuesday, 28 July 2026 11:40:49
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

The December 3 redline was produced in Abacus's very first production, over one year ago. Your failure to raise it with Mr. Jackson was no fault but your own.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, July 28, 2026 11:25 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Apologies—Scott Kirby. Their names are on documents. We have received virtually no internal communication regarding this deal and the decision not to move forward. Mr. Jackson also introduced new theories during his deposition that we had never heard before. As such, we need to understand whether those theories are supported.

Further, during the deposition you referenced a December 3 redline. We have no record of a December 3 redline between Abacus and RR. Please send that to us immediately.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Tuesday, July 28, 2026 11:19 AM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

Jennifer – there is no "Sean Kirby" at Abacus. Assuming that you mean Scott Kirby, can you please explain why you are asking for his documents and Mr. McNealy's documents now, nearly a year after Abacus first produced communications on which he was copied, and the week after Mr. Jackson testified as to the Abacus individuals involved in the RiverRock discussions, and did not include Scott Kirby?

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, July 28, 2026 11:07 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

Can you please circulate a hit report of everything you have run in the case thus far for my review?

You mentioned that you ran additional search terms and there were no new results. Does this statement include the new custodians which had not been searched? It was my understanding that none of the terms were run yet on those custodians (Sean Kirby, Chris Romaine, Sean McNealy). If not, then I don't believe your redline is accurate.

As such, I have made the following revisions. Please advise if you have any further comment.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Tuesday, July 28, 2026 10:32 AM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Joint Notice to the Court(726681161.1).docx

***EXTERNAL TO GT***

Jennifer – our edits are attached.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, July 28, 2026 9:40 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Joint Notice to the Court(726681161.1).docx

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

Please advise promptly if you have any revisions to the attached Joint Notice, which needs to be filed today. I'd appreciate a response by 2:00 pm so we can get this filed.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.