**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS, LLC, a Delaware limited liability company,

Plaintiff,

v. Case No. 6:25-cv-00424-CEM-NWH

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

---

## MOTION TO COMPEL

Plaintiff, pursuant to Federal Rule of Civil Procedure 45(a) moves to compel the production of documents from nonparty witness ICR Services, Inc. ("ICR") in response to the Subpoena to Produce Documents (the "Subpoena," **Exhibit 1**) setting a deadline of July 14, 2026.

In Defendant's sworn answers to Interrogatories, Defendant swore:

> The Board Deck which included two pages referencing Plaintiff. . . was inadvertently posted on Defendant's investor website. . . from November 14, 2023. . . to November 15, 2023. . . the Board Deck was inadvertently sent by Jeff Smith to ICR. . . who then sent the Board Deck to Notified to be posted on Defendant's investor website.

On June 23, 2026, Plaintiff took the deposition of Defendant's Chief Marketing Officer Jeff Smith, who was also corporate representative for the following topic: "The uploading of the Slide Deck to Abacus's investor website in November 2023."

However, Mr. Smith could not answer basic questions about the relationship between Defendant and ICR, the relationship between ICR and Notified, ICR's role, why a board deck would be sent to ICR, who manages ICR, who is responsible for sending board decks to ICR, and that Notified rather than ICR actually posted the Board Deck. As such, Plaintiff served a subpoena on ICR shortly after the deposition requesting documentation on many of the categories of questions that Mr. Smith was unable to answer.

Upon receipt of the Subpoena, ICR admitted to having relevant documents and communications, but refused to produce without review and approval from Defendant, citing contractual confidentiality obligations.

Despite that there is a Stipulated Confidentiality Agreement in this case, Plaintiff was amenable to ICR honoring their obligations to Defendant. However, the deadline for compliance has long passed and discovery closes on Friday, July 31. Abacus has been in possession of what ICR deemed to be responsive records since at least July 20 but has made no movement towards production.

Further, Plaintiff objects to any attempt by Defendant to make its own determinations as to what is responsive or privileged as that is up to ICR. If there are confidentiality concerns, Defendant must file a motion for protection, but Defendant does not get to self-select what is or is not relevant. Defendant advised that it would serve an ICR production this week but has ignored Plaintiff's request to confirm a specific date and to answer if anything is going to be withheld. Given today is the close of discovery, Plaintiff had to file this motion to preserve its rights.

**WHEREFORE**, Plaintiff's respectfully requests the Court order ICR to within 5 days produce the documents in compliance with the Subpoena without withholding documents except for privileged documents.

**RULE 3.01(g) CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that it conferred with counsel for ICR regarding the relief requested in this Motion via email on July 9, July 14, July 15, and July 20. ICR's counsel represented that we should speak with Abacus' counsel regarding production. Plaintiff conferred with Abacus' counsel on July 22, 24, 27, 28, and 30. Counsel has ignored Plaintiff's request to confer about this further. Specifically on July 30, Plaintiff asked: "Please advise when you have a few moments today for a meet and confer telephone call." This email was not responded to. Plaintiff's counsel also called Abacus' counsel Kathleen Messinger on July 31, 2026 and left a voicemail but as of the filing of this motion has not received a response. The meet and confer correspondence is attached hereto as **Composite Exhibit 2**. The parties are unable to agree on the relief requested, and Abacus opposes the Motion.

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0560

By: */s/ Jennifer Junger*
A. SHEILA ORETSKY
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com

JENNIFER JUNGER
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of July, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jennifer Junger*
JENNIFER JUNGER