# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

CASE NO.: 6:25-cv-00424

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,

_________________________________________ /

**PLAINTIFF'S NOTICE OF SUBPOENA FOR DOCUMENTS AND TESTIMONY TO THIRD-PARTY CORPORATE REPRESENTATIVE ICR, LLC UNDER FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45 and 30(b)(6), Plaintiff, RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, by and through undersigned counsel, will serve (i) the Subpoena to Produce Documents attached as Exhibit A and (ii) the Subpoena to Testify at Deposition attached as Exhibit B on third party ICR, LLC ("ICR") through one or more officers, directors, agents or other representatives who should be designated to testify on ICR's behalf regarding all information known or reasonably available to ICR with respect to the subject matters identified in the subpoena attached as Exhibit B.

Dated: June 26, 2026. Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
Jennifer Junger, Esq.
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
MIAlitdock@gtlaw.com
*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this June 26, 2026, I served the foregoing document on all counsel of record via Registered Email.

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.

# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the Middle District of Florida

RENEGADE CAPITAL GP, LLC, d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company
*Plaintiff*
v.
ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation
*Defendant*

Civil Action No. CASE NO.: 6:25-cv-00424

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ICR, LLC, c/o Custodian of Records, 875 Third Avenue, 10th Floor, New York, New York 10022

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment 1.

| Place: Email production to: sheila.oretsky@gtlaw.com<br>jungerj@gtlaw.com<br>raquel.acuna@gtlaw.com | Date and Time:<br>July 14, 2026 at 12:00pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/24/2026

*CLERK OF COURT*

________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ A. Sheila Oretsky, Esq.
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC , who issues or requests this subpoena, are:

A. Sheila Oretsky and Jennifer Junger from Greenberg Traurig, P.A., 333 SE 2nd Ave, Suite 4400, Miami, FL 33131
Email: sheila.oretsky@gtlaw.com and jungerj@gtlaw.com - Phone: 305-579-0535

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. CASE NO.: 6:25-cv-00424

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

Pursuant to Federal Rule of Civil Procedure 45 and the accompanying subpoena ("Subpoena"), you are hereby requested to produce for inspection and copying the Documents and Communications identified below:

**DEFINITIONS**[1]

A. "Abacus," or "Defendant" refers to Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc., and any other individual or entity affiliated with Defendant, employed by Defendant, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

B. "Action" means the lawsuit *Renegade Capital GP, LLC d/b/a RiverRock Funds LLC v. Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*, Case No. 6:25-cv-00424 CEM-NWH, pending in the United States District Court for the Middle District of Florida.

C. "All" includes and encompasses "any" and "each."

D. "And" and "or" shall be read in the conjunctive or disjunctive in a manner to provide the broadest scope of an interrogatory.

E. "Board Deck" means the PowerPoint presentation that was presented to the Abacus Board of Directors at the meeting held on November 9, 2023 and was sent

[1] When the defined terms are used within requests, they have the meaning defined herein whether the term is capitalized or not.

to Marissa Young by Jeff Smith on November 14, 2023 with the instruction "Here is the Q3 board deck for the ir website."

F. "Communication" shall mean and include any written, oral, telephonic, electronic or other inquiry, representation, discussion, conversation, negotiation, agreement, understanding, meeting, letter, note, text message, whatsapp message, imessage, messaging through any app platform, telegraph, telex, fax, computer transmission, e-mail, blog post, tweet, instant message, voicemail, social media post, chat, video, advertisement or interview and any document relating to such communication.

G. "Complaint" refers to the operative Complaint in the Lawsuit.

H. "Document" and "Documents" shall be defined to the broadest extent permitted by Federal Rule of Civil Procedure 34(a)(1) and mean, without limitation, originals, drafts, or exact duplicates of any written, or graphic matter, however produced or reproduced, of any thought, expression, kind or description, and all tangible things from which information can be transcribed, including without limitation all written, graphic, or otherwise recorded material, however produced or stored, including, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, drafts, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of

conversations either in writings or upon any mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The term specifically includes information stored in a computer database and capable of being generated in documentary form, such as report, spreadsheet, or electronic mail. The term encompasses the term Communication to the extent the transmission was recorded in any way. "Document" also includes all Electronically Stored Information ("ESI") as defined herein.

I. "Electronically Stored Information" or "ESI," as used herein, shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically Stored Information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts,

graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically Stored Information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically Stored Information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

J. “Include” and “Including” means including without limitation.

K. “Jay Jackson” or “Jackson” refers to the Chief Executive Officer of Abacus.

L. “Plaintiff” or “RiverRock” refers to Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC and any other individual or entity affiliated with Plaintiff, employed by Plaintiff, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

M. "Reflecting" means constituting or in any way concerning, representing or referring to.

N. "Relating to" and "Relate to" mean reflecting, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

O. "RiverRock Acquisition" means the potential acquisition between RiverRock and Abacus.

P. "Supporting" means evidencing, exhibiting, proving, substantiating, showing, or demonstrating.

Q. "You" or "Your" or "ICR" refers to ICR, LLC sometimes referred to as ICR, Inc. and/or ICR ("ICR") and any other individual or entity affiliated with ICR, ICR employed by ICR, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

## INSTRUCTIONS

The following instructions apply to each of the Requests below and are deemed incorporated herein:

1. Unless indicated otherwise, the relevant time period to which each Request refers is January 1, 2023 to the present.

2. In producing Documents and other materials, You are requested to furnish all responsive Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your agents or representatives.

