# COMPOSITE EXHIBIT 2

**From:** Sarah Shirkey
**To:** Oretsky, Sheila (Shld-MIA-LT); Junger, Jennifer L. (Shld-MIA-LT)
**Cc:** Tim Bishop; Kayla Decaro; Acuna, Raquel (LSS-MIA-LT)
**Subject:** RE: Abacus Life - ICR Subpoena Received
**Date:** Monday, July 20, 2026 2:29:59 PM
**Attachments:** image001.png

Hi Sheila and Jennifer – We have submitted most of our responsive communications and files to Abacus Life's counsel. We're collecting one more source of documents internally which will also be shared to their team.

Our upload was made to them this morning. I will get an update from their team on expected timing for review – please also feel free to reach out to Alex Zuckerman directly to coordinate a production date based on his availability to review.

**From:** Sheila.Oretsky@gtlaw.com <Sheila.Oretsky@gtlaw.com>
**Sent:** Monday, July 20, 2026 2:25 PM
**To:** jungerj@gtlaw.com; Sarah Shirkey <Sarah.Shirkey@icrinc.com>
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; Raquel.Acuna@gtlaw.com
**Subject:** RE: Abacus Life - ICR Subpoena Received

Hi Sarah – we have upcoming court deadlines so unfortunately if we don't have any response from you on this, we will need to seek relief from the court. Please let us know by end of day – thank you.

Sheila

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Monday, July 20, 2026 9:13 AM
**To:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co
**Subject:** RE: Abacus Life - ICR Subpoena Received

Good morning Sarah,

I hope you had a nice weekend. Can we please have an update here?

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Wednesday, July 15, 2026 8:18 PM
**To:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co
**Subject:** Re: Abacus Life - ICR Subpoena Received

Thank you, Sarah. We need a hard confirmation on when we can expect the documents. Like I said, Abacus does not determine your privilege or determinations on responsiveness. When is the witness available?

---

**From:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>
**Sent:** Wednesday, 15 July 2026 20:13:36
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co <raquel.acuna@gtlaw.co>
**Subject:** RE: Abacus Life - ICR Subpoena Received

All – I spoke with Abacus Life's counsel today. ICR has ~2,000 emails + files which will be produced to them later this week. I suspect they will need a few days to review and afterwards we will produce to you with a privilege log, if necessary.

Relatedly, Garrett Edson will likely be ICR's corporate rep for oral testimony, however he will not be available on July 21st. I will gather Garrett's availability in and will share when I have it.

Please let me know if you'd like to connect to discuss at all.

Thanks,
Sarah

---

**From:** Sarah Shirkey
**Sent:** Tuesday, July 14, 2026 5:41 PM
**To:** jungerj@gtlaw.com; Sheila.Oretsky@gtlaw.com
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co
**Subject:** RE: Abacus Life - ICR Subpoena Received

Jennifer and team – I've yet to have a chance to connect with Abacus Life as their counsel was traveling today. We have a call scheduled for tomorrow and I intend to share a more detailed update after that call.

Thanks,
Sarah

---

**From:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>
**Sent:** Thursday, July 9, 2026 8:08 PM
**To:** jungerj@gtlaw.com; Sheila.Oretsky@gtlaw.com
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co
**Subject:** RE: Abacus Life - ICR Subpoena Received

Hi Jennifer - ICR determines responsiveness and shares those docs to the client prior to producing so that they can determine whether or not to assert privilege or a protective order.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 9, 2026 7:56 PM
**To:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>; Sheila.Oretsky@gtlaw.com
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co
**Subject:** Re: Abacus Life - ICR Subpoena Received

Sarah,

We can touch base on the 14th after you have collected the documents. Regarding my prior email, I had misread your email and thought you were just asking to send Abacus the subpoena. I did not realize you were asking to have Abacus review the documents before production. We would object to Abacus' involvement in determining whether a document is responsive or not. We expect that if your team determines something is responsive that it would be produced. If Abacus wants to move for protection that's their right of course. But Abacus shouldn't be dictating what is and is not responsive to the subpoena. Let me know if you want to chat about this further. Thank you!!

---

**From:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>
**Sent:** Thursday, 09 July 2026 19:48:53
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>

**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co <raquel.acuna@gtlaw.co>
**Subject:** RE: Abacus Life - ICR Subpoena Received

Hi Jennifer – Pleasure to meet you via email.

