**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 6:25-cv-00424-CEM-NWH |

**NON-PARTY ICR'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Non-party ICR, LLC ("ICR") submits this response in opposition to the Motion to Compel filed by Plaintiff RiverRock Funds LLC ("RiverRock"). ECF No. 99 (the "Motion").

One year ago, Abacus identified ICR in its written discovery responses. *See* Ex. A at 10, 12. On June 26, 2026, RiverRock noticed a document and testimony subpoena to ICR. Ex. B; *see also* ECF No. 99-1. ICR retained Quinn Emanuel as counsel and, on July 22, 2026, delivered documents for the firm to review for privilege. ICR's in-house counsel compiled that production set after conferring with RiverRock's counsel. As of August 5, 2026, ICR has produced

every document in that set except a limited number that its counsel is reviewing for privilege.

The Motion is therefore moot: It asks this Court "to order ICR to . . . produce the documents in compliance with the Subpoena without withholding documents *except for privileged documents*." Mot. at 3 (emphasis added). ICR has done exactly that, so there is no active dispute.

The Motion is also improper because RiverRock never conferred with ICR "in a good faith effort to resolve the motion." M.D. Fla. R. 3.01(g). On Wednesday July 29, 2026, during a third-party deposition, RiverRock's counsel asked when ICR would produce its documents. Two days later, on Friday, July 31, at 3:41 PM, RiverRock's counsel left a voicemail for ICR's counsel. RiverRock filed this motion less than two and a half hours later—before ICR could return the call. ***ICR was already preparing its production and produced documents that same day.*** Had RiverRock actually conferred with ICR before filing, it would have learned the production was underway, and this Motion would have been unnecessary.

ICR has now completed its production within six weeks of receiving the subpoena. Its privilege review, to which RiverRock does not object, is ongoing. RiverRock has been aware of ICR's involvement in this dispute for over a year; that RiverRock received ICR's documents at the close of fact discovery was the result of RiverRock's own decisions.

As demonstrated above, all of this could have been avoided with a good-faith meet and confer. The Motion should be denied in its entirety. The issues it raises are moot, and the Motion is improper because RiverRock failed to confer in good faith as required by Local Rule 3.01(g).

DATED: August 5, 2026

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Non-Party ICR LLC*

## DESIGNATION OF LEAD COUNSEL

Pursuant to Local Rule 2.02(a), Alex Zuckerman is designated as lead counsel for Non-Party IRC, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman