**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

Case No. 6:25-cv-00424-CEM-NWH

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**RENEWED MOTION TO COMPEL**

Defendant Abacus Global Management, Inc. ("Abacus") submits this response in opposition to the Renewed Motion to Compel (the "Renewed Motion") filed by Plaintiff RiverRock Funds LLC ("RiverRock"). ECF No. 98.

RiverRock's Renewed Motion is once again premature and improper because RiverRock did not "confer . . . in a good faith effort to resolve the motion" before its filing. M.D. Fla. R. 3.01(g); *see also* ECF No. 88. While styled as a "Renewed Motion," Plaintiff is attempting to re-open and broaden the scope of discovery when Plaintiff has known for ***over nine months*** what search terms Defendant applied across five custodians. Ex. A at 1-2. Until

very recently, Plaintiff never requested additional search terms or custodians. *See* ECF No. 98 at 2 (explaining that "on July 22, Plaintiff requested . . . three additional custodians . . . and that additional search terms be searched on all custodians' phones and emails").

Plaintiff is once again burdening the Court with an issue of Plaintiff's own making, this time with a request for ***18 new search terms*** across 4 custodians and ***34 search terms across 2 new custodians***—individuals who appeared in Abacus's first production a year ago. Plaintiff cannot justify its lack of diligence or explain why it waited until the close of discovery to introduce dozens of additional search terms and two new custodians.[1] Nor does Plaintiff's Renewed Motion offer any argument as to the relevance of the additional search terms and custodians.

Besides, Plaintiff's Renewed Motion is premature because Defendant has already agreed to provide a hit report on Plaintiff's belated request for additional search terms and custodians that Plaintiff first raised less than two weeks ago. Ex. B at 2 (memorializing that Abacus agreed to "run the search and see the hits"). Defendant plans to share that hit report this week, at which point Defendant will negotiate in good faith over the scope and burden of

---

[1] Plaintiff's acknowledgment that it asked for new search terms and custodians for the first on July 23, 2026 negates misleading accusation that Abacus "continues to withhold" documents. ECF No. 98 at 1-2; Ex. B. Defendant cannot withhold what it was not previously asked to produce.

Plaintiff's delayed additional demands. And, as Plaintiff concedes, Defendant has already produced hundreds of text messages—which Plaintiff used at Jay Jackson's deposition. ECF No. 98 at 2.

Finally, contrary to Plaintiff's misleading assertions, Defendant has not withheld documents responsive to the search terms and custodians provided to Plaintiff over nine months ago. The parties continue to negotiate Plaintiff's most recent request for additional search terms and custodians, and there is no impasse for this Court to resolve.

RiverRock's Renewed Motion should be denied in its entirety.

DATED: August 5, 2026

*/s/ Alex Zuckerman*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 5, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman