UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

CASE NO.: 6:25-cv-00424

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant,
_________________________________ /

**UNOPPOSED MOTION TO SEAL**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), pursuant to Fed. R. Civ. P. 5.2(d), M. D. Fla. Local Rule 1.11, the Confidentiality Agreement entered on September 5, 2023 ("Confidentiality Agreement")[1], and the Stipulated Confidentiality Agreement entered on January 20, 2026 ("Stipulated Agreement")[2] by RiverRock and Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus"), hereby moves on an *unopposed* basis for

[1] RiverRock's Amended Complaint is premised on Abacus' breach of the Confidentiality Agreement.
[2] The Stipulated Agreement was entered into by the Parties during litigation before the exchange of discovery.

leave to file under seal portions of RiverRock's Motion for Partial Summary Judgment as to Liability ("Motion for Summary Judgment") and certain exhibits in support thereof.

RiverRock and Abacus have both previously sought and obtained approval from this Court to seal certain "Confidential Information," as defined in the Confidentiality Agreement, the terms of which are also confidential.[3] The portions of RiverRock's Motion for Summary Judgment and supporting exhibits that RiverRock moves to file with redactions and/or under seal includes information that has already been sealed pursuant to ECF Nos. 2, 10, 14, 19, 75, 77, 84, 86, 90, 91, 94, and 96.

The Confidential Information subject to this Motion to Seal includes (1) certain portions of the Motion for Summary Judgment, which reference provisions in the Confidentiality Agreement (2) certain portions of deposition transcripts which were marked as confidential pursuant to the Stipulated Agreement, and (3) certain deposition exhibits which were marked as confidential pursuant to the Stipulated Agreement. RiverRock attaches hereto as **Exhibit 1** a fully unredacted version of the Motion for Summary Judgment and fully unredacted copies of **Exhibits A-J**. *See* Local Rule 1.11(b)(8).

In accordance with Local Rule 1.11(b), the incorporated memorandum of law

---

[3] *See* ECF Nos. 2 (RiverRock's Motion to Seal), 10 (Order Granting RiverRock's Motion to Seal), 14 (Abacus' Unopposed Motion to seal), 19 (Order Granting Abacus' Motion to Seal), 75 (RiverRock's Motion to Seal), 77 (Order Granting RiverRock's Motion to Seal), 84 (Abacus' Motion to Seal), 86 (Order Granting Abacus' Motion to Seal), 90 (RiverRock's Motion to Seal), 91 (Order Granting RiverRock's Motion to Seal), 94 (Abacus' Motion to seal), 96 (Order Granting Abacus' Motion to Seal).

identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal, and legal authority supporting sealing. *See* M.D. Fla. L.R. 1.11(b). For the reasons stated below, RiverRock respectfully requests that its motion to seal be granted. In support, RiverRock states:

## BACKGROUND

On September 5, 2023, RiverRock and Defendant, Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus") entered into a Confidentiality Agreement (the "Confidentiality Agreement"). Abacus materially breached the Agreement by publicly posting RiverRock's highly sensitive, confidential and proprietary information that it was bound to protect into the public forum on its public investor website. Specifically, RiverRock shared with Abacus Confidential Information subject to the Confidentiality Agreement. RiverRock shared this Confidential Information during negotiations for a potential acquisition between Abacus and RiverRock. Abacus prepared a board deck to present at its November 9, 2023 Board Meeting ("Board Deck"). Abacus presented the Board Deck at the meeting and then publicly posted the Board Deck on its investor website. Abacus admits that it caused the Board Deck containing RiverRock's Confidential Information to be posted on its public investor website. RiverRock's business was damaged due to this breach.

On March 11, 2025, RiverRock filed the Complaint, alleging one count for breach of the Confidentiality Agreement. RiverRock amended its Complaint on June

18, 2026, still asserting a one-count complaint for breach of the Confidentiality Agreement.

