**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC
d/b/a RIVERROCK FUNDS LLC, a
Delaware Limited Liability company,

Plaintiff,

Case No. 6:25-cv-00424-CEM-

UAM
v.

ABACUS LIFE, INC. n/k/a ABACUS
GLOBAL MANAGEMENT, INC.,
a Delaware Corporation,

Defendant.

______________________________

**DEFENDANT'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant"), by and through its undersigned counsel, responds to the First Request for Admissions ("Requests") served by Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC's ("RiverRock" or "Plaintiff").

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this lawsuit. By responding to the Requests, Defendant does not concede that the information sought or provided is relevant to or an admission as evidence in this or any other action. Defendant expressly reserves all objections pertaining to the relevance, competency, materiality, and

admissibility as evidence of the information sought and provided, as well as the right to object to the further discovery relating to the subject matter of any information sought or provided.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Defendant objects to each Instruction and Definition to the extent they purport to impose any requirement or discovery obligation greater or different from the Federal Rules of Civil Procedure, applicable rules of the Court, or case law.

2. Defendant objects to the definition of "Business Records" on the grounds that it assumes facts not established in the record, specifically, the existence of a "potential RiverRock Acquisition."

3. Defendant objects to the definitions of "PowerPoint Presentation" or "Board Deck" on the grounds that it assumes facts not established in the record, specifically, the existence of a "potential RiverRock Acquisition."

4. Defendant objects to the definition of "RiverRock Acquisition" as it assumes facts not established in the record, specifically, the existence of a potential acquisition between RiverRock and Abacus.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into each of Defendant's specific responses and objections to the Interrogatories set forth below:

1. Defendant objects to the Requests to the extent they call for information or documents which were prepared for or in anticipation of litigation, constitute attorney-



LashGoldberg
LASHGOLDBERG.COM
MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

client communications, or are otherwise privileged. Furthermore, and in addition to the foregoing, Defendant objects to the Requests to the extent they seek to obtain the work product and mental processes of Defendant's counsel.

2. Defendant objects to the Requests and the instructions therein to the extent they purport to impose obligations greater than those required by the Federal Rules of Civil Procedure.

3. Defendant objects to the Requests to the extent they seek to define terms or characterize the evidence or pleadings in this matter. To the extent that Defendant references these terms in its Responses, such adoption is for ease of reference only and is not intended to imply acceptance of any such characterizations.

4. Defendant reserves the right to supplement, modify, amend, or correct all of any of the responses and objections asserted below as necessary, including based on any court order that may be entered in this case.

**SPECIFIC RESPONSES AND OBJECTIONS**

1. Admit that You entered into the Confidentiality Agreement with RiverRock on September 5, 2023, which is attached to the Complaint as **Exhibit A**.

**RESPONSE**: Admitted.

2. Admit that You executed the Confidentiality Agreement with RiverRock in part so RiverRock would share its business records with Abacus.

**RESPONSE**: Defendant admits that it executed the Confidentiality Agreement with RiverRock on September 5, 2023, for the purposes stated in the Confidentiality Agreement.



LashGoldberg
LASHGOLDBERG.COM
MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

3. Admit that RiverRock shared with Abacus documents that are Confidential per the terms of the Confidentiality Agreement.

**RESPONSE**: Defendant objects to this Request to the extent is assumes facts not in evidence, including the characterization of any information as "Confidential." Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff shared documents with Defendant that Plaintiff deemed Confidential.

4. Admit that RiverRock provided Abacus access to a virtual data room containing confidential and proprietary information.

**RESPONSE**: Defendant objects to this Request to the extent is assumes facts not in evidence, including the characterization of any information as "confidential and proprietary." Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff provided Defendant access to a virtual data room containing certain documents and information.

5. Admit that RiverRock shared to the data room spreadsheets reflecting its actual internal rate of return, Registered Retirement Income Fund draws, repayments and total balances, adjusted financials, consolidated financials, QuickBooks, consolidated statement of net assets, confidential company agreements, and audits.

**RESPONSE**: Defendant objects to this Request on the ground that it is vague and ambiguous, specifically with respect the terms "actual," "QuickBooks," and "confidential company agreements" which are not defined and are subject to multiple interpretations. The term "actual" is vague and misleading which assumes the accuracy or authenticity of the information referenced and calls for a



LashGoldberg
LASHGOLDBERG.COM
MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

legal conclusion or seeks an admission regarding facts outside of Defendant's personal knowledge or ability to verify independently the authenticity of the documents Plaintiff shared to the data room. Defendant further objects to this Request to the extent is assumes facts not in evidence, including the characterization of any information as confidential. Defendant also objects to this Request as seeking an admission from Defendant as to matters specifically within Plaintiff's knowledge and control. Subject to and without waiving the foregoing objections, Defendant admits only that Plaintiff shared documents and information with Defendant through a virtual data room.

