**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC
d/b/a RIVERROCK FUNDS LLC, a
Delaware Limited Liability company,

Plaintiff,

Case No. 6:25-cv-00424-CEM-UAM

v.

ABACUS LIFE, INC. n/k/a ABACUS
GLOBAL MANAGEMENT, INC.,
a Delaware Corporation,

Defendant.

---

**DEFENDANT'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant"), by and through its undersigned counsel, submits the foregoing Responses and Objections to Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC's ("RiverRock" or "Plaintiff") First Set of Interrogatories, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and states as follows:

**PRELIMINARY STATEMENT**

These Responses are made solely for the purpose of this action. By responding to these Interrogatories, Defendant does not concede that the information provided is relevant to or reasonably calculated to lead to the discovery of admissible evidence in this or any other action. Defendant instead expressly reserves all objections pertaining to the relevance, competency, materiality, and admissibility of the documents as evidence and

information provided, as well as the right to object to further discovery relating to the subject matter of any information provided.

Defendant's investigation and development of the facts and circumstances related to this action are ongoing. Defendant's objections and responses are made without prejudice to, and are not a waiver of, its right to reply and object to other facts, documents, and requests during the pendency of this case. These Responses are provided based on the information reasonably known to Defendant at the time. Defendant reserves the right to supplement, revise, and/or amend these Responses, and to assert additional objections or privileges.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendant objects to each Instruction and Definition to the extent they purport to impose any requirement or discovery obligation greater or different from the Federal Rules of Civil Procedure, applicable rules of the Court, or case law.

2. Defendant objects to the definition "Business Records" on the grounds that it assumes facts not established in the record, specifically, the existence of a "potential RiverRock Acquisition."

3. Defendant objects to the definitions of "PowerPoint Presentation" or "Board Deck" on the grounds that it assumes facts not established in the record, specifically, the existence of a "potential RiverRock Acquisition."

4. Defendant objects to the definition of "RiverRock Acquisition" as it assumes facts not established in the record, specifically, the existence of a potential acquisition between RiverRock and Abacus.

## GENERAL OBJECTIONS

1. Defendant objects to each Instruction and Definition to the extent it purports to impose any requirement or discovery obligation greater or different from the Federal Rules of Civil Procedure, applicable rules of the Court, or case law.

2. Defendant objects to each instruction, definition, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

3. Defendant's discovery and investigation of the facts relevant to this case are ongoing and its responses to the Interrogatories are made to the best of its present knowledge, information, and belief. Defendant reserves the right to amend and/or supplement its responses, which are subject to such additional or different information as discovery or further investigation may disclose.

4. In making these objections, Defendant does not in any way waive or intend to waive, but rather preserves and intends to preserve:

a. all rights to object on any ground to the competency, relevancy, materiality, and admissibility of any information or document that may be provided in response to the Interrogatories or the subject matter thereof;

b. all rights to object on any ground to the use of any information or document that may be provided in response to the Requests or the subject matter thereof, in any subsequent proceeding, including the trial of the this or any other action; and

c. all rights to object on any ground to any request for further responses to these or any other discovery requests.

5. Defendant objects to the Interrogatories to the extent that they seek to define terms or characterize the evidence or pleadings in this matter. To the extent that Defendant reference theses terms in their Responses, such adoption is for ease of reference only and is not intended to imply acceptance of any such characterizations.

6. Defendant reserves the right to supplement, modify, amend, or correct all of any of the response and objections asserted below as necessary, including based on any court order that may be entered in this case.

**SPECIFIC RESPONSES AND OBJECTIONS**

1. Identify all individuals who have knowledge, or who Defendant believes have knowledge regarding the preparation of the Board Deck and describe what knowledge that individual(s) possesses.

**RESPONSE:** Defendant objects to this Interrogatory as overbroad and unduly burdensome, insofar as it requests identification of "all individuals" with knowledge regarding the preparation of the entire Board Deck which contained 38 slides of information, 36 of which did not concern or relate to Plaintiff. Subject to and without waiver of the foregoing objection, Defendant states that the following individuals have knowledge regarding the preparation of the two slides pertaining to Plaintiff in the Board Deck:

a. Jay Jackson
Chairman and Chief Executive Officer, Abacus
c/o LashGoldberg

He is likely to have information regarding the contents and preparation of the Board Deck.

b. Jonathan Osbourne
c/o Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
(305) 579-0535

He is likely to have knowledge regarding the information provided to Defendant pertaining to RiverRock that was included in the Board Deck.

c. Gabriel Siegel
c/o Greenberg Traurig, P.A.
333 E. 2nd Avenue, Suite 4400
Miami, Florida 33131
(305) 579-0535

He is likely to have knowledge regarding the information provided to Defendant pertaining to RiverRock which was included in the Board Deck.

d. Lucas Siegel
c/o Greenberg Traurig, P.A.
333 E. 2nd Avenue, Suite 4400
Miami, Florida 33131
(305) 579-0535

He is likely to have knowledge regarding the information provided to Defendant pertaining to RiverRock that was included in the Board Deck.

e. Anthony J. Annino
Former CEO, RiverRock
Anthony.annino@gmail.com

He is likely to have knowledge regarding the information provided to Defendant pertaining to RiverRock which was included in the Board Deck.

