**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 6:25-cv-00424-CEM-NWH |

# UNOPPOSED MOTION TO SEAL

Pursuant to FED. R. CIV. P. 5.2(d) and Local Rule 1.11, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus"), respectfully moves on an unopposed basis for leave to file under seal portions of Defendant's Motion for Summary Judgment (the "Motion"). Defendant attaches hereto as **Exhibit A** is a fully unredacted version of the Motion, including Exhibits 1 through 11 of the Motion. *See* M.D. Fla. L.R. 1.11(b)(8).

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock") and Defendant have previously sought and obtained approval from this Court to seal certain "Confidential Information," as defined in the Confidentiality Agreement, in its court submissions. *See, e.g.*, ECF Nos. 2 & 75 (Plaintiff's Motions to Seal), ECF Nos. 10 & 77 (orders granting Plaintiff's Motions

to Seal); *see also* ECF Nos. 84 (Defendant's Motion to Seal) & 86 (order granting Defendant's Motion to Seal). The information Abacus moves to seal includes Confidential Information that has already been sealed, pursuant to these motions.

In accordance with Local Rule 1.11(b), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal, and legal authority supporting sealing. *See* M.D. Fla. L.R. 1.11(b). Abacus has conferred with counsel for Plaintiff, who have confirmed that they do not oppose the relief requested herein. For the reasons stated below, Abacus respectfully requests that its motion to seal be granted.

## MEMORANDUM OF LAW

## I. IDENTIFICATION AND DESCRIPTION OF EACH ITEM PROPOSED FOR SEALING

Defendant seeks to file an unredacted version of the Motion, and its accompanying Exhibits 1 through 11.

### A. The Motion to Seal

The Motion incorporates and quotes Confidential Information in the exhibits described below.

### B. Expert Reports (Exhibits 1 and 2)

Plaintiff's Expert Report (Exhibit 1) and Defendant's Expert Report (Exhibit 2) contain Confidential Information. They also contain information relating to the inner working and proprietary confidential information of Plaintiff, including the

historical performance of Plaintiff's funds. Because both reports discuss damages, they incorporate non-public financial information relating to each of Plaintiff's seven funds, including the target capital raise and the actual capital raised.

### C. Deposition Transcripts (Exhibits 5, 9, and 10)

The deposition testimony of Anthony Annino (Exhibit 5), William Harris (Exhibit 9), and Jay Jackson (Exhibit 10) contain Confidential Information. They also relate to the inner working and proprietary information of Plaintiff's funds. Deponents are Plaintiff's ex-CEO, Plaintiff's expert witness, and Defendant's ex-CEO, respectively. All three depositions incorporate proprietary information contained in the expert reports. Moreover, the deposition of Mr. Jackson contained confidential information relating to Defendant's business strategy.

### D. Internal Communications (Exhibits 3, 4, and 6)

Email correspondence between Plaintiff and an investor (Exhibit 3) discusses Plaintiff's proprietary business information relating to one of its funds, including the projected internal rate of return. And email correspondence from Plaintiff's then-CEO to a close associate (Exhibit 4), and a text message conversation between Plaintiff's beneficial owner, Plaintiff's then-CEO, and a close associate (Exhibit 6) discuss confidential business transactions with third parties. All three communications contain Confidential Information.

### E. Defendant's Board Minutes (Exhibits 7)

Non-public minutes from the meeting of Defendant's board of directors on November 9, 2023, contain proprietary information relating to Defendant's business strategy, including the CEO's growth strategy.

### F. Plaintiff's Internal PowerPoint Presentation (Exhibit 8)

An internal RiverRock PowerPoint presentation titled "RiverRock Funds LLC" contains proprietary business information relating to Plaintiff's funds. That information includes the funds' IRRs, and non-public historical financials.

