**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 6:25-cv-00424-CEM-NWH |

**DEFENDANT'S SHORT FORM MOTION TO COMPEL**
**THE DEPOSITION OF GABRIEL SIEGEL**

Pursuant to Fed. R. Civ. P. 37, Abacus moves to compel the deposition of RiverRock's co-owner and chairman, Gabriel Siegel. After Abacus agreed to postpone Siegel's noticed deposition, RiverRock now refuses to produce him at all. Abacus seeks the Court's intervention after RiverRock unilaterally—and without a valid explanation—pulled the agreed-upon re-scheduled deposition date.

On May 1, 2026, Abacus noticed Siegel's deposition for June 16. Ex. A. The parties initially scheduled the deposition for July 27. Ex. B at 1-2. During the July 17 mediation, Abacus agreed to postpone Siegel's deposition

to accommodate RiverRock's counsel, conditioned on RiverRock's agreement to produce Siegel at a later date. *See* Ex. C at 1.

Following mediation, RiverRock offered dates and then backed out of each, before ultimately refusing to provide any date. First, it offered to make Siegel available on July 31; Abacus accepted. Ex. D at 2-3. The next day, RiverRock said, "Gabe is unavailable on [July] 31." *Id.* at 2. Then, on July 25, Abacus agreed to depose Siegel on August 31. *Id.* at 1. On August 7, RiverRock asked Abacus to confirm; Abacus confirmed the next day. Ex. E at 1-2. But RiverRock pulled that date too, claiming Siegel was now inexplicably unavailable until "after Labor Day." *Id.* at 1. Finally, on September 11, RiverRock flat out refused to produce Siegel for a deposition. Ex. F at 1. All the while, RiverRock has taken the depositions of Abacus fact and 30(b)(6) witnesses.

Gabe Siegel must be deposed. ***First,*** as a matter of law, Abacus is entitled to depose Siegel—who at all relevant times was RiverRock's owner and oversaw RiverRock's business—is essentially the Plaintiff. *See* Fed. R. Civ. P. 30(a). In addition, Siegel's testimony is plainly relevant. A fact that is not and could not be disputed. Indeed, Siegel verified RiverRock's interrogatory responses.

***Second,*** denying the deposition would prejudice Abacus because Siegel appears on a number of documents that sink RiverRock's causation and

damages theories. For example, five months before the alleged breach, Annino told Siegel that "[redacted] [redacted] [redacted] [redacted] [redacted]" directly undercutting RiverRock's claim that Annino left because of the breach. Ex. G at -842. And Annino emailed Siegel a presentation dated two months before the breach, which acknowledged "[redacted]" a litany of dire performance issues, and contemplated "[redacted]" RiverRock's funds. *Id.* at -844, -848. This undermines that RiverRock was ever going to continue raising funds let alone that it could have fundraised hundreds of millions of dollars. Post-breach emails with Siegel from four potential acquirers suggest RiverRock failed to mitigate its losses. *See, e.g.*, Ex. H at -828.

***Third***, Abacus is also prejudiced because RiverRock never responded to Abacus's 30(b)(6) deposition notice. Ex. A. Without testimony from Siegel, important questions remain unanswered—including whether the allegedly confidential information was actually confidential. *See e.g.*, Ex. I at -869 ([redacted]).

Abacus respectfully requests the Court compel Siegel's deposition, or grant other relief the Court deems just.

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), I hereby certify that Defendant's counsel conferred with Plaintiff's counsel by video conference and email in advance of filing this motion. Plaintiff opposes the relief requested in this motion.

DATED: September 28, 2026

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

*Attorneys for Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2026, a true and correct copy of the foregoing document was electronically served via the CM/ECF system on all parties authorized to accept service by CM/ECF.

*/s/ Alex Zuckerman*
Alex Zuckerman