# EXHIBIT A

| | |
|---|---|
| **From:** | Joshua Hall |
| **Sent:** | Friday, May 1, 2026 6:50 AM |
| **To:** | Sheila.Oretsky@gtlaw.com; jungerj@gtlaw.com; maria.santangelo@gtlaw.com |
| **Cc:** | Alex Zuckerman; Kathleen Messinger; Rebecca Jin; Ivette Galante |
| **Subject:** | RiverRock v. Abacus: Notice of 30(b)(1) and 30(b)(6) Depositions |
| **Attachments:** | Gabriel Siegel - 30(b)(1) Deposition Notice.pdf; Lucas Siegel - 30(b)(1) Deposition Notice.pdf; Defendant's 30(b)(6) Deposition Notice.pdf |

Counsel:

Attached is Defendant's notice of 30(b)(1) and 30(b)(6) depositions in the matter of *RiverRock v. Abacus*.

Thank you,

**Joshua Hall**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 5th Avenue
New York, New York 10016
212-849-7559 Direct
508-313-6949 Mobile
212-849-7000 Main Office Number
joshuahall@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 6:25-cv-00424-CEM-NWH |

**DEFENDANT'S NOTICE OF DEPOSITION OF RENEGADE CAPITAL GP, LLC PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus" or "Defendant") will take the deposition upon oral examination of Plaintiff Renegade Capital GP, LLC, d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff") at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 2601 South Bayshore Drive, Suite 1550, Miami, Florida 33133, commencing at 9:30 a.m. on June 23, 2026, or at another mutually agreed time and place regarding the topics of examination set forth

in the attached **Schedule A**, in accordance with the definitions and instructions set forth therein.

In accordance with Rule 30(b)(6), Plaintiff shall designate one or more representatives with knowledge of the matters set forth in **Schedule A** and make such designee(s) available to testify before an officer authorized to administer oaths on the date and time of said deposition. Plaintiff's deposition shall be recorded by stenographic means and by videotape, and shall continue from day to day thereafter, excluding Saturdays, Sundays, and holidays, until completed.

Plaintiff shall, at least fourteen (14) days prior to the deposition, provide a written designation by e-mail to the undersigned counsel of the name(s) and position(s) of the person(s) designated to testify, and the specific topics on which each person will testify on Plaintiff's behalf. In addition, Plaintiff shall, at least fourteen (14) days prior to the deposition, notify the undersigned counsel of the need for an interpreter to translate the deposition questions and answers, and the specific language and, if relevant, dialect for which the interpreter is required.

DATED: May 1, 2026

*/s/ Alex Zuckerman*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
Rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

*Attorneys for Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

## SCHEDULE A

## DEFINITIONS

The terms herein shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure. Additionally, as used herein, the terms set forth below shall have the following meanings:

1. "Abacus" or "Defendant" mean Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc., a Delaware corporation with its principal place of business in Orlando, Florida.

2. "Action" means the lawsuit *Renegade Capital GP, LLC d/b/a RiverRock Funds LLC v. Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*, Case No. 6:25-cv-00424-CEM-NWH, pending in the United States District Court for the Middle District of Florida.

3. "Annino" means Anthony J. Annino, the former Chief Executive Officer at RiverRock.

4. "Annino Valuation Model" means that certain valuation model that Annino sent to Jay Jackson, Abacus's Chief Executive Officer, on or around October 14, 2023.

5. "Board Deck" means the PowerPoint presentation that was presented to the Abacus Board of Directors at the meeting held on November 9, 2023, as alleged in paragraphs 29-32 of the Complaint.

6. "**Business Transaction**" means the discussions between Abacus and RiverRock in 2023 concerning a potential business transaction between the companies, including the negotiation of a preliminary letter of intent.

7. "**Communication**" or "**Communications**" mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by or through any oral, written, or electronic means, including without limitation speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, text messages, iMessage, WhatsApp messages, Telegram messages, Signal messages, Discord messages, social media, including without limitation any posts, direct messages, or other communications through, without limitation, Facebook, Instagram, and X), magnetic and/or optical disks, floppy disks, compact discs, CD-ROM discs, smart phones, sound, radio or video signals or recordings, telecommunications, telephone, teletype, facsimile, microfilm, stored photographs or videos of any type, or other media of any kind.

