# EXHIBIT F

**From:** jungerj@gtlaw.com
**Sent:** Friday, September 11, 2026 8:33 AM
**To:** Alex Zuckerman; Sheila.Oretsky@gtlaw.com; Joshua Hall; Kathleen Messinger; Rebecca Jin; Raquel.Acuna@gtlaw.com
**Subject:** Re: depositions

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

We had a deal that we would move Gabe's deposition to accommodate a second mediation *at your request* but that deal was limited to re-taking his deposition in August. You unilaterally determined that you no longer wanted to proceed with a second mediation. Nevertheless, you confirmed that the re-setting of Gabe's deposition was limited to resetting in August in your July 20, 2026 email: "As discussed after the mediation on Friday, July 17, we agree to move the depositions of Gabe and Lucas Siegel into August on the condition that you (1) will not object to our taking of their depositions in August, which is after the close of fact discovery. . ."

On July 23 we advised that Gabe was available on August 31. I followed up on July 28 asking you to notice Gabe so that we could reserve that date. I also provided three dates for Lucas, which were also never set. I followed up again on July 30. I followed up again on August 7. After multiple follow ups with no confirmation and no notice of deposition, we advised that Gabe was no longer available as he could not keep his calendar open indefinitely and had international travel. On the same date (August 10), we advised that we could make Lucas available instead on 8/31, and then asked you to provide us with some dates *during the first week in September* for Gabe. You neither set Lucas on 8/31 nor provided us with any dates in the first week of September. You waited an entire month before even bringing this issue up again.

It is now well past the discovery cut off, well past August and also past the first week in September. You cannot unilaterally decide to indefinitely enlarge the discovery period because you failed to properly notice and depose Gabe Siegel. We object because you had many opportunities to depose him. The complaint was filed on March 11, 2025 and discovery closed on July 31, 2026. He has been known to you that entire time. This isn't trial by ambush—this is your failure to properly notice and depose a witness.

I will get back to you regarding the remainder of your email.

---

**From:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>
**Sent:** Thursday, 10 September 2026 10:09:03
**To:** Junger, Jennifer L. (Shld-MIA-LT) <jungerj@gtlaw.com>; Oretsky, Sheila (Shld-MIA-LT) <Sheila.Oretsky@gtlaw.com>; Joshua Hall <joshuahall@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Acuna, Raquel (LSS-MIA-LT) <Raquel.Acuna@gtlaw.com>
**Subject:** RE: depositions

Jennifer,

Please advise if you are refusing to make Gabe Seigel, the person with the greatest economic interest in the judgment you are seeking, unavailable for deposition. And please state your reason for doing so.

We also note that you have failed to present any witness in response to any of the topics set forth in Abacus's 30(b)(6) notice, served over four months ago. Abacus reserves all rights as to this shortcoming. *See, e.g., Continental Cas. Co. v. First Fin. Empl. Leasing, Inc.*, 716 F.Supp.2d 1176, 1189 (M.D.Fla.2010) ("[T]he corporation [that] has failed to comply with its Rule 30(b)(6) obligations . . . may be subject to sanctions.").

Best regards,
Alex

---

**From:** Alex Zuckerman
**Sent:** Tuesday, September 8, 2026 7:40 AM
**To:** jungerj@gtlaw.com; Sheila.Oretsky@gtlaw.com; Joshua Hall <joshuahall@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Raquel.Acuna@gtlaw.com
**Subject:** RE: depositions

Jennifer – please let us know Gabe's availability for the remainder of the month.

Best,
Alex

---

**From:** jungerj@gtlaw.com <jungerj@gtlaw.com>
**Sent:** Tuesday, August 11, 2026 9:00 PM
**To:** Alex Zuckerman <alexzuckerman@quinnemanuel.com>; Sheila.Oretsky@gtlaw.com; Joshua Hall <joshuahall@quinnemanuel.com>; Kathleen Messinger <kathleenmessinger@quinnemanuel.com>; Rebecca Jin <rebeccajin@quinnemanuel.com>; Raquel.Acuna@gtlaw.com
**Subject:** RE: depositions

**[EXTERNAL EMAIL from jungerj@gtlaw.com]**

---

Alex,

As I advised yesterday in my email at 5:04 pm, Gabe is no longer available on 8/31. We gave that date a while back and it was never noticed or scheduled. We advised that we could put up Lucas on that day as he can make himself available and asked you to provide us with some dates in September for Gabe so that we can compare it against our own schedules.

Your recollection of what happened at mediation is entirely inaccurate. You wanted to leave mediation. You wanted to schedule another date for mediation after the deposition of Annino. We advised that if we were going to go forward with every deposition in the case, we would be less inclined to agree to a continued mediation at a later date. You offered to change the schedule to allow for the extra date of mediation after Annino, which we agreed to. This was your idea. Then out of the blue after such agreement was reached, you decided you didn't want to mediate with our mediator any longer.

**Jennifer L. Junger**
Shareholder

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, FL 33131