**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 6:25-cv-00424-CEM-NWH |

**UNOPPOSED MOTION TO SEAL**

Pursuant to FED. R. CIV. P. 5.2(d) and Local Rule 1.11, Defendant Abacus Life, Inc. n/k/a Abacus Global Management, Inc. ("Abacus"), respectfully moves on an unopposed basis for leave to file under seal portions of Defendant's Short Form Motion to Compel the Deposition of Gabriel Siegel (the "Motion"). Defendant attaches hereto as **Exhibit 1** a fully unredacted version of the Motion, including its exhibits. *See* Local Rule 1.11(b)(8).

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock") and Abacus have previously sought and obtained approval from this Court to seal "Confidential Information." *See, e.g.*, ECF Nos. 113 & 115 (Parties' motions to seal the summary judgment briefing), ECF No. 116 (orders granting Parties' motions to seal).

In accordance with Local Rule 1.11(b), the incorporated memorandum of law identifies and describes the materials proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal, and legal authority supporting sealing. *See* Local Rule 1.11(b). Abacus has conferred with counsel for RiverRock, who have confirmed that they do not oppose the relief requested herein. For the reasons stated below, Abacus respectfully requests that its motion to seal be granted.

## MEMORANDUM OF LAW

### I. IDENTIFICATION AND DESCRIPTION OF EACH ITEM PROPOSED FOR SEALING

Defendant seeks to file an unredacted version of the Motion and its accompanying Exhibits. The Motion incorporates and quotes Confidential Information in the exhibits described below.

#### A. Plaintiff's Internal Communications and Internal PowerPoint Presentation (Exhibit G)

This email correspondence from Mr. Annino to Mr. Siegel discusses Plaintiff's confidential business strategy and the financial condition of its funds. Mr. Annino's email attaches an internal RiverRock PowerPoint presentation containing proprietary business information about the funds, including the funds' internal rates of return and non-public historical financials.

### B. Communications Regarding Confidential Business Negotiations (Exhibit H)

This email correspondence between Gabriel Siegel and a third party reveals confidential business negotiations involving a potential transaction in which the third party would acquire RiverRock. The existence of this potential transaction is confidential information and not public knowledge.

### C. Communications Between Plaintiff's Counsel and Mr. Annino (Exhibit I)

This email correspondence between RiverRock's counsel and Mr. Annino references, and incorporates by reference, the confidentiality agreement at the heart of this dispute, which is itself confidential.

## II. LEGAL AUTHORITY SUPPORTING THE SEAL

Although the public has a common law right of access to inspect and copy judicial records, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). Courts in the Eleventh Circuit often find that "a company's interest in . . . the terms of confidential agreements . . . outweigh the public right of access." *DeCurtis LLC v.*

*Carnival Corp.*, 2020 WL 6827996, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010)). This is especially the case where the confidentiality agreement "does not relate to 'public officials or public concerns . . . .'" *DeCurtis LLC*, 2020 WL 6827996, at *2 (citation omitted); *see also 3B Med., Inc. v. Resmed Corp.*, 2016 WL 9527961, at *2 (M.D. Fla. Jan. 21, 2016) (holding that a private company's "interest in keeping private both the specific [contract] terms and the summary of the [contract] terms outweighs the public's interest in the business dealings of . . . a private company").

Courts in this District routinely seal the confidential financial, valuation, and business-strategy information at issue here. *See NXP B.V. v. Blackberry Ltd.*, 2013 WL 12170309, at *1 (M.D. Fla. Oct. 16, 2013) (granting a motion to seal documents that contain "sensitive financial, technical, and otherwise proprietary information, including information about Defendants' . . . business operations"); *Entrust Datacard Corp. v. Atl. Zeiser GmbH*, 2018 WL 9371610, at *2 (M.D. Fla. Dec. 27, 2018) (finding good cause exists for sealing the defendants' "confidential financial information, *i.e.* its total sales over the past three years"); *Local Access, LLC v. Peerless Network, Inc.*, 2016 WL 374948, at *1 (M.D. Fla. Feb. 1, 2016) (granting a motion to seal defendant's "confidential information about the parties' business plans, pricing information, client contacts, and technical capabilities").

## III. SEALING IS NECESSARY

Sealing the Motion and its exhibits is necessary. Abacus cannot compel Mr. Siegel's deposition without directly quoting and relying on the confidential material described above. The documents bear directly on the two main arguments the Motion advances: that Mr. Siegel's testimony is relevant and that Abacus will be prejudiced without his deposition testimony. Abacus cannot make its Motion without these materials. *See* Local Rule 1.11(b)(3)(A).

This Court has already sealed similar Confidential Information because it contains non-public and commercially sensitive information. *See* e.g., Dkts. 10, 19, 86, 91, 116 (orders granting motions to seal). Sealing is necessary for the same reason here. Disclosure of the Confidential Information would hand competitors a detailed view of RiverRock's operations and worth. Moreover, the party communications reveal confidential business strategy and confidential unconsummated transactions with third parties. Public disclosure of any of these materials would cause real competitive harm. *See* Local Rule 1.11(b)(3)(B).

## IV. PROPOSED DURATION OF THE SEAL

Abacus requests that the Motion remain redacted in perpetuity. *See* Local Rule 1.11(b)(5). Abacus certifies that it is unaware of any non-party that may have an interest in establishing or maintaining the seal. *See id.* at 1.11(b)(7). Abacus further certifies that it will serve on Plaintiff an unredacted version of the Motion. Lastly, the name, mailing address, email address, and telephone number of the

person authorized to retrieve the Motion is undersigned counsel for Abacus. *See id.* at 1.11(b)(6).

For these reasons, Abacus respectfully requests that the Court enter an order: (a) permitting Defendant to file under seal the unredacted version of the Motion attached hereto as **Exhibit 1**; (b) permitting the unredacted version of the Motion to remain sealed in perpetuity; and (c) granting any other relief the Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that Defendant's counsel conferred with Plaintiff who advised that Plaintiff does not oppose Defendant's request for relief set forth herein.

DATED: September 28, 2026

Respectfully submitted,

*/s/ Alex Zuckerman*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Zuckerman (*pro hac vice*)
alexzuckerman@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
(212) 849-7000

Jason D. Sternberg (Fla. Bar No. 72887)
jasonsternberg@quinnemanuel.com
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
(305) 402-4880

Kathleen S. Messinger (*pro hac vice*)
kathleenmessinger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendant Abacus Global Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2026, a true and correct copy of the foregoing document, including Exhibit 1, was served via electronic mail on the following counsel of record:

Sheila Oretsky, Esq.
Jennifer Junger, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131
sheila.oretsky@gtlaw.com
jungerj@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC*

*/s/ Alex Zuckerman*
Alex Zuckerman