**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS, LLC, a Delaware limited liability company,

Plaintiff,

v. Case No. 6:25-cv-00424-CEM-NWH

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S SHORT FORM MOTION TO COMPEL THE DEPOSITION OF GABRIEL SIEGEL**

Abacus' seeks Court intervention to re-open discovery (which closed July 31, 2026) due to its own lack of diligence.

Abacus unilaterally set the deposition of Gabriel Siegel ("Gabriel") for June 16, 2026. When RiverRock advised as to unavailability, the parties re-scheduled the deposition for July 27, 2026.

During mediation on July 15, 2026, Abacus suggested that the parties mediate again the first week in August after the deposition of Anthony Annino. RiverRock said it would be less inclined to a continued mediation if it had to fly to Texas, Boston, and Colorado on July 27, 29, and 31 for the depositions of Gabriel, Mr. Annino and Lucas Siegel ("Lucas") respectively. Abacus suggested that the parties re-schedule both Siegel

depositions **in August** (not at a general "later date") to allow for a second mediation. *See* Ex. 1. Thereafter, Abacus unilaterally decided it no longer wanted to mediate again. Ex. 2.

RiverRock did not "back out" of dates. Abacus is relying on a typo in an email where the undersigned said it would reserve 7/31 instead of 8/31 for Gabriel. Ex. 3. On July 25, Abacus agreed that it would take Gabriel's deposition on August 31. *Id*. RiverRock requested that Abacus notice Gabriel's deposition so that the date could be reserved. *Id*. On August 7, RiverRock asked again if Abacus intended to take Gabriel's deposition as it had not yet been noticed. Ex. 4. Gabriel's deposition was never re-noticed. Gabriel could not hold open his schedule indefinitely as he had to attend to business internationally. On August 10, RiverRock advised Abacus that Gabriel was no longer available on August 31, but that Abacus could take Lucas on 8/31 and offered Gabriel the first week in September after his travels. Ex. 5. RiverRock specifically asked Abacus "please provide us with some dates." *id*. This was never answered.

It wasn't until a full month later, on September 8, that Abacus asked for Gabriel's availability for the rest of the month. Ex. 6. Abacus does not get to do nothing for weeks, and then take Gabriel's deposition whenever they choose. It is now well past the discovery cut off, well past August (the agreed upon extension), and well past the first week in September (courtesy extension). Abacus cannot unilaterally enlarge the discovery cutoff because they failed to properly notice and depose Gabriel.

Abacus mentions prejudice because it never took RiverRock's 30(b)(6) deposition. Abacus presumes that Gabriel would have been RiverRock's 30(b)(6) witness—not so. Abacus unilaterally noticed RiverRock's 30(b)(6) deposition. After advising as to its unavailability, Abacus never attempted to re-set the 30(b)(6) deposition or ask who RiverRock's 30(b)(6) witness would be. It advised that RiverRock should alert it seven days prior to any deposition which topics that witness would cover. However, Abacus never took a single deposition of RiverRock's witnesses, so RiverRock never got to that seven-day Abacus imposed deadline. Abacus' inaction is not RiverRock's responsibility and is not cause to re-open discovery.

**WHEREFORE**, Plaintiff's respectfully requests the Court deny Defendant's Motion.

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0560

By: */s/ Jennifer Junger*
A. SHEILA ORETSKY
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
JENNIFER JUNGER
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 5th day of October, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jennifer Junger*
JENNIFER JUNGER