# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v. Case No. 6:25-cv-00424-CEM-NWH

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

---

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), by and through its undersigned counsel, makes the following Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

In making these disclosures, RiverRock does not represent that it is identifying all conceivable individuals, documents, electronically stored information, or tangible things upon which it may rely to support its claims. Further discovery, investigation, legal research, and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial changes, additions to, and variation from the disclosures.

These Initial Disclosures are based on information reasonably available to RiverRock at this time and reasonably believed to be relevant to the claims in this lawsuit.

RiverRock's discovery and investigation is ongoing, and, as such, RiverRock reserves the right to supplement, amend, or correct this information in accordance with the Federal Rules of Civil Procedure, or as agreed by the Parties, either through additional Rule 26 disclosures or through discovery.

None of the information set forth herein shall be deemed a waiver, in whole or in part, of the protection of any applicable privilege or discovery doctrine, including without limitation the attorney-client privilege, the work-product doctrine, and trade secret protection. Nor shall RiverRock's disclosure of the information below be deemed a waiver of any ground for objection to any discovery request that any party may propound to Plaintiff or any third party during this litigation.

## INITIAL DISCLOSURES

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information —that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| Corporate Representative of RiverRock | c/o Greenberg Traurig, P.A.<br>A. Sheila Oretsky<br>333 SE 2nd Ave<br>Miami, FL 33131<br>305-579-0535 | This individual is likely to possess information regarding the allegations set forth in the Complaint, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged |

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| | | pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Gabriel Siegel, Chairman of RiverRock | c/o Greenberg Traurig, P.A.<br>A. Sheila Oretsky<br>333 SE 2nd Ave<br>Miami, FL 33131<br>305-579-0535 | This individual is likely to possess information regarding the allegations set forth in the Complaint, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Lucas Siegel, Chief Operating Officer of RiverRock | c/o Greenberg Traurig, P.A.<br>A. Sheila Oretsky<br>333 SE 2nd Ave<br>Miami, FL 33131<br>305-579-0535 | This individual is likely to possess information regarding the allegations set forth in the Complaint, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Anthony Annino, Senior Managing Director of Obra Capital, Inc. | Obra Capital, Inc.<br>100 Congress Ave., Ste. 725<br>Austin, TX 78701 | Mr. Annino is likely to possess information regarding the allegations set forth in the Complaint, including but not |

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| | | limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Jay Jackson,<br>Chief Executive Officer of Abacus Global Management | c/o Lash Goldberg<br>Lauren Alexander<br>Weston Corporate Centre I<br>2500 Weston Road, Suite 220<br>Fort Lauderdale, FL 33331<br>305-347-4040 | Mr. Jackson is likely to possess information regarding the allegations set forth in the Complaint and the defenses thereto, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement, the circumstances surrounding the breach, and any defenses that Abacus has regarding RiverRock's damages. |
| Corporate Representative of Abacus Life, Inc. | c/o Lash Goldberg<br>Lauren Alexander<br>Weston Corporate Centre I<br>2500 Weston Road, Suite 220<br>Fort Lauderdale, FL 33331<br>305-347-4040 | This individual is likely to possess information regarding the allegations set forth in the Complaint and the defenses thereto, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality |

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| | | Agreement, the breach of the Confidentiality Agreement, the circumstances surrounding the breach, and any defenses that Abacus has regarding RiverRock's damages. |
| Donna Horowitz, Senior Editor at The Deal | The Deal<br>41 Madison Ave<br>New York, NY 10010<br>646-891-2135 | Ms. Horowitz is likely to possess information regarding the allegations set forth in the Complaint related to Defendant's posting of RiverRock's confidential information on their public facing website at abacuslife.com. |

In addition, RiverRock identifies and incorporates into this list of persons with knowledge: (1) any individuals disclosed on Defendant's Rule 26(a)(1) list of witnesses; (2) any individuals needed for rebuttal and/or impeachment; (3) any experts who have not yet been retained to testify; (4) any individuals identified by any party in discovery responses or in any depositions; (5) any current or former employees of Defendant to be identified who may have knowledge or information regarding the allegations in the Complaint or Affirmative Defenses; and (6) any current or former employees of RiverRock to be identified who may have knowledge or information regarding the allegations the Complaint. RiverRock reserves the right to supplement this list of persons with any additional persons who become known to possess information relevant to this lawsuit.