3. These Requests are directed to documents and things in your possession, custody or control. If any of the requested documents or things are not in your possession, custody or control, but you know or believe them to be in the possession, custody or control of another person, business organization or entity, identify that person, business organization or entity.

4. All documents produced pursuant to these Requests are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the original item produced) to correspond with the categories of each numbered request to which they are responsive.

5. In answering these Requests, all language should be given its plain meaning and kept in context, and the singular shall be read as including the plural and the plural shall be read as including the singular where appropriate.

6. To the extent that you consider any of the following Requests objectionable, respond to so much of each, and each part thereof, which is not objectionable in your view, and separately state that part of each which is objectionable and the ground for each objection.

7. No part of a Request shall be left unanswered merely because an objection has been interposed to another part of the request.

8. Where objections are made to a Request or any part thereof, the objection shall state with specificity all grounds in sufficient detail to allow the Court to rule on the objection.

9. Any document(s) withheld as privileged must be identified on a privilege log compliant with Federal Rule of Civil Procedure 26 and the Local Rules of the Middle District of Florida. In order that the Court and the parties may determine the validity of the claim of privilege, you are to provide sufficient information to determine the identity of the document or oral communication so claimed to be privileged, and, as well, state the basis for any asserted claim of privilege.

10. Any reference in the singular shall include the plural and vice versa to bring within the scope of the request all document(s) which might otherwise be construed to be outside its scope.

11. If, for any reason, you are unable to produce in full any document requested:

(a) Produce each document to the fullest extent possible;

(b) Specify the reasons for your inability to produce the remainder; and

(c) State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

12. If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which that is the case:

(a) The type of document;

(b) The types of information contained therein;

(c) The date upon which it ceased to exist;

(d) The circumstances under which it ceased to exist;

(e) The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

(f) The identity of all persons having knowledge or who had knowledge of the contents thereof.

13. Words of gender shall be construed as including all genders, without limitation.

14. Words in the singular shall be construed to mean the plural and vice versa as appropriate.

15. As used herein, the present tense shall include the past tense and vice versa.

16. All of the requests in this Request for Production seek the production of electronic data ("Electronic Data"), sometimes referred to as "electronically stored information" or "ESI." Electronic Data as used herein shall mean the original or identical duplicate when the original is not available, and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic Data includes, by way of example only, electronic ledgers, electronic mail, e-mail, text messages, messages on social media platforms (such as Facebook, Instagram, and WhatsApp), computer programs

(whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data exists in an active file, deleted file, or file fragment. Electronic Data includes any and all items stored, in native and non-native format, on computers, servers, cloud databases, or online (for example, QuickBooks); on computer memories; hard disks; floppy disks; CD-ROMs; removable media such as portable drives, Bernoulli Boxes, and their equivalent; magnetic tapes of all types; microfiche; punched cards; punched tape; computer chips including, but not limited to, EPROM, PROM, RAM and ROM; or on or in any other vehicle for digital data storage and/or transmittal. Electronic Data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

## REQUESTS FOR PRODUCTION

1. All Documents and/or Communications relating to your receipt of the Board Deck, publication of the Board Deck on the Abacus investor website, removal of the Board Deck from the Abacus investor website, and uploading of a replacement public deck shortly thereafter.

2. All Documents and/or Communications between You and Abacus relating to requests from anyone at Abacus to publish any documents on the Abacus investor website.

3. All Documents and/or Communications reflecting safety protocol measures that You utilize to ensure any sensitive or confidential information remains protected.

4. All Documents and/or Communications setting forth Your responsibilities and scope of work with Abacus.

5. All Documents and/or Communications between You and Jeff Smith.

6. All Documents and/or Communications between You and Jay Jackson.

7. All Documents and/or Communications with anyone at Abacus regarding the Board Deck.

8. All Documents and/or Communications reflecting internal discussions about the posting of the Board Deck on the Abacus investor website.

9. All Documents and/or Communications between You and any third party regarding the posting of the Board Deck on the Abacus investor website.

10. All Documents and/or Communications with Notified regarding the Board Deck.

11. All Documents and/or Communications that reflect the procedures that You follow before You post documents to the Abacus investor website.

12. All Documents and/or Communications relating to the article published in the Deal by Donna Horowitz titled, "Abacus Accidentally Posts Document on Potential RiverRock Deal."

13. All Documents and/or Communications relating to the Form 8k filed by Abacus on November 20, 2023.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

for the Middle District of Florida

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company
*Plaintiff*
v.
ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation
*Defendant*

Civil Action No. 6:25-cv-00424

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ICR, LLC, c/o Corporate Representative, 875 Third Avenue, 10th Floor, New York, New York 10022

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment 1.

| Place: *Via Zoom:* Meeting ID: : 954 525 0010 Password: 9545252221 | Date and Time: July 21, 2026 at 10:00am |
|---|---|

The deposition will be recorded by this method: Court Reporter and Videographer from United Reporting, Inc.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/24/2026

*CLERK OF COURT*

OR

/s/ A. Sheila Oretsky, Esq.