Our IT department is building our review file. I don't yet have access to it but expect access tomorrow and anticipate a little more than 2,000 emails to have been found. Our practice is to cast a wide net on the first search and then streamline based on responsiveness. Once we've conducted our review, we will share with Abacus. We will also review all internal files from the course of the relationship and will also share those that are responsive with Abacus.

The production deadline included in the subpoena is July 14th which is not a reasonable time frame for us to be able to produce to you. Further, I don't know how long Abacus will require to review themselves. I'd be happy to touch base with you on the 14th to discuss a more reasonable timeline after we have a plan of action established. Let me know if that is agreeable.

Thanks,
Sarah Shirkey

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 9, 2026 10:20 AM
**To:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>; Sheila.Oretsky@gtlaw.com
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; raquel.acuna@gtlaw.co
**Subject:** RE: Abacus Life - ICR Subpoena Received

Thank you, Sarah. Your compliance is much appreciated. Please let me know if I can assist in any way. We are fine with you sending it to Abacus. In fact, they already have it as the rules require that we send it to them as well. Please feel free to email or reach out with any additional questions.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Sarah Shirkey <Sarah.Shirkey@icrinc.com>
**Sent:** Thursday, July 9, 2026 10:14 AM

**To:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>
**Cc:** Tim Bishop <Tim.Bishop@icrinc.com>; Kayla Decaro <Kayla.Decaro@icrinc.com>; Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; raquel.acuna@gtlaw.co
**Subject:** Abacus Life - ICR Subpoena Received

***EXTERNAL TO GT***

Hi Sheila – ICR, LLC received the attached subpoena yesterday and is working diligently with our IT department to begin the record collection process. Once we know the scope of what we have to review, we'll circle back with you. If it's cumbersome we may need additional time but will work to get everything reviewed and ready to produce.

Our contract with Abacus includes our standard confidentiality provision which states:
"Except as contemplated by this Agreement or as required by applicable law, Consultant will not disclose such Company Information without the prior consent of Company. This restriction shall not apply to any Company Information: (a) that becomes known generally to the public; (b) was in Consultant's possession prior to receipt from the Company; (c) is lawfully received independently from a third party who is not bound by an obligation of confidentiality owed to Company; or (d) for which disclosure is required by applicable law, legal process, or any order or mandate of a court or other governmental authority to be disclosed, provided, that in the case of clause (d), Consultant shall, unless otherwise prohibited from doing so, give the Company reasonable and prompt advance written notice of the circumstances requiring such disclosure (including the scope of such disclosure) so that the Company may seek an appropriate protective order and/or consider waiving the Consultant's compliance with the provisions of this Agreement. If, failing the entry of a protective order or the receipt of a waiver hereunder, Consultant is, in the opinion of Consultant's counsel compelled to disclose any Company Information, Consultant may disclose only that portion of such information as is legally required without liability hereunder, as long as Consultant exercises its reasonable best efforts to obtain assurance that confidential treatment will be accorded such information and otherwise uses its reasonable best efforts to preserve the confidentiality of the other Company Information."

Based on this we intend to follow our usual process which involves sending a copy of the subpoena to Abacus and once we've identified the items to be produced, share those and allow them to determine if they want to seek a protective order or other relief from production. Generally ICR doesn't object to production on its own initiative. Please let me know if you want to discuss before we send the subpoena.

Thanks,
Sarah Shirkey

**Sarah Shirkey**
Vice President Counsel

Sarah.Shirkey@icrinc.com
203-682-8398
**icrinc.com**

**Confidentiality Notice:** The contents of this email, including any attachments, are confidential and/or privileged and, in all cases, provided for the sole use of the intended recipient. If you are not the intended recipient of this email you may not copy, forward, disclose or otherwise use it or any part of it in any form whatsoever. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer. Messages sent to and from ICR may be monitored for various purposes including security management and compliance.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**External Email. Exercise Caution when clicking links or opening attachments.**

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** Alex Zuckerman; Rebecca Jin; Kathleen Messinger
**Cc:** Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Stotzky, Joshua (Assoc-MIA-LT)
**Subject:** RE: Meet and Confer
**Date:** Wednesday, July 22, 2026 10:23:00 AM