Given the September 1, 2026 Case Management Order deadline for dispositive motions (ECF No. 33), simultaneous with this Motion for Seal RiverRock filed its Motion for Summary Judgment with the confidential portions redacted or with a slip sheet in place of an exhibit. Such Confidential Information either (a) directly quotes or refers to the content of the Confidentiality Agreement, (b) otherwise contains "Confidential Information," which the Confidentiality Agreement prevents the parties from disclosing, or (c) is protected by the Parties' Stipulated Agreement.

This case deals specifically with the breach of the Confidentiality Agreement, which was entered to protect and safeguard RiverRock's Confidential Information, specifically its financial records. As such, this Court should enter an order permitting RiverRock to file the Motion for Summary Judgment and corresponding exhibits either redacted or under seal as described herein.

## MEMORANDUM OF LAW

### I. Legal Standard

Local Rule 1.11(b) permits parties to request leave from the Court to seal a docketed item. A motion to seal must:

> (2) describe the item; (3) establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) include a legal memorandum; (5) propose a duration for the seal; (6) state the name and contact information of the person authorized to retrieve a sealed, tangible item; (7) certify, the name, mailing address, email address, and telephone number of any non-party

> the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and, (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

"While the Eleventh Circuit recognizes a 'presumptive common law right to inspect and copy judicial records,' a party may overcome the public's right to access by demonstrating good cause." *Advanced Magnet Lab, Inc. v. Meinke*, 6:20-CV-712-ORL-37EJK, 2020 WL 13199850, at *1 (M.D. Fla. June 22, 2020) (quoting *United States v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985)). "If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential." *Id.* In making such determination, courts consider the following:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

Courts routinely find that "a company's interest in . . . the terms of confidential agreements often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Spr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 10-cv-891, 2010 WL 6790538 at *2 (M.D. Fla. Oct. 28, 2010)); *see also MEDAI, Inc. v. Quantros, Inc.*, No. 12-cv-840, 2012 WL

2512007, at *2 (M.D. Fla. June 29, 2012) (permitting parties to file product licensing agreement under seal when the terms of the agreement expressly provided that it was to remain confidential and the parties had complied with the local rules and established good cause for sealing the agreement); *Trailer Bridge, Inc. v. PCS Nitrogen*, No. 09-cv-675, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009) (allowing plaintiff to file under seal a contract that included a confidentiality clause, finding that the plaintiff had complied with local rules and that there was a compelling interest in protecting the information). This is particularly true where the agreement "does not relate to 'public officials or public concerns.'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (internal quotations and citations omitted).

## II. Compliance with Local Rule 1.11(b)

### a. The Proposed Sealed Items

The list below represents the items that RiverRock requests to file under Seal:

1. <u>Certain lines in RiverRock's Motion for Summary Judgment at pgs. 2, 5-7, 19, 21, 22, 23, 24.</u> Each of these lines quotes from or refers to the Confidentiality Agreement. The Confidentiality Agreement requires that its terms and conditions be kept confidential. Thus, RiverRock could arguably be in breach of the Confidentiality Agreement if it filed the Confidentiality Agreement outside of the protections of a seal or disclose its contents without redaction. These references are necessary for RiverRock's Motion for Summary Judgment as RiverRock is moving to establish

liability on the breach of that very contract. It must reference the provisions in the Confidentiality Agreement that it is alleging Abacus breached.