6. Admit that the Board Deck was prepared to be shared at the board meeting on or around November 9, 2023.

**RESPONSE**: Defendant admits that a PowerPoint presentation was prepared to be shared at Defendant's board of directors meeting on or around November 9, 2023.

7. Admit that the Board Deck included slides with RiverRock's Confidential business information.

**RESPONSE**: Defendant objects to this Request to the extent it assumes facts not in evidence, including the characterization of any information as "Confidential." Subject to and without waiving the foregoing objection, Defendant admits only that a PowerPoint presentation was prepared to be shared at Defendant's board of



LashGoldberg
LASHGOLDBERG.COM
MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

directors meeting on or around November 9, 2023, that contained two pages referencing Plaintiff and included information provided by Plaintiff to Defendant.

8. Admit that the Board Deck and/or information contained within the Board Deck was publicly posted to Abacus' website at www.abacuslife.com.

**RESPONSE**: Denied that the Board Deck was posted on abacuslife.com. Defendant admits that the Board Deck, which included two pages referencing Plaintiff out of a total of 38 pages, was inadvertently posted on Defendant's investor website at https://ir.abacusgm.com under the Presentations subtab during the period from November 14, 2023 at 10:26AM EST to November 15, 2023 at 3:30PM EST.

9. Admit that individuals outside of Abacus accessed or downloaded the Board Deck and/or information contained within the Board Deck from Abacus' website.

**RESPONSE**: Defendant admits that the Board Deck, which included two pages referencing Plaintiff out of a total of 38 pages, was inadvertently posted on Defendant's investor website at https://ir.abacusgm.com under the Presentations subtab during the period from November 14, 2023 at 10:26AM EST to November 15, 2023 at 3:30PM EST and the link to the Board Deck received thirty-two (32) clicks. Defendant is without sufficient knowledge at this time as to the identity of who clicked on the link and accessed or viewed the Board Deck, if anyone, and therefore cannot admit or deny this Request.

10. Admit that the Board Deck included a valuation of RiverRock at $10,029,963.00.



LashGoldberg
LASHGOLDBERG.COM
MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

**RESPONSE**: Defendant objects to this Request on the ground that it is vague and ambiguous as to the term "valuation." Defendant admits only that the Board Deck included a purported "valuation" of RiverRock that was prepared by Plaintiff at $10,029,963.00, but denies that this valuation reflects the position, opinion, or representation of the Defendant. Further, Defendant states that the valuation of Plaintiff included in the Board Deck was provided by Plaintiff and was not prepared, endorsed, or independently verified by Defendant.

11. Admit that Your website is available to the public at abacuslife.com.

**RESPONSE**: Admitted.

12. Admit that the Board Deck remained accessible to the public on Your website for approximately 36 hours.

**RESPONSE**: Defendant admits that the Board Deck, which included two pages referencing Plaintiff out of a total of 38 pages, was inadvertently posted on Defendant's investor website at https://ir.abacusgm.com under the Presentations subtab during the period from November 14, 2023 at 10:26AM EST to November 15, 2023 at 3:30PM EST.

13. Admit that You shared Confidential Information on your public facing website such as the existence of the potential RiverRock Acquisition and other RiverRock business data.

**RESPONSE**: Defendant objects to this Request on the grounds that it is vague and ambiguous, specifically with respect to the terms "other RiverRock business data," which is not defined and is subject to multiple interpretations. Defendant further



LashGoldberg
LASHGOLDBERG.COM
MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002

objects to this Request to the extent it assumes facts not in evidence, including the characterization of any information as "Confidential" or the existence of a "potential RiverRock Acquisition." Subject to and without waiving the foregoing objections, Defendant admits that the Board Deck, which included two pages referencing Plaintiff out of a total of 38 pages, was inadvertently posted on Defendant's investor website at https://ir.abacusgm.com under the Presentations subtab during the period from November 14, 2023 at 10:26AM EST to November 15, 2023 at 3:30PM EST.

14. Admit that on December 5, 2023, Donna Horowitz, a reporter at The Deal, published an article titled "Abacus Accidentally Posts Document on Potential RiverRock Deal."

**RESPONSE**: Admitted.

Dated: July 14, 2025

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
2500 Weston Road, Suite 220
Weston, Florida 33331
Tel: 954-384-2500
Fax: 954-384-2510

By: */s/ Lauren Z. Alexander*
**MARTIN B. GOLDBERG**
Florida Bar No. 827029
Email: mgoldberg@lashgoldberg.com
**LAUREN Z. ALEXANDER**
Florida Bar No. 58044
lalexander@lashgoldberg.com
**ANDREA PICCO**
Florida Bar No. 1011573
Email: apicco@lashgoldberg.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of July, 2025, a true and correct copy of the foregoing has been served on all counsel of record.

*/s/ Lauren Z. Alexander*
**LAUREN Z. ALEXANDER**



LashGoldberg
LASHGOLDBERG.COM
MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305.347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954.384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813.284.4002