Defendant further states that its factual investigation is ongoing, and Defendant will supplement this interrogatory response as necessary as additional facts and information become available.

2. Identify all individuals who have knowledge, or who Defendant believes have knowledge regarding the presentation of the Board Deck to the board at the meeting on or around November 9, 2023, and describe what knowledge that individual(s) possesses.

**RESPONSE:** Defendant objects to this Interrogatory as overbroad and unduly burdensome, insofar as it requests identification of "all individuals" with knowledge regarding the presentation of the Board Deck which contained 38 slides of information, 36 of which did not concern or relate to Plaintiff. Subject to and without waiver of the foregoing objection, Defendant states that the following individuals have knowledge regarding the presentation of the two slides pertaining to the Plaintiff in the Board Deck:

a. Jay Jackson
Chairman and Chief Executive Officer, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

b. Bill McCauley
Chief Financial Officer, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

c. Chris Romaine
Chief Counsel, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

d. Adam Gusky
Chief Investment Officer, East Asset Management
Director, Abacus Board of Directors
c/o LashGoldberg

He is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

e. Gov. Thomas W. Corbett Jr.
Director, Abacus Board of Directors

He is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

f. Michiel van Katwijk
Director, Abacus Board of Directors

He is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

g. Beth Schulte, CPA, MBA
Director, Abacus Board of Directors

She is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

h. Karla Radka
Director, Abacus Board of Directors

She is likely to have knowledge regarding the presentation of the Board Deck on or about November 9, 2023.

Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available.

3. Identify all individuals who have knowledge, or who Defendant believes have knowledge regarding negotiations and communication relating to the potential RiverRock Acquisition and describe what knowledge that individual(s) possesses.

**RESPONSE:** Defendant objects to this Interrogatory as overbroad and unduly burdensome, insofar as it requests identification of "all individuals" with knowledge regarding a "potential RiverRock Acquisition," the existence of which is not established in the record. Subject to and without waiver of the foregoing objections, Defendant states that the following individuals have knowledge regarding the communications between Defendant and Plaintiff relating to RiverRock:

a. Jay Jackson
Chairman and Chief Executive Officer, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding communications between Defendant and Plaintiff related to RiverRock.

b. Bill McCauley
Chief Financial Officer, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding communications between Defendant and Plaintiff related to RiverRock.

c. Chris Romaine
Chief Counsel, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding communications between Defendant and Plaintiff related to RiverRock.

Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available.

4. Identify all individuals who have knowledge, or who Defendant believes have knowledge regarding the upload of the Board Deck onto Abacus's public facing website and describe what knowledge that individual(s) possesses.

**RESPONSE:** Defendant objects to this Interrogatory as overbroad and unduly burdensome, insofar as it requests identification of "all individuals" with knowledge regarding the inadvertent upload of the Board Deck onto Defendant's website. Subject to and without waiver of the foregoing objection, Defendant states that the following individuals have knowledge regarding the inadvertent upload of the Board Deck to Defendant's website:

a. Jay Jackson
Chairman and Chief Executive Officer, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding the inadvertent upload of the Board Deck to Defendant's website.

b. Jeff Smith
Director of Marketing, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding the inadvertent upload of the Board Deck to Defendant's website.

c. Blake Gallimore
Director of Corporate Marketing & Communications, Abacus

c/o LashGoldberg

She is likely to have knowledge regarding the inadvertent upload of the Board Deck to Defendant's website.

d. Marissa Young
Senior Associate, ICR Inc.

She is likely to have knowledge regarding the inadvertent upload of the Board Deck to Defendant's website.

Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available.

5. Identify all individuals who have knowledge, or who Defendant believes have knowledge regarding the decision to not move forward with the RiverRock Acquisition and describe what knowledge that individual(s) possesses.

**RESPONSE:** Defendant objects to this Interrogatory as overbroad and unduly burdensome, insofar as it requests identification of "all individuals" with knowledge regarding the uploading of the Board Deck onto Defendant's website. Defendant further objects to this Request to the extent it seeks information regarding the "RiverRock Acquisition," on the ground that such Interrogatory presumes facts not established in the record. Subject to and without waiver of the foregoing objections, Defendant states that the following individuals have knowledge regarding discussions between RiverRock and Defendant and Defendant's decision-making process with respect to RiverRock:

a. Jay Jackson
Chairman and Chief Executive Officer, Abacus

c/o LashGoldberg

He is likely to have knowledge regarding discussions between Defendant and Plaintiff and Abacus's decision-making process with respect to RiverRock.

b. Chris Romaine
Chief Counsel, Abacus
c/o LashGoldberg

He is likely to have knowledge regarding discussions between Defendant and Plaintiff and Abacus's decision-making process with respect to RiverRock.

Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available.

6. Describe in detail the circumstances under which the Board Deck containing RiverRock's Confidential Information was published to Abacus' public website, including the date and time of posting, who authorized or caused the posting, and the reasons for doing so.