## II. LEGAL AUTHORITY SUPPORTING THE SEAL

Although the public has a common law right of access to inspect and copy judicial records, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1246 (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). Courts in the Eleventh Circuit often find that "a company's interest in . . . the terms of confidential agreements . . . often outweigh the public right of access." *DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010)). This is especially

the case where the confidentiality agreement "does not relate to 'public officials or public concerns . . . .'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (internal citations omitted); *see also 3B Med., Inc. v. Resmed Corp.*, 2016 WL 9527961, at *2 (M.D. Fla. Jan. 21, 2016) (holding that a private company's "interest in keeping private both the specific [contract] terms and the summary of the [contract] terms outweighs the public's interest in the business dealings of . . . a private company").

Courts in this District routinely seal the confidential financial, valuation, and business-strategy information at issue here. *See NXP B.V. v. Blackberry Ltd.*, 2013 WL 12170309, at *1 (M.D. Fla. Oct. 16, 2013) (granting a motion to seal documents which contain "sensitive financial, technical, and otherwise proprietary information, including information about Defendants' . . . business operations"); *Entrust Datacard Corp. v. Atl. Zeiser GmbH*, 2018 WL 9371610, at *2 (M.D. Fla. Dec. 27, 2018) (finding good cause exists for sealing the defendants' "confidential financial information, *i.e.* its total sales over the past three years"); *Local Access, LLC v. Peerless Network, Inc.*, 2016 WL 374948, at *1 (M.D. Fla. Feb. 1, 2016) (granting a motion to seal defendant's "confidential information about the parties' business plans, pricing information, client contacts, and technical capabilities").

## III. SEALING IS NECESSARY

Filing the unredacted Motion and its exhibits is necessary. Abacus cannot move for summary judgment without directly quoting and relying on the confidential material described above. The expert damages analyses, the parties' financial results and projections, the fund-performance and IRR figures, and the

internal deliberations all bear directly on the issues the Motion presents. Simply put, Abacus cannot make its Motion without these materials. *See* Local Rule 1.11(b)(3)(A).

These principles require that the Court seal portions of Abacus's Motion, and the information identified as confidential under the Confidentiality Agreement. As this Court has already acknowledged, sealing information related to the Confidentiality Agreement is necessary, because it contains non-public and sensitive contract terms between Abacus and RiverRock. *See* e.g., Dkts. 10, 19, 86, 91 (orders granting motions to seal). *See, e.g.*, *MEDAI, Inc. v. Quantros, Inc.*, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (finding good cause to seal a contract, where the contract stated it was confidential because "[t]he likelihood of injury to the parties if the Agreement is placed into the public domain is great, and filing it under seal would protect their confidential information from unnecessary exposure to their competitors").

Sealing is necessary for the same reason. The financial results, projections, valuation, and fund-performance data are non-public, and their disclosure would hand competitors a detailed view of the parties' operations and worth. The expert reports compile and analyze that same confidential data; the deposition testimony repeats it; and the board minutes and party communications reveal confidential business strategy and specific third-party transactions. Public disclosure of any of these materials would cause real competitive harm. *See* Local Rule 1.11(b)(3)(B).

## IV. PROPOSED DURATION OF THE SEAL

Abacus requests that the Motion remain redacted in perpetuity. *See* Local Rule 1.11(b)(5). Abacus certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). Abacus further certifies that it will serve on Plaintiff an unredacted version of the Motion. Lastly, the name, mailing address, email address, and telephone number of the person authorized to retrieve the Motion is undersigned counsel for Abacus. *See id.* at 1.11(b)(6).

For these reasons, Abacus respectfully requests that the Court enter an order: (a) permitting Defendants to file under seal the unredacted version of the Motion attached hereto as **Exhibit A**; (b) permitting the unredacted version of the Motion to remain sealed in perpetuity; and (c) granting any other relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that Defendant's counsels conferred with Plaintiff who advised that Plaintiff does not oppose Defendant's request for relief set forth herein.

DATED: September 1, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2026, a true and correct copy of the foregoing document, including Exhibit A, was served via electronic mail on the following counsel of record:

Sheila Oretsky, Esq.
Jennifer Junger, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131
sheila.oretsky@gtlaw.com
jungerj@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC*

*/s/ Alex Zuckerman*
Alex Zuckerman