8. "**Complaint**" means the operative complaint filed by RiverRock in this Action.

9. "**Confidentiality Agreement**" means the confidentiality agreement entered into between Abacus and RiverRock on September 5, 2023. A true and correct copy of the Confidentiality Agreement, which is Exhibit A to the

Complaint, was filed under seal as Exhibit A to RiverRock's Motion to Seal. *See* Dkt. 2-1.

10. "Coventry" means Coventry First LLC or Coventry Direct LLC, and includes any of their present or former officers, directors, employees, representatives, agents, attorneys, subsidiaries, divisions, affiliates, and any of their present or former officers, directors, employees, agents, or representatives acting on their behalf, and any Person acting or having acted, directly or indirectly, on behalf of Coventry First LLC or Coventry Direct LLC.

11. "Data Room" means the "data room to share the Confidential Information" as alleged in paragraphs 23-26, 30 of the Complaint.

12. "Document" or "Documents" shall be defined in the broadest sense and shall mean, without limitation, any written, typed, graphic, or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits, and appendices thereto, and in its original form (or copies thereof where originals are unavailable), together with any copies thereof bearing notations, memoranda, or other written information not on the original, including, but not limited to, correspondence, memoranda, notes, drafts, records, letters, envelopes, telegrams, teletypes or telecopy messages, facsimile messages, e-mails, contracts, agreements, statistical statements and records, financial statements, trade letters, press

releases, plans, schedules, comparisons, telephone logs and messages, articles, magazines, newspapers, resolutions, minutes or transcripts of meetings, inter-office and intra-office communications, electronic mail/message, charts, graphs, photographs, audio recordings, videos, films, tapes, discs and diskettes, data cells, print-outs, computer input data, computer output data, computer runs, including without limitation, electronically sensitive storage media such as microfiche, microfilm, computer disk, magnetic tapes, including any deleted files and any archived files, and any preliminary data or revisions of the foregoing, or other tangible things which constitute or contain matters within the scope of the Federal Rules of Civil Procedure, and which are within the possession, custody, or control of You or any past or present agent, employee, consultant, attorney, or any other Person acting on Your behalf. The term "Document" also includes the file, folder, tabs, and label attached to or containing any Document.

13. "Include" or "including" mean including without limitation.

14. "Kosmos Management" means Kosmos Management, LLC, a Delaware limited liability company, and includes any of its present or former officers, directors, employees, representatives, agents, attorneys, subsidiaries, divisions, affiliates, and any of their present or former officers, directors, employees, agents, or representatives acting on their behalf, and any Person

acting or having acted, directly or indirectly, on behalf of Kosmos Management, LLC.

15. "Kosmos Transaction" means Kosmos Management's acquisition of certain RiverRock funds, described in the following Kosmos Management press release: Kosmos Management Acquires Three RiverRock Asset Management Funds, Driving Strategic Growth in Life Settlement Market, https://www.einpresswire.com/article/879058089/kosmos-management-acquires-three-riverrock-asset-management-funds-driving-strategic-growth-in-life-settlement-market (Dec. 30, 2025).

16. "Obra" means Obra Capital, Inc., a Delaware corporation, and any of its present or former officers, directors, members, employees, representatives, agents, attorneys, subsidiaries, divisions, affiliates, predecessors, and any Person acting or having acted, directly or indirectly, on Obra Capital, Inc.'s behalf.

17. "Person" means any natural person, individual, proprietorship, firm, partnership, association, joint venture, corporation, limited liability company, organization, governmental agency or body, group of natural persons, or legal or business entity.

18. "Preston" means Preston Ventures, LLC or Preston Capital LLC, and includes any of their present or former officers, directors, employees, representatives, agents, attorneys, subsidiaries, divisions, affiliates, and any

of their present or former officers, directors, employees, agents, or representatives acting on their behalf, and any Person acting or having acted, directly or indirectly, on behalf of Preston Ventures, LLC or Preston Capital LLC.