**B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

RiverRock has in its possession and may rely on the following categories of documents for its claims. Discovery may identify other documents RiverRock will rely upon. The identification of document categories herein does not waive any privilege, confidentiality, or work product protection that may apply to certain documents:

1. Documents related to RiverRock's allegations in is Complaint.
2. Communications between Annino, or any other representative of RiverRock, and Jackson, or any other representative of Abacus Life, Inc. ("Abacus"), regarding the potential acquisition of RiverRock by Abacus.
3. Communications between Annino, or any other representative of RiverRock, and Jackson, or any other representative of Abacus, regarding the Confidentiality Agreement effective as of September 5, 2023 ("Confidentiality Agreement").
4. The Confidentiality Agreement.
5. Documents uploaded to the data room pursuant to the Confidentiality Agreement.
6. Documents relating to damages suffered by RiverRock.
7. Documents related to the publication of RiverRock's confidential Information.
8. The Board Deck that was presented to the Board of Directors.

RiverRock also directs Defendant to its First Request for Production to Defendant dated June 2, 2025, and incorporates it here by reference. RiverRock

intends to rely on those categories of documents once obtained. RiverRock will also rely on any document described in Defendant's Initial Disclosures or produced by Defendant and any document produced by third-party vendors, deponents, subpoena recipients, or witnesses.

There may be additional categories of documents, data compilations, and tangible things in RiverRock's possession, custody, or control that it may subsequently identify in supplemental disclosures, and which it may use to support its claims or defenses in this case. RiverRock's investigation is ongoing, and it reserves the right to supplement these disclosures with any information discovered subsequent to the date of this disclosure or to the extent necessary to meet or rebut any disputes of material facts not presently known to it or that arise in the future.

**C. A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

RiverRock is still in the process of specifically calculating all damages it is entitled to seek against Defendant for its breach of the Confidentiality Agreement. RiverRock may seek the following categories of damages, including actual, compensatory, punitive damages, and harm to goodwill and reputation. RiverRock reserves the right to set out its damage calculation through a damages expert to be disclosed by June 2, 2026, pursuant to the Case Management and Scheduling Order dated May 23, 2025.

**D. For inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

RiverRock is not presently aware of any insurance agreements responsive to the requirements of Rule 26(a)(1)(A)(iv). RiverRock reserves the right to supplement or revise this disclosure should additional information become known to it.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: *<u>/s/ A. Sheila Oretsky</u>*
A. SHEILA ORETSKY, ESQ.
*Lead Counsel*
Florida Bar No. 31365
sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
JENNIFER JUNGER, ESQ.
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
JAMES J. DIAMOND, ESQ.
Florida Bar No. 0117678
diamondj@gtlaw.com
MARIA R. SANTANGELO, ESQ.
Florida Bar No. 1049930
maria.santangelo@gtlaw.com
MiaLitDock@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I electronically served the foregoing on

all counsel of record identified on the below Service List by Registered E-mail.

**Lauren Z. Alexander, Esq.**
Florida Bar No. 58044
lalexander@lashgoldberg.com
**Martin Goldberg, Esq.**
Florida Bar No. 827029
mgoldberg@lashgoldberg.com
**Andrea Picco, Esq.**
Florida Bar No. 1011573
apicco@lashgoldberg.com

*Attorneys for Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

By: *<u>/s/ A. Sheila Oretsky</u>*
A. Sheila Oretsky, Esquire

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RENEGADE CAPITAL GP, LLC d/b/a RIVERROCK FUNDS LLC, a Delaware limited liability company,

Plaintiff,

v. Case No. 6:25-cv-00424-CEM-NWH

ABACUS LIFE, INC. n/k/a ABACUS GLOBAL MANAGEMENT, INC., a Delaware Corporation,

Defendant.

---

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds LLC ("RiverRock" or "Plaintiff"), by and through its undersigned counsel, makes the following Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

In making these disclosures, RiverRock does not represent that it is identifying all conceivable individuals, documents, electronically stored information, or tangible things upon which it may rely to support its claims. Further discovery, investigation, legal research, and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial changes, additions to, and variation from the disclosures.

These Initial Disclosures are based on information reasonably available to RiverRock at this time and reasonably believed to be relevant to the claims in this lawsuit.