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, who issues or requests this subpoena, are:

A. Sheila Oretsky and Jennifer Junger from Greenberg Traurig, P.A., 333 SE 2nd Ave, Suite 4400, Miami, Fl 33131
Email: sheila.oretsky@gtlaw.com and jungerj@gtlaw.com - Phone: 305-579-0535

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:25-cv-00424

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

In accordance with the Federal Rules of Civil procedure 30(b)(6), Plaintiff designates the matters identified below for examination. In construing these topics, the following definitions shall apply.

**DEFINITIONS**[1]

1. "Abacus," or "Defendant" refers to Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc., and any other individual or entity affiliated with Defendant, employed by Defendant, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

2. "Action" means the lawsuit *Renegade Capital GP, LLC d/b/a RiverRock Funds LLC v. Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*, Case No. 6:25-cv-00424 CEM-NWH, pending in the United States District Court for the Middle District of Florida.

3. "All" includes and encompasses "any" and "each."

4. "And" and "or" shall be read in the conjunctive or disjunctive in a manner to provide the broadest scope of an interrogatory.

[1] When the defined terms are used within requests, they have the meaning defined herein whether the term is capitalized or not.

5. "Board Deck" means the PowerPoint presentation that was presented to the Abacus Board of Directors at the meeting held on November 9, 2023 and was sent to Marissa Young by Jeff Smith on November 14, 2023 with the instruction "Here is the Q3 board deck for the ir website."

6. "Communication" shall mean and include any written, oral, telephonic, electronic or other inquiry, representation, discussion, conversation, negotiation, agreement, understanding, meeting, letter, note, text message, whatsapp message, imessage, messaging through any app platform, telegraph, telex, fax, computer transmission, e-mail, blog post, tweet, instant message, voicemail, social media post, chat, video, advertisement or interview and any document relating to such communication.

7. "Complaint" refers to the operative Complaint in the Lawsuit.

8. "Document" and "Documents" shall be defined to the broadest extent permitted by Federal Rule of Civil Procedure 34(a)(1) and mean, without limitation, originals, drafts, or exact duplicates of any written, or graphic matter, however produced or reproduced, of any thought, expression, kind or description, and all tangible things from which information can be transcribed, including without limitation all written, graphic, or otherwise recorded material, however produced or stored, including, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings,

memoranda, books, records, accounts, communications, letters, telegrams, correspondence, drafts, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The term specifically includes information stored in a computer database and capable of being generated in documentary form, such as report, spreadsheet, or electronic mail. The term encompasses the term Communication to the extent the transmission was recorded in any way. "Document" also includes all Electronically Stored Information ("ESI") as defined herein.

9. "Electronically Stored Information" or "ESI," as used herein, shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically Stored Information

includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an active file, deleted file or file fragment. Electronically Stored Information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically Stored Information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

10. "Include" and "Including" means including without limitation.

11. "Jay Jackson" or "Jackson" refers to the Chief Executive Officer of Abacus.

12. "Plaintiff" or "RiverRock" refers to Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC and any other individual or entity affiliated with

Plaintiff, employed by Plaintiff, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

13. "Reflecting" means constituting or in any way concerning, representing or referring to.

14. "Relating to" and "Relate to" mean reflecting, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

15. "RiverRock Acquisition" means the potential acquisition between RiverRock and Abacus.

16. "Supporting" means evidencing, exhibiting, proving, substantiating, showing, or demonstrating.

17. "You" or "Your" or "ICR" refers to ICR, LLC sometimes referred to as ICR, Inc. and/or ICR ("ICR") and any other individual or entity affiliated with ICR, ICR employed by ICR, or acting or purporting to act on its behalf, including but not limited to directors, officers, employees, attorneys, agents, consultants, and parent, subsidiary, predecessor, successors, affiliated or related corporations or business units of such entities.

**<u>SUBJECT MATTERS DEPONENT SHALL BE PREPARED TO ADDRESS</u>**

1. The posting of the Board Deck to the Abacus investor website.

2. The emails between Marissa Young and Jeff Smith related to the Board Deck.

3. The working relationship between Abacus and ICR, including ICR's responsibilities and scope of work for Abacus.

4. Notified's role in the posting of the Board Deck to the Abacus investor website.

5. The working relationship between ICR and Notified.

6. ICR's internal policies and procedures relating to the public posting of client data, documents, and/or materials, whether that be to an investor website or otherwise.

7. ICR's policies and procedures to safeguard sensitive and/or confidential information.

8. Communications regarding Jeff Smith's request for You to publish the Board Deck on the Abacus investor website.

9. Communications regarding Jeff Smith's request for You to remove the Board Deck from the Abacus investor website.

10. Any knowledge you have regarding the Form 8k filed by Abacus on November 20, 2023.

11. Communications regarding the article published in the Deal by Donna Horowitz titled, "Abacus Accidentally Posts Document on Potential RiverRock Deal."