Alex,

We need to know when we will receive documents from ICR. We dispute the contention that you have to review their production before it comes to us but they will not give us the documents otherwise. Our deadline to move to compel is approaching. We need the documents no later than Friday. It is well past the subpoena deadline. Please advise if you wish to confer about this further, I can make myself available for a call.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Sent:** Tuesday, July 21, 2026 7:05 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Stotzky, Joshua (Assoc-MIA-LT) <Joshua.Stotzky@gtlaw.com>
**Subject:** Re: Meet and Confer

Alex,

We did reach an agreement that was confirmed by both sides at mediation that the depositions of Lucas and Gabe Siegel would be pushed pending a third mediation the first week in August. We will get you dates shortly. Please also advise when we can expect to receive the ICR subpoena documents as we were advised that they were delivered to you. Presuming you will not object to our taking and using that deposition as well. Regarding the remainder of your email:

Your email mischaracterizes both the record and Abacus's discovery obligations.

RiverRock has been seeking Abacus's internal communications for months. Our requests sought communications concerning, among other things, RiverRock's confidential information, the due diligence process, the Board Deck, the decision not to proceed with the acquisition, and the purchase price. Those requests necessarily encompass responsive text messages, WhatsApp messages, and other electronic communications. The definition in our requests also specifically

includes these messages as did our litigation hold letter. Abacus's obligation to collect and produce responsive communications did not depend on RiverRock specifically identifying every possible communication platform—even though RiverRock did explicitly did do so.

Moreover, the record does not support your assertion that RiverRock failed to raise this issue. On May 13, we specifically requested the production of text messages. When that issue remained unresolved, we again requested text messages, WhatsApp messages, and other messaging-platform communications in our July 15 email, expressly advising that those materials were needed before Mr. Jackson's deposition and inviting a further meet and confer. To date, you have not attempted to have a further meet and confer despite the open invitation for a call.

We also repeatedly asked whether Abacus's production was complete (see emails dated 9/8/2025, 10/21/2025, 10/28/2025, 3/30/2026, 4/25/2026, 4/27/2026, 5/13/2026, 5/14/2026, 7/15/2026, 7/18/2026). Abacus never confirmed that it had completed its collection, never stated that text messages had been collected and reviewed, and never represented that no responsive text messages existed.

Your suggestion that RiverRock somehow agreed with prior counsel that text messages would not be collected or produced is unsupported. Rather, Lash Goldberg explicitly stated that nothing was being withheld but for documents outside of the date range. If Abacus intended to exclude an entire category of responsive ESI from its collection, it was incumbent upon Abacus to disclose that position. It did not. Your assumption that Lash Goldberg had collected everything shows your lack of compliance with discovery obligations as you clearly never asked nor did your own diligence to ensure the requests were complied with.

Most importantly, your email confirms that Abacus has not yet completed its review of responsive text messages. That is not the result of any lack of diligence by RiverRock. It is the result of Abacus's failure to complete a reasonable search for responsive documents before producing documents and before the deposition of its CEO. RiverRock noticed Mr. Jackson's deposition months ago and has prepared to proceed on the Court-ordered schedule. We do not agree that Abacus's failure to timely collect and review responsive ESI should require RiverRock to postpone the deposition. If Abacus produces additional responsive text messages after Mr. Jackson's deposition, RiverRock expressly reserves all rights to seek appropriate relief, including reopening the deposition at Abacus's expense and seeking any other relief warranted by Abacus's untimely production.
Please also confirm immediately:

1. When Abacus first began collecting text messages from Mr. Jackson and the other custodians;
2. Which custodians' text messages are being collected and reviewed;
3. Which messaging platforms are being searched (including SMS, iMessage, WhatsApp, Signal, and any other messaging applications used for business communications);

4. The date by which Abacus will complete its production; and

5. Whether any responsive text messages have been deleted, lost, or are otherwise unavailable.

We intend to proceed with Mr. Jackson's deposition as noticed.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, 20 July 2026 14:32:30
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Stotzky, Joshua (Assoc-MIA-LT) <Joshua.Stotzky@gtlaw.com>
**Subject:** RE: Meet and Confer

***EXTERNAL TO GT***

Counsel,

As discussed after the mediation on Friday, July 17, we agree to move the depositions of Gabe and Lucas Siegel into August on the condition that you (1) will not object to our taking of their depositions in August, which is after the close of fact discovery, or to our use of their deposition transcripts; and (2) provide their availability in August to sit for a deposition. Subject to your agreement, please provide dates in August for their depositions between August 4 and August 19.