2. The following lines and page numbers from the Deposition Transcript of Jay Jackson, attached to the Motion for Summary Judgment as **Exhibit A**: 86:23-24, 87:4, 87:7-8, 87:17, 87:24-25, 88:2, 89:11, 90:11, 90:16-17, 92:1-4, 92:6, 92:23, 93:3-4, 93:14-15, 94:3-8, 95:20-21, 96:3-6, 96:9-12, 96:19, 96:23-25, 97:3-5, 97:19-21, 105:20-21, 106:5-6, 119:10, 201:6-9, 206:9-10, 207:12-13, 213:3-4, 332:9-15. The deposition of Jay Jackson is a critical piece of evidence for RiverRock in supporting its Motion for Summary Judgment. Mr. Jackson is the CEO of Abacus and was the individual primarily responsible for negotiating the potential acquisition between RiverRock and Abacus. RiverRock relies on his testimony for its Statement of Undisputed Material Facts to establish certain facts such as the contents of the Board Deck, that the information contained within the Board Deck was Confidential Information, and that Abacus caused the Board Deck to be publicly posted. Abacus has designated these portions of the transcript confidential pursuant to the Stipulated Agreement, which RiverRock is bound to honor. These transcript references relate to the Confidentiality Agreement, the contents of the Confidentiality Agreement, including the potential acquisition between RiverRock and Abacus, Abacus' business plans as discussed at its Board Meeting, and a personal inquiry of Mr. Jackson. Each of these categories must be protected either due to the terms of the Confidentiality Agreement itself (which

requires the contents be kept confidential) or due to the Stipulated Agreement's definition of Confidential Information. Stipulated Agreement at §1(A).

3. The following exhibits to the Deposition Transcript of Jay Jackson, attached to the Motion for Summary Judgment as **Exhibit A:** Exhibits 1, 3, 6-8, 10-12, 14-15, 17, 18, 20-24, 26, and 31. The exhibits to Mr. Jackson's deposition are critical to the Motion for Summary Judgment for the same reasons stated above. These exhibits have been designated as confidential either by Abacus or RiverRock pursuant to the Stipulated Agreement as they deal with sensitive financial information, business plans, corporate strategy, and other projects of Abacus unrelated to RiverRock. Included within these exhibits is the Board Deck, with the RiverRock related pages, and discussions related thereto. This entire lawsuit is premised on the breach of the Confidentiality Agreement by Abacus' disclosure of the Board Deck containing RiverRock's Confidential Information on its investor website. While the Board Deck entered the public domain on November 14, 2023 by way of the Abacus disclosure (through no fault of RiverRock), RiverRock does not intend to further disseminate that Confidential Information as it includes RiverRock's financials (which the Confidentiality Agreement was entered to protect) as well as other sensitive items related to Abacus' business.

4. The Deposition Transcript of Anthony Annino and all Exhibits thereto, attached to the Motion for Summary Judgment as **Exhibit B**, which was marked Confidential in its entirety pursuant to the Stipulated Agreement. The testimony of Mr. Annino is highly important to support RiverRock's Motion for Summary

Judgment. As former CEO of RiverRock, Mr. Annino testified to the inner workings of RiverRock's business model, the negotiations between the parties, the motivations of RiverRock and its state of affairs during the negotiations, the Confidentiality Agreement, the Confidential Information that Mr. Annino shared with Abacus, the disclosure of that Confidential Information, the impact of the disclosure on RiverRock's business, personal information about individual employees, fundraising, company objectives, confidential financial details and other sensitive information. This transcript should be sealed because in addition to the list above, it contains references to and analysis of RiverRock confidential financial information, specifically the Confidential Information that he shared with Abacus pursuant to the Confidentiality Agreement. This deposition explored much of the same sensitive financial information that the Confidentiality Agreement was originally entered into to protect, including the Board Deck itself (see explanation at No. 3 above).

5. <u>The following lines and page numbers from the Deposition Transcript of Jeff Smith, attached to the Motion for Summary Judgment as **Exhibit H**</u>: 15:3-5, 44:14-22, 47:20-25, 54:25-55:5, 77:6-9, 77:14-18, 84:22-85:4, 85:9-11, 88:7-22. The testimony of Jeff Smith is necessary for RiverRock to support its Motion for Summary Judgment because Mr. Smith was the individual who caused the Board Deck to be posted on the Abacus investor website. His testimony is one of several pieces of evidence that establish liability for the breach. Abacus designated these portions as confidential pursuant to the Stipulated Agreement. These portions primarily deal with the Confidentiality Agreement, Abacus' business, and sensitive topics such as board

meeting procedures and board members correspondence. By way of example, Abacus requested that questioning about Abacus' board minute meetings be treated as confidential. These topics fall within the definition of Confidential Information in the Party's Stipulated Agreement.