**<u>RESPONSE:</u>** Defendant objects to this Interrogatory to the extent is assumes facts not in evidence, including the characterization of any information as "Confidential." Defendant also objects to this Interrogatory to the extent that it seeks identification or a summary of documents that Defendant agrees to produce in discovery, on the grounds that such a request is unduly burdensome and seeks information equally available to Plaintiff. Subject to and without waiver of the foregoing objections, Defendant states that the Board Deck which included two pages referencing Plaintiff out of a total of 38 pages, was inadvertently posted on

Defendant's investor website at https://ir.abacusgm.com under the Presentations subtab during the period from November 14, 2023 at 10:26AM EST to November 15, 2023 at 3:30PM EST. Defendant further states that the Board Deck was inadvertently sent by Jeff Smith to ICR, Inc., who then sent the Board Deck to Notified to be posted on Defendant's investor website.

Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available.

7. State the exact date and time when the Board Deck was removed from Abacus' website, and identify all individuals involved in or responsible for the removal.

**RESPONSE:** Defendant objects to this Interrogatory as overbroad and unduly burdensome, insofar as it requests identification of "all individuals" involved in or responsible for the removal of the Board Deck from Defendant's website. Subject to and without waiver of the foregoing, Defendant states that the Board Deck which included two pages referencing Plaintiff out of a total of 38 pages, was inadvertently posted on Defendant's investor website at https://ir.abacusgm.com under the Presentations subtab during the period from November 14, 2023 at 10:26AM EST to November 15, 2023 at 3:30PM EST. Jay Jackson immediately directed Jeff Smith who directed ICR, Inc. to remove the Board Deck from Defendant's investor website after the inadvertent posting was discovered.

Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available.

8. Identify all persons or entities who accessed, viewed, downloaded, or otherwise obtained the Board Deck containing RiverRock's Confidential Information while it was publicly posted to Abacus' website, including all IP addresses, email domains, or identifying information captured.

**RESPONSE:** Defendant objects to this Interrogatory to the extent is assumes facts not in evidence, including the characterization of any information as "Confidential." Defendant also objects to this Interrogatory to the extent that it seeks identification or a summary of documents, if any exist, that Defendant agreed to produce in response to Plaintiff's Request for Production No. 14, on the grounds that such a request is unduly burdensome and seeks information equally available to Plaintiff. Subject to and without waiver of the foregoing, Defendant states that the link to the Board Deck presentation that was inadvertently posted on Defendant's investor website during the period from November 14, 2023 at 10:26AM EST to November 15, 2023 at 3:30PM EST received thirty-two (32) clicks. Defendant is without further knowledge or information to enable it to identify the persons or entities who clicked on the link to the Board Deck. Defendant further states that its factual investigation is ongoing, and Defendant will supplement this Interrogatory response as necessary as additional facts and information become available.

9. Identify all documents and communications relating to Abacus' decision not to proceed with the RiverRock Acquisition, including who made the decision, when it was made, and the reasons given.

**RESPONSE:** Defendant objects to this Interrogatory to the extent that it seeks information regarding a potential "RiverRock Acquisition," on the grounds that it presumes facts not established in the record. Defendant also objects to this Interrogatory to the extent that it seeks identification or a summary of documents that Defendant agreed to produce in discovery, on the grounds that such a request is unduly burdensome and seeks information equally available to Plaintiff. Defendant states that the responsive and non-privileged documents and communications requested in this Interrogatory, if any, will be produced in response to Plaintiff's First Set of Requests for Production to Defendants.

Dated: July 14, 2025

**LASHGOLDBERG**
Lash Goldberg Fineberg LLP
2500 Weston Road, Suite 220
Weston, Florida 33331
Tel: 954-384-2500
Fax: 954-384-2510

By: */s/ Lauren Z. Alexander*
**MARTIN B. GOLDBERG**
Florida Bar No. 827029
mgoldberg@lashgoldberg.com
**LAUREN Z. ALEXANDER**
Florida Bar No. 58044
lalexander@lashgoldberg.com
**ANDREA PICCO**
Florida Bar No. 1011573
apicco@lashgoldberg.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2025, a true and correct copy of the foregoing has been served on all counsel of record.

*/s/ Lauren Z. Alexander*
**LAUREN Z. ALEXANDER**

STATE OF FLORIDA )
) SS.
COUNTY OF Orange )

BEFORE ME, the undersigned authority, personally appeared, Jay Jackson, who, after being first duly sworn, deposes and says that the foregoing answers are true and accurate.

______________________

SWORN TO AND SUBSCRIBED before me this 14 day of July, 2025.

Tracey Smid Ford
Signature

TRACEY SMID FORD
Notary Public - State of Florida
Commission # HH 307374
My Comm. Expires Aug 31, 2026
Bonded through National Notary Assn.

Tracey Smid Ford
Print Name
NOTARY PUBLIC
State of Florida at Large

My Commission Expires:
8/31/2026

X Personally known to me

______ Produced identification