19. "Relating to," "related to," "concerning," and/or "regarding," in addition to their customary and usual meanings, shall mean directly or indirectly, in whole or in part, relating to, referring to, concerning, discussing, evidencing, containing, constituting, reflecting, mentioning, assessing, characterizing, recording, describing, touching upon, summarizing, commenting on, showing, disclosing, supporting, explaining, stating, memorializing, noting, analyzing, contradicting, disputing, or in any way legally, logically, or factually dealing with in connection to the subject matter described.

20. "RiverRock," "Plaintiff," "You," or "Your" mean Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC and includes any of its present or former officers, directors, employees, representatives, agents, attorneys, subsidiaries, divisions, affiliates, parents, acquirors, and any Person or entity acting or having acted, directly or indirectly on Renegade Capital GP, LLC's or RiverRock's behalf.

21. "Third Party" or "Third Parties" mean any Person or entity other than Abacus or RiverRock.

## INSTRUCTIONS

The following instructions apply to each of the Topics below and are deemed incorporated herein:

1. Plaintiff is required to designate one or more of its officers, directors, managing agents, employees, or other representatives who consent to testify on its behalf and who is/are the person(s) most knowledgeable about the Topics identified below.

2. If Plaintiff objects to any Topic below, Plaintiff shall identify the objection at least fourteen (14) days prior to the deposition, in writing, by e-mail to the undersigned counsel, stating its legal basis for the objection, and clearly articulating the portion(s) of any Topic to which Plaintiff is refusing to testify.

3. If, after a reasonable and thorough investigation, Plaintiff is unable to offer testimony on any Topic or part thereof, on the grounds of lack of information available to Plaintiff, Plaintiff shall clearly identify such Topic or part thereof in writing, by e-mail, to the undersigned counsel at least fourteen (14) days prior to the deposition.

4. Plaintiff shall, at least fourteen (14) days prior to the deposition, (a) provide a written designation by e-mail to the undersigned counsel of the name(s) and position(s) of the person(s) designated to testify, and the specific Topics on which each person will testify on Plaintiff's behalf; and (b) produce,

pursuant to Fed. R. Civ. P. 30(b)(6), 30(b)(2) and 34, any and all Documents and things related to each of the Topics listed below.

5. Where objections are made to a Topic or any part thereof, the objection shall state with specificity all grounds in sufficient detail to allow the Court to rule on the objection.

6. When information with respect to a corporation, partnership, limited liability company, or unincorporated association or entity is called for in the Topics, such reference shall be construed to include information with respect to that entity and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, accountants, and all other Persons or entities acting on its behalf or under its control.

7. If, in responding to these Topics, You encounter any ambiguity in construing either the Topic or any instruction relevant to the Topic, You shall apply the most expansive definition and the broadest interpretation permitted under the Federal Rules of Civil Procedure.

8. The following rules of construction shall apply to all Topics for Production:

a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

b. The use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa;

c. The connectives "and" and "or" shall be construed as "and/or"; and

d. The terms "all," "any," "every," and "each" shall be construed to mean "all, any, every, and each." In other words, each of the terms shall be construed as encompassing any and all.

9. Unless otherwise stated in a Topic, the time period for which You must respond is from January 1, 2023 through the date hereof.

## TOPICS OF EXAMINATION

1. The negotiation, drafting, and execution of the Confidentiality Agreement.

2. Plaintiff's understanding and interpretation of the Confidentiality Agreement, including without limitation Sections 2, 3, and 4 of the Confidentiality Agreement, and Plaintiff's discussions with any Person or Third Party regarding the same.

3. Plaintiff's understanding and interpretation of "Confidential Information," as defined in Section 1 of the Confidentiality Agreement and Plaintiff's discussions with any Person or Third Party regarding the same.

4. The negotiation of the Business Transaction, including Plaintiff's understanding of who was involved in negotiating the Business Transaction.

5. Plaintiff's knowledge of and motivation for the Business Transaction.

6. Plaintiff's discussions with any Person or Third Party regarding the Business Transaction, Abacus, or Plaintiff's intention to be acquired or wind down certain funds.