RiverRock's discovery and investigation is ongoing, and, as such, RiverRock reserves the right to supplement, amend, or correct this information in accordance with the Federal Rules of Civil Procedure, or as agreed by the Parties, either through additional Rule 26 disclosures or through discovery.

None of the information set forth herein shall be deemed a waiver, in whole or in part, of the protection of any applicable privilege or discovery doctrine, including without limitation the attorney-client privilege, the work-product doctrine, and trade secret protection. Nor shall RiverRock's disclosure of the information below be deemed a waiver of any ground for objection to any discovery request that any party may propound to Plaintiff or any third party during this litigation.

## INITIAL DISCLOSURES

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information —that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| Corporate Representative of RiverRock | c/o Greenberg Traurig, P.A.<br>A. Sheila Oretsky<br>333 SE 2nd Ave<br>Miami, FL 33131<br>305-579-0535 | This individual is likely to possess information regarding the allegations set forth in the Complaint, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged |

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| | | pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Gabriel Siegel, Chairman of RiverRock | c/o Greenberg Traurig, P.A.<br>A. Sheila Oretsky<br>333 SE 2nd Ave<br>Miami, FL 33131<br>305-579-0535 | This individual is likely to possess information regarding the allegations set forth in the Complaint, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Lucas Siegel, Advisor | c/o Greenberg Traurig, P.A.<br>A. Sheila Oretsky<br>333 SE 2nd Ave<br>Miami, FL 33131<br>305-579-0535 | This individual is likely to possess information regarding the allegations set forth in the Complaint, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Hugh Tawney, Former Director of RiverRock | c/o Greenberg Traurig, P.A.<br>A. Sheila Oretsky<br>333 SE 2nd Ave | This individual is likely to possess information regarding the allegations set forth in the Complaint, including but not |

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| | Miami, FL 33131<br>305-579-0535 | limited to investor relations and damages arising from the breach. |
| Anthony Annino,<br>Senior Managing Director of Obra Capital, Inc. | Obra Capital, Inc.<br>100 Congress Ave., Ste. 725<br>Austin, TX 78701 | Mr. Annino is likely to possess information regarding the allegations set forth in the Complaint, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement and the damages suffered by RiverRock. |
| Jay Jackson,<br>Chief Executive Officer of Abacus Global Management | c/o Quinn Emanuel Urquhart & Sullivan, LLP<br>Jason Sternberg<br>2601 S Bayshore Dr.<br>Suite 1500<br>Miami, FL 33133<br>305-402-4880 | Mr. Jackson is likely to possess information regarding the allegations set forth in the Complaint and the defenses thereto, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement, the circumstances surrounding the breach, and any defenses that Abacus has regarding RiverRock's damages. |
| Corporate Representative of Abacus Life, Inc. | c/o Quinn Emanuel Urquhart & Sullivan, LLP<br>Jason Sternberg | This individual is likely to possess information regarding the allegations set forth in the |

| NAME OF WITNESS | CONTACT INFORMATION | AREA OF POTENTIAL KNOWLEDGE |
|---|---|---|
| | 2601 S Bayshore Dr.<br>Suite 1500<br>Miami, FL 33133<br>305-402-4880 | Complaint and the defenses thereto, including but not limited to the negotiations between RiverRock and Abacus for a potential sale, the Confidentiality Agreement, the documents exchanged pursuant to the Confidentiality Agreement, the breach of the Confidentiality Agreement, the circumstances surrounding the breach, and any defenses that Abacus has regarding RiverRock's damages. |
| Corporate Representative of ICR Inc. | | This individual is likely to possess information regarding the investor facing website. |
| Jeff Smith, Director of Marketing at Abacus Life, Inc. | c/o Quinn Emanuel Urquhart & Sullivan, LLP<br>Jason Sternberg<br>2601 S Bayshore Dr.<br>Suite 1500<br>Miami, FL 33133<br>305-402-4880 | This individual is likely to possess information regarding the board deck being posted to the Abacus investor website. |
| Donna Horowitz, Senior Editor at The Deal | The Deal<br>41 Madison Ave<br>New York, NY 10010<br>646-891-2135 | Ms. Horowitz is likely to possess information regarding the allegations set forth in the Complaint related to Defendant's posting of RiverRock's confidential information on their public facing website at abacuslife.com. |

In addition, RiverRock identifies and incorporates into this list of persons with knowledge: (1) any individuals disclosed on Defendant's Rule 26(a)(1) list of

witnesses; (2) any individuals needed for rebuttal and/or impeachment; (3) any experts who have not yet been retained to testify; (4) any individuals identified by any party in discovery responses or in any depositions; (5) any current or former employees of Defendant to be identified who may have knowledge or information regarding the allegations in the Complaint or Affirmative Defenses; and (6) any current or former employees of RiverRock to be identified who may have knowledge or information regarding the allegations the Complaint. RiverRock reserves the right to supplement this list of persons with any additional persons who become known to possess information relevant to this lawsuit.