With respect to the collection and production of Abacus's custodians' text messages, we note that we received the population of documents from Abacus's prior counsel, Lash Goldberg, which we understood represented the universe of relevant documents agreed upon in negotiations between the parties' counsel. That population of documents did not include text messages. Given your failure to raise text messages during the eight months of meet and confers following QE joining the case, we assumed an agreement had been reached with Lash.

Jennifer's May 13 email was the first time that Riverrock raised the production of text messages, but we never met and conferred on the issue—nor did you even request a meet and confer—let alone agreed to produce text messages. See, e.g., A. Zuckerman May 28, 2026 Resp. to J. Unger May 13 Email. The next we heard from you about text messages was on July 15, and on July 16 I communicated to Sheila that I would get back to her. Despite the record—or lack thereof—you elected to file an improper and premature motion to compel.

Despite your lack of diligence, we are willing to review and produce text messages. We will endeavor in good faith to produce those text messages this week, but given the size and scope of review we do not anticipate being able to complete the review by Friday, let alone in time to give both sides a meaningful chance to prepare for Mr. Jackson's scheduled deposition. Since Mr. Jackson will only be

deposed once in this case, we suggest that Abacus produce the text messages and the parties agree on alternative dates.

Please advise as soon as possible whether you intend to go forward with Mr. Jackson's deposition on Friday, July 24.

Best Regards,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Wednesday, July 15, 2026 8:22 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Joshua.Stotzky@gtlaw.com
**Subject:** Re: Meet and Confer

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Two more point to add to my email below:

1. we do not have a privilege log from you. When will that be produced?
2. When do will we have confirmation that your production is complete?

---

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**Sent:** Wednesday, 15 July 2026 19:48:40
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>
**Cc:** Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Stotzky, Joshua (Assoc-MIA-LT) <Joshua.Stotzky@gtlaw.com>
**Subject:** Meet and Confer

Counsel,

We have asked numerous times if your production is complete. To date, we are still missing substantial categories of documents. Following up on our May 13 and May 29 correspondence:

1. Your production is missing the production of text messages. We need those text messages. Please advise by tomorrow when you will be producing text messages, whatsapp messages, or messages from any other messaging service from Jay Jackson, the board members, and anyone else that discussed RiverRock or Project Water. We need this before the deposition of Jay Jackson.

2. Request 3 – Documents/communications regarding RiverRock's confidential information in the data room.
   - We have no documents discussing any of the information that RiverRock provided, no documents analyzing the potential deal, and no documents discussing the information provided by Annino. Your response that we need to identify the confidential information is wrong and does not absolve Abacus of its obligation to produce documents. To the extent that these documents exist, they need to be produced. If they don't exist, then you need to put that in writing.
3. Request 14 – Documents identifying who accessed/downloaded the Board Deck.
   - you say you do not believe Abacus has this information. Please confirm this to be the case.
4. Request 15 – Documents evidencing who/how the PowerPoint was uploaded to the website
   - You produced the email from Jeff Smith sending the board deck to Marissa Young but we have no email correspondence explaining why he took those actions. Do those exist? If not, please confirm there is nothing else to produce.
5. Request 16 – Internal communications/follow-up regarding posting on the website
   - same comment as above.
6. Request 20 – Documents regarding the decision not to move forward with the RiverRock acquisition
   - You produced one single self-serving document where Jackson tells Annino that there was not sufficient support to go forward. We have no internal communication whatsoever from anyone at Abacus discussing this. We need emails and text messages with all of the "stakeholders" that made this decision.
7. Request 22 – Documents evidencing determination of purchase price for RiverRock
   - There are no internal communications regarding the purchase price. We need emails and text messages internal to Abacus that drove the negotiations.
8. Request 25 – Documents supporting claim that RiverRock failed to perform under Confidentiality Agreement
   - We have nothing here. You say it is premature but we are on the eve of trial. We have a right to understand your defenses.