6. The following exhibits to the Deposition Transcript of Jeff Smith, attached to the Motion for Summary Judgment as **Exhibit H:** Exhibits 3-4, 6-7, 9, 11-14, 17. The exhibits to the deposition of Jeff Smith are necessary to support RiverRock's Motion for Summary Judgment for the same reasons that his testimony is necessary. These exhibits have been designated as confidential either by Abacus or RiverRock pursuant to the Stipulated Agreement as they deal with sensitive financial information, business plans and strategy, and other projects of Abacus unrelated to RiverRock. This also includes the Board Deck (see explanation at No. 3 above). As such, they should be maintained as Confidential Information pursuant to the Stipulated Agreement.

7. The Exhibits to the Declaration of Denny Mathew, which is attached to the Motion for Summary Judgment as **Exhibit I**. These exhibits show correspondence of the Board Deck to and from Denny Mathew with the Board Deck attached (see explanation at No. 3 above). These exhibits are important to support RiverRock's Motion for Summary Judgment as they show the impact of the disclosure. Denny Mathew, RiverRock's former Chief Underwriting Officer, received the Board Deck via email after an industry peer saw it posted on Abacus' website. This caused him to begin looking for other employment. He almost immediately forwarded it to his colleague, who also began looking for other employment. They both resigned shortly

thereafter. This shows the devastating impact that the breach had on RiverRock. These exhibits attach the Board Deck and should be kept confidential for the reasons stated above in No. 3.

This list of items 1-7 is hereinafter referred to as the "Proposed Sealed Items."

As explained above, each of the Proposed Sealed Items is necessary for RiverRock's Motion for Summary Judgment. However, where the documents or testimony supporting RiverRock's Motion for Summary Judgment involve highly sensitive financial information or business discussions, they should be sealed. This is particularly true here, where the parties entered into a Confidentiality Agreement to safeguard this highly sensitive financial information and the entire lawsuit is premised on the breach of that exact Confidentiality Agreement. By entering into the Confidentiality Agreement prior to sharing its financials in September 2023, RiverRock was taking proactive steps to safeguard its financials. It would be an unjust result to force RiverRock to further disseminate its financial information to defend a lawsuit regarding the breach of its financial information.

While court filings are public by default, it is appropriate to seal documents in court filings when the interest of the public to review the documents is outweighed by the interest in protecting confidential information. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) (overruling district court's denial of a motion for protective order and remanding for the court to apply good cause balancing standard). The party seeking documents to be sealed need only show good cause, which "requires the court to balance the public right of access

against the party's interest to keep the information confidential." *Procaps S.A. v. Patheon Inc.,* No. 12-24356-CIV, 2013 WL 5928586, at *1 (S.D. Fla. Nov. 1, 2013). Here, the balance weighs in favor of protecting the Confidential Information.

Understanding the sensitive nature of this litigation, the Parties entered into the Stipulated Agreement, which provides:

> Except with the prior written consent of the Producing Party, or pursuant to a Court order, any Document, transcript, pleading or Testimony designated as Confidential under this Agreement, and any information contained in, or derived from, any such materials (including, but not limited to, all deposition testimony that refers, reflects or otherwise discusses any Confidential Information) may not be used or disclosed other than solely for the purpose of this Litigation, including any appeal thereof, and in accordance with this Agreement and may not be disclosed to any person other those listed below, provided that any person designated under subparagraphs 3(E), (F), (G), (H), (I), and (J) has read this Agreement in advance of disclosure and has signed the "Acknowledgment of Stipulated Confidentiality Agreement and Agreement to be Bound" (Exhibit A) and agreed to be bound by its terms pursuant to paragraph 5 of this Agreement. . ." *See* § 3 of the Stipulated Agreement.