7. Plaintiff's financial statements as produced in this Action, including but not limited to valuations, cash flows, assets, and liabilities.

8. Plaintiff's business plans, internal rates of return, projections, and financial models.

9. Persons who resigned from RiverRock due to Defendant's alleged actions, including the date of their resignation, their former position at RiverRock, and their stated reason for resigning.

10. Plaintiff's alleged damages as set forth in paragraphs 5, 53-64, and 74 of the Complaint, and as identified in response to Abacus's Interrogatory No. 3, including the basis for any claimed reputational harm.

11. Actions taken by Plaintiff to mitigate any alleged damages suffered by Plaintiff as a result of any alleged action by Defendant, including in connection with the departure of Persons described in Topic 9.

12. The identity of all Persons or Third Parties with whom Plaintiff discussed a sale of Plaintiff's business, or substantially all of Plaintiff's assets, between January 1, 2023 and February 1, 2026.

13. Investors interested in investing in Plaintiff, the time frame in which they were interested in investing in Plaintiff, the reason why each investor was unwilling to invest in or do business with Plaintiff—as alleged in paragraphs 5 and 58 of the Complaint—and any actions taken by Plaintiff to mitigate the damages from the lost investors.

14. The contents of the Data Room, including the confidential information Plaintiff alleges Defendant accessed in the Data Room.

15. The identity of any Third Party that received the same confidential information referenced in Topic 14 from Plaintiff.

16. The alleged confidential information that RiverRock has identified in response to Abacus's Interrogatory Nos. 9-10.

17. The "Annino Valuation Model" on page 29 of Abacus's "3Q Board Presentation," dated November 9, 2023 that Plaintiff claims contains RiverRock's confidential information.

18. The financial statements and projections underlying the confidential information, including the Annino Valuation Model, provided by Plaintiff to Defendant.

19. The confidential information allegedly included in the Board Deck, including the specific information underlying the Annino Valuation Model dated September 30, 2023 that Plaintiff alleges is confidential; the specific pages, sections, data points, or information within the Board Deck

that Plaintiff contends constitute Plaintiff's confidential information; and the factual basis for why each piece of information is considered confidential.

20. Defendant's alleged breach of the Confidentiality Agreement, including when Plaintiff learned of the breach, who discovered the purported breach, and actions taken by Plaintiff following the purported breach.

21. Plaintiff's knowledge and understanding of how RiverRock came to possess a copy of Abacus's "3Q Board Presentation" dated November 9, 2023 that Plaintiff claims contains RiverRock's confidential information.

22. Communications between Plaintiff and Donna Horowitz, or any reporter or employee at The Deal or any other news outlet, regarding the Board Deck, the Business Transaction, and the December 5, 2023 article titled "Abacus Accidentally Posts Document on Potential RiverRock Deal."

23. The security measures in place to protect the Data Room, including the platform and web address used for the Data Room, logs or evidence of any Person who accessed the Data Room or viewed Documents in the Data Room, including the date and time of access and whether Documents were viewed or downloaded.

24. The financial data or information underlying or supporting the financial data from the Annino Valuation Model dated September 30, 2023 that was sent by Plaintiff to Defendant.

25. Persons, including Third Parties, who have an interest, including, but not limited to, ownership, financial, security, or legal interests, in this Action.

26. The Kosmos Transaction, including the terms, value, timing, and deal structure.

27. Plaintiff's document preservation policies and procedures, including, but not limited to, document retention, e-mail retention, and electronic data retention from current and/or former RiverRock officers, directors, employees, or agents of RiverRock, and including preserving Documents and Communications located on personal devices, such as cell phones, iPads, tablets, desktops, and/or laptops.

28. Plaintiff's enforcement of its document preservation policies and procedures.

29. Plaintiff's knowledge and understanding of what steps RiverRock took to preserve Documents and Communications from Anthony Annino, Denny Mathew, Valerie Coffey, Michelle Eisenlohr, Michelle Siler Garza, Amy Springs, Hugh Tawney, Jill Naponic, and Meg Yetter both before and after they left RiverRock, including what steps RiverRock took to preserve Documents and Communications located on their personal e-mail or devices, such as cell phones, iPads, tablets, desktops, laptops, Google Mail, and/or Google Drive.