**B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

RiverRock has in its possession and may rely on the following categories of documents for its claims. Discovery may identify other documents RiverRock will rely upon. The identification of document categories herein does not waive any privilege, confidentiality, or work product protection that may apply to certain documents:

1. Documents related to RiverRock's allegations in is Complaint.
2. Communications between Annino, or any other representative of RiverRock, and Jackson, or any other representative of Abacus Life, Inc. ("Abacus"), regarding the potential acquisition of RiverRock by Abacus.
3. Communications between Annino, or any other representative of RiverRock, and Jackson, or any other representative of Abacus,

regarding the Confidentiality Agreement effective as of September 5, 2023 ("Confidentiality Agreement").

4. The Confidentiality Agreement.

5. Documents uploaded to the data room pursuant to the Confidentiality Agreement.

6. Documents relating to damages suffered by RiverRock.

7. Documents related to the publication of RiverRock's confidential Information.

8. The Board Deck that was presented to the Board of Directors.

RiverRock also directs Defendant to its First Request for Production to Defendant dated June 2, 2025, and incorporates it here by reference. RiverRock intends to rely on those categories of documents once obtained. RiverRock will also rely on any document described in Defendant's Initial Disclosures or produced by Defendant and any document produced by third-party vendors, deponents, subpoena recipients, or witnesses.

There may be additional categories of documents, data compilations, and tangible things in RiverRock's possession, custody, or control that it may subsequently identify in supplemental disclosures, and which it may use to support its claims or defenses in this case. RiverRock's investigation is ongoing, and it reserves the right to supplement these disclosures with any information discovered subsequent to the date of this disclosure or to the extent necessary to meet or rebut any disputes of material facts not presently known to it or that arise in the future.

**C. A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

RiverRock is still in the process of specifically calculating all damages it is entitled to seek against Defendant for its breach of the Confidentiality Agreement. RiverRock may seek the following categories of damages, including actual, compensatory, punitive damages, and harm to goodwill and reputation. RiverRock reserves the right to set out its damage calculation through a damages expert to be disclosed by June 2, 2026, pursuant to the Case Management and Scheduling Order dated May 23, 2025.

**D. For inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

RiverRock is not presently aware of any insurance agreements responsive to the requirements of Rule 26(a)(1)(A)(iv). RiverRock reserves the right to supplement or revise this disclosure should additional information become known to it.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0535

By: */s/ A. Sheila Oretsky*
A. SHEILA ORETSKY, ESQ.
*Lead Counsel*
Florida Bar No. 31365

sheila.oretsky@gtlaw.com
raquel.acuna@gtlaw.com
JENNIFER JUNGER, ESQ.
Florida Bar No. 125853
jungerj@gtlaw.com
fernandezfe@gtlaw.com
JAMES J. DIAMOND, ESQ.
Florida Bar No. 0117678
diamondj@gtlaw.com
MARIA R. SANTANGELO, ESQ.
Florida Bar No. 1049930
maria.santangelo@gtlaw.com
MiaLitDock@gtlaw.com

*Attorneys for Plaintiff Renegade Capital GP, LLC d/b/a RiverRock Funds, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically served the foregoing on all counsel of record identified on the below Service List by Registered E-mail.

Jason Sternberg, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
2601 S Bayshore Dr., Suite 1500
Miami, FL 33133
305-402-4880
jasonsternberg@quinnemanuel.com
alexzuckerman@quinnemanuel.com
kathleenmessinger@quinnemanuel.com
rebeccajin@quinnemanuel.com

*Attorneys for Abacus Life, Inc. n/k/a Abacus Global Management, Inc.*

By: */s/ A. Sheila Oretsky*
A. Sheila Oretsky, Esquire