Please let us know if you wish to meet and confer about this further. If so, let me know some times that you are available to discuss this <u>tomorrow</u>.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

| | |
|---|---|
| **From:** | Junger, Jennifer L. (Shld-MIA-LT) |
| **To:** | Alex Zuckerman |
| **Cc:** | Kathleen Messinger; Rebecca Jin; Oretsky, Sheila (Shld-MIA-LT) |
| **Subject:** | ICR |
| **Date:** | Friday, July 24, 2026 7:00:00 PM |

Alex,

Please advise when you have availability on Monday to discuss ICR's production. It is overdue and we intend to move to compel.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"
**Cc:** Joshua Hall; Rebecca Jin; Kathleen Messinger; Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Cooney, Mallory (Assoc-MIA-LT).
**Subject:** RE: Meet and Confer Summary
**Date:** Monday, July 27, 2026 5:54:00 PM

---

Alex,

**Regarding the ICR emails**. They claim you already have it in your possession. What do you mean you are "seeking" the docs? I need a firm answer on when we will receive those documents by tomorrow or we will need to compel. The subpoena had a production date of July 14. It is July 27. We see no reason why you need to review the documents prior to our receiving them. The only reason we needed to subpoena ICR Is because your own witness knew very little about the topic. Please advise by tomorrow if you need a further conferral on this.

**Regarding the text messages**: It is your obligation to produce responsive documents. You failed to produce text messages until now. This is not my delay. It is yours. Your team ignored each time I asked if production was completed. I asked approximately 10 times. Given the production was rolling, I anticipated text messages would be forthcoming particularly since I also asked about text messages multiple times in emails. I need to know by tomorrow when we will receive the remainder of the text messages and whether you have committed to reviewing and producing the additional terms and custodians that I asked for. During our meet and confer you said it was dependent on how many hits were received. Please respond to this email and advise if we need to meet and confer further on this.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, July 27, 2026 2:19 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

Do not misrepresent the witness's testimony when we don't even have a transcript of his deposition

from Friday.

First, Mr. Jackson testified about a Zoom chat function—which, as I'm sure you're familiar with, generally exists only while a Zoom call is occurring. Mr. Jackson also testified that he didn't use the Zoom chat function.

Second, Mr. Jackson did not *refuse* to answer the question of when his phone was searched. Mr. Jackson testified that he could not recall when his phone was searched and that we (his lawyers) would know. His phone was searched; we reviewed text messages that hit on relevant search terms and are running additional search terms based on your severely delayed requests. We will produce text messages that are non-privileged and responsive—as we have already done. Indeed, as reflected in our recent production, we have already produced responsive text messages both before and after the Board Deck was posted and before and after Abacus walked away from the LOI discussions.

We are currently adding additional text message terms per our meet and confer Thursday. We are also seeking the ICR documents.

To the extent that you still wish to meet and confer, we are available tonight after 8pm or before 11 am tomorrow.

Best,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Saturday, July 25, 2026 7:42 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Re: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex: apologies, that was clearly a typo, and I appreciate you bringing it to my attention. It was intended to say 8/31 not 7/31. A full reading of the chain would make that typo clear. My very first email on the topic said:

Luke is available on 8/25. Gabe is available on 8/31.

You said you were not available on 8/25 but that you would take Luke on 8/31.

My response to that was we would clear 7/31 (which was clearly intended to say 8/31 in direct response to your email) but that we had cleared that date with Gabe (not Luke) as per my original email.

You sent the email reserving 7/31 the night before Mr. Jackson's deposition. I responded within a reasonable 24 hour time frame.

Gabe is not available on 7/31.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Friday, 24 July 2026 23:55:11
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** Re: Meet and Confer Summary

Jennifer,

In your email below yesterday, you represented that you reserved 7/31 and "cleared that date for Gabe." Alex confirmed with you—on the same day—that we would be proceeding with Gabe's deposition on 7/31. Now, less than an hour after the conclusion of Abacus's CEO's deposition, Gabe is suddenly unavailable on a date you confirmed yesterday was open and reserved for Gabe.

We sincerely hope RiverRock isn't unilaterally rendering unavailable the co-owner and chairperson of the plaintiff in this case simply because you did not like the testimony you heard today.

Please provide your availability to meet and confer on Monday. We will be moving to compel the deposition of Gabe Siegel to be taken on July 31, as proposed by you yesterday and confirmed by me on the same day.

Best,
Alex

> On Jul 24, 2026, at 6:53 PM, jungerj@gtlaw.com wrote:
>
> **[EXTERNAL EMAIL from jungerj@gtlaw.com]**
>
> ---

Alex,

Gabe is unavailable on 7/31. We will reserve Luke for 8/31.

Thanks,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 8:39 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

We will take Gabe's deposition on 7/31 and Lucas on 8/31.

Thanks,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:16 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

We did discuss that but unfortunately, we are not available that week due to travel and other cases depositions. We have a fair amount of availability the weeks of the 17th and

24th and I will reserve 7/31. I had cleared that date for Gabe though.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:12 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

We had discussed doing one deposition per week. Do you not have availability the week of the 10th?