A public filing would be outside the scope of the Stipulated Agreement. Accordingly, in addition to the information that RiverRock deems confidential, RiverRock is also safeguarding the information that Abacus deems confidential as it relates to their business.

Allowing RiverRock to file its Motion for Summary Judgment with redactions to the Motion, redactions to the deposition transcripts, and then sealing Confidential exhibits in their entirety is necessary and appropriate. *See* Local Rule 1.11(b)(3)(B).

b. Proposed Duration for Seal

RiverRock requests that the Proposed Sealed Items be sealed and remain redacted until the conclusion of this action, including any appeals. *See* Local Rule 1.11(b)(5).

c. Remaining Rule 1.11(b) Requirements

RiverRock certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). RiverRock further certifies that it will serve on Abacus an unredacted version of the Motion for Summary Judgment and all exhibits without any sealing. Finally, the name, mailing address, email address, and telephone number of the person authorized to retrieve the Confidential Exhibit is undersigned counsel for RiverRock. *See id.* at 1.11(b)(6).

Considering the foregoing, RiverRock has met the requirements of Local Rule 1.11 such that sealing the exhibits attached hereto is justified.

## III. Good Cause and Balancing of Interests

The Confidentiality Agreement, which forms the entire basis of RiverRock's breach of contract claim against Abacus, requires that its terms and conditions be kept confidential. Certainly then, good cause exists to seal both the Confidentiality Agreement, any other financial documents that would have otherwise been protected by the Confidentiality Agreement, any testimony discussing items that would have been protected by the Confidentiality Agreement, and record evidence that contain "Confidential Information". *See, e.g.*, *MEDAI, Inc.*, 2012 WL 2512007 at *2 (concluding good cause existed to seal parties' contract where contract expressly stated that it was to remain confidential); *DeCurtis LLC*, 2020 WL 6827996 at *2 (same);

*Trailer Bridge, Inc.*, 2009 WL 2231704, at *1 (same). Moreover, the relevant interests to be balanced all weigh in favor of sealing the Confidential Exhibits and redacting the Complaint. *See DeCurtis LLC*, 2020 WL 6827996, at *2.

The likelihood of injury to the parties if the Proposed Sealed Items are placed into the public domain is great. Allowing the Proposed Sealed Items to be filed under seal prevents the unnecessary exposure of Confidential Information and ensures that RiverRock continues to comply with its obligations under the Confidentiality Agreement and Stipulated Agreement. The Proposed Sealed Items do not relate to "public officials or public concerns," such that RiverRock's interest here outweighs the public interest in the underlying material. *See id.* For the foregoing reasons, the balance of the interests favors filing the Motion for Summary Judgment and deposition transcripts with redactions and the confidential Exhibits under seal.

WHEREFORE, RiverRock respectfully requests that the Court enter an order (a) permitting RiverRock to file the Motion for Summary Judgment attached as **Exhibit 1** with redactions for confidentiality, (b) permitting RiverRock to file **Exhibit A** (Deposition Transcript of Jay Jackson) and **Exhibit H** (Deposition Transcript of Jeff Smith) with redactions for Confidentiality; (c) permitting RiverRock to file **Exhibit B** (Deposition Transcript of Anthony Annino) in its entirety under Seal; (d) permitting RiverRock to file the Exhibits to Exhibits A, H, and I under seal; and (c) granting any other relief the Court deems just and proper.

**Local Rule 3.01(g) Certification**

Prior to filing this motion on September 1, 2026 counsel for Plaintiff met and conferred with Defendant's counsel via zoom regarding the substance of this motion, and Defendant's counsel has indicated that it does not oppose this motion..

Dated: September 1, 2026.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
MIAlitdock@gtlaw.com
JENNIFER JUNGER
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of September, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esq.