30. Plaintiff's electronic use policies, practices, or procedures, including, but not limited to, any bring your own device ("BYOD") policies, use of personal electronics such as cell phones, computers, laptops, tablets, or e-mail addresses to conduct business on behalf of Plaintiff.

31. Plaintiff's enforcement of its electronic use policies, practices, or procedures.

32. Plaintiff's knowledge and understanding of when RiverRock considered litigation, making a demand for payment or settlement, or engaging in any other legal action concerning Abacus as a result of the alleged breach of the Confidentiality Agreement.

33. Plaintiff's knowledge and understanding of RiverRock's decision to send the December 5, 2023 e-mail from Annino to Jay Jackson, including the decision to "ask that Abacus preserve all documents and data," as described in Paragraph 51 of the Complaint.

34. The Persons to whom Plaintiff distributed a litigation hold notice for this Action and the date on which the litigation hold notice was sent or received by such Persons.

35. Plaintiff's allegation that Abacus had plans to terminate a majority of RiverRock employees and cut RiverRock's payroll as alleged in paragraphs 36 and 49 of the Complaint.

36. Plaintiff's potential acquisition by Obra Capital in 2023 and 2024, including but not limited to (i) all financial models, internal valuations, cash flows, and other financial information provided to Obra; (ii) letters of intent or term sheets related to a potential acquisition of Plaintiff by Obra; and (iii) communications between Plaintiff and Obra regarding a potential acquisition.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, the foregoing was served upon Plaintiff Renegade Capital GP, LLC, d/b/a RiverRock Funds LLC's counsel via electronic mail.

*/s/ Joshua Hall*
Joshua Hall

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 6:25-cv-00424-CEM-NWH |

**DEFENDANT'S NOTICE OF DEPOSITION OF GABRIEL SIEGEL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. will take the deposition upon oral examination of Gabriel Siegel at the law offices of Quinn Emanuel Urquhart & Sullivan, LLP, 700 Louisiana Street, Suite 3900, Houston, Texas 77002, commencing at 9:30 a.m. on June 16, 2026, or at another place and time that is agreed upon by the parties. The deposition shall continue from day to day thereafter, excluding Saturdays, Sundays, and holidays, until completed.

The deposition is being taken for the purpose of discovery, for use at trial,

and for all other purposes under the applicable Federal Rules of Civil Procedure and Local Rules. The deposition will be taken before a Notary Public or some other officer authorized by law to administer oaths at depositions and for use at the trial herein. The deposition shall be recorded by stenographic, audio, and video means, and may be transcribed using real time interactive transcription.

DATED: May 1, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

*Attorneys for Defendant Abacus Global Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, a true and correct copy of Defendant's Notice of Deposition of Gabriel Siegel was served via email on counsel of record for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC.

*/s/ Joshua Hall*
Joshua Hall

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v.

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

Case No.: 6:25-cv-00424-CEM-NWH

**DEFENDANT'S NOTICE OF DEPOSITION OF LUCAS SIEGEL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. will take the deposition upon oral examination of Lucas Siegel at the law offices of Quinn Emanuel Urquhart & Sullivan, LLP, 300 West 6th Street, Suite 2010, Austin, Texas 78701, commencing at 9:30 a.m. on June 9, 2026, or at another place and time that is agreed upon by the parties. The deposition shall continue from day to day thereafter, excluding Saturdays, Sundays, and holidays, until completed.

The deposition is being taken for the purpose of discovery, for use at trial, and for all other purposes under the applicable Federal Rules of Civil Procedure and Local Rules. The deposition will be taken before a Notary Public or some other officer authorized by law to administer oaths at depositions and for use at the trial herein. The deposition shall be recorded by stenographic, audio, and video means, and may be transcribed using real time interactive transcription.

DATED: May 1, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Rebecca Jin (*pro hac vice*)
rebeccajin@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, a true and correct copy of **Defendant's Notice of Deposition of Lucas Siegel** was served via email on counsel of record for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC.

*/s/ Joshua Hall*
Joshua Hall