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:10 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Apologies, I don't recall you saying that you were unavailable on 8/25. What other days are you available that week?

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:05 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

***EXTERNAL TO GT***

Jennifer,

Thanks. We can take Luke on 8/31. As discussed this morning, we are not available 8/25. Do

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 11:50 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

Thanks for the meet and confer this morning. Here is a summary of our call, please advise if your recollection is different than mine by the end of the day. Otherwise, I will prep the Joint Notice and circulate for your review.

**Text Messages/imessages:**

- You have searched for and will produce text messages and imessages from the following individuals by today: Jeff Smith, Bill McCauley and Jeff Smith using the following search terms:
  - RiverRock
  - “RR”
  - Annino
  - Tony OR Anthony

    - Gabe
    - Lucas OR Luke
    - Siegel
    - Water OR "Project Water"
    - "Deck"
    - "Board Deck"
    - "Public Deck"
    - "ICR" OR "Notified"
- RiverRock has asked that you also search for Chris Romaine and Sean McNealy and that you apply these additional search terms to all five custodians. Just for these terms, the date range is reduced to September 1, 2023 through January 31, 2024.
    - "Valuation model" "purchase price"
    - Confidentiality agreement
    - Confidential information
    - Breach!
    - "Letter agreement"
    - Acquisition or acquire
    - Deal
    - Donna or Horowitz
    - Negotiat!
    - Post!
    - 8-k
    - Remov! Or "take down" or replac!
- You advised that none of these people communicate with whatsapp and that the searches would include all of their correspondence with board members
- You advised that you would run searches on the additional custodians and search terms and get back to me next week. You advised you believe you could make a production next week.
- I will re-iterate our previous emails that we will seek court intervention to re-open Jay Jackson's deposition based on anything belatedly produced today or after the deposition should that be necessary.

**<u>Internal Correspondence to Request Nos. 1-4, 6, 9-10, 12, 16-17, 18-23:</u>**

- You represented that you aren't withholding any non privileged internal correspondence and that there just simply wasn't a lot of correspondence on this as McCauley and Jackson sit next to each other and largely talk in person.

- You advised that we should ask Jackson about this during his depo.
- I asked if you would run the same additional search terms and custodians listed above. You said you would run the search and see the hits.
- We disagree that nothing further exists here.

**Request 14:**

- You confirmed that Abacus has nothing responsive here and neither does ICR. Only notified would have that information. Do you know the complete name and contact information for Notified?

**Request 25:**

- We agree here that as long as this defense is not raised again, we have an agreement.

**Amended Answer:**

- You will send us your amended answer and affirmative defenses so we can determine whether we object to the leave. We need this promptly as our deadline to strike the defenses is next week.

**RFAs:**

- You agree to an enlargement on our responses to RFAs through 7/31

**Farber**:

- You agree to accept the subpoena via email sent yesterday on his behalf

**Gabe/Luke**:

- Luke is available on 8/25. Gabe is available on 8/31
- Please promptly advise if those dates work so we can block our calendars.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** "Alex Zuckerman"
**Cc:** Joshua Hall; Rebecca Jin; Kathleen Messinger; Oretsky, Sheila (Shld-MIA-LT); Acuna, Raquel (LSS-MIA-LT); Cooney, Mallory (Assoc-MIA-LT).
**Subject:** RE: Meet and Confer Summary
**Date:** Tuesday, July 28, 2026 11:13:00 AM

Alex,

Regarding ICR:

- Are you withholding anything from the ICR production? If so, that is problematic for us. It is ICR's production. They should be producing and making their own determination as to privilege. You should not have any oversight in determining what is or is not responsive to a request.
- What date will it be produced?
- Will it be one completed production or do you intend to produce it rolling?

I need these answers so we can confirm whether we need to move to compel. Please advise if you wish to confer about this further.

Regarding Mr. Jackson:

- I believe we have conferred about this at length but we intend to move to compel to re-open his testimony given the belated production of text messages and his refusal to identify when his phone was searched. Please advise if you believe this requires a further call.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, July 27, 2026 7:45 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>; Cooney, Mallory (Assoc-MIA-LT) <Mallory.Cooney@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

We will make a production of ICR documents later this week. We ran your additional terms over the text messages in our database and they hit on zero unique documents not captured by the other terms.

Alex.

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Monday, July 27, 2026 5:55 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com; Mallory.Cooney@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

**Regarding the ICR emails**. They claim you already have it in your possession. What do you mean you are "seeking" the docs? I need a firm answer on when we will receive those documents by tomorrow or we will need to compel. The subpoena had a production date of July 14. It is July 27. We see no reason why you need to review the documents prior to our receiving them. The only reason we needed to subpoena ICR Is because your own witness knew very little about the topic. Please advise by tomorrow if you need a further conferral on this.

**Regarding the text messages**: It is your obligation to produce responsive documents. You failed to produce text messages until now. This is not my delay. It is yours. Your team ignored each time I asked if production was completed. I asked approximately 10 times. Given the production was rolling, I anticipated text messages would be forthcoming particularly since I also asked about text messages multiple times in emails. I need to know by tomorrow when we will receive the remainder of the text messages and whether you have committed to reviewing and producing the additional terms and custodians that I asked for. During our meet and confer you said it was dependent on how many hits were received. Please respond to this email and advise if we need to meet and confer further on this.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Monday, July 27, 2026 2:19 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

Do not misrepresent the witness's testimony when we don't even have a transcript of his deposition from Friday.

First, Mr. Jackson testified about a Zoom chat function—which, as I'm sure you're familiar with, generally exists only while a Zoom call is occurring. Mr. Jackson also testified that he didn't use the Zoom chat function.

Second, Mr. Jackson did not *refuse* to answer the question of when his phone was searched. Mr. Jackson testified that he could not recall when his phone was searched and that we (his lawyers) would know. His phone was searched; we reviewed text messages that hit on relevant search terms and are running additional search terms based on your severely delayed requests. We will produce text messages that are non-privileged and responsive—as we have already done. Indeed, as reflected in our recent production, we have already produced responsive text messages both before and after the Board Deck was posted and before and after Abacus walked away from the LOI discussions.

We are currently adding additional text message terms per our meet and confer Thursday. We are also seeking the ICR documents.

To the extent that you still wish to meet and confer, we are available tonight after 8pm or before 11 am tomorrow.

Best,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Saturday, July 25, 2026 7:42 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Re: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex: apologies, that was clearly a typo, and I appreciate you bringing it to my attention. It was intended to say 8/31 not 7/31. A full reading of the chain would make that typo clear. My very first email on the topic said:

Luke is available on 8/25. Gabe is available on 8/31.

You said you were not available on 8/25 but that you would take Luke on 8/31.

My response to that was we would clear 7/31 (which was clearly intended to say 8/31 in direct response to your email) but that we had cleared that date with Gabe (not Luke) as per my original email.

You sent the email reserving 7/31 the night before Mr. Jackson's deposition. I responded within a reasonable 24 hour time frame.

Gabe is not available on 7/31.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Friday, 24 July 2026 23:55:11
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>
**Cc:** Joshua Hall <joshuahall@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** Re: Meet and Confer Summary

Jennifer,

In your email below yesterday, you represented that you reserved 7/31 and "cleared that date for Gabe." Alex confirmed with you—on the same day—that we would be proceeding with Gabe's deposition on 7/31. Now, less than an hour after the conclusion of Abacus's CEO's deposition, Gabe is suddenly unavailable on a date you confirmed yesterday was open and reserved for Gabe.

We sincerely hope RiverRock isn't unilaterally rendering unavailable the co-owner and chairperson of the plaintiff in this case simply because you did not like the testimony you heard today.

Please provide your availability to meet and confer on Monday. We will be moving to compel the deposition of Gabe Siegel to be taken on July 31, as proposed by you yesterday and confirmed by me

on the same day.

Best,
Alex

On Jul 24, 2026, at 6:53 PM, jungerj@gtlaw.com wrote:

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

Gabe is unavailable on 7/31. We will reserve Luke for 8/31.

Thanks,

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 8:39 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

Jennifer,

We will take Gabe's deposition on 7/31 and Lucas on 8/31.

Thanks,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:16 PM

**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

We did discuss that but unfortunately, we are not available that week due to travel and other cases depositions. We have a fair amount of availability the weeks of the 17th and 24th and I will reserve 7/31. I had cleared that date for Gabe though.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:12 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

We had discussed doing one deposition per week. Do you not have availability the week of the 10th?

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 5:10 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** RE: Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Apologies, I don't recall you saying that you were unavailable on 8/25. What other days are you available that week?

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, July 23, 2026 5:05 PM
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: Meet and Confer Summary

***EXTERNAL TO GT***

Jennifer,

Thanks. We can take Luke on 8/31. As discussed this morning, we are not available 8/25. Do

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Thursday, July 23, 2026 11:50 AM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Joshua Hall <joshuahall@quinnemanuel.com>
**Cc:** Rebecca Jin <rebeccajin@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Raquel.Acuna@gtlaw.com
**Subject:** Meet and Confer Summary

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

Thanks for the meet and confer this morning. Here is a summary of our call, please advise if your recollection is different than mine by the end of the day. Otherwise, I

will prep the Joint Notice and circulate for your review.

**Text Messages/imessages:**

- You have searched for and will produce text messages and imessages from the following individuals by today: Jeff Smith, Bill McCauley and Jeff Smith using the following search terms:
  - RiverRock
  - "RR"
  - Annino
  - Tony OR Anthony
  - Gabe
  - Lucas OR Luke
  - Siegel
  - Water OR "Project Water"
  - "Deck"
  - "Board Deck"
  - "Public Deck"
  - "ICR" OR "Notified"
- RiverRock has asked that you also search for Chris Romaine and Sean McNealy and that you apply these additional search terms to all five custodians. Just for these terms, the date range is reduced to September 1, 2023 through January 31, 2024.
  - "Valuation model" "purchase price"
  - Confidentiality agreement
  - Confidential information
  - Breach!
  - "Letter agreement"
  - Acquisition or acquire
  - Deal
  - Donna or Horowitz
  - Negotiat!
  - Post!
  - 8-k
  - Remov! Or "take down" or replac!
- You advised that none of these people communicate with whatsapp and that the searches would include all of their correspondence with board members
- You advised that you would run searches on the additional custodians and search terms and get back to me next week. You advised you believe you

could make a production next week.

- I will re-iterate our previous emails that we will seek court intervention to re-open Jay Jackson's deposition based on anything belatedly produced today or after the deposition should that be necessary.

**Internal Correspondence to Request Nos. 1-4, 6, 9-10, 12, 16-17, 18-23:**

- You represented that you aren't withholding any non privileged internal correspondence and that there just simply wasn't a lot of correspondence on this as McCauley and Jackson sit next to each other and largely talk in person.
- You advised that we should ask Jackson about this during his depo.
- I asked if you would run the same additional search terms and custodians listed above. You said you would run the search and see the hits.
- We disagree that nothing further exists here.

**Request 14:**

- You confirmed that Abacus has nothing responsive here and neither does ICR. Only notified would have that information. Do you know the complete name and contact information for Notified?

**Request 25:**

- We agree here that as long as this defense is not raised again, we have an agreement.

**Amended Answer:**

- You will send us your amended answer and affirmative defenses so we can determine whether we object to the leave. We need this promptly as our deadline to strike the defenses is next week.

**RFAs:**

- You agree to an enlargement on our responses to RFAs through 7/31

**Farber**:

- You agree to accept the subpoena via email sent yesterday on his behalf

**Gabe/Luke**:

- Luke is available on 8/25. Gabe is available on 8/31
- Please promptly advise if those dates work so we can block our calendars.

**Jennifer L. Junger**

Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**From:** Junger, Jennifer L. (Shld-MIA-LT)
**To:** Alex Zuckerman; Kathleen Messinger; Rebecca Jin; Oretsky, Sheila (Shld-MIA-LT)
**Subject:** meet and confer
**Date:** Thursday, July 30, 2026 12:22:00 PM

---

Alex,

Please advise when you have a few moments today for a meet and confer telephone call on the following issues:

1. Your motion for leave to amend the answer to remove the jury demand and attorneys fees. Our deadline to strike is today. You advised you would be serving it. If we don't hear from you, we will move to strike.
2. The ICR production. When will we receive it? Please confirm you are not self-selecting what documents will be produced.
3. The re-opening of Mr. Jackson's deposition. I understand you think there is nothing left to confer about here, but I just want to make sure we have met our obligations.
4. The text messages on the remaining custodians. When will those be produced? When will you provide a hit report for the documents you have searched? Have you even agreed to run the remaining three custodians? Do you agree to all the search terms we requested on those custodians?

Please advise.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131
T 305.579.0560 | F 305.961.5698 | C 516 448 4667
jungerj@gtlaw.com | www.gtlaw.com